UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, Jr., and<br>RICHARD W. GATES III,<br><br>Defendants. | Crim. No. 17-201 (ABJ) |

**THE UNITED STATES OF AMERICA'S *EX PARTE*
MOTION FOR POST-INDICTMENT RESTRAINING ORDER**

The United States of America, by and through Special Counsel Robert S. Mueller III, respectfully requests the entry of a Post-Indictment Restraining Order ("Restraining Order") pursuant to Title 21, United States Code, Section 853(e)(1)(A), in order to preserve the availability of Northwestern Mutual Life Insurance Policy 18268327, held in the name of Paul and Kathleen Manafort, which is identified for forfeiture in the Indictment.

In support of its Motion, the Government states the following factual and legal basis:

1. The Indictment in the above-captioned matter, returned on October 27, 2017, charges Defendants PAUL J. MANAFORT, JR. and RICHARD W. GATES III, (the "Defendants") with conspiracy against the United States in violation of 18 U.S.C. § 371; conspiracy to launder money in violation of 18 U.S.C. § 1956(h); offenses in violation of the foreign bank account reporting (FBAR) requirements, 31 U.S.C. §§ 5314 and 5322(b); acting as unregistered agents of a foreign principal, in violation of the Foreign Agents Registration Act (FARA), 22 U.S.C. §§ 612 and 618; making false and misleading statements in documents furnished to the Attorney General under FARA, in violation of 22 U.S.C. § 618(a)(2); making material false statements to the government, in violation of 18 U.S.C. § 1001(a); and aiding and

abetting, 18 U.S.C. § 2.

2. The Indictment also placed Defendants on notice that, if convicted, the United States would pursue forfeiture, including (but not limited to) certain specific assets identified in the Indictment. The Indictment further contained a probable cause finding that Northwestern Mutual Life Insurance Policy 18268327 (the "Subject Property") is subject to forfeiture.

3. Pursuant to 21 U.S.C. § 853(e)(1), made applicable to these proceedings by 28 U.S.C. § 2461(c), this Court is authorized to enter an *ex parte* restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

4. The United States seeks the Restraining Order to prevent the transfer, alienation, encumbrance or dissipation of the Subject Property by any of the Defendants or any third party which would render said property unavailable for forfeiture;

5. The return of the Indictment against Defendants for the crimes charged therein constitutes probable cause to believe they committed the charged offenses. *United States v. Kaley*, 134 S.Ct. 1090 (2014) (in the context of a pre-trial restraint of assets under 21 U.S.C. § 853(e), defendants cannot contest the grand jury's probable cause finding that they committed the charged offenses). Further, as discussed in the memorandum of law below, the Indictment's identification of the Subject Property as being subject to forfeiture establishes probable cause for the issuance of the Restraining Order.

**MEMORANDUM OF LAW**

I. **The Government Is Entitled To A Restraining Order To Preserve The Availability Of Forfeitable Assets**

The United States seeks to preserve the status quo of the Subject Property by preventing its alienation and dissipation. Given the clear Congressional determination that property acquired through illegal activities be forfeited to the United States, it is equally clear that the public interest lies in preserving the Subject Property for forfeiture.

A. **There Is Statutory Authority For Forfeiture**

Congress has determined that property traceable to and/or involved in certain criminal conduct shall be forfeited to the United States. Title 18, U.S.C., Section 981(a)(1)(C), made applicable to these proceedings by 28 U.S.C. § 2461(c), provides that any property that constitutes or is derived from proceeds traceable to an offense that is a "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7), or conspiracy to commit such an offense, is subject to forfeiture. Among the "specified unlawful activit[ies]" enumerated in Section 1956(c)(7) are felony violations of the Foreign Agents Registration Act of 1938 (FARA), 22 U.S.C. § 611 *et seq*.

Additionally, 18 U.S.C. § 982(a)(1) provides that a court, in imposing a sentence on a person convicted of a violation of 18 U.S.C. § 1956, "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property."

B. **Statutory Mechanisms Provide Pre-Trial Protection For Forfeitable Property**

To preserve forfeitable property pending the conclusion of a trial, the District Court is empowered to restrain the dissipation of property pre-trial. Title 21, U.S.C., Section 853(e)(1) provides in pertinent part:

3

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section –
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

Pre-trial restraint of traceable assets has been approved by the United States Supreme Court. In *United States v. Monsanto*, 491 U.S. 600 (1989), the district court had restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his apartment, and $35,000 in cash prior to trial. The Supreme Court upheld the pre-trial restraint, noting that:

> [I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that . . . the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense.

*Id*. at 615-16 (original emphasis omitted).

