UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. Action No. 17-0201-2 (ABJ) |
| RICHARD W. GATES III, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Gates's motion to modify conditions of release [Dkt. # 47] is denied without prejudice.[1]

The motion is characterized as a motion to modify release conditions for "limited purposes," but it seeks permission to come and go from home confinement for all purposes, or at least, for the full range of activities for which people who are not subject to the Bail Reform Act ordinarily leave their homes:  transportation of children to and from school and to and from daily and weekend extracurricular activities; appearing at various children's social events; participation in multiple family social and holiday gatherings; and attendance at work-related activities and meetings.  In essence, defendant Gates is asking to be released on his personal recognizance on an interim basis while he continues to negotiate the terms of his bond with the United States.

The problem with defendant's request is that the posting of the bond must come first.  At the bond review hearing on November 6, 2017, the Court specifically found, pursuant to 18 U.S.C. § 3142(c), that mere release on personal recognizance, upon execution of an unsecured appearance bond, would not reasonably assure the appearance of defendant.  Therefore, the Court

---

1   This ruling is based upon consideration of defendant's motion [Dkt. # 47], the government's opposition [Dkt. # 48], and defendant's reply [Dkt. # 49].

ruled that it was necessary to impose additional conditions under subsection (c)(1)(B) – in particular, either security under subsection (xi), or a surety under subsection (xii), or both, as a substitute for the $5,000,000.00 appearance bond that is now unsecured.  The Court stated that it was prepared to remove the condition of home confinement, but that defendant had not yet provided the information that would enable it to do so.

      That circumstance has not changed.  Since defendant Gates has not yet identified the assets he could offer as security in accordance with the terms of section 3142(c)(1)(B)(xi), nor has he informed the Court of any arrangements made with a surety that satisfy subsection (xii), he has not yet supplied a basis to modify the ruling made on November 6.  The Court is well aware that a house full of busy children comes with constant and competing transportation demands, and that the burden shouldered by many mothers is exacerbated in this case by defendant's current bond conditions.  But the Court has repeatedly made it clear what it would take to secure defendant's release, and the record reflects that the family may be able to ameliorate the problem in other ways during the time it takes to reach an agreement with the prosecution or to submit the necessary financial information and have the issue resolved by the Court.

      **SO ORDERED**.

*/s/ Amy B. Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  November 16, 2017