**EXHIBIT A**

**Proposed *Curcio* Examination**
*United States v. Richard M. Gates III*, **17-cr-201-2 (ABJ)**

A.  **Introductory Questions to Establish Competence**

   1. How old are you?

   2. How far did you go in school?

   3. Are you presently under the care of a doctor for any condition?

   4. Within the last 24 hours, have you taken any alcohol, drugs, or pills of any kind?

   5. Is your mind clear today?

   6. Is anything interfering with your ability to understand what is happening here today?

B.  **Potential Conflict of Interest Posed by Mr. Mack's Representation**

   1. Are you currently represented by Mr. Mack?

   2. Have you been satisfied with Mr. Mack's representation of you so far in this case?

   3. Has Mr. Mack informed you that he represents a defendant in another federal criminal case, Steven Brown?

   4. How long have you been aware of this issue?  How much time have you spent discussing this issue with Mr. Mack?

   5. Do you understand that Mr. Mack is required by his duty of loyalty to serve the best interests of Mr. Brown, as well as your best interests?

   6. Do you understand that Mr. Mack cannot use any information he obtained from Mr. Brown while representing you in this matter?

   7. More specifically, do you understand that if you proceed to trial, Mr. Mack will not be able to use any information he obtained from Mr. Brown in cross-examining any witnesses called by the government?

   8. Additionally, if Mr. Brown were to become a witness for the government in this case, and if he were called to testify against you, Mr. Mack will be limited in his ability to ask questions on cross-examination that could be damaging to Mr. Brown's credibility and favorable to your defense?

   9. Do you understand that Mr. Mack might be prohibited from asking Mr. Brown questions about facts that he learned in confidence while representing Mr. Brown?

1

    10.    Do you understand that if you continue to be represented by Mr. Mack, he cannot advise or help you in doing anything that would hurt Mr. Brown, even if it is in your best interest to do so?

    11.    Do you understand that Mr. Mack cannot help you in providing assistance to the government that might hurt Mr. Brown, even if it turns out that doing so might be in your best interest?

    12.    Do you understand that Mr. Mack may refrain from making certain arguments regarding the evidence in this case, even though such arguments may be beneficial to you, because of his representation of Mr. Brown?

    13.    Do you understand that the greatest danger to you is that there may be a way in which Mr. Mack's representation of you will be impaired by his representation of Mr. Brown that is not currently foreseeable?

    14.    Do you understand that the potential conflict already has existed throughout the time that Mr. Mack has represented you?

    16.    Tell me in your own words what your understanding is of the potential conflicts of interest arising in this situation.

**C.**    **The Right to Conflict-Free Representation**

    1.    Do you understand that, in every criminal case, including this one, the defendant is entitled to assistance of counsel whose loyalty to him is undivided, who is not subject to any factor that might in any way intrude upon an attorney's loyalty to his interests?

    2.    In other words, do you understand that you are entitled to attorneys who have only your interests in mind, and not the interests of any other client?

    3.    Have you received any inducements, promises or threats with regard to your choice of counsel in this case?

    4.    Have you consulted with any attorneys other than Mr. Mack about the dangers to you of this potential conflict of interest?

    5.    Do you understand that you have a right to consult with an attorney free from any conflict of interest about this issue, and that the Court will give you an opportunity to do that if there is any aspect of the information that I have conveyed to you today that you wish to discuss with a conflict-free attorney, to include another member of your current legal team (other than Mr. Mack)?

6. Have you consulted with other counsel (that is, someone on your legal team other than Mr. Mack) about the conflict or potential conflict of interest that I have described to you today? Has counsel fully advised you about the situation?

**D.   Continuation of Curcio Hearing (Following Decision to Consult/Not Consult with Independent Counsel)**

1. Have you taken the opportunity to discuss with an attorney the conflict-of-interest matters I discussed with you in court previously?

    a. IF YES:

        i. What attorney did you speak with?

        ii. Did this attorney thoroughly explain to you potential effects or problems associated with Mr. Mack's restrictions on his representation of you?

        iii. Did this attorney answer all of your questions?

        iv. Are you satisfied with the representation that this attorney gave you?

    b. IF NO:

        i. Do you feel that it is unnecessary for you to consult with an attorney other than Mr. Mack about these matters, although you have a right to do so?

        ii. Why?

        iii. You understand that by not speaking with an attorney now you are waiving the right to later argue that you did not receive legal advice independent of that provided to you by Mr. Mack?

        iv. Do you still want to go forward?

2. After considering all that I have said today about the ways in which Mr. Mack's representation of Mr. Brown may adversely affect your defense, do you believe that it is in your best interest to continue with Mr. Mack as your attorney? Is that your wish?

3. Do you understand that by choosing to continue with Mr. Mack as your attorney, you are waiving your right to be represented solely by an attorney who has no potential conflict of interest?

4. Do you understand that, if you proceed with Mr. Mack as your attorney, you will not be able to claim later on that you were prejudiced in any way because of Mr. Mack's restrictions on his representation of you?

5. Are you knowingly and voluntarily waiving your right to conflict-free representation?

6. Do you waive any post-conviction argument, on appeal or otherwise, that by virtue of Mr. Mack's representation of Mr. Brown, you were denied effective assistance of counsel by Mr. Mack?

7. Is there anything that I have said that you wish to have explained further?

4