UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD W. GATES III,<br><br>Defendant | Crim. No. 17-201-2 (ABJ) |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT GATES'S REQUEST TO MODIFY RELEASE CONDITIONS**

The United States of America, by and through Special Counsel Robert S. Mueller III, submits this memorandum in opposition to defendant Gates's motion to modify his conditions of release. *See* ECF#67. The defendant provides no basis for his most recent request to be released from the bail conditions set by this Court. Further, nothing has changed since the defendant's last request to attend events for his children. Despite the defendant's promises to secure an appropriate bail package that would allow him to leave his residence, he has failed to do so and, as far as the government is aware, has also failed to make any material advancement in those efforts.[*] The defendant has even failed to make available for inspection by the government or properly file the paperwork with respect to his residence that he previously referenced as "pledged real property."

---

[*] As the government has noted in other filings, *see* ECF#52 at 4 n.2, the defendant previously proposed Marc Brown as a surety in this matter despite the fact that they seemingly do not have a significant relationship, they have not had regular contact over the past ten years, and Marc Brown currently serves as a surety for his brother Steven Brown (who is a former business of Gates) in his ongoing criminal prosecution in New York. In an interview with the Special Counsel's Office on November 16, 2017, Marc Brown listed as a reason for seeking to support Gates that they belonged to the same fraternity (although they did not attend the same college) and that, as such, he felt duty bound to help Gates. Further, Marc Brown's financial assets were significantly lower, almost by half, than previously represented by Gates.

*See* ECF#54 at 1 ("[defendant Gates] and his wife have pledged real property, i.e., their residence, to secure the bond that has been imposed here").

Accordingly, the defendant's application should be denied consistent with the Court's prior rulings that, to be released from his present conditions, "the bond must come first," because "mere release on personal recognizance, upon execution of an unsecured appearance bond, would not reasonably assure the appearance of the defendant."  *See* ECF#50 (Nov. 16, 2017 Order) at 1.

        Respectfully submitted,

        ROBERT S. MUELLER III
        Special Counsel

Dated: December 1, 2017      By:    __/s/__ Greg Andres_____
        Andrew Weissmann
        Greg D. Andres (D.D.C. Bar No. 459221)
        Kyle R. Freeny
        U.S. Department of Justice
        Special Counsel's Office
        950 Pennsylvania Avenue NW
        Washington, DC 20530
        Telephone: (202) 616-0800

        *Attorneys for the United States of America*