UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )| |
| ) | |
| v. ) | |
| ) | |
| RICHARD W. GATES III, ) | Crim. No. 17-201-2 (ABJ) |
| ) | |
| Defendant. ) | |

**RESPONSE TO GOVERNMENT'S MOTION
TO REVIEW REPRESENTATION OF DEFENDANT GATES**

This response is submitted in connection with the government's Motion to Review Representation of Defendant Gates, dated November 20, 2017 ("Gvmt Motion"), for a hearing pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982). The government argues that a potential conflict of interest might arise from defense counsel's representation of another defendant in another criminal matter pending in a different jurisdiction, involving conduct unrelated to the matters at issue in this case. United States v. Brown, No. 16 Cr. 436 (KMW).

Because the two defendants are friends and have had business associations in the past, the government imagines a situation where one defendant – for reasons it fails to articulate – might be called to testify against the other, thereby creating a potential conflict of interest that should be addressed in a Curcio hearing. However, in the same breath, the government concedes that "the conduct for which Brown is charged in the Southern District of New York is separate and apart from the charges pending in the instant action" (Gvmt Motion at 2) and that neither defendant is reasonably expected to be called as a witness against the other. See Affirmation of Walter Mack, dated November 30, 2017 ("Mack Aff.") at ¶3.

**ARGUMENT**

**I.**

**THE GOVERNMENT HAS NOT MADE A
THRESHOLD SHOWING OF THE NEED FOR A *CURCIO* HEARING**

The Sixth Amendment grants a defendant a fair opportunity to secure counsel of his own choice. Luis v. U.S., 136 S.Ct. 1083, 1089 (2016). For this reason, "[c]hoice of counsel should not be unnecessarily obstructed by the court." United States v. Perez, 325 F.3d 115, 125 (2d Cir. 2003) (citations omitted). Indeed, "the Supreme Court has interpreted this right to include a 'presumption in favor of counsel of choice.'" United States v. Lorenzana-Cordon, 125 F. Supp. 3d 129 (D.D.C. 2015), quoting Wheat v. United States, 486 U.S. 153, 164 (1988). For this reason, "the government must 'honor' a defendant's Sixth Amendment right to counsel: This means more than simply that the State cannot prevent the accused from obtaining the assistance of counsel. The Sixth Amendment also imposes on the State an affirmative obligation to respect and preserve the accused's choice to seek this assistance." United States v. Stein, 541 F.3d 130, 154 (2d Cir. 2008), quoting Maine v. Moulton, 474 U.S. 159, 170-71 (1985).

In this case, the government seeks to intrude upon the attorney-client relationship by requesting a Curcio hearing based solely on the fact that the two defendants have had a business relationship unrelated to the matters at issue in their respective cases. The government's own letter characterizes the scenario in which a future conflict might arise as "unlikely," (Gvmt Motion at 4) and "remote" (Id. at 8) and the charged conduct in each case as "separate and apart." (Id. at 2). The government further concedes it "does not, at present have reason to believe Gates was directly involved in, or was a victim of the criminal conduct at issue in the New York case." (Id. at 3). Thus, as represented in the recent hearing before this Court, neither defendant is presently expected to be a witness in the other's trial:

2

> THE COURT...: So I wasn't sure why you're talking about possibilities. Is Mr. Brown a witness in your case?
>
> Mr. ANDRES: He's not, Judge.
>
> THE COURT: And is Mr. Gates a witness in the New York case?
>
> MR. ANDRES: Not that I'm aware of. He's not, judge.

See Excerpt of Transcript of Motions Hearing, dated November 21, 2017, at 17 (attached as Exhibit "A" to the accompanying Mack Aff.).

