UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RICHARD W. GATES III,<br><br>Defendant | Crim. No. 17-201-2 (ABJ) |

### NOTICE OF DEVELOPMENT RELATED TO THE GOVERNMENT'S MOTION TO REVIEW REPRESENTATION OF DEFENDANT GATES

The United States of America, by and through Special Counsel Robert S. Mueller III, writes to: (1) notify the Court of an additional development with respect to the government's motion requesting that the Court review the propriety of attorney Walter Mack's representation of defendant Richard W. Gates III in light of a potential conflict of interest, ECF #52; and (2) to briefly reply to the defendant's filing of December 1, 2017, *see* ECF#71.

As defendant Gates informed this Court, on December 4, 2017, the district court in the Southern District of New York (Hon. Kimba M. Wood) conducted a *Curcio* hearing with respect to defendant Steven Brown in *United States v. Brown*, No. 16-cr-436. *See* ECF #74. The government was awaiting a copy of the transcript from that matter prior to notifying this Court. We have now obtained a copy of that transcript, which is attached hereto as Exhibit A. The transcript reflects that Judge Wood (1) asked the complete set of questions proposed by the government here, Exh. A at 6-15, rather than the truncated version suggested by Gates, *see* ECF#71 at 4-5; and (2) determined that Brown was sufficiently apprised of the relevant issues to make a knowing waiver of any potential conflict, Exh. A at 15

Second, in his response, Gates offers no good reason that this Court should refrain from conducting a similar inquiry in his case. In its motion, the government sought not to intrude into the attorney-client relationship but to provide the facts necessary for this Court to understand the nature of the potential conflict so that a meaningful waiver of the right to conflict-free counsel can be obtained from the defendant. *Cf. United States v. McKeighan*, 685 F.3d 956, 967 (10th Cir.) (explaining how "[t]he prosecution's duty to disclose defense counsel's potential or actual conflicts of interest facilitates the administration of justice"), *cert. denied*, 568 U.S. 1019 (2012).

Gates's cited cases also do not counsel against a *Curcio* hearing here. *See* ECF#71 at 3. He purports to quote *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994), for the proposition that a court's "duty ceases" if it is "satisfied at the inquiry stage that there is no actual conflict or potential for one to develop." The quoted language, however, comes not from *Levy* but from *United States v. Cain*, 671 F.3d 271, 293 (2d Cir. 2012), a case in which the court had no need to conduct a *Curcio* hearing because it determined that defense counsel's role as a potential witness against his client constituted an unwaivable conflict, *id.* at 295 & n.11. In any event, *Levy* provides no support for Gates's position. The court there reaffirmed that a *Curcio* proceeding is warranted when the facts developed during the court's initial inquiry indicate, as is true in this case, "at least potential conflicts of interest." 25 F.3d at 154-55. The unpublished decision in *United States v. Velez*, No. 03-cr-385, 2006 WL 2621077 (S.D.N.Y. 2006), is similarly inapposite. It involved not (as here) a potential conflict arising from an attorney's representation of two clients with possibly divergent interests, but a judge's decision to dispense with a *Curcio* hearing when neither party

believed that the court-appointed attorney who replaced previous defense counsel was operating under a conflict of interest.

                                                      Respectfully submitted,

                                                     ROBERT S. MUELLER III
                                                     Special Counsel

Dated: December 5, 2017          By:    /s/ Greg Andres_____
                                                             Andrew Weissmann
                                                             Greg D. Andres (D.D.C. Bar No. 459221)
                                                             Kyle R. Freeny
                                                            U.S. Department of Justice
                                                             Special Counsel's Office
                                                             950 Pennsylvania Avenue NW
                                                            Washington, DC 20530
                                                            Telephone: (202) 616-0800

                                                            *Attorneys for the United States of America*