# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR. and RICHARD W. GATES III,**<br><br>**Defendants.** | **Crim. No. 17-201 (ABJ)** |

## STATUS REPORT

The United States of America, by and through Special Counsel Robert S. Mueller, III, respectfully submits this Status Report in advance of the status conference set in this matter for December 11, 2017, to apprise the Court of matters relevant to this case, including the status of the parties' discovery to date and the parties' proposal for certain future discovery deadlines.

**A. The Government's Discovery Productions**

1. By the date of the status conference, the government will have produced, in the aggregate, the following:

   a. more than 400,000 items[1] in load-ready format, including (but not limited to) financial records, records from vendors identified in the indictment, email communications involving the defendants, and corporate records;

   b. approximately 2,000 documents that the government has identified for the defense as "hot" documents;

   c. defendants' statements to law enforcement;

---

[1] An item may represent more than one document, for example, where the item includes an email with an attachment.

    d. imaged copies of thirty-six electronic devices (such as laptops and phones) and media (such as thumb drives) obtained in the investigation;[2] and

    e. copies of fifteen search/seizure warrants and related applications;

2. At the parties' request, on November 15, 2017, the Court entered a protective order to govern discovery in this case [ECF No. 46].

3. On November 17, 2017, the government made its first discovery production. The government prioritized certain bank and other financial records, producing to defendants, among other things: (1) foreign bank account records for the accounts in Cyprus and Saint Vincent & the Grenadines identified in paragraph 12 of the indictment; (2) domestic financial records totaling more than 116,000 pages (which were also reproduced in load-ready format); and (3) documents from Manafort's tax preparer that were identified by the government as particularly relevant. The government also produced a hard drive with approximately 89,000 items. Given the volume of discovery in this case, the government also produced to defendants certain documents that it identified as "hot." Copies of search warrants and related applications for two searches conducted as part of the investigation were also provided.

4. On November 22, 2017, the government made its second discovery production, consisting of two hard drives with approximately 120,000 separate items.

5. On December 1, 2017, the government made its third discovery production, which included additional search warrants and related applications; deposition testimony given by the defendants in another matter; and an additional hard drive containing approximately 80,000 items. Gates was also provided with imaged copies of nine electronic devices/media that were seized

---

[2] For devices seized or imaged during the search of Manafort's residence, privileged material and certain material that has been deemed irrelevant to this matter have been segregated and not produced to defendant Gates.

from Manafort's residence.[3]

6.     On December 8, 2017, the government made its fourth discovery production, including, among other things, approximately 116,000 items in load-ready format, additional "hot" documents, and, for Gates only, imaged copies of twenty-seven (27) electronic devices/media seized from Manafort's residence.[4]

7.     On December 8, 2017, the government disclosed to the defense information that may be considered helpful to the defense and which the defense might consider Rule 16 and Brady material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. The government will supplement this information as additional information is identified.

B.  **Jointly Agreed Schedule for Rule 404(b) Notice, Jencks Act Material, and Trial Exhibits**

8.     The government has conferred with counsel for both defendants on a schedule for further discovery and disclosure on Rule 404(b) notice, Jencks Act material, and trial exhibits. The parties have agreed on the following schedule, except that with respect to the proposed schedule for production of Jencks Act Material, Manafort seeks to have the material produced five weeks prior to trial (as opposed to the four week proposed by the government and consented to by Gates):

---

[3] Electronic evidence seized from Manafort's residence was previously made available to Manafort earlier this year (to the extent that the FBI was able to access the devices/media seized at that time). This production was done by leaving original devices and media at the residence (having been able to copy the material on site) and for material that could not be copied on site, providing copies of the devices and/or media after the physical search. These materials are not being reproduced to Manafort.

[4] In this fourth production, the government is also producing to Manafort a complete copy of two devices seized from his residence, which were not provided to him previously because the data on them was not accessible at the time that Manafort was given a copy of the seized materials earlier this year.

a.      Rule 404(b) Notice: The government will provide notice of any Rule 404(b) evidence it intends to admit during trial six weeks prior to trial. *See, e.g. United States v. Watt*, 911 F. Supp. 538, 556 (D.D.C. 1995) (scheduling order required Rule 404(b) notice 45 days before the start of trial); *see also United States v. Vilar*, 530 F. Supp. 2d 616, 640 (S.D.N.Y. 2008) (explaining that, although "notice is typically provided no more than two to three weeks before trial," notice 60 days before trial was warranted to promote early resolution of evidentiary disputes); *United States v. Giffen*, 379 F. Supp. 2d 337, 345 (S.D.N.Y. 2004) (requiring notice 45 days before trial).

b.      Jencks Act Material (18 U.S.C. § 3500): Aside from any Jencks Act material for sensitive witnesses, or witnesses who have security issues, the government proposes to produce relevant Jencks Act material four weeks prior to trial. *See, e.g.*, *United States v. Daum*, 847 F. Supp. 2d 18, 21 (D.D.C. 2012) (ordering production of Jencks Act statements "five days in advance of trial"); *United States v. Gray-Burriss*, No. 11-cr-2012, 2012 WL 5195997, at *1 (D.D.C. 2012) (noting government's production of "Jencks statements three weeks before trial"); *United States v. North*, 708 F. Supp. 399, 401 (D.D.C. 1988) (defendant would "receive all Jencks material . . . two weeks before trial"); *cf. United States v. Cooper*, 91 F. Supp. 2d 79, 85 (D.D.C. 2000) (ruling, in a capital case, that production of Jencks material up to three days before witness's direct testimony was sufficient).

c.      Trial Exhibits: The government proposes to provide a draft exhibit list to the defendants, with the corresponding exhibits marked, four (4) weeks prior to trial. *See Giffen*, 379 F. Supp. 2d at 344 (requiring government "to provide a preliminary trial exhibit list and copies of" its exhibits 30 days before trial).

### C. Restraining Order Briefing Schedule

9. On November 2, 2017, the government moved for a restraining order to prevent the dissipation of the Northwestern Mutual life insurance policy named in the indictment as subject to forfeiture upon Manafort's conviction [ECF No. 19]. Manafort's response deadline, which was originally November 8, 2017, was effectively stayed pending the parties' discussions about a bail package. At a hearing on November 21, 2017, the Court asked the parties advise the Court if the government's motion remained a live issue following discussions on a modified bail package. Because the life insurance policy was not part of Manafort's proposed bail package, on November 27, 2017, the government alerted counsel for Manafort that the motion was ripe and asked counsel to advise whether defendant intended to oppose the motion. The government has received no response. The government requests that Manafort be required to file a response to the government's motion (if any) by December 18, 2017, with a reply by the government by December 22, 2017.

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

Dated: December 8, 2017    By:    __/s/ Kyle R. Freeny_____
Andrew Weissmann
Greg D. Andres (D.D.C. Bar No. 459221)
Kyle R. Freeny
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*