UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT PAUL J. MANAFORT, JR.'S RESPONSE
TO COURT'S MINUTE ORDER DATED DECEMBER 13, 2017

Paul J. Manafort, Jr., by and through counsel, hereby submits this response to the Minute Order entered by the Court on December 13, 2017.  At this time, the record for the valuations of the three properties identified in the Minute Order is complete.  It should be noted, however, that the defendant remains ready – at any time – to address additional questions that the Court may have.

In response to the Court's comments at the December 11, 2017, status conference the defendant immediately sought to obtain further documentation and provide further analysis with respect to the fair market values of the properties to be pledged as part of the proposed bail package.  These records and this information was submitted to the Court on the same day.  (*See* ECF #85).  After the Court entered the Minute Order on December 13, 2017, the defendant filed supplemental information to ensure that the Court was aware that the tax assessment records provided for the Fairfax Street and St. James Drive properties were local public records, because the Court had specifically mentioned during the status conference that tax assessment records might be helpful to the Court's analysis.  (*See* ECF #92).

1

As noted in the supplemental filing, however, the local tax assessment for the Baxter Street property does not provide a current fair market value as do those for the Virginia and Florida properties. Further, unlike the Jobs Lane property (for which the Court indicated it was satisfied with the documentation), there is no relatively recent independent appraisal because the property was purchased ten years ago (2007) for $2.5 million. Faced with this situation, the defendant therefore undertook to identify sales and listing data for comparable high-end condominiums with a New York City real estate broker and provide that analysis to the Court. The defendant and the Office of Special Counsel agreed that the previously provided estimated value of the Baxter Street property is reasonably accurate. That said, if there is any other information or documentation that the Court requires or believes would be helpful in its determination, the defendant will endeavor to provide it immediately.

With respect to the nature and ownership of the assets listed in Exhibit 64-1, the defense has clarified that these are jointly owned assets, except as otherwise indicated. Because this exhibit involves sensitive financial information of a person not a party to this case, the defendant does not intend to supplement it further unless the Court requires specific additional information to make its bond determination. The defendant would note that this information was submitted as part of a personal surety, to go above and beyond the actual pledging of these properties to ensure the Court that if the market valuations were not satisfactory in the event of a breach, there would be additional security available to satisfy the proposed conditions of release.

In sum, Mr. Manafort has been under house arrest and GPS monitoring since October 30, 2017. He has faithfully complied with all the reporting requirements

imposed by the Pretrial Services Agency.  He painstakingly met the requirements and demands of the Office of Special Counsel regarding an agreed-upon bail package, including the forfeiture of substantial valuable real properties should he violate the proposed conditions of release and not appear as required under the Bail Reform Act.  Home detention and GPS monitoring have severely impacted his ability to earn a living.  The defense continues to maintain that these are not the least restrictive conditions to reasonably assure his appearance, and remains at the ready to provide any additional information or documentation that this Court may require in order to determine appropriate conditions of release.

Dated: December 15, 2017                                        Respectfully submitted,

                                                                       Kevin M. Downing
(DC Bar # 1013984)
Thomas E. Zehnle
(DC Bar #415556)
815 Connecticut Avenue
Suite 730
Washington, DC 20006
(202) 754-1992