UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD W. GATES III, ) | Crim. No. 17-201-2 (ABJ) |
| ) | |
| Defendant. ) | FILED UNDER SEAL |

**DEFENDANT RICHARD W. GATES III'S
MOTION TO MODIFY CONDITIONS OF RELEASE**

Pursuant to 18 U.S.C. § 3145(b), Richard W. Gates III, by and through counsel, respectfully moves this Court to modify the conditions of release as set forth below. Mr. Gates respectfully requests that in accordance with 18 U.S.C. § 3142, the Court revoke both home confinement and GPS monitoring and permit him to travel domestically for limited work-related purposes.

As discussed below, in connection with this request, Mr. Gates is arranging to pledge nearly $[redacted] in real estate and other assets as security for his $5 million bond, and also proffers [redacted] as additional sureties for a total bail package of over $5.8 million. Mr. Gates, who has been fully compliant with the conditions of his pre-trial release and has substantial ties to the community, submits that the proposed modified conditions of release outlined below will reasonably assure his appearance as required under Section 3142(c), while also allowing him to work and care for his family before the trial of this case.

**I.   RELEVANT BACKGROUND**

For over five weeks, counsel for Mr. Gates has been in discussions with the Office of Special Counsel ("SCO") in an effort to reach an agreement on a modified bail package before approaching the Court. During this time, Mr. Gates has complied with various informational requests by the

SCO. Mr. Gates has also supplied them with an appraisal of a residence used to secure the bond, financial information regarding the additional sureties, and the SCO has conducted phone interviews with ▬▬▬▬▬▬▬ and ▬▬▬▬▬▬, two primary sureties supporting Mr. Gates.  As set forth in previous pleadings and has been discussed in Court, counsel for Mr. Gates has provided a proposed bail package to the SCO [1] but the SCO has not yet agreed to it and the prospect of such agreement appears to now require the intervention of the Court.

On October 30, 2017, Mr. Gates first appeared in this case in the United States District Court for the District of Columbia.  Among the release conditions set at that time were permanent home confinement in Richmond, Virginia under the supervision of the U.S. Pretrial Services ("Pretrial Services") for the Eastern District of Virginia and the District of Columbia, daily reporting by telephone to Pretrial Services, GPS monitoring, and a $5 million unsecured bond.[2]  The Court specified that Mr. Gates could leave his residence on a limited basis, specifically, for pre-approved visits with his attorney, medical appointments, visits with Pretrial Services, and religious services.   Additionally, Mr. Gates may not apply for a passport while on

---

[1] *See* Defendant Richard W. Gates III's Motion to Modify Release Conditions for Limited Purposes to Attend School Sponsored Student-Parent Work Event, Youth Coaching Event, and Update on Status of Bail Package Discussions with the United States (hereinafter referred to as "Gates Motion to Modify Release Conditions for Limited Purposes"), ECF # 77, at 2-4; Defendant Richard W. Gates III's Motion to Modify Release Conditions for Limited Purposes Over Thanksgiving Holiday, ECF #54, at 1; Defendant Richard W. Gates III's Motion to Modify Release Conditions for Limited Purposes, ECF # 47, at 1 (advising court on November 17, 2017 that it had submitted to the SCO a supplemental proposed bail package with supporting documents); Transcript of Bond Review Hearing held on November 6, 2017, ECF # 37, at 13; *see also* Government's Memorandum in Support of Conditions of Release, Complex Case Designation and Notice of Intent to use Certain Bank Records (hereinafter "Government's Memo. in Supp. of Conditions of Release"), ECF #14, at 1.

[2] *See* Order setting conditions of release, ECF #10; Pretrial Services Report filed on October 30, 2017, attached as Exhibit ("Exh.") 2 hereto.

release.

