UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., ) | |
| ) | |
| Defendant. ) | |

DEFENDANT PAUL J. MANAFORT, JR.'S MOTION TO
MODIFY CONDITIONS OF RELEASE FOR CHRISTMAS HOLIDAYS

Paul J. Manafort, Jr., by and through counsel, hereby moves the Court to modify his current conditions of release to permit him to be with family over the extended Christmas weekend in New York, from December 22, 2017, until December 26, 2017. Given the outstanding issues that need to be addressed based on the Court's Order regarding modification to Mr. Manafort's release conditions dated December 15, 2017 (ECF #95), and with the holiday fast-approaching, the defendant seeks advance permission to travel to New York for the reasons set forth below. Counsel for Mr. Manafort and the Office of Special Counsel ("Government") have conferred this morning, and the Government has no objection.

The current conditions of release for Mr. Manafort include, among other things, a $10 million unsecured appearance bond, home confinement in Alexandria, VA, and electronic GPS monitoring. In essence, the defendant requests that the Court transfer these conditions (or similar conditions that the Court will find satisfactory) to his Bridgehampton, NY, home for a limited period of duration (*i.e.,* over the Christmas holiday). The defendant has confirmed with Pretrial Services that the electronic GPS

1

monitoring can be accomplished while Mr. Manafort is in New York. The only additional permission that the defendant requests in this Motion is that he be allowed to travel over these few days between his Bridgehampton home and East Hampton, NY, only a short distance away (less than ten miles), for the reasons explained below.

The Manafort family has celebrated this religious holiday together for many years despite the significant physical distances between them. More recently, the family has sought to gather in New York because of the advanced age and physical impairments of certain close family members. Specifically, the age and/or infirmness of certain individuals living in East Hampton, NY, now prevents them from traveling, or only traveling with great efforts being made to do so. Family members from California, Illinois, Connecticut and New York will be traveling to Bridgehampton to celebrate the holiday.

In addition to the age and medical conditions noted above, the Manafort family also needed a home that could support the visiting family members. Attempting to arrange for the gathering at the defendant's Virginia condominium, for example, where he is currently under home detention, would splinter the family's regular religious celebration by precluding attendance by close family members and by not providing adequate accommodations for the other guests traveling significant distances to be with their family. The requested permission to travel freely – but only – between Mr. Manafort's house in Bridgehampton and his in-laws' home in East Hampton is to allow the family to celebrate Christmas together as best they can, given the physical limitations of these close relatives.

The defendant, of course, would inform Pretrial Services of the proposed travel dates and provide a detailed itinerary to the agency, posthaste, should the Court grant this motion. He will agree to report in as frequently as the Court and/or Pretrial Services believes necessary for this short trip. He will agree to electronic monitoring. Further, Mr. Manafort will drive directly from the New York airport to the house in Bridgehampton. He will agree to abide by a curfew (but would ask the Court for permission to not be under such a curfew for December 24 should the family decide to attend a midnight religious celebration of the holiday).

In summary, the Court's Order dated December 15, 2017, has raised additional issues and documentation requirements that Mr. Manafort must address. These issues and documentation requirements cannot be resolved or satisfied before the Christmas holiday, so the defendant has made the instant motion to provide the Court with as much advance notice as possible under the circumstances. Since being placed on home confinement on October 30, 2017 – which this Court has held in *not* the least restrictive condition that will reasonably assure his appearance – Mr. Manafort has only sought to modify his conditions of release once (for Thanksgiving).

Defendant will prepare and file with Pretrial Services a detailed itinerary including travel times, flight information, addresses and anticipated schedule for the trip.

WHEREFORE, the defendant respectfully moves this Court to modify his current conditions of release for the period December 22, 2017 through December 26, 2017, as outlined above.

Dated: December 18, 2017                                Respectfully submitted,

                                                        _____
                                                        Kevin M. Downing
                                                        (DC Bar # 1013984)
                                                        Thomas E. Zehnle
                                                        (DC Bar #415556)
                                                        815 Connecticut Avenue
                                                        Suite 730
                                                        Washington, DC 20006
                                                        (202) 754-1992