UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RICHARD W. GATES III,** | ) | **Crim. No. 17-201-2 (ABJ)** |
| | ) | |
| **Defendant.** | ) | |

## RESPONSE TO COURT'S DECEMBER 22, 2017 ORDER

This response is submitted in connection with the Court's Minute Order, dated December 22, 2017 ("December 22 Order"), which requires that Mr. Gates show cause why the Court should not find that

> his reported personal participation in the creation of a fundraising video to be shown to journalists and disseminated on social media, in which, according to multiple press accounts, defendant makes reference to "the cause" and the goal of "ensuring that our supporters from across the United States hear our message and stand with us," would not violate this Court's order [38] of November 8, 2017. Defendant must also explain the nature of his relationship, if any, with Jack Burkman, who reportedly publicly characterized the prosecution as " very unfair" at a December 19, 2017 fundraising event to which journalists were invited, and indicate whether Burkman's comments are being made at his direction or the direction of his counsel. The Court emphasizes that it is not intimating that the creation of a legal defense fund or the expression of personal views by third parties not acting at the behest of the defense would violate its order.

As explained below, in creating the video to which the December 22 Order refers, Mr. Gates fully complied with the Court's November 8, 2017, Order ("November 8 Order"), directing "All interested participants in the matter, including the parties, any potential witnesses, and counsel for the parties and the witnesses, are hereby ORDERED to refrain from making statements to the media or in public settings that pose a **substantial likelihood of material prejudice** to this case." *See* ECF # 38 (emphasis added).

Mr. Gates submits that he did not violate the Court's November 8 Order. He simply thanked those involved in the fundraiser for their participation and made it clear that he could not comment on his pending case. Further, any comments that the event organizer, Mr. Jack Burkman, made were his own personal opinions and were in no way made at the direction of Mr. Gates or his legal counsel.

### I.   BACKGROUND

Six days before Christmas, on Tuesday, December 19, 2017, Mr. Jack Burkman hosted a fundraiser in Virginia to raise money for Mr. Gates's legal defense, which unquestionably is going to be very costly. As the Court aptly acknowledged, its November 8 Order did not prohibit the creation of a legal defense fund to help defray the costs of Mr. Gates's legal defense.

Understandably, Mr. Gates was very appreciative to Mr. Burkman for hosting the event and thankful that others would take time out of their busy holiday schedules and family obligations to learn about and contribute to his legal defense fund. Mr. Gates wished he could thank everyone in person but knew that would not be possible. Even so, he wanted to express his heartfelt gratitude to those who organized and participated in the fundraiser, especially in the days just before Christmas. It is a humbling task to ask others for support and financial resources, and given Mr. Gates's continued home confinement, the video was the only mechanism at his disposal at that time to express his gratitude to both donors and supporters of his legal defense.

Mr. Gates proceeded to tape the brief 1 minute and 14 second video from his home, thanking the fundraiser participants and organizers, which he believed was the right and gracious thing to do (video referred to herein as the "Thank You Video"). The Thank You Video was pre-taped and then aired at the fundraising event. In the video, Mr. Gates specifically informed

viewers that he could not talk about the case because there as a "gag order on the case." *See* Transcript of Thank You Video, attached as Exhibit 1 hereto. Nowhere in the video does Mr. Gates discuss his case. Rather, Mr. Gates spent the limited time that he had to extend a warm holiday greeting that gave thanks to his supporters and, on behalf of himself and his family, wished everyone a "Merry Christmas."

## II.   DISCUSSION

A.   Mr. Gates's Expression of Gratitude in the Thank You Video was Consistent with the Court's November 8 Order.

Mr. Gates submits that he did not violate the Court's November 8 Order by creating the Thank You Video. To the extent the Court questions Mr. Gates's general use of the wording "cause" and "ensuring that supporters from across the United States hear our message and stand with us," the wording simply referred to his ability to raise resources sufficient to permit him and his legal team to stand up to the overwhelming resources of the Special Counsel's Office, which has an army of top government prosecutors, and defend himself with vigor throughout the legal process and in the courtroom consistently with his constitutional rights. By "supporters" who "stand with us," Mr. Gates was only referring to those throughout the United States who are willing to contribute to help defray the costs of a defense necessary to adequately defend himself in the Courtroom against the prosecutorial team arrayed against him. Nothing more was intended by Mr. Gates.

