UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD W. GATES III, | ) | Crim. No. 17-201-2 (ABJ) |
| | ) | |
| Defendant. | ) | <u>FILED UNDER SEAL</u> |

**DEFENDANT RICHARD W. GATES III'S REPLY TO GOVERNMENT'S RESPONSE
TO DEFENDANT GATES'S MOTION TO MODIFY CONDITIONS OF RELEASE,
AND LIMITED MOTION FOR RECONSIDERATION OF COURT'S SEALED ORDER
OF DECEMBER 20, 2017 REGARDING DEFENDANT GATES'S MOTION TO
MODIFY RELEASE CONDITIONS FOR LIMITED PURPOSES
<u>TO ATTEND HOLIDAY EVENTS</u>**

Richard W. Gates III, by and through counsel, hereby replies to the "Government's Response to Defendant Gates' Motion to Modify Conditions of Release" (*sic*), which was filed under seal. *See* ECF # 109. Mr. Gates seeks to challenge the assertions of the Office of Special Counsel ("SCO") made to devalue the ▆▆▆▆▆▆▆ property offered by Mr. Gates as part of his proposed bail package previously submitted to this Court, *see* ECF # 89-1, 89-2, and 89-3 (sealed unredacted version of motion to modify release conditions along with exhibits) and # 98 (public redacted version of motion to modify release conditions). Mr. Gates submits the following to further aid this Court's determination of the sufficiency of Mr. Gates's proposed bail package, which we believe is adequate to reasonably assure his appearance as required.

1. In addition to this reply, Mr. Gates will submit a response to the Court's minute order issued late this afternoon on December 21, 2017, to address the specific questions raised by the Court.

2. Overall, Mr. Gates asks this Court to consider the fact that any valuation deficiencies asserted by the SCO may be overcome by other assets recounted in Net Worth Statements

submitted on behalf of identified sureties and pledged by them on their execution of the Bail Bond itself.[1]

    3. With respect to the ▓▓▓▓▓▓▓▓ Property, the value of which the SCO disputes, we have tried to work out a reasonable approach to the value of the property with the SCO but to no avail. The SCO misconstrues the commercially sound basis for the market valuation we have attributed to the property. The basis for the valuation made here by Mr. Gates is based on discussions with commercial real estate professionals who regularly and routinely assess the market value of commercial real estate properties from the capitalization rate using the Net Operating Income ("NOI") of the property. This is consistent with commercial real estate best practices. That is not to say that expenses and liabilities used on a balance sheet are not important for accounting purposes, but the market value of a commercial property at a given point in time and going forward in time is determined by its earnings rate in the specific marketplace and its NOI at the time of the valuation. This explanation has been offered to the SCO in discussions, but we have been unsuccessful in persuading the SCO to accept it.

    (A). Accordingly, and as previously proffered to the Court, the NOI of this specific property is $▓▓▓▓▓, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

---

[1] As explained in Mr. Gates's proposed bail package, ▓▓▓▓▓▓▓▓▓▓▓▓, has agreed to serve as a surety under 18 U.S.C. §3142(c)(1)(B)(xii). A Financial Statement for ▓▓▓▓▓▓ as of December 8, 2017, shows a total net worth of $▓▓▓▓▓, and is attached hereto as Exhibit ("Exh.") 1. This information is also responsive to the SCO's request for more information about the assets of Mr. Gates's proposed sureties. *See* "Government's Response to Defendant Gates' Motion to Modify Conditions of Release" (*sic*) at 4. Regarding the matter of sureties, Mr. Gates also notes that the Court issued an order today, December 21, 2017, while this response was being prepared, ordering that he provide additional information relating to his proposed bail package, including proposed sureties, which will take some time to compile. As such, Mr. Gates will respond to the Court's order separately.

▇. This NOI does not include financing, debt service (mortgage) or tax costs incurred by the owner/investor. As commercial real estate professionals say, Net Operating Income is unique to the property, rather than the investor/owner. It is important to note that Mr. Gates did not create a hypothetical formula in his interests, but is using real estate best practices and a formula that is used globally to ascertain the values of commercial property.

(B). Those persons responsible for this specific property and familiar with this marketplace have told counsel for Mr. Gates that the NOI for this commercial property is $▇ and the appropriate capitalization rate is ▇%, which results in a market value for this property of $▇. In fact, a more conservative capitalization rate of ▇% and valuation of $▇ was submitted to this Court and the SCO. A current commercial real estate broker familiar with this particular property informs that he would list the property ▇ ▇ and he would be certain that it would not sell lower than $▇ and likely sell for more in the future as continuation of property improvements proceeded.

