UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT PAUL J. MANAFORT, JR.'S MEMORANDUM
IN OPPOSITION TO GOVERNMENT'S MOTION TO MODIFY THE COURT'S
SCHEDULE FOR RULE 404(b) NOTICE AND BRIEFING

Defendant Paul J. Manafort, Jr., by and through counsel, hereby opposes the Government's Motion to Modify the Court's Schedule for Rule 404(b) Notice and Briefing ("Government's Motion").  (Dkt. # 155).  The Government's Motion, filed in response to the Minute Order entered on January 17, 2018, "requests that the [Rule 404(b) evidence] notice and briefing schedules not be set until after a trial date is selected and that notice be required no more than eight weeks prior to trial. . . ."  (Dkt. # 155 at 1). The defendant has not raised any objections to the proposed schedule and believes that the Court's current notice and briefing schedule for Rule 404(b) evidence is warranted under the circumstances of this case.[1]

The Court has ordered the Government to provide Rule 404(b) notice on April 6, 2018, with oppositions due on April 23, 2018, and replies due on May 4, 2018.  *See* Jan. 17, 2018 Minute Order.  The hearing for Rule 404(b) issues is set for May 23, 2018.  *Id*. The Office of Special Counsel complains that this schedule "is not tethered to a specific trial date."  (Dkt. # 155 at 2).  But the Court knew this when it entered the Minute Order;

---

[1] The defendant has proposed that the trial commence in September 2018.

in fact, the Court expressly noted that a trial date had not been set (and would not be discussed with counsel until closer to the next status conference). *See* Jan. 17, 2018 Minute Order. Regardless, there is no requirement that the Rule 404(b) notice and briefing schedule be tied to a specific trial date. *See* Fed. R. Evid. 404(b)(2).

In asking the Court to alter its Rule 404(b) schedule, the Government also raises the specter of "premature disclosure," arguing that the evidence it wishes to introduce may change over time. (Dkt. # 155 at 2). This is not a credible position, however. The Office of Special Counsel has had a sizable group of prosecutors and federal agents working on this case – and only this case – for many months now. Moreover, in response to the defendant's demands for discovery, the Government has produced materials that show it has been conducting a law enforcement investigation into Mr. Manafort's dealings *since 2014*. Therefore, it is difficult to believe that the Special Counsel does not already know what it will proffer as Rule 404(b) evidence; at a minimum, it should certainly be able to identify such evidence by the Court's proposed April 6, 2018, date. Indeed, it is worth noting that the Government – not Mr. Manafort – recently asked the Court to commence this trial on May 14, 2018. (Dkt. # 146 at 3). Surely, the Government would not have proposed a spring trial date without knowing the potential Rule 404(b) evidence it would seek to offer in its case-in-chief.[2]

Finally, the Office of Special Counsel contends that it "has not identified any authority in this district, or another, requiring such early notice in a comparable case."

---

[2] A further warning – that of "multiple Rule 404(b) notices" – is posited by the Government as well, but this assumes that the Court would allow such additional Rule 404(b) evidence after the deadline. Of course, a party may always petition the Court for relief from a deadline for good and reasonable cause, but one should not assume this to be the case.

(Dkt. # 155 at 3).   That, however, begs the question: What is a "comparable case" in the view of the Government?

This prosecution is unique.   It purportedly stems from an appointment order issued by the Acting Attorney General that instructed the Special Counsel to focus on "links and/or coordination between the Russian government and individuals associated with the campaign of Donald Trump," but there are no Russia-related charges included in the Indictment.   *See* Order No. 3915-2017 (May 17, 2017).   Rather, the Government has brought a case alleging a criminal conspiracy that spans more than a decade and involves international consulting work performed years ago and halfway around the globe.   The sheer breadth of the Government's criminal case – both temporally and geographically – supports the Court's current notice and briefing schedule for Rule 404(b) evidence. Without substantial advance notice, Mr. Manafort will be unfairly prejudiced in preparing to defend at trial whatever other evidence of alleged crimes, wrongs or acts that the prosecution may conjure up.

Indeed, given the Special Counsel's access to virtually unlimited taxpayer funds and investigative resources to use against Mr. Manafort, the Court's schedule in this regard is eminently reasonable.   *See* Fed. R. Evid. 404(b).   The time provided in the Court's current schedule is, in fact, *necessary* for the defendant to properly prepare and for the Court to resolve the admissibility of any proffered Rule 404(b) evidence.[3]   *United States v. Watson*, 409 F.3d 458, 465 (D.C. Cir. 2005) ("The courts must not treat lightly the 'surprise' introduction of evidence that leaves a criminal defendant without opportunity to prepare an effective response.").   The timing proposed by the Office of Special Counsel overlaps with the Court's current scheduling of other important matters,

---

[3] Such evidence is also routinely challenged under Rule 403 of the Federal Rules of Evidence.

such as motions in limine and their subsequent briefing, and trial preparation. *See* Jan. 17, 2018 Minute Order. Although the Government's Motion may not be based on gamesmanship, the proposed timing would significantly impact the defense of this case based on the defendant's limited resources.

WHEREFORE the defendant requests that the Court deny the Government's Motion to modify the scheduling order as it pertains to Rule 404(b) notice and briefing.

Dated: February 2, 2018                    Respectfully submitted,


                                       _____

Kevin M. Downing
(DC Bar # 1013984)
Thomas E. Zehnle
(DC Bar #415556)
815 Connecticut Avenue
Suite 730
Washington, DC 20006
(202) 754-1992