UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | UNDER SEAL |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PAUL J. MANAFORT, JR.'S SUPPLEMENTAL FILING TO MOTION FOR RECONSIDERATION OF CONDITIONS OF RELEASE

Paul J. Manafort, Jr., by and through counsel, hereby moves the Court to reconsider his conditions of release as set forth in the December 15, 2017 Order ("Order"). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the Court determined that the matter would remain under advisement pending further supplementation of the motion. *See* Minute Order dated January 22, 2018. The instant filing serves as the supplementation to the motion for reconsideration which was submitted under seal with leave of the Court on January 17, 2018.[1] (*See* Dkt. # 152-2).

I. Court Order Dated December 15, 2017

On December 15, 2017, the Court granted in part and denied in part Mr. Manafort's motion to modify his conditions of release. (Dkt. # 95). In the Order, the Court specifically held that home confinement is not the least restrictive condition that will reasonably assure his appearance. (Dkt. # 95 at 2). The Court then outlined the conditions for the defendant to be released from home confinement in Virginia and to

---

[1] Because the defendant is proposing certain changes to the conditions of release, this supplemental filing to the motion for reconsideration may be deemed a motion by the defendant to modify his conditions of release by the Court. Regardless of the styling of the submission, the relief sought remains the same.

1

return to his home in Florida. (Dkt. # 95 at 2-4). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ although most of the Court's conditions of release set forth in the December 15, 2017 Order could be satisfied, there were certain financial requirements that Mr. Manafort and his family simply could not meet. ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓

II. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ in terms of a potential bail package and its financial underpinnings, Mr. Manafort could make a proposal which utilized 18 U.S.C. Section 3142(c)(B)(xi), 18 U.S.C. Section 3142(c)(B)(xii), or a combination of the two provisions.[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the motion would remain under advisement so that the defendant could secure, obtain and/or identify real properties, solvent sureties, or some combination of the two, that he would propose to secure the $10 million appearance bond. ▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ For the value of real properties, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ professional appraisals would satisfy the Court's evidentiary/proof requirements.

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Manafort first has set about to secure a package of real properties which are to be forfeited if he does not appear as required and, second, to garner documentation that the Court would determine to be

---

[2] ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2

sufficient for valuation purposes. Based on these efforts, the following bail package is proposed below.

III. <u>Bail Package Proposal</u>

A. <u>Agreement to Forfeit Properties to Secure $10 Million Appearance Bond</u>

Upon the Court's acceptance of the following real properties as sufficient to satisfy the $10 million appearance bond, Mr. Manafort (and the owners or co-owners) will execute agreements to forfeit[3] the following assets should he fail to appear as required:

1. ▉▉▉▉▉ Arlington, VA ▉▉
   Appraised value: ▉▉▉▉
   Mortgage: ▉▉
   Attachment A

2. ▉▉▉▉▉ Alexandria, VA ▉▉
   Appraised value: ▉▉▉▉
   Mortgage: ▉▉
   Attachment B

3. ▉▉▉▉ New York, NY ▉▉
   Appraised value: ▉▉▉▉
   Mortgage: ▉▉▉
   Attachments C & D

4. ▉▉▉ New York, NY ▉▉
   Appraised value: ▉▉▉▉
   Mortgage: ▉▉▉
   Attachments E & F

The total unencumbered value of these properties (independently appraised values less mortgages, if any) is $10.05 million, as evidenced by the attached recent appraisals

---

[3] *See* 18 U.S.C. Section 3142(c)(B)(xi). The defendant is examining the formal recordation requirements and processes in both New York and Virginia, where the above-identified properties are located. In New York, the defendant has been advised that it will likely take three to four weeks for the recording to be made publicly available from the time the agreement to forfeit the properties (upon a failure to appear) is formally filed. Should there be a lengthy delay, the defendant will request the Court to consider alternative verification that the properties have been pledged against the appearance bond in this case.

and mortgage statements. This is more than the $10 million appearance bond that has been set for Mr. Manafort in this matter. To be clear, then, the defendant is no longer proposing a combination of real properties and personal sureties (pursuant to 18 U.S.C. Section 3142(c)(B)(xii)) in this package. Under this bail proposal, because no sureties are proposed and the values of the properties to be forfeited are independently documented with proof sufficient for the Court's purposes, there is no need for Mr. Manafort's wife and daughter to set aside $5 million and $2 million, respectively, in financial accounts over which they have sole signatory authority.[4] (*See* Dkt. # 95 at 2-3). In addition to proposing these properties as part of his bail package, however, Mr. Manafort is proposing another substantial change to his conditions of release to reduce the purported risk of flight posited by the Government, which is discussed *infra*.

B. Agreement to Remain in the Washington, DC, Geographic Area

In a significant modification from the defendant's previous request to return home to Florida, the defendant will now agree to remain in the Washington, DC, area and to continue residing in Alexandria, VA ████████████████ Accordingly, Mr. Manafort will remain in the geographic area where this case will proceed, and there will be no need to change his current reporting to Pretrial Services. There will be no extra burden of continually monitoring Mr. Manafort in Florida, and no regular coordination will be necessary between Pretrial Services in the District of Columbia and the Southern District of Florida.

---

[4] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

As part of this proposal, Mr. Manafort does request that he be given the same treatment granted to the co-defendant, Mr. Gates; *i.e.*, the flexibility to move about the general vicinity of his designated residence. More particularly, this Court has granted Mr. Gates the freedom to travel within the "geographic area" of Richmond, VA, which includes the city's surrounding counties. *See* Order dated January 4, 2018 at 4, and Minute Order dated January 10, 2018. Mr. Manafort therefore requests permission to travel throughout Washington, DC and the city's immediate surrounding Virginia counties of Arlington and Fairfax and Maryland counties of Montgomery and Prince George's.[5]

### C. Agreement to Abide by Other Conditions in the Order

Finally, Mr. Manafort will agree to abide by the other conditions of release set forth in the Order to the extent such conditions are not specific to residing in Florida — which, of course, the defendant is agreeing to forego as part of this bail proposal. *(See* Dkt. # 95 at 3-4). For example, Mr. Manafort will seek the Court's permission for other domestic travel, including travel for business purposes (which he anticipates); he will not leave the United States; he will stay away from transportation facilities, etc. *(See* Dkt. # 95 at 3-4).

---

[5] If not permitted, a simple trip around the city's Beltway to reach a permissible location would potentially cause Mr. Manafort to violate the conditions of release. That said, the defendant anticipates his travel within the geographic area will generally involve Washington, DC, and the Northern Virginia suburbs.

WHEREFORE, the defendant respectfully moves this Court to reconsider the conditions of release set forth in the Order and modify the same as proposed herein.

Dated: February 9, 2018                                  Respectfully submitted,

                                                    /s/
                                  Kevin M. Downing
                                  Law Office of Kevin M. Downing
                                  601 New Jersey Avenue, NW
                                  Suite 620
                                  Washington, DC 20001
                                  Tel: 202-754-1992
                                  Fax: None
                                  Email: kevindowning@kdowninglaw.com
                                  DC Bar # 1013984

                                                    /s/
                                  Thomas E. Zehnle
                                  Law Office of Thomas E. Zehnle
                                  601 New Jersey Avenue, NW
                                  Suite 620
                                  Washington, DC 20001
                                  Tel: 202-368-4668
                                  Fax: None
                                  Email: tezehnle@gmail.com
                                  DC Bar # 415556