```
                  BEFORE THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF COLUMBIA


 UNITED STATES OF AMERICA,       .
                                 .  Case Number 17-cr-201-1
         Plaintiff,              .
                                 .
     vs.                         .
                                 .  Washington, D.C.
 PAUL J. MANAFORT, JR.,          .  February 28, 2018
                                 .  9:35 a.m.
         Defendant.              .
 - - - - - - - - - - - - - - - -


          TRANSCRIPT OF ARRAIGNMENT AND STATUS CONFERENCE
             BEFORE THE HONORABLE AMY BERMAN JACKSON
                    UNITED STATES DISTRICT JUDGE


 APPEARANCES:

 For the Government:           GREG DONALD ANDRES, AUSA
                               ANDREW WEISSMANN, AUSA
                               KYLE RENEE FREENY, AUSA
                               U.S. Department of Justice
                               Special Counsel's Office
                               950 Pennsylvania Avenue Northwest
                               Washington, D.C. 20530
                               202-514-0522

 For the Defendant:            KEVIN M. DOWNING, ESQ.
                               Law Office of Kevin M. Downing
                               601 New Jersey Avenue Northwest
                               Suite 620
                               Washington, D.C. 20001
                               202-754-1992



 Official Court Reporter:      SARA A. WICK, RPR, CRR
                               U.S. Courthouse, Room 4704-B
                               333 Constitution Avenue Northwest
                               Washington, D.C. 20001
                               202-354-3284

 Proceedings recorded by stenotype shorthand.
 Transcript produced by computer-aided transcription.
```

1            P R O C E E D I N G S
2       (Call to order of the court.)
3            THE COURTROOM DEPUTY:  Your Honor, this morning we
4  have case number 17-201-1, the United States of America v.
5  Paul J. Manafort, Jr.  Mr. Manafort is present in the courtroom,
6  your Honor.
7       Will counsel for the parties please approach the lectern
8  and identify yourself for the record.
9            MR. ANDRES:  Good morning, Judge.  Greg Andres, Andrew
10 Weissmann, Kyle Freeny for the Special Counsel's Office.  And
11 with us at counsel table is Supervisory Special Agent Omer
12 Meisel.
13           THE COURT:  Good morning.
14           MR. DOWNING:  Good morning, your Honor.  Kevin Downing
15 for Paul Manafort.
16           THE COURT:  All right.  Good morning.  I note
17 Mr. Manafort is present.  He should probably join you at the
18 lectern.  I think one of the things we need to do today is
19 arraign him on the superseding indictment.
20      Mr. Manafort, I also want to express my condolences for the
21 loss of your father-in-law.
22           THE DEFENDANT:  Thank you.  I appreciate it.
23           THE COURT:  I know it doesn't matter how old they are
24 or when it happens.  We're never quite ready.
25           THE DEFENDANT:  I appreciate the Court indulging me

```
 1    this weekend and allowing me to go.
 2              THE COURT:  No problem.
 3              THE COURTROOM DEPUTY:  Sir, are you the person named
 4    in the superseding indictment?
 5              THE DEFENDANT:  I am.
 6              THE COURTROOM DEPUTY:  Are you Paul J. Manafort, Jr.?
 7              THE DEFENDANT:  I am.
 8              THE COURTROOM DEPUTY:  Your Honor, may the record
 9    reflect that both the defendant and his attorney have received a
10    copy of the superseding indictment which has been filed in this
11    case.
12         Mr. Manafort, you are charged in criminal case number
13    17-201-1 in a five-count superseding indictment charging you
14    with the following:  Count 1, 18 United States Code Sections 371
15    and 3553, conspiracy against the United States; count 2, 18
16    United States Code Sections 1956(h) and 3551, conspiracy to
17    launder money; Count 3, 22 United States Code Sections 612 and
18    618(a)(1) and 18 United States Code Sections 2 and 3551,
19    unregistered agent of a foreign principal; count number 4, 22
20    United States Code Sections 612 and 618(a)(2), 18 United States
21    Code Sections 2 and 3551, false and misleading FARA statements;
22    and count number 5, 18 United States Code Sections 2, 1001(a),
23    and 3551, false statements.
24         Do you waive formal reading of the superseding indictment?
25              MR. DOWNING:  We do.
```

```
1              THE COURTROOM DEPUTY:  For purposes of arraignment on
2    the superseding indictment, how do you wish to plead?
3              THE DEFENDANT:  Not guilty.
4              THE COURT:  All right.  Thank you.  You can be seated
5    now.
6              THE DEFENDANT:  Thank you.
7              THE COURT:  At this point I think what we need to do,
8    since we know what the charges are and who the defendants are
9    and who their counsel is, is to move forward and schedule the
10   rest of the proceedings.  And I guess I -- chronologically,
11   you've got motions schedules, but it probably makes the most
12   sense to start with a trial date.
13       Mr. Downing?
14             MR. DOWNING:  Thank you, your Honor.  I know we keep
15   asking.  So it's nice to be here today to get one.
16        We conferred yesterday, and the defense would like
17   September, mid-September trial date.  I say the 15th, but I
18   don't know what day of the week that is.
19             THE COURT:  We're all thinking along the same lines.
20   September 17th is a Monday.  So September 17th, 9:30 in the
21   morning, the trial will begin.
22             MR. DOWNING:  And based on the last time we were here,
23   we talked about having a little extra time on the motions to
24   dismiss.  I would ask the Court if you could set our due date
25   for the motions to dismiss for March 14th.
```

