UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>PAUL J. MANAFORT, JR., )<br>)<br>      Defendant. ) | Crim. No. 17-201-01 (ABJ) |

**DEFENDANT PAUL J. MANAFORT, JR.'S MOTION TO COMPEL PRODUCTION
OF UNREDACTED SEARCH AND SEIZURE WARRANT AFFIDAVITS**

Defendant Paul J. Manafort, Jr., by and through counsel, hereby moves the Court to compel the Office of Special Counsel to immediately produce unredacted versions of the affidavits underlying the Government's searches and seizures in this case. Pursuant to LCrR 16.1, the defense certifies that it previously requested discoverable information from the Government that may be subject to a motion to suppress pursuant to Fed. R. Crim. P. 12(b)(4)(B) in a letter dated January 23, 2018. The defense further certifies that it specifically requested unredacted affidavits of all searches and seizures in writing by letter dated March 19, 2018, and by a follow-up email dated March 26, 2018. Although it has indicated a response is forthcoming, the Office of Special Counsel has not responded to the defendant's request for unredacted affidavits as of the filing of this motion. Given that the deadline for filing motions to suppress evidence is April 6, 2018, the defendant is forced to seek the Court's intervention and request that it order the immediate production of all search and seizure affidavits in unredacted form.

To determine whether to make a motion to suppress evidence (and what form that motion might take), it is vital that the defense have access to this information sufficiently

1

in advance of the motions deadline. The Fourth Amendment requires as much: "While the government is free to lawfully exercise its power to execute search warrants, the persons against whom that awesome power is unleashed at least have the right to discover the basis for the exercise." *United States v. Pirk*, 282 F. Supp. 3d 585, 592 (W.D.N.Y. 2017) (quoting *In re Search Warrants Issued on April 26, 2004*, 353 F.Supp.2d 584, 590 (D. Md. 2004)). Indeed, it has been held that:

> [t]he Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search. Where the government asserts a need to seal the information from the eyes of the person whose property was searched, it must make a specific showing of compelling need and must establish that there is no less restrictive alternative to sealing the records.

*Matter of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232–33 (D. Minn. 1996).

The Office of Special Counsel produced redacted search and seizure warrant affidavits from which it is impossible for the defendant to divine the importance of information that the Government continues to hide. By way of an example, the defendant can reasonably speculate that the agent's affidavit supporting the search warrant for the storage unit omits critical information. For ten pages, the affidavit describes the Government's investigation. Thereafter follows approximately one and one-half pages of redacted material. The affidavit then resumes, after the Special Counsel's redactions, with the agent describing what he saw while *inside* the subject storage unit. Nowhere in the unredacted portions of the affidavit does the agent disclose *how* he came to find himself inside of the storage unit. Hiding the ball in this manner leaves the defense unable to evaluate if the Government had a legitimate basis for entering the storage unit. The defendant's Fourth Amendment rights may well have been violated but articulating a

basis for a Fed. R. Crim. P. 12(b)(3)(C) motion is impossible if the defense is unable to review the information relied upon by the judicial officer when issuing the warrant.

"Without the right of access to the affidavit on which the search warrant was based, the search subject could *never* make such a challenge." *Pirk*, 282 F. Supp. 3d at 592 (W.D.N.Y. 2017) (quoting *In re Search Warrants*, 353 F.Supp.2d at 588) (emphasis in original). The Office of Special Counsel has these affidavits available for immediate production because it has previously produced these same documents with redactions. Delaying production at this late date suggests gamesmanship. Indeed, nothing has prevented a simple response from the Office of Special Counsel to Mr. Manafort's outstanding request; *i.e.,* "yes, we will turn over unredacted affidavits;" "no, we will not turn over unredacted affidavits;" or, "yes, we will turn over the affidavits, but they will continue to contain some limited redactions for the following reason."

Wherefore, Mr. Manafort respectfully moves the Court to compel the immediate production of unredacted versions of all search and seizure warrant affidavits in order to permit Mr. Manafort to file any motion to suppress in compliance with the schedule set by the Court.

Dated: March 28, 2018                                       Respectfully submitted,

/s/
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

3

/s/
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> PAUL J. MANAFORT, JR., ) <br> ) <br> ) <br> *Defendant.* ) <br> ) | Criminal No. 1:17-201-01 (ABJ) |

**[Proposed] <u>ORDER</u>**

Upon consideration of Defendant Paul J. Manafort, Jr.'s Motion to Compel Production of Unredacted Search and Seizure Warrant Affidavits, it is hereby **ORDERED** that the motion is **GRANTED**.

**SO ORDERED**.

Dated: _____

_____
AMY BERMAN JACKSON
United States District Judge