UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant | Crim. No. 17-201-1 (ABJ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PAUL J. MANAFORT, JR.'S
MOTION TO COMPEL PRODUCTION OF UNREDACTED
SEARCH AND SEIZURE WARRANT AFFIDAVITS**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this opposition to defendant Paul J. Manafort, Jr.'s motion (Doc. 242) to compel production of unredacted search and seizure warrant affidavits. Shortly after Manafort raised the issue, the government produced additional copies of six affidavits previously given to Manafort in redacted form, and the government has since produced an affidavit from a newly obtained warrant.[1] Three of the affidavits have no redactions, and Manafort's motion is thus moot as to those affidavits. Three others have minimal redactions, while the newly obtained warrant has more substantial redactions. These redactions are fully justified by the government's interests in protecting the identity of various sources of information and the need to preserve the confidentiality of ongoing investigations, and the withheld information is not necessary to establish probable cause. Manafort's motion to compel should therefore be denied.

**A. Background**

The original indictment in this case was unsealed on October 30, 2017. Doc. 13. Soon

---

[1] A chart listing the seven affidavits is appended hereto as Attachment A.

1

after, the government began producing, in redacted form, the affidavits submitted in support of applications for search warrants that have been issued in the course of the investigation into the charged crimes. Specifically, on November 17, 2017, the government produced redacted copies of the affidavits in support of warrants to search Manafort's Virginia residence and a storage unit. By December 8, 2017, the government had produced 11 additional affidavits (both search and seizure warrants). Some were unredacted, while others were redacted either to protect the identities of individuals who provided information or to protect the government's ongoing investigations. In January 2018, the government produced two more affidavits in redacted form.

By letter dated March 19, 2018, Manafort requested for the first time unredacted copies of the affidavits that the government had previously produced. On March 28, as the government was preparing a response to that request, Manafort filed the present motion to compel. Doc. 242. That same day, the government reproduced six affidavits either in unredacted form or with substantially fewer redactions than in earlier productions. The government explained in a cover letter that these six affidavits relate to search warrants that Manafort would have standing, or arguably have standing, to challenge—that is, search warrants that affect Manafort's personal, non-vicarious possessory rights or his constitutionally protected expectations of privacy. *Cf. Rakas v. Illinois*, 439 U.S. 128, 133–134 (1978) (explaining that Fourth Amendment rights are personal and may not be asserted vicariously).[2] The government further explained that the redactions to this set of affidavits concerned two subjects: the names of individuals who had provided information to the

---

[2] The government's decision to produce affidavits relating only to the searches that Manafort has standing to challenge accords with the cases that Manafort cites. As one of those cases explains, "to gain access to the search warrant affidavit pursuant to the Fourth Amendment, [d]efendants must have a legitimate Fourth Amendment right in the property searched—or in other words, standing to challenge the searches of the [premises] at issue." *United States v. Pirk*, 282 F. Supp. 3d 585, 591 (W.D.N.Y. 2017) (cited in Doc. 242 at 2).

government, and information relating to ongoing investigations that are not the subject of the current prosecutions involving Manafort.

On April 4, 2018, the government produced in redacted form, and for the first time, an affidavit supporting a search warrant that had been obtained on March 9, 2018. That affidavit likewise contains redactions—albeit more substantial ones—relating to ongoing investigations that are not the subject of either of the current prosecutions involving Manafort.

### B. Legal Analysis

Manafort's motion to compel should be denied, for two principal reasons. As an initial matter, since the filing of the motion, three of the seven affidavits at issue have been produced without redactions. The motion should therefore be denied as moot as to those affidavits.

The motion should also be denied as to the remaining four affidavits. As explained above, the government has redacted two limited classes of information in the affidavits: the names of confidential sources who had provided information to the government, and information relating to ongoing investigations that is not at issue in either of Manafort's current prosecutions. Both justifications provide a proper basis for redaction at this stage of the proceedings. The first—withholding a source's name—implements the "informer's privilege," *Roviaro v. United States*, 353 U.S. 53, 60–61 (1957). *See McCray v. Illinois*, 386 U.S. 300, 311 (1967) (applying privilege in suppression context). Courts, including in the cases cited by Manafort, have recognized that this privilege justifies withholding a source's identity from an affidavit produced to the target of a search warrant. *See, e.g.*, *United States v. Pirk*, 282 F. Supp. 3d 585, 602 (W.D.N.Y. 2017); *Matter of Up N. Plastics, Inc.*, 940 F. Supp. 229, 232 (D. Minn. 1996). And while that privilege is not absolute, Manafort has not satisfied the most basic "prerequisite to disclosure"—*i.e.*, "that the informant have had some sort of direct connection, either as a participant or an eyewitness, to the

crime charged." *United States v. Gaston*, 357 F.3d 77, 84 (D.C. Cir. 2004); *see United States v. Long*, 774 F.3d 653, 663 (10th Cir. 2014) (explaining that "disclosure is rarely necessary when . . . the informant's role was only as a tipster who provided probable cause for a search").

