UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PAUL J. MANAFORT, JR.'S MOTION FOR A BILL OF PARTICULARS

## A.  INTRODUCTION

Defendant Paul J. Manafort, Jr., has moved this Court for an order directing the Office of Special Counsel to file a bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure.  The Superseding Indictment (Dkt. # 202) fails to identify basic factual allegations that are necessary to understand the full extent and relevant circumstances of the broad charges that the Special Counsel has brought against Mr. Manafort and to allow him to adequately prepare his defense.  As discussed below, vague contentions that Mr. Manafort "caused" "others" to take certain actions, and unspecific claims that Mr. Manafort made "false and misleading statements" without identifying the substance of the statements (or when, where, and to whom they were made) render the allegations in those paragraphs infirm and require greater particularity.

## B.  DISCUSSION

Rule 7(f) of the Federal Rules of Criminal Procedure was amended in 1966 "to encourage a more liberal attitude by the courts toward bills of particulars."  *See* Fed. R. Crim. P. 7 Advisory Comm. Notes to 1966 amendment; *see also United States v.*

*Lovecchio*, 561 F. Supp. 221, 225 (M.D. Pa. 1983) ("The net result of the change seems to have been to increase the instances in which particulars are granted, thus contributing to a desirable decline in the 'sporting theory' of criminal justice") (internal quotation marks omitted). Courts in this jurisdiction have long recognized that "[a] bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Moreover, in the District of Columbia, federal courts have held that a bill of particulars is appropriate "to prevent unfair surprise at trial." *United States v. Trie*, 21 F. Supp.2d 7, 21 (D.D.C. 1998) (citation omitted).

Of course, it is within the sound discretion of the court to determine if a bill of particulars is warranted. *Butler*, 822 F.2d at 1192-93; *Trie*, 21 F. Supp.2d at 21; *see also United States v. Hsia*, 24 F. Supp.2d 14, 30 (D.D.C. 1998). Based upon the nature and breadth of the charges that the Special Counsel has brought against Mr. Manafort, a bill of particulars is necessary to prepare for the September 2018 trial and to prevent unfair surprise from occurring during the proceedings.

### 1.   General Nature of the Charges

In Count One of the Superseding Indictment, the Special Counsel charges Mr. Manafort with a "Conspiracy Against the United States." (Dkt. # 202, p.25). It is frankly difficult to imagine a more broadly captioned charge; indeed, the description used by the Special Counsel does not track the actual statutory language of Section 371.[1] Obviously, these words were chosen to convey something sinister and "Un-American" about the

---

[1] Title 18, Section 371, of the United States Code reads: "Conspiracy to commit offense or to defraud United States."

defendant's alleged conduct and to create a negative reaction from the laypersons who might sit on his jury. Nevertheless, when one carefully reviews the Special Counsel's primary conspiracy charge in Count One, it boils down to an alleged multi-object conspiracy to: (1) impede the Treasury Department (presumably, the Internal Revenue Service, in determining taxable income) and the Justice Department's Foreign Agents Registration Act ("FARA") unit; and (2) violate certain FARA and Foreign Bank Account Report ("FBAR") registration and reporting provisions.

With respect to the purported tax conspiracy encompassed in Count One, numerous federal courts have repeatedly held that "because tax cases are ordinarily so complex, motions for bills of particulars should be viewed more liberally in such cases." *United States v. Earnhart*, 683 F. Supp. 717, 718 (W.D. Ark. 1987); *see also United States v. DeGroote*, 122 F.R.D. 131, 141 (W.D.N.Y. 1988) ("A more liberal approach to such motions has been permitted in criminal tax cases because of their complexity. . . ."); *United States v. Rosenfeld*, 264 F. Supp. 760, 762 (N.D. Ill. 1967) ("preparation of a defense to a tax fraud case is very difficult, more so than the preparation for trial of most other criminal offenses."). This is especially so here, where the Special Counsel charges a criminal tax conspiracy that spans more than a decade and alleges overt acts taking place across the globe. (Dkt. # 202, ¶¶ 1-36).

The same liberal approach also applies to granting a bill of particulars for allegations relating to the purported FARA conspiracy. As more fully described in the defendant's motion to dismiss the money laundering conspiracy charge (*see* Dkt. # 237, pp. 2-6), the U.S. government has only brought criminal prosecutions under FARA in a handful of cases since the 1966 amendments. Indeed, in this case the Special Counsel

charges Mr. Manafort with conspiring to commit the offense of *acting* as an agent of a foreign principal without registering, and by doing so, the Special Counsel has misstated the offense and created a crime that is not supported by FARA's statutory language, the legislative history, or the few judicial interpretations of the FARA statute that exist. *Id.* If a bill of particulars is warranted in any case, certainly it must be where the government seeks to prosecute a citizen under a broad conspiracy charge related to a little-used registration statute that has been mischaracterized in the indictment.

### 2. "Causing" Statements to Be Made or Actions to Occur

In the Superseding Indictment, the Office of Special Counsel alleges that Mr. Manafort "caused" false statements and misleading submissions to be made; however, no details are provided as to how he supposedly did this. (*See* Dkt. # 202, ¶¶ 13, 27, 45 and 47). The Superseding Indictment also charges that "between 2008 and 2014 . . . [Mr. Manafort] caused . . . Companies A, B, and C, and others . . . to act as agents of a foreign principal . . . without registering with the Attorney General as required by law." *Id.* at ¶ 43. Once again, no details are provided as to how he allegedly overcame the free will of these unidentified individuals to accomplish this or how he caused unrelated entities[2] to make these decisions. It is left to the reader's imagination.

