UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT PAUL J. MANAFORT, JR.'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION TO DISMISS ONE OF TWO MULTIPLICITOUS COUNTS**

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his reply to the government's response to his motion to dismiss either Count Four or Count Five of the Superseding Indictment because of multiplicity.

In its response to Mr. Manafort's motion, the government argues first that Counts Four and Five of the Superseding Indictment are not the same offense and therefore not multiplicitous. (Dkt. # 202 at 1). Second, the government argues that even if the counts are multiplicitous, the Court should wait until any potential sentencing to address the matter. *Id.* The Special Counsel's arguments are misplaced, and the Court should require the government to dismiss either Count Four or Count Five.

The government contends that the counts charge separate offenses and are not multiplicitous because there are means by which one may violate the Foreign Agents Registration Act, 22 U.S.C. § 618(a)(2) ("FARA"), that would not also violate 18 U.S.C. § 1001. Although the government admits – as it must – that Counts Four and Five both charge Mr. Manafort with making the same alleged false statements, *id*. at 9, the Special Counsel contends that the defendant also violated the FARA statute by "omit[ing] a

1

material fact necessary to make the statements therein not misleading, in a document filed with and furnished to the Attorney General under the provisions of FARA. . . ." *Id*.; *see also* Superseding Indictment (Dkt. # 202 at ¶ 45). The government argues that because Section 1001 "applies to 'nondisclosure of material facts' only when the conduct amounts to concealment and is 'accomplished in a particular way: by a 'trick, scheme, or device,'" this distinguishes the two offenses for Double Jeopardy and multiplicity purposes.

This purported difference does not stand up to scrutiny. The purported FARA offense is the "lesser included" offense of the Section 1001 charge (the higher offense). "When the lesser offense is one defined by statute as committed in several different ways, it is a lesser-included offense if the higher offense invariably includes *at least one of these alternatives*." Wayne R. LaFave, *et al.*, 6 Crim. Proc. § 24.8(e) (4th ed.).[1] Clearly, one of the alternative ways of committing a FARA violation is by making a materially false statement under Section 618(a)(2). Likewise, Section 1001(a)(2) criminalizes making materially false statements. The Special Counsel does not contest this.[2] (Dkt. # 249 at 9).

The government focuses instead on the alleged omission of material facts in the letters sent to the FARA office and argues that such omissions are not covered by Section 1001(a)(1), which requires the concealment to be made by a "trick, scheme, or device." (Dkt. # 249 at 7). Courts have held that a "trick, scheme, or device" set forth in Section 1001(a)(1) necessarily implies an affirmative act. *See, e.g., United States v. London*, 550

---

[1] *United States v. Dixon*, 509 U.S. 688, 699 (1993), *Illinois v. Vitale*, 447 U.S. 410, 419-20 (1980), and *Harris v. Oklahoma*, 433 U.S. 682, 682 (1977), all involve statutes that could be violated by various means. In each instance, the Supreme Court held that the two charges were the "same offense" even though one of the offenses in each case could be violated by means that fell outside of the other offense.

[2] There is no serious dispute that the Attorney General, as the head of the U.S. Department of Justice, would qualify as the executive branch of the Government of the United States, as set forth in Section 1001(a).

F.2d 206, 212 (5th Cir. 1977). But here, the Special Counsel has chosen to charge the defendant under Section 618(a)(2) with "omit[ing] a material fact necessary to make the statements therein not misleading, *in a document filed with and furnished to the Attorney General* under the provisions of FARA. . . ." (Dkt. # 202, ¶ 45) (emphasis supplied). Unlike the cases referenced in its response, the submission of the two letters to the FARA office are alleged affirmative acts that are covered under Section 1001(a)(1). [3] Accordingly, the Section 618(a)(2) charge in Count Four[4] is the lesser included offense of the Section 1001(a) charge contained in Count Five, and the two charges are multiplicitous.

Finally, the Special Counsel gives short shrift to the risk that multiplicitous counts present during a jury trial. The defendant's motion sets forth the most substantial issue; *i.e.*, "multiplicitous charges improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes." *United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015). Although the government points out that in an earlier case, *United States v. Sanford, Ltd.*, the court opined that the counts at issue were not multiplicitous and stated in dictum that even if they were the matter could be resolved after the jury's verdict, 859 F. Supp.2d 102, 1212 (D.D.C. 2012), more recently, courts in this jurisdiction have held

---

[3] The case of *United States v. Woodward*, 469 U.S. 105 (1985), cited in the government's papers dealt with whether Section 1001 and 31 U.S.C Section 1058 (willful failure to file a currency report) would meet the *Blockburger* test. (Dkt. # 249 at 6-7). But that case did not deal with an alleged affirmative act, as here, and the Supreme Court differentiated a willful failure to act from the "trick, scheme, or device" language necessary to satisfy a Section 1001 charge.

[4] The government has not specifically charged the defendant with violating FARA by omitting a material fact from the documents that were submitted to the Attorney General. Rather, the government has merely tracked the statutory language by reciting that the defendant "made a false statement of a material fact, and omitted a material fact" in Court Four. (Dkt. # 202 at ¶¶44-45). Count Four, however, lists only purported false statements, "to wit, the underlined statements." *Id.* It sets forth no omissions of material facts. As in *Vitale*, the government has chosen a path that violates the Double Jeopardy Clause. At a minimum, the pleading of these two false statement counts demonstrates why a bill of particulars is required in this case. Any reasonable interpretation of the language utilized in Counts Four and Five would leave the average person believing that the government is charging the defendant with making the alleged false statements quoted, and not with omitting purportedly material facts that are identified nowhere in the pleading.

precisely the opposite. *See Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) ("[M]ultiplicitous charges improperly prejudice a jury by suggesting that a defendant has committed not one but several crimes."); *see also United States v. Brown*, 503 F. Supp. 2d 217 (D.D.C. 2007) (same); *United States v. Bowyer*, 985 F. Supp. 153, 155 (D.D.C. 1997) (same); *United States v. Phillips*, 962 F. Supp. 200, 202 (D.D.C. 1997) (same, adding further that multiplicitous indictments can lead jurors to "[c]ompromise verdicts or assumptions that, with so many charges pending the defendant must be guilty on at least some of them, pos[ing] significant threats to the proper functioning of the jury system."); *United States v. Clarridge*, 811 F. Supp. 697, 702 (D.D.C. 1992) (same, adding further that "[o]nce such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue"). These risks are more than

sufficient for the Court to exercise its discretion and order the government to dismiss one of the two counts.

Dated: April 11, 2018                                    Respectfully submitted,

<div style="margin-left:40%">

s/ Kevin M. Downing
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com


s/ Thomas E. Zehnle
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

</div>