UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT PAUL J. MANAFORT, JR.'S REPLY TO THE GOVERNMENT'S OPPOSITION TO HIS MOTION TO COMPEL PRODUCTION OF UNREDACTED SEARCH WARRANT AFFIDAVITS

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his reply to the Special Counsel's opposition to his motion to compel production of unredacted search warrant affidavits (Dkt. # 253).

As an initial matter, Mr. Manafort agrees that his motion with regard to the three affidavits that the Special Counsel has now produced in unredacted form is moot. *Id.* at 1. As discussed *infra*, however, the remaining four affidavits still contain redacted information and should be produced to the defense without redactions. At a minimum, the Court should review the unredacted affidavits *in camera* to determine whether the information that the Special Counsel continues to withhold is pertinent to whether the search warrants that issued on the basis of the affidavits were supported by probable cause and/or whether the redacted information is relevant to Mr. Manafort's defense.

In his opposition, the Special Counsel states that the redactions at issue relate to two areas: (1) individuals who provided the government with information used to support the government's contention that probable cause existed for the search warrants, and (2) information concerning investigations purportedly unrelated to Mr. Manafort's case. *Id.* at 2-3.

With regard to the individuals who supplied the government with information, the Special Counsel concedes that the informer's privilege is not absolute, *id.* at 3, and must "'give way'" when required by "'fundamental requirements of fairness[.]'" *United States v. Gaston*, 357 F.3d 77, 84 (D.C. Cir. 2004) (quoting *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)). Disclosure is required where the information is "'relevant and helpful to the defense of an accused or is essential to a fair determination of a cause. . . .'" *United States v. Holland*, 41 F. Supp. 3d 82, 104 (D.D.C. 2014) (quoting *Roviaro*, 353 U.S. at 60-61). Fundamental fairness requires disclosure here, where the redacted names limit Mr. Manafort's ability to investigate whether these individuals were reliable informants who had actual knowledge of the matters they allegedly discussed with the government. Without knowing the identity of the informants, the defense has no ability to investigate, among other things, whether any of the informants have a criminal record, whether any of the informants had an incentive to provide investigators with false information, and whether any of the informants were subjected to coercive law enforcement tactics.

Concerning the other redactions, the first question that arises is why this material was included in search warrant affidavits if such material was not related to "Manafort's current prosecutions" as the Special Counsel contends. Dkt. # 253 at 3. In a case where the authority of the Special Counsel to investigate Mr. Manafort for matters that are unrelated to the Russian government and the Trump campaign and to pursue the charges contained in the Superseding Indictment is in dispute, this material may be particularly relevant to his defense.[1] Certainly, the Special Counsel and his subordinates should not be allowed to unilaterally make this

---

[1] Indeed, the Special Counsel also acknowledges that he produced a new, and more heavily redacted, search warrant affidavit just over one week ago—two days before the scheduled deadline for motions to suppress. (Dkt. # 253 at 3.) There was no time for the defendant to adequately evaluate these redacted materials under Rule 12(b)(3)(C). The defendant made a standing request, in writing, for notice of the government's intent to use such evidence months ago, on January 23, 2018, and the search in question occurred more than a month ago. *Id.*

determination.  *Id.* at 4 (asserting that the redacted information "is not at issue in this prosecution and not material to the lawfulness of the warrant or otherwise material to the preparation of the defense.")  The defendant should be permitted to review this information and decide for himself, especially where the Special Counsel's assertion of its interest in maintaining secrecy is done in such a conclusory manner.  *See, e.g., In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299-300 (S.D. Ohio 1995); *cf. United States v. Oliver*, 208 F.3d 211 (4thCir. 2000).

At the very least, the Court should review the Special Counsel's redactions *in camera* to determine whether any information withheld from Mr. Manafort may be material to his defense in this matter.  Courts commonly undertake *in camera* review of redacted portions of search warrant affidavits under similar circumstances.  Indeed, "*[i]n camera* inspection … serves an important role even when the prosecutor proposes to support . . . warrants on the basis of the public portions of the affidavits."  *United States v. Danovaro*, 877 F.2d 583, 588 (7th Cir. 1989).  *See also United States v. Napier*, 436 F.3d 1133, 1138 (9th Cir. 2006); *United States v. Pirk*, 282 F. Supp. 3d 585, 602 (W.D.N.Y. 2017); *United States v. Ellis*, 270 F. Supp. 3d 1134, 1162 (N.D. Cal. 2017).  The Special Counsel even acknowledges this, by noting that he has no objection to this Court's *in camera* review of the unredacted search warrant affidavits in this case.  (Dkt. # 253 at 4, n.3.)

WHEREFORE, Mr. Manafort respectfully moves the Court to order the Special Counsel to produce the remaining affidavits to the defense in unredacted form or, in the alternative, to

review the unredacted affidavits *in camera* for a determination as to whether the redacted information must be produced to the defense.

Dated:  April 12, 2018                                                    Respectfully submitted,

s/ Kevin M. Downing
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com


s/ Thomas E. Zehnle
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com
