UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PAUL J. MANAFORT, JR.'S REPLY TO THE GOVERNMENT'S RESPONSE TO HIS MOTION FOR A BILL OF PARTICULARS

Defendant Paul J. Manafort, Jr., by and through counsel, hereby replies to the Special Counsel's response to his motion for a bill of particulars. (Dkt. # 282). The Special Counsel argues that the defendant's motion (Dkt. # 255) should be denied by the Court because "*nearly* all of the information sought by Manafort is either readily apparent from the Indictment or has been conveyed to Manafort in discovery letters and various phases of pretrial litigation. . . ." (Dkt. # 282 at 1) (emphasis supplied). As indicated by the equivocal language employed above, however, the disclosure of information necessary for the defendant to prepare for trial, and to prevent unfair surprise at trial, is not as fulsome as the Special Counsel would have the Court believe. If anything, recent pretrial litigation has highlighted some cleverly disguised arguments for certain charges brought by the Special Counsel. Moreover, despite its statement about discovery concerning the crime-fraud litigation and the related submissions, the government has refused outright to provide the statements made by Mr. Manafort's former lawyer concerning attorney-client privileged communications—statements which the Special Counsel will necessarily seek to introduce at trial and which are essential to understanding the government's false statements counts. The defendant's motion is carefully tailored to items that courts in this jurisdiction have recognized should be properly particularized by the government, and the motion should be granted.

In his response, the Special Counsel argues among other things that the defendant "has participated in pretrial motions practice before this Court and privilege litigation before Chief Judge Howell that dispel any doubt that he is on notice of the factual and legal bases for the false-statements charges and related counts." (Dkt. # 282 at 3).   In fact, what the pretrial motions practice has shown is that the Special Counsel has ambiguously charged offenses without fairly stating the conduct that is at issue.   Without the requested bill of particulars, Mr. Manafort is substantially impaired in preparing a defense, and the Court will likely be required to resolve the issue of unfair surprise during trial, when these matters would be more appropriately addressed here and now.

Two weeks ago, the Court held a hearing on certain pending pretrial motions.   (*See* Transcript of Motions Hearing Held Before the Honorable Judge Amy Berman Jackson, dated April 19, 2018, hereinafter, "Tr.").   One of Mr. Manafort's motions argues that Count Four and Count Five of the Superseding Indictment are multiplicitous.   (Dkt. # 236).   The Court asked defense counsel to address the Special Counsel's stated position in its opposition (Dkt. # 249) regarding "the omissions prong of these statutes," and the following exchange subsequently took place:

> THE COURT:  Well, do we even have to get into that? In this case it seems what they're alleging is the letters were out-and-out false; not that they left things out, but that they lied.  So where would the daylight be between – I guess that's my question for them.

> MR. ZEHNLE:  Arguably, I see no daylight between that, Your Honor.  And, in fact, the Court's question follows the way that the defense viewed those two counts, Counts 4 and 5.  When you read through them, they are the same statements and the same letters made to the same people at the same date.  There is no daylight between those two.

(Tr. at 58, 60).

2

The Special Counsel's position, that the defendant is "on notice of the factual and legal bases for the false-statements charges" and is not entitled to a bill of particulars in this regard, is clearly at odds with a reasonable reading of those two counts.  The colloquy above demonstrates a fair interpretation of those two counts to trained legal professionals; undoubtedly, lay jurors will view it likewise—*i.e.,* a false statements case.  It is not credible to contend, as the Special Counsel must, that if only the jurors carefully parse through the dozens of paragraphs in the introductory portion of the Superseding Indictment, then the factual and legal bases for the "omission" theory will also be discerned.  One major goal of any motion for a bill of particulars is to provide the defendant with an understanding of the charges against him.  *See United States v. Butler,* 822 F.2d 1191 1193 (D.C. Cir. 1987).  At this point in time, it is entirely unclear under what factual and legal theories the Special Counsel is proceeding with respect to Counts Four and Five.  Mr. Manafort should not be left guessing as to what "omissions" he purportedly made in these statements, if any, when the Special Counsel has drafted these two counts to seemingly charge "out-and-out" falsities, not omissions.

Moreover, to the extent that the Special Counsel contends that the requested information has already been made available to the defendant through its voluminous pretrial discovery— which still continues—this position lacks both legal and factual merit.  It is not a sufficient response to a defendant's motion for a bill of particulars to point to discovery productions[1] (or an "open file" policy).  *United States v. Trie,* 21 F. Supp.2d 7, 21, n.12 (D.D.C. 1998).  And the Special Counsel has rejected outright the defendant's previous requests for the statements made

---

[1] The Government has identified certain previously anonymized Companies; accordingly, this specific request is withdrawn.  (Dkt. # 255 at 4, no. 7).  However, the defendant maintains his request for more particular information about the "others" that he allegedly "caused" to take certain actions.  Granting the motion will permit Mr. Manafort to conduct his own investigation of the facts and prepare his defense; what this motion does not do is seek the fruits of the government's investigation.

by his former attorney pursuant to the crime-fraud exception.  This request is not an attempt to circumvent the Jencks Act; the bill of particulars is tailored to specific paragraphs and the defendant needs to know—in order to prepare his defense—what former counsel has said about the representations to the FARA office in order to determine how he purportedly "caused" these statements to be made (and if there are other statements that the Special Counsel may allege are false other than those contained in Counts Four and Five of the Superseding Indictment).  "A defendant faced with false statements charges should not have to waste precious pre-trial time guessing which statements he has to defend against . . . when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Trie,* 21 F. Supp.2d at 21.

Finally, in opposing the motion, the Special Counsel relies heavily on *United States v. Sanford Ltd.*, 841 F. Supp.2d 309 (D.D.C. 2012), but that case supports the defendant's position. Rather than asking the government for the fruit of its investigation (see Dkt. # 282 at 10), the defendant has tailored his request for information that will allow him to fully understand the conduct for which he is charged, to properly prepare a defense, and to avoid a premeditated "gotcha" moment based on some alternative theory that was not sufficiently identified by the Special Counsel to provide proper notice (*e.g.*, the stealth "omission" theory first raised in the government's opposition to the defendant's multiplicity motion regarding Counts Four and Five). The motion is specifically tailored to particular paragraphs in the Superseding Indictment and District of Columbia courts that have granted a bill of particulars for such information have been previously cited in the defendant's papers. (*See generally* Dkt. # 255-1 (citing, *inter alia, United States v. Hsia,* 24 F. Supp.2d 14 (D.D.C. 1998) and *Trie, supra*).)

WHEREFORE, the defendant moves the Court to grant the pending Motion for a Bill of Particulars, subject to the one withdrawn request noted in footnote 1, *supra*.

Dated:  May 4, 2018                              Respectfully submitted,


                                                _____/s/_____
                                                Kevin M. Downing
                                                (D.C. Bar No. 1013984)
                                                Law Office of Kevin M. Downing
                                                601 New Jersey Avenue NW
                                                Suite 620
                                                Washington, DC 20001
                                                (202) 754-1992
                                                kevindowning@kdowninglaw.com


                                                _____/s/_____
                                                Thomas E. Zehnle
                                                (D.C. Bar No. 415556)
                                                Law Office of Thomas E. Zehnle
                                                601 New Jersey Avenue NW
                                                Suite 620
                                                Washington, DC 20001
                                                (202) 368-4668
                                                tezehnle@gmail.com