Courts have ordered the restraint of broad categories of defendants' assets, and have authorized affirmative steps to preserve property. *See In re Pre-Indictment Restraining Order (Hailey)*, 816 F.Supp.2d 240 (D.Md. 2011) (under § 853(e), court may direct defendant to provide an accounting of all expenditures of property covered by a restraining order, and turn over all property acquired with restrained funds to the custody of the court pending indictment or trial); *United States v. Hailey*, 2011 WL 5386328, *1 (D.Md. Oct. 31, 2011) (restraining defendant and his wife from spending any funds traceable to conduct alleged in fraud scheme, except for "food,

4

shelter and medical attention"); *United States v. Madoff*, 2009 WL 1055792 (S.D.N.Y. April 20, 2009) (restraining everything defendant and his wife own).

### C. Pre-Trial Restraining Orders Issue *Ex Parte*; There Is No Requirement For An Adversary Hearing Prior To Its Entry

Once an indictment has issued, a court may order such restraints *ex parte*; no requirement exists for notice or an evidentiary hearing prior to issuance of a restraining order. See *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 469, 475 (5th Cir. 2007) (*en banc*) ("a court may issue a restraining order without prior notice or a hearing"); *United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir. 1989); *United States v. Musson*, 802 F.2d 384, 386 (10th Cir. 1986); *cf. United States v. Bikundi*, 125 F.Supp.3d 178, 190-191 (D.D.C. 2015) (rejecting defendant's argument that due process entitled him to a hearing to contest seizure warrant).

In determining whether to issue a restraining order, "[t]he return of the indictment by the federal grand jury . . . represents a determination of probable cause sufficient to issue a restraining order under 21 U.S.C. § 853(e)(1)(A). . . ." *United States v. Sellers*, 848 F. Supp. 73, 75 (E.D.La. 1994). *Accord, In re Billman*, 915 F.2d 916, 919 (4th Cir. 1990), *cert. denied*, 500 U.S. 952 (1991) ("[T]he government may seize property based on a finding of probable cause to believe that the property will ultimately be proven forfeitable (citation omitted). The probable cause found by the grand jury satisfies the government's burden of proving the allegations of the indictment."). As noted in the legislative history of the Comprehensive Crime Control Act of 1984:

> For the purposes of issuing a restraining order, the probable cause established in the indictment or information is to be determinative of any issue regarding the merits of the government's case on which the forfeiture is to be based.

5

S.Rep. No. 225, 98th Cong., 2d Sess. 203 (1984), reprinted in 1984 U.S. Code Cong. & Admin. News 3182, 3386.

In the present case, the Indictment of the Defendants, which specifically identifies the Subject Property as being subject to forfeiture upon conviction, establishes sufficient probable cause for the issuance of the Restraining Order.

### D.  Third Parties Are Protected Through Pre-Trial Restraining Orders

Third parties are barred, under the provisions of 21 U.S.C. § 853(k), from intervening in a trial of a criminal case involving forfeiture and are barred from commencing an action at law or equity against the United States concerning the validity of its interest in the property sought for forfeiture.  The entry of a restraining order under these circumstances acts to protect and preserve the interests of third parties.  Third-party claimants are afforded a post-trial hearing in accordance with 21 U.S.C. § 853(n) after the entry of a preliminary order of forfeiture (*i.e.* post-conviction via plea or trial).

## II.  The Terms Of The Order

The government requests that the Court enter a Restraining Order immediately restraining, prohibiting, and enjoining Defendants, and their agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, and those persons, financial institutions, or entities who have any interest or control over the Subject Property, including Northwestern Mutual Life Insurance Company, from attempting or completing any action that would affect the availability, marketability or value of said property, including but not limited to transferring, selling, assigning, pledging, distributing, encumbering, wasting, secreting or

otherwise disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in the Subject Property.

Upon issuance of the Restraining Order, designated agents of the United States will promptly serve a copy of the Restraining Order upon Defendants and will give notice of the Restraining Order to those institutions in control of, or with an interest in, the Subject Property, including Northwestern Mutual Life Insurance Company. To the extent that the Restraining Order is provided to such institutions and individuals, the United States requests that this Court direct that such institutions and individuals provide information regarding the value of each policy and interest claimed by such institutions or individuals, and provide other information which may become necessary for the resolution of any issues as to this restraint.

The United States further requests that the Restraining Order entered by this Court remain in full force and effect until further order of this Court.

WHEREFORE, the United States requests that the Court enter the proposed Restraining Order submitted herewith, and grant such other relief as is just and lawful.

Dated:   November 2, 2017              Respectfully submitted,

                                       ROBERT S. MUELLER III
                                       Special Counsel

                                         /s/  Kyle R. Freeny
                                       Andrew Weissmann
                                       Greg D. Andres
                                       Kyle R. Freeny
                                       U.S. Department of Justice
                                       950 Pennsylvania Avenue NW
                                       Washington, DC 20530
                                       (202) 616-0800