Under the government's theory, if two defendants have had a business relationship – even if unrelated to the matters at issue in their respective cases – this automatically triggers the need for a Curcio hearing. Since the government's request is premised on admittedly unlikely and speculative future scenarios, the Court need not proceed to a Curcio hearing. United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994) (the court may rely on counsel's representations and if "satisfied at the inquiry stage that there is no actual conflict or potential for one to develop, its duty ceases"); United States v. Velez, 2006 WL 2621077 at *11 (S.D.N.Y. 2006) (no Curcio hearing necessary where court found no actual or potential conflict). At the present, no actual or potential conflict exists warranting an intrusion into the attorney-client relationship.

As set forth in the accompanying Mack Aff., while defense counsel accedes to whatever course of action the Court deems prudent, it bears noting that the government's prolix and speculative Curcio filings have damaged the defendants' reputations and peace of mind, incited intense media interest and inaccurate musings, affected public perceptions of their characters, and cost them significant expense.

II.

**TO THE EXTENT THE COURT SHARES THE CONCERNS
ABOUT THE POTENTIAL CONFLICTS HYPOTHESIZED
BY THE GOVERNMENT, THE CONFLICT IS WAIVABLE**

Should the Court find it prudent to proceed with a Curcio hearing, the defense agrees with the government's position that there is no actual conflict of interest in this case (see United States v. Salvagno, 343 Fed.Appx. 702 (2d Cir. 2009) (summary order) (an actual conflict of interest must be more than "a mere theoretical division of loyalties," id. at 704 quoting Mickens v. Taylor, 535 U.S. 162, 171 (2002)) and that the scenario hypothesized by the government involves, at most, a waivable "potential" conflict.

The defense further agrees that, as emphasized by the Second Circuit, there are a "very narrow category of cases in which [it has] held attorney conflicts to be unwaivable." Perez, 325 F.3d at 126 (holding that attorney's representation of defendant and his co-employee in separate trials did not create conflicts of interest that were unwaivable). Indeed, it is well-settled that "[l]esser conflicts, such an attorney's representations of two or more defendants or his prior representation of a trial witness are generally waivable." Perez, 325 F.3d at 127; United States v. Brown, 2007 WL 1655873 at *5 (D.D.C. 2007) (finding no actual conflict and permitting defendants to waive "quite remote" potential conflict); see also Fed. R. Crim. P. 44(c) (requiring district court to advise jointly-represented defendants in the same case of the potential for conflicts of interest).

The defense objects, however, to the extensive and highly intrusive nature of the questions proposed by the government for the Court to pose to Mr. Gates. Instead, we urge the Court to utilize the straightforward and more pertinent questions set forth in the accompanying

4

5

Mack Aff. at ¶ 9 to determine whether the defendant knowingly and intelligently waives the potential conflict.

These defendants, as do all defendants, resent the intrusion, public or otherwise, into the private and confidential communications that undermine the sanctity of the attorney-client relationship in our legal system.  Such intrusions should be condoned only if absolutely necessary.

**CONCLUSION**

For all the reasons set forth above and in the accompanying Mack Aff., the defense challenges the necessity of a Curcio hearing at this time.  However, if the Court finds it prudent to proceed with one, counsel has already discussed the matter with both defendants and invited their evaluation of the subject through independent counsel.  Mack Aff. at ¶¶5, 8.  Defense counsel asks only that the Court's inquiries reflect the sensitivity of the intrusions upon the attorney-client relationship.

                                  Respectfully submitted,

                                  ___/s/_____
                                  Walter Mack*
                                  David Rivera
                                  Doar Rieck DeVita Kaley & Mack
                                  217 Broadway, Suite 707
                                  New York, New York 10007
                                  212-619-3730 (Telephone)
                                  212-962-5037 (Facsimile)
                                  *Attorneys for Richard W. Gates III*
                                  *Admitted Pro Hac Vice

                                  _/s/Shanlon Wu_____
                                  Shanlon Wu
                                  D.C. Bar No. 422910
                                  Wu, Grohovsky & Whipple, PLLC
                                  Ronald Reagan Building and International Trade Center
                                  1300 Pennsylvania Avenue, NW, Suite 700
                                  Washington, DC 20004
                                  swu@dcwhitecollar.com
                                  202-204-3053 office
                                  202-747-7518 fax