Subsequent to Mr. Gates's initial appearance, at the November 6, 2017, bond review hearing in which it reviewed the previously imposed bond conditions de novo, this Court made findings that flight, and not dangerousness, was an issue but that it did not consider home confinement to be the least restrictive condition of release.[3] *See* 18 U.S.C. § 3142(b)-(c)(1)(B) (when personal recognizance or an unsecured appearance bond are not sufficient, the court must consider imposing the "least restrictive further condition, or combination of conditions" that will "reasonably assure the defendant's appearance in court and the safety of the community").

The Court indicated that it would consider modifying certain conditions of release, including lifting home confinement, so long as Mr. Gates took steps to secure the $5 million unsecured bond by pledging assets, having sureties co-sign the bond, or a combination thereof.[4]

Meanwhile, since the November 6 bond review hearing, the Court has granted motions by Mr. Gates to modify release conditions for limited purposes, allowing him to attend family-related and parent-student events. In participating in these activities and through his conduct with the Court and Pretrial Services since this case arose, Mr. Gates has repeatedly demonstrated that he can be relied on to leave home confinement without making any attempts to flee and to comply with any conditions imposed by the Court and required by Pretrial Services. For

---

[3] Transcript of Bond Review Hearing held on November 6, 2017 (hereinafter referred to as "Transcript of November 6 Bond Review Hearing"), ECF #37, at 25 ("But the current requirement of house arrest is not the least restrictive condition and, therefore, I'm prepared to modify it."); *see also* Order re Defendant Gates's motion to modify conditions of release, dated November 16, 2017, ECF #50, at 2 ("The Court stated that it was prepared to remove the conditions of home confinement . . . .").

[4] *See* Order re Defendant Gates's motion to modify conditions of release, dated November 16, 2017, ECF #50, at 2; Transcript of November 6 Bond Review Hearing, ECF #37, at 13-14, 27.

instance, Mr. Gates was permitted to attend family gatherings over the Thanksgiving holiday provided that he give specific details about the date, time and location to Pretrial Services.[5] He left his home, attended those events, and returned home without incident. The Court also granted Mr. Gates's request to attend a family event (his daughter's first competition) on December 2, 2017.[6] Mr. Gates went to the event, again without any issues. The Court also allowed Mr. Gates to attend a school-sponsored student-parent event and a youth coaching event, on December 9, 2017, and December 10, 2017, respectively.[7] Again, he left home confinement to participate in these events without incident. Mr. Gates has also attended the court hearings in this case, except in one instance when he waived his appearance, and met with his attorneys in Washington, DC, without any issues. Further, he has reported to Pretrial Services as required and otherwise complied with its requirements.

Respectfully, Mr. Gates requests that the Court review the proposed bail package and supporting documentation in Exhibit 1 and its Attachments A-I, and make its own determination as to whether it is satisfactory to secure the $5 million bond that has been imposed by the Court. Mr. Gates submits that the proposed package is sufficient, if not more than sufficient, to satisfy the Court.

## II. PROPOSED BAIL PACKAGE

Mr. Gates and his ███████, ███████████████████████████████████████

---

[5] *See* Minute Order entered on November 12, 2017; Transcript of Motions Hearing held on November 21, 2017, ECF #60, at 14.

[6] *See* Minute Order entered on December 1, 2017.

[7] *See* Minute Order entered on December 7, 2017.

███ and ████████████████, and ██████████████████████, have all agreed to secure the $5 million bail with real estate that they each own.  Further, Mr. Gates and his ███ will execute an agreement to secure bail with additional assets, namely, ██████ accounts, ██████████████ accounts ████████████████████████ ████████ ████████ account, and ████████████. Documentation to support the assets in the proposed bail package are set forth in Exhibit 1 hereto, which includes Attachments A-I.