The Court's November 8 Order mandates that the parties refrain from making statements to the media or in public settings that pose a **substantial likelihood of material prejudice** to the case. Mr. Gates's participation in the Thank You Video which contains expressions of gratitude and general references to those who support his defense, poses no "substantial likelihood of material prejudice to the case." He does not comment on the details of the case anywhere in the

video.  Certainly Mr. Gates should be able to thank his supporters and donors and to refer to his supporters as those who "stand with" him or support his "cause," consistent with his free speech rights, and without fear of violating the November 8 Order.  As the Supreme Court noted in the case cited in the Court's November Order, "[t]he 'substantial likelihood' test . . . was designed to protect the integrity and fairness of a . . . judicial system, and it imposes *only narrow and necessary limitations on . . . speech*."  *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1075 (1991) (emphasis added).

Mr. Gates submits that nothing about his participation in the Thank You Video, including the statements that he made therein, poses a substantial likelihood of material prejudice to the case.

As a final matter, Mr. Gates anticipates that there will be more fundraisers in the future, which will require similar sentiments of gratitude.  To avoid incurring additional legal expense to explain his expressions of gratitude, Mr. Gates welcomes any guidance that the Court may provide in this regard.

        B.      Mr. Burkman Organized the Fundraising Event and Any Views He Expressed Were his Personal Opinion.

In response to the Court's Order that he explain the nature of his relationship with Mr. Burkman, Mr. Gates informs the Court that while he knows him (but has not physically met with him), Mr. Burkman is not and never has been a representative or spokesperson for Mr. Gates.[1]  This is evident by the fact that Mr. Gates thanked attendees through a pre-taped video (instead of

---

[1] Mr. Gates has not authorized anyone other than his legal counsel to represent or speak on his behalf about his case.  Consistent with the November 8 Order, Mr. Gates's legal counsel has not made any statements to the press about Mr. Gates's case, despite regular requests for comment and despite inaccurate media reports that have been widely distributed over the Internet.  As the Court has recognized, there are often inaccurate portrayal of events in the media and the parties' inability to counter the inaccuracies is in part due to the November 8 Order.

having Mr. Burkman speak for him) and the fact that Mr. Burkman, according to press reports, specifically informed attendees that his view of the case was his personal opinion.  *See* Neil W. McCabe, "Jack Burkman hosts fundraiser for Manafort associate Rick Gates," BIG LEAGUE POLITICS (Dec. 20, 2017), https://bigleaguepolitics.com/jack-burkman-hosts-fundraiser-manafort-associate-rick-gates/ (reporting that Mr. Burkman prefaced his remarks at the fundraiser with the following quote, "I don't want to get too political, but **my personal beliefs** are that our good friend Rick is really the victim of an unfair prosecution." (Emphasis added)) (Thank You Video can also be viewed at this URL).

Any statements expressed by Mr. Burkman[2], or anyone else at the fundraiser for that matter, about their personal views of this prosecution were not at Mr. Gates's behest nor solicited by him or any member of his legal team.  The comments attributed to Mr. Burkman in the December 22 Order were completely his own, were expressly couched as his personal opinion, and were not made at the direction of Mr. Gates or his legal team.  In Mr. Gates's view, which is consistent with the Court's December 22 and November 8 Orders, Mr. Burkman and any other private individual is entitled to make whatever personal comments they wish to make about the current prosecution consistent with their First Amendment Rights.

Finally, Mr. Gates submits that all statements to be made reflecting his legal position or defenses have been and will continue to be reserved for the Courtroom and the Courtroom only and in alignment with his obligations to the Court.

---

[2] As Mr. Gates was not present at the fundraiser and Mr. Burkman did not inform Mr. Gates of any opinions he would be expressing about this case at the fundraiser, he does not have firsthand knowledge of the statements attributed to Mr. Burkman in the December 22 Order.  In addition, for the record, Mr. Gates did not talk to the press in any capacity in relation to the fundraiser.

## **CONCLUSION**

Mr. Gates respectfully submits that he has abided by the Court's November 8, 2017, Order and requests that the Court so find.

       /s/Shanlon Wu_____
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 (Telephone)
202-747-7518 (Facsimile)

Walter Mack
Admitted Pro Hac Vice
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007-2911
212-619-3730 (Telephone)
212-962-5037 (Facsimile)

Annemarie McAvoy
Admitted Pro Hac Vice
McAvoy Consulting, LLC
mcavoypc@rocketmail.com
917-750-8131 (Telephone)

*Attorneys for Richard W. Gates III*