(C). Further, the SCO's questions about whether the commercial property's leases or contracts with third parties can be assigned to the Government are of no concern because the commercial property would no doubt be sold in the event of bail forfeiture. Rather than take on the role of landlord of commercial property, Mr. Gates submits that the Government would likely simply sell the property, which is a much more attractive and easier option for the Government. Based on counsel's previous experience, should the extremely unlikely event of a bail violation ever occur, the United States Marshals Service is adept and proficient in the sale of properties falling into the hands of the United States Government and would no doubt use the cap rate method to determine the selling price of the seized property. While the Government correctly points out that several valuation methods exist, the cap rate method is the one that is

used when buying or selling a commercial property by the real estate industry. The cap rate method gives a prospective buyer or seller the best valuation of the property. If the Government were to seize and sell the property as a result of a bail violation, whatever real estate agent or broker was used would, as a part of its fiduciary duty, use the cap rate method to establish the best selling price for the seller, even if the seller is the Government.

      3.  With respect to the SCO's position on any tax deferred accounts offered to secure Mr. Gates's bail, Mr. Gates asks this Court to accept their face valuation. The face valuation is the appropriate value to assign because any other valuation is speculative and indeterminate at this time. For example, the face value is likely lower than what the values would be should they ever be needed since their value is likely to increase over time based on yet-unknown performance. The SCO's insistence that the values must be lowered due to penalties and taxes associated with early liquidation are again indeterminate at this time since tax consequences are unique to each taxpayer and subject to individual tax situations at the end of any given tax year involved. In any event, should any such speculative shortfall arise, it could be set off by drawing upon the general surety pledges also made in support of Mr. Gates's bail proposal.

      4.  The SCO also summarily requests that the Court impose the same conditions set forth in its December 15, 2017, order, *see* ECF #95, setting the conditions of release for defendant Mr. Manafort, including GPS monitoring. Mr. Gates urges the Court to reject the SCO's request, which fails to consider the individual facts of Mr. Gates's case, which is required under the bail statute. *See* 18 U.S.C. § 3142(g) (requires that the "history and characteristics" of the defendant be considered in determining conditions of release). As the First Circuit Court of Appeals has stated, *"*Detention determinations must be made individually and, in the final analysis, must be based on the evidence which is before the court regarding the particular defendant." *United*

*States v. Tortora*, 922 F.2d 880, 888 (1st Cir. 1990).  The First Circuit also recognized that "[no] two defendants are likely to have the same pedigree or to occupy the same position."  Such is true here.  Mr. Gates and Mr. Manafort are not the same.  As such, for the detailed reasons set forth in his motion to modify his release conditions and in light of his proposed bail package, Mr. Gates submits that his proposed conditions of release, including the removal of GPS monitoring, is sufficient to reasonably assure his appearance as required.

     5.   In conclusion regarding his bail proposal, Mr. Gates asks this Court to consider the totality of his package and find that it is sufficient to secure his current bail.  Counsel has been working diligently over the past weeks in an effort to reach a jointly agreed upon proposal as the Court is aware.

     6.  Separately, in light of the above information and the impact of the protracted bail discussions, Mr. Gates also respectfully asks this Court to make an exception from its sealed order of December 20, 2017, regarding his Christmas holiday events and allow him to attend the December 26, 2017 event, which he has attended for more than 15 years.  *See* Defendant Gates's Motion to Modify Release Conditions for Limited Purposes to Attend Holiday Events, ECF # 104, and ECF # 105-2 (filed under seal).  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  Should the Court wish to eliminate another activity to lessen the burden upon the Court and Pre-Trial Services, Mr. Gates respectfully offers to eliminate the

December 23, 2017 holiday gathering and allow him to attend the December 26th family holiday reunion instead as the more important event of the two to Mr. Gates and his family.

WHEREFORE, Mr. Gates respectfully submits this Reply and moves this Court for limited reconsideration of its December 20, 2017 sealed order so that Mr. Gates may attend the large annual gathering of his extended family on December 26, 2017.

Respectfully submitted,

 /s/Shanlon Wu
Shanlon Wu
D.C. Bar No. 422910
Wu, Grohovsky & Whipple, PLLC
Ronald Reagan Building and International Trade Center
1300 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004
swu@dcwhitecollar.com
202-204-3053 (Telephone)
202-747-7518 (Facsimile)

Walter Mack
Admitted Pro Hac Vice
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007-2911
212-619-3730 (Telephone)
212-962-5037 (Facsimile)

Annemarie McAvoy
Admitted Pro Hac Vice
McAvoy Consulting, LLC
mcavoypc@rocketmail.com
917-750-8131 (Telephone)

*Attorneys for Richard W. Gates III*