1           THE COURT:  All right.  So the motions that were
2  previously due on February 23rd, which would be motions under
3  Federal Rule of Criminal Procedure 12(b)(3)(A) or (B), will be
4  due -- what date did you say?
5           MR. DOWNING:  The 14th.
6           THE COURT:  March 14th.  Oppositions, March 28, and
7  replies, April 4th.
8           MR. DOWNING:  And I think, your Honor, we've been in
9  agreement that if that entire schedule moves the same amount of
10 time, that it was fine with the government.
11          THE COURT:  All right.  Did you need additional time
12 to --
13          MR. ANDRES:  No, Judge, we don't have any objection to
14 that.
15     Just in terms of the trial date, we understand the Court's
16 reasoning, and the defense counsel has asked for September.
17 That's fine.  Just for the record, the government is ready to go
18 to trial and wants to go to trial as soon as possible.
19          THE COURT:  I understand that.  With some of the
20 delays and the motions that have yet to be filed, I think it was
21 the defendants last time that were asking for more time to deal
22 with discovery.  And since they were talking about fall trial
23 dates at that time, I've set trials in other matters in June and
24 August.  So given the number of motions that I anticipate and
25 everything else that's on the schedule, I think this will work

```
 1    fine.
 2        I would like to go ahead and set a hearing on the
 3    dispositive motions.  That's the one thing that we don't have on
 4    the calendar.  So if they're going to be fully briefed by the
 5    beginning of April -- do I have anything on Wednesday,
 6    April 18th?
 7              THE COURTROOM DEPUTY:  One second, your Honor.
 8              (The Court conferred with the courtroom deputy.)
 9              THE COURT:  All right.  How about Thursday, April 19th
10    at 9:30 for a hearing on the motions that we just set a schedule
11    for.
12              MR. DOWNING:  That's fine with the defendant, your
13    Honor.
14              THE COURT:  All right.  So we will do that.  We
15    already have a schedule for other pretrial motions.  Anything,
16    if there's a bill of particulars -- it seems like the indictment
17    is highly particular, but if a motion for a bill of particulars
18    is filed under Rule 7(f), motions to suppress statements or
19    evidence, motions to sever charges, at this point they're due
20    April 6th, oppositions April 23rd, and replies May 4th, and we
21    have a hearing date scheduled for May 23rd.  And I don't see any
22    reason to change that schedule.  So that will remain.
23        If we're going to have a trial September 17, we need to set
24    a pretrial conference, and since sometimes those take more than
25    one day, why don't we set it for September 5th, and then the
```

```
 1   next week will be available if we need it.
 2         Does that work for a pretrial conference?
 3             MR. DOWNING:  It does, your Honor.
 4             MR. ANDRES:  Yes, Judge.
 5             THE COURT:  All right.  The joint pretrial conference,
 6   let's do that at 9:30 in the morning, too.
 7         The joint pretrial statement will be due -- and I will
 8   issue an order telling you everything that needs to be in it --
 9   on August 1st.  Motions in limine, I would like to get those
10   heard or briefed so that you can tell me about them in the joint
11   pretrial statement, and then I can rule on them at the pretrial
12   conference.  So any motions in limine will be due on July 9,
13   oppositions July 23rd, replies on July 30th.
14         So the only thing that's left to add to the schedule is the
15   government's notice of its intention to introduce any evidence
16   under Rule 404(b).  I think making it any later than the motion
17   in limine schedule would make it difficult to rule on and hear.
18   It puts an awful lot to be decided at the pretrial conference.
19   So I would prefer to do it a little earlier.  I could have it
20   be -- it has to be provided by June 15th, oppositions by the
21   29th, replies by July 9th.  And then we could set a hearing some
22   time in July if there is going to be any 404(b) evidence.  If
23   there isn't, we don't have to talk about it.
24         But I think that accommodates the government's request to
25   have it be a little later than the other motions, but it's a
```

```
 1        little further ahead than the eight weeks.
 2             So hearing on that motion, if it's all going to be briefed
 3        by July 9th, how about the week of July 23rd?  Are people going
 4        to be in town?  All right.  July 24th at 9:30 in the morning
 5        will be a hearing on if there's any disputed Rule 404(b)
 6        evidence.
 7             All right.  I think that's everything I need to schedule at
 8        this point.  Are you anticipating that you are going to want to
 9        use a written jury questionnaire?
10                  MR. ANDRES:  Yes, Judge.
11                  THE COURT:  All right.  So in terms of dates that
12        relate to that, that will be a part of the order that I issue
13        after this hearing that talks about what needs to be in a joint
14        pretrial statement.  But we will need to set a date for that.  I
15        think it's appropriate in this case, but I also think it's
16        appropriate that it be short so it's a reasonable number of
17        questions that the jurors can come in and answer in writing
18        that's not unduly burdensome to them.  So I'm going to think
19        about what I think about that, but I'm thinking certainly not
20        200 questions, probably more like 50 questions.  Probably less
21        would be even better.
22             All right.  A couple other comments.  I guess I had some
23        questions about what's going on in the Eastern District of
24        Virginia and how that affects what we are doing here.  I
25        understand that the indictment there includes five substantive
```