The remaining redactions concern information that is relevant to ongoing government investigations. That information, however, is not at issue in this prosecution and not material to the lawfulness of the warrant or otherwise material to the preparation of the defense. Redacting that information is necessary "to maintain confidentiality due to the ongoing nature of [the government's] investigation[s]." *Pirk*, 282 F. Supp. 3d at 602 (recognizing this as "a legitimate basis to justify maintaining the sealing of significant portions of the search warrant affidavit"); *see United States v. Napier*, 436 F.3d 1133, 1136 (9th Cir. 2006) ("the government's interest in maintaining integrity of ongoing criminal investigations" justified limitations on the defendant's access to sealed portions of warrant). Because the redacted information is not material to establishing the lawfulness of the warrant, that information need not be disclosed to the defendant. *See United States v. Danovaro*, 877 F.2d 583, 588 (7th Cir. 1989) (holding that the government could "choose to defend [its] warrant without relying on the redacted information" where the "information excised . . . [wa]s not essential to support the warrants" and what remained "was more than enough to establish probable cause"); *cf. Franks v. Delaware*, 438 U.S. 154, 171-172 & n.8 (1978) (no hearing on the inclusion of false information in a search warrant affidavit is required "if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause").[3]

---

[3] Although a court need not review unredacted versions of the contested affidavits to resolve Manafort's motion, that course is permissible. *See Danovaro*, 877 F.2d at 588; *Pirk* 282 F. Supp. 3d at 602. The government does not object to providing unredacted copies of the affidavits for *in camera* review if they would assist the Court in resolving Manafort's motion.

## CONCLUSION

For the foregoing reasons, Manafort's motion to compel should be denied.

                                                  Respectfully submitted,

                                                  ROBERT S. MUELLER, III
                                                  Special Counsel

Dated: April 5, 2018                  By:    */s/ Greg Andres*
                                                  Andrew Weissmann
                                                  Greg D. Andres (D.D.C. Bar No. 459221)
                                                  Brian M. Richardson
                                                  Scott A.C. Meisler
                                                  U.S. Department of Justice
                                                  Special Counsel's Office
                                                  950 Pennsylvania Avenue NW
                                                  Washington, D.C. 20530
                                                  Telephone: (202) 616-0800

                                                  *Attorneys for the United States of America*

# EXHIBIT A

**AFFIDAVITS PRODUCED SINCE RECEIPT OF MARCH 19, 2018 LETTER**[*]

| No. | Location/Item Searched | Redaction Status |
|---|---|---|
| 1 | In The Matter Of The Search Of The Premises Located [In Alexandria, Virginia] (Eastern District Of Virginia) (17-sw-449) | Redacted |
| 2 | In The Matter Of The Search Of [A Storage Locker Located In Alexandria, Virginia] (Eastern District of Virginia) (17-sw-294) | Redacted |
| 3 | In The Matter Of The Search Of Information Associated With Email Account pmanafort@dmpint.com (District of Columbia) (17-mj-00611) | Redacted |
| 4 | In The Matter Of The Search Of Information Associated With [Two Email Accounts] (District of Columbia) (17-mj-00612) | Unredacted |
| 5 | In The Matter Of The Search Of Hard Drive With Serial Number WXB1AA006666 (District of Columbia) (17-mj-496) | Unredacted |
| 6 | In The Matter Of The Seizure Of Funds From Accounts At Three Banks (District of Columbia) (17-mj-00783, 17-mj-00784, 17-mj-00785) | Unredacted |
| 7 | In The Matter Of The Search Of Information Associated With Five Telephone Numbers Controlled By AT&T (District of Columbia) (18-sc-609) | Redacted |

---

[*] Titles of some premises have been altered to conceal personal identifying information, *see* Fed. R. Crim. P. 49.1, and law-enforcement-sensitive information.