In this jurisdiction, federal courts have found the term "caused" to be vague and requiring further definition. In *Hsia,* for example, the defendant was charged with

---

[2] As discussed *infra,* the Special Counsel does not identify *who* at the unidentified companies Mr. Manafort purportedly caused to do these things. *Hsia, supra,* is instructive on this point: "Often it is not readily apparent from an indictment who performed acts attributed to corporations, and a bill of particulars is an appropriate way to identify these individuals to help the defendant prepare for trial even when the defendant is the corporation itself." *Hsia,* 24 F. Supp.2d at 31. The district court concluded that "the failure to provide anything more specific than [the company name] as the co-conspirator responsible for the alleged acts would unnecessarily burden [the defendant's] pre-trial preparation." *Id.* Here, the Special Counsel has not even identified the companies by name, making this an *a fortiori* case.

"causing" the making of false statements to the FEC in violation of 18 U.S.C. Sections 2 and 1001.   The defendant filed a motion for a bill of particulars that requested the government to provide, among other things, particulars regarding the false statements she was alleged to have caused.  *Id.* at 30.  The court determined that the indictment in that case identified the false statements but failed to provide "a coherent explanation of how [the defendant] 'caused' those false statements to be made;" accordingly, the district court directed the government to file a bill of particulars that disclosed how the defendant caused each of the alleged false statements to be made.  *Id.* at 32.

### 3.   General Allegations of False and Misleading Statements

The Special Counsel generally contends that Mr. Manafort made false and misleading statements in a number of the paragraphs set forth in the Superseding Indictment.  (*See* Dkt. # 202, ¶¶ 3, 4, 26 and 27).  What the Special Counsel does not do, however, is provide any detail or precision about these alleged false statements.  More specifically, the Special Counsel does not specify how many such statements were made, what they were, to whom were they made, and, if Mr. Manafort did not make them (¶ 26), what he said or did to cause another to make them.  Without the particulars, which are within the Special Counsel's easy reach to provide, the defendant is left grasping at straws and depleting his limited resources.  Indeed, "[a] defendant faced with false statements charges should not have to waste precious pre-trial preparation time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Trie*, 21 F. Supp.2d at 21.

To be clear, the statements identified in Counts Four and Five of the Superseding Indictment—charges which suffer from another defect, *i.e.*, multiplicity—are nevertheless sufficient to provide notice to the defense as to their content. The Special Counsel has sprinkled throughout the document, however, general allegations of "false" or "misleading" statements which are not precise at all. For these broad allegations, Mr. Manafort is entitled to information as to "exactly what the false statements are [and] what about them is false." *Id.* at 22. Other federal courts have held similarly. *See, e.g., United States v. Rogers*, 617 F. Supp. 1024, 1029 (D. Colo. 1985) (holding that "general allegations of false statements . . . are not sufficient" and the government should provide the "date, time, and place of each false statement . . . and the persons involved").

But to the extent that these allegedly false statements were made, and false information was "caused to be provided . . . to financial bookkeepers, tax accountants, and legal counsel, among others," the Special Counsel provides no detail whatsoever with respect to what he is even referring. (Dkt. # 202, ¶ 13). By charging a sprawling conspiracy in Count One that purportedly began a dozen years ago, and by providing no details as to the allegedly false information, the Special Counsel seeks to have the defendant guessing all the way to trial regarding what statements were purportedly made, why they are false, to whom they were made, and when they were made. The defendant is placed in an impossible position because he cannot adequately prepare a defense, and the Court is placed in an untenable position where it cannot prevent unfair surprise from occurring at trial. *Accord Butler*, 822 F.2d at 1193; *Trie*, 21 F. Supp.2d at 21.

### 4. Unidentified "Accomplices" and "Others"

Finally, the Special Counsel has referred to unidentified "accomplices" and "others" throughout its charging document. (*See* Dkt. # 202, ¶¶ 3, 10, 13, 20, 38, 41 and 43). Starting with the latter catch-all category of "others," to the extent these unnamed individuals are/were professional advisors, such as accountants and attorneys, the defendant may well have relied upon them for professional advice. Regardless of any government argument to the contrary, to the extent that Mr. Manafort relied on these unnamed "others" for their professional advice, their identities are necessary to the preparation of his defense. *Accord Will v. United States*, 389 U.S. 90, 99 (1967) ("[I]t is not uncommon for the Government to be required to disclose the names of some potential witnesses in a bill of particulars, where this information is necessary or useful in the defendant's preparation for trial."). Given that the Special Counsel has chosen to allege a sprawling (and non-Russia related) conspiracy going back over twelve years, it is incumbent upon him to identify these individuals so that the defense may adequately explore this before trial. *Butler*, 822 F.2d at 1193.

Turning to alleged "accomplices," while the defense recognizes that the government is generally not required to disclose the identities of all unnamed co-conspirators, disclosure is appropriate in situations involving overt acts performed by entities. *Hsia*, 24 F. Supp.2d at 31; *see also* fn.2, *supra*. Without additional factual allegations, Mr. Manafort is left guessing; *i.e.*, some unidentified people at some unidentified companies did some unidentified acts for which the Special Counsel now claims him to be criminally responsible. (*See, e.g.*, Dkt. # 202 at ¶ 43). Although courts must strike a prudent balance, "doubt must be resolved in favor of disclosure and the

conflicting concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971).

Dated: April 6, 2018

Respectfully submitted,

Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

*Counsel for Defendant*
*Paul J. Manafort, Jr.*