1. **Real Property**

The combined estimated value of the real property is approximately $██████████. These properties and their estimated values are as follows:

| Owner of Property | Relationship to Defendant | Value | Encumbrances | Equity Value |
|---|---|---|---|---|
| ███ and ███ | ██████████ | $██████ (Appraised) | $██████ | $██████ |
| ███ and ███ | ██████████ | ██████ (Assessed) | ██████ | ██████ |
| ███ and ███ | ██████████ | $██████ (Assessed) | ██████ | ██████ |
| ██████████[8] | ██████████ | $██████ | $██████ | $██████ |
| **Total Value of Real Estate Pledges** | | | | $██████ |

These individuals—including ████████████, ██████████████████, and ████████—

---

[8] The ██████████████████████████ have nothing to do with any of the alleged conduct associated with the underlying charges in this matter

5

will agree to a lien being placed on their properties in favor of the Court to reasonably assure Mr. Gates' appearance. Mr. Gates and the remaining pledgors will stay current on their outstanding mortgages. Further, they will agree to not further encumber the listed properties.

### 2. Other Assets of Richard and ▆▆ Gates

The combined estimated value of the other assets to be pledged by Mr. and ▆▆ Gates is approximately $▆▆▆▆. These assets and their estimated values are as follows:

| Description of Asset | Detail of Asset | Value of Asset |
|---|---|---|
| ▆▆▆▆ | ▆▆▆▆ | $▆▆ |
| ▆▆▆▆ | ▆▆▆▆ | $▆▆ |
| ▆▆▆▆ | ▆▆▆▆ | $▆▆ |

The total amount of assets that will be pledged is $▆▆▆▆. The remainder of the bail will be guaranteed by the below individuals who have generously agreed to serve as sureties on Mr. Gates's appearance bond.

### 3. Sureties

In order to give the Court additional comfort and to ensure that the entire $5 million bond is secured, Mr. Gates proposes that ▆▆▆▆ and ▆▆▆▆., ▆▆▆▆, ▆▆▆▆

▮▮▮, and ▮▮▮▮ and ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮[9], co-sign the bond and thereby pledge themselves as sureties for any shortfall in pledged assets adding up to the full $5 million. Collectively, the sureties have assets—beyond the real estate described above—which total almost $▮▮▮▮▮.

The combined amount of the proposed assets for security and the additional guarantee of the sureties totals over **$5.8 million.**

### III.   PROPOSED CONDITIONS OF RELEASE

In connection with the proposed bail package, Mr. Gates requests that the Court remove his home confinement, eliminate GPS monitoring, and permit Mr. Gates to travel (i) between Richmond, VA and Washington, DC in order to maintain some level of employment (since his family, which includes four children, depends on his income), and (ii) to New York, NY to be able to meet his attorneys and for employment purposes.  Other domestic travel (to other areas) for work or family purposes would still be subject to the approval of the Court and Pretrial Services.  The other conditions of Mr. Gates's pre-trial release would remain in place.

### IV.   DISCUSSION

The Bail Reform Act requires that the Court impose "the least restrictive" condition, or combination, of conditions, that will reasonably assure the appearance of the person.  18 U.S.C. § 3142(c)(1)(B).  Importantly, "Section 3142 speaks only of conditions that will 'reasonably' assure appearance, not guarantee it."  United States v. Xulum, 84 F.3d 441, 443 (D.C. Cir. 1996) (per curiam).  Here, Mr. Gates's requested modified bond package is appropriate under Section 3142(c).

*First*, the secured $5 million bond offers the Court more than reasonable assurance of Mr.

---

[9] ▮▮▮▮▮▮▮▮ assets are over $▮▮▮▮▮▮  See Exh. 1 hereto, Attachment H.

Gates's future appearance. It encumbers more than $███████ of property, including ███████ ███████████████████████████████████ ████████████ ████ ██████████████████████████ and █████████████████ █████████████████████████████ Additionally, Mr. Gates is pledging more than ████████████████, including ████████████████████████ ████████████ and ████████████. Moreover, ████████████████ and ██ ███—who have substantial assets—will be added as personal sureties.