counts regarding false statements in tax returns but not a conspiracy count, several counts related to failure to report foreign bank accounts, not a conspiracy count, and a number of counts related to bank fraud with various lenders.

Do you have a schedule there yet? Is your arraignment set, or do you have a trial date yet?

MR. ANDRES: Judge, we are appearing in front of Judge Ellis on Friday at 1:30.

THE COURT: All right. You will have a trial date soon, then.

One question I had was, there's a lot of -- there is some overlap in the factual allegations, and I guess I was curious about how that's going to be addressed. The indictment here seems to include the same allegations about the existence of offshore accounts, transfers, disguised loans, nonpayment of taxes, and even the failure to report the foreign bank accounts that underlie the substantive counts in Virginia. The conspiracy count here talks about impeding the functions of the Department of Treasury, as well as the Department of Justice, and it mentions the foreign bank accounts in addition to the FARA violations as overt acts.

So some issues came to my mind, and you don't have to answer me right now, but it seems like the government is setting itself up to have to put on the same evidence on different timetables in different courtrooms. The defense now faces the

1  burden of filing, for instance, if the search warrant produced
2  evidence that's relevant to both cases, duplicative motions.
3  There's a risk of inconsistent rulings on the motions and
4  evidentiary rulings and jury findings.
5       And so I don't know if you're involved in discussions about
6  how to resolve that.  I don't know if any party has any present
7  intention to seek a transfer.  I can advise you that you can't
8  take your phone into the building in the Eastern District of
9  Virginia.
10       But I just don't know.  Are we thinking through how we're
11  going to deal with some of these issues?
12            MR. ANDRES:  Judge, this is by no way in any means
13  criticism of the defense.  But as you know, we anticipated some
14  of these issues and offered the defense the opportunity to waive
15  venue in the Eastern District, and they decided not to, which is
16  obviously their right.
17       With respect to the overlap, I think you've sort of hit the
18  ball on the head.  There are FARA and money laundering charges
19  and the false statement charges here.  Those are the unique
20  charges here in the District of Columbia.  There are the bank
21  fraud charges which are unique to the Eastern District of
22  Virginia.  The overlap is with the tax and the FBAR charges.
23  They're charged as a conspiracy here; they're charged as
24  substantive counts there, again due to the venue.
25       So there's no overlap as to the charges.  There is factual