In short, in his proposed secured $5 million bond, Mr. Gates offers the Court his ██████ ████ assets as well as ████████████████ and ████████████████. This security, proffered by ████████████████ imposes ████████████ for Mr. Gates's failure to appear. Under this proposed secured bond, in failing to appear, Mr. Gates would need to be willing to ████████████████████ and █████████. The record shows that ████████ ███ more than "reasonably assures" Mr. Gates's future appearance in this case.

*Second*, the assurances offered by the modified secured bond are significantly bolstered by Mr. Gates's personal background and his conduct in connection with this case. Mr. Gates is 45 years old and has no prior criminal history. His ties to the community are significant. He has resided in Richmond, Virginia for 10 years with his family, including his ██ children ██████ ████████ who attend school in Richmond. Mr. Gates regularly attends church with his family, and volunteers regularly at his children's school, and coaches multiple sports teams throughout the year. Notably, Mr. Gates was aware of the SCO's investigation long before he was indicted (more than 3 months) and remained in Richmond, awaiting the outcome of the investigation and then self-surrendering. And, since Mr. Gates self-surrendered, he has complied with all conditions of

his release, including appearing at multiple hearings before this Court. Indeed, at the outset of this case, before Mr. Gates had established a track record of complying with his release conditions, Pretrial Services found that Mr. Gates was not a flight risk, having recommended an unsecured bond at the time of his initial appearance.

*Third*, Mr. Gates's request to travel domestically on a limited basis is based entirely on the fact that he has a wife and four young children who depend on him financially. As a devoted and caring father who must provide for his family, Mr. Gates requests that the Court grant him permission to travel domestically to earn a livelihood. Mr. Gates would submit any travel plans permitted under the modified bond to Pretrial Services (which he already does) at least 24 hours in advance of such travel with the specific travel dates, times and locations. He would also provide Pretrial Services with any other information it requires in order to fulfill its monitoring duties. In light of the proposed bond package, Mr. Gates submits that permitting him to travel domestically under these conditions and for these reasons comports with the Bail Reform Act.

Mr. Gates notes that the Court previously indicated that it may be willing to permit domestic travel.[10] As such, Mr. Gates requests that the Court allow domestic travel, taking into account that he has complied with all conditions that have been imposed in this case and cooperated fully with Pretrial Services as required. Having the ability to travel domestically on a limited and court-approved basis would increase Mr. Gates's ability to earn some income for his wife and children while this case is pending.

---

[10] Transcript of Bond Review Hearing held on November 6, 2017, ECF # 37, at 12 ("And if we end up with the financial security that we're talking about, I feel differently about travel within the United States, as long as it's approved in advance").

## V. GOVERNMENT'S POSITION

The United States has informed counsel for Mr. Gates that it will respond with its position to Mr. Gates's modification request upon review of this motion.

## VI. CONCLUSION

In this case, Mr. Gates is not only entitled to a presumption of innocence. He is also entitled to pre-trial release conditions that do not violate the aim of the Bail Reform Act to impose the "least restrictive" conditions necessary to reasonably assure his appearance. Because of his submission of a proposed $5 million bond secured with nearly $███████ in assets and guaranteed by sureties, his personal background and strong and long-standing ties to the community, and his record of complying with this Court's release conditions, Mr. Gates submits that the bond modification that he seeks is appropriate and well-founded. He wants to confront the SCO's allegations in court and demonstrate he is innocent. He asks the Court to modify his release conditions consistent with the Bail Reform Act so that he is permitted to care for and attempt to support his family before he is able to prove his innocence at trial.

WHEREFORE, for these reasons and any such reasons that shall appear to the Court, the defendant, Richard W. Gates, respectfully requests that his motion be granted.

Respectfully submitted,

_/s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 office
202-747-7518 fax

Walter Mack
Admitted Pro Hac Vice
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007-2911
212-619-3730 (Telephone)
212-962-5037 (Facsimile)

Annemarie McAvoy
Admitted Pro Hac Vice
McAvoy Consulting, LLC
mcavoypc@rocketmail.com
917-750-8131 (Telephone)
*Attorneys for Richard W. Gates III*