1  overlap, and there will be the presentation of similar evidence
2  at either trial.
3       So we have had at least a discussion with Mr. Downing about
4  the discovery overlaps in both cases.  So we've tried to work
5  through those issues.  But beyond that, as I said, we don't have
6  a schedule yet in Virginia and will, obviously, try to take
7  these issues up one at a time as they come up.
8            THE COURT:  All right.  The burden is the least on the
9  courts.  We can both easily handle these trials.  I think the
10 burden is going to fall the heaviest on the defense in terms of
11 the amount of work that's going to need to be done that might be
12 duplicative.  So it's up to the defense to decide as you move
13 forward how you wish to proceed.  In the meantime, we've got a
14 schedule for this case.
15      The Pretrial Services Agency provided me a report in
16 connection with Mr. Manafort's compliance with his conditions of
17 release, and they've recommended that the drug testing
18 requirement be reduced to random, and that's fine with me.  So
19 I'm going to modify his conditions for that purpose.
20      The only other issue I wanted to raise, as everybody knows,
21 there is an order in this case regarding public statements about
22 this case.  I'm aware that on the date that the co-defendant
23 entered his plea of guilty, a statement was issued on behalf of
24 Mr. Manafort.  I recognize that on that date there were hundreds
25 of articles indicating that your business partner pled guilty to

1    conspiring with you and that it is -- I can certainly understand
2    the impulse to not let that go by without asserting your
3    innocence.
4         So with respect to the statement that was issued that day,
5    I'm not going to take any action, but I want to reiterate,
6    Mr. Manafort, that the order that I issued, over no one's
7    objection, does not just apply to Mr. Downing, but it applies to
8    you, and issuing a statement about the prosecution, I believe,
9    is contrary to the order.
10        I don't know if your counsel was involved in terms of
11   communications between you and your spokesperson or you and the
12   press.  I don't know who actually issued the statement.  But he
13   should be.  And if there are future statements, they will result
14   in orders to show cause, the way statements have in the past.
15        Mr. Downing, do you want to say anything about that?
16             MR. DOWNING:  No, your Honor.  I think we're going to
17   file a motion with the Court with respect to your interpretation
18   of the Supreme Court case.
19             THE COURT:  I'm happy to read anything you file.  I
20   issued an order after asking for input and got none.  So if you
21   have a new point of view and you want to give me some case law,
22   I will consider it.  But right now, the order stands.
23             MR. DOWNING:  And your Honor has written cites to the
24   Supreme Court case.  That's the only point I'm making.  We read
25   the Supreme Court case to be an overlay to your order.  But I

1  think it would be -- this is a good point in time to get some
2  clarification from the Court as to how it interprets the Supreme
3  Court case that's cited in the order as opposed to us
4  interpreting this as a gag order, which we do not.
5              THE COURT:  All right.  Well, I will read whatever you
6  file.
7              MR. DOWNING:  Thank you.
8              THE COURT:  All right.  Mr. Andres, is there anything
9  else I need to take up today on behalf of the government?
10             MR. ANDRES:  No, Judge.  But just for the record, I
11  think the setting of the motions schedule, the trial, and the
12  prior designation as a complex case takes care of the speedy
13  trial exclusion.
14        But beyond that, we have nothing further.  Thank you,
15  Judge.
16             THE COURT:  Mr. Downing, anything further on behalf of
17  Mr. Manafort?
18             MR. DOWNING:  No, your Honor.
19             THE COURT:  Okay.  All right.  Thank you very much,
20  everybody.
21        (Proceedings adjourned at 9:53 a.m.)

CERTIFICATE OF OFFICIAL COURT REPORTER

I, Sara A. Wick, certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/ Sara A. Wick                February 28, 2018
SIGNATURE OF COURT REPORTER     DATE