UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|  ) | |
| v.  ) | |
|  ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR.,  ) | |
|  ) | |
| Defendant.  ) | |

**DEFENDANT PAUL J. MANAFORT, JR.'S REPLY TO THE GOVERNMENT'S MEMORANDUM IN OPPOSITION TO HIS MOTION TO SUPPRESS EVIDENCE AND ALL FRUITS THEREOF RELATING TO THE SEARCH OF HIS RESIDENCE LOCATED IN ALEXANDRIA, VIRGINIA**

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his reply to the Special Counsel's memorandum in opposition to his motion to suppress evidence and all fruits thereof relating to the search of his residence located in Alexandria, Virginia (the "Manafort Home").

The Fourth Amendment of the Constitution guarantees that one's house will not be searched and that the possessions there will not be seized unless a warrant—particularly describing the items to be searched and seized and supported by probable cause that links those items to purported criminal activity—is issued by a judge. It goes without saying that personal computers, telephones, electronic devices and other storage media are pervasive in our society, maintained in virtually every American home.[1] Indeed, it would be hard to find a home where residents do not store almost everything, from mundane information to their most private medical and financial data, on electronic devices. Virtually every computer contains such data, as do smart phones, and

---

[1] *See, e.g.,* Quentin Fortrell, "Consumers sitting on $9 billion in old iPhones," *MarketWatch* (Feb. 23, 2013) (available at https://www.marketwatch.com/story/consumers-hoard-9-billion-in-old-iphones-2013-02-15) (most "American consumers say they have two or more unused cell phones in their household, according to a new survey").

1

electronic devices can monitor what residents say and do, and can control music, lighting, and climate, to name a few things. In these modern times, American homes are electronic.

Based on information that was obtained from a former DMP employee, the government learned that Mr. Manafort had a desktop computer in his home office, used electronic media in his business, and kept a drawer of no-longer-used electronic equipment (which he donated to charity) at his *prior* residence. (Dkt. # 284 at 13). The Special Counsel's position in this case is that law enforcement officers can present allegations of some type of criminality (unrelated to the Russian collusion/Trump campaign investigation that spurred his appointment), secure a warrant to search for records that relate to a laundry list of federal criminal statutes, and search and seize every computer, electronic device, and media storage device in the defendant's home, regardless of whether the equipment even belongs to the defendant. The Special Counsel's search of the Manafort Home violated the Fourth Amendment, and the fruits of the overbroad and unlawful search should be suppressed.

While the Special Counsel concedes that the Fourth Amendment's "particularity requirement"[2] was designed "to prevent general searches," (Dkt. # 284 at 7), the government nevertheless contends that the warrant permitted the agents to seize virtually every electronic device in the Manafort Home without any regard to whether the "[c]omputers or storage media [were] used as a means to commit the Subject Offenses." (Dkt. # 284 at 10). This is the kind of general search and seizure that the Fourth Amendment forbids.[3]

---

[2] The FBI Affidavit (containing more information than the warrant) was neither attached to nor incorporated into the warrant, and the Fourth Amendment's particularity requirement must therefore be satisfied "in the warrant, *not in the supporting documents*." *Groh v. Ramirez*, 540 U.S. 551, 557 (2004) (emphasis added).

[3] *United States v. Burroughs*, 905 F. Supp.2d 297 (D.D.C. 2012), cited by the Special Counsel, in fact supports the defendant's position that the warrant lacked sufficient particularity. (Dkt. # 284 at 10, n.6). In *Burroughs*, the warrant identified "cellphones" and an "iPod Shuffle device," although it did not identify the color, size and type of the phones or the color of the iPod Shuffle. *Id.* at 307. Here, "cellphones" and "iPods" were not even identified, leaving the agents to use their imaginations as to what "electronic devices" and "media storage" they could seize.

Indeed, the Special Counsel contends that the "Apple iPod" or "iPod Touch" could be seized even though there were no allegations in the affidavit that such devices were ever utilized in Mr. Manafort's business. *Id.* at 17. The seizing agents did not stop there, however. The Manafort family's personal effects were rummaged through and seized, including the following items:

1. Nikon Cool Pics FN-1 camera
2. Go Pro Hero 2 camera
3. Nikon D-7000 camera
4. Casio EXILIM camera
5. Sony camera
6. Nikon D-90 camera
7. Nikon I camera
8. Nikon Cool Pics S-9700
9. Sony Handicam
10. Panasonic video camera
11. Casio camera
12. Sony Cyber Shot camera
13. Canon Power Shot camera

What possible relevance these items would have had to the authorized investigation is beyond imagination. Yet, the Special Counsel takes the position that any electronic device "capable of storing evidence"—and regardless of whether it was related to the limited information received from the former DMP employee—was within the scope of the warrant and could be seized. *Id.* But this position is without merit. Allegations that Mr. Manafort had a desktop

computer, "made widespread use of electronic media" in his business—like every business person—and held on to old electronic equipment at his *prior* residence until he could donate it, even if coupled with an allegation that Mr. Manafort was engaged in criminal activity, cannot establish "a nexus . . . between the item to be seized and criminal behavior." *United States v. Griffith,* 867 F.3d 1265, 1271 (D.C. Cir. 2017).

The Special Counsel and the seizing agents had no reasonable basis to believe that all "computers, electronic devices, and storage media" would be pertinent to the investigation; nevertheless, they unlawfully chose to seize virtually every such item without regard to Mr. Manafort's Fourth Amendment rights.  Because it was unreasonable, *United States v. Leon*, 468 U.S. 897 (1984), offers no escape to the Special Counsel nor the agents.

Dated: May 4, 2018                                   Respectfully submitted,

                                                                                        /s/_____
                                                Kevin M. Downing
                                                (D.C. Bar No. 1013984)
                                                Law Office of Kevin M. Downing
                                                601 New Jersey Avenue NW
                                                Suite 620
                                                Washington, DC 20001
                                                (202) 754-1992
                                                kevindowning@kdowninglaw.com


                                                                           /s/_____
                                                Thomas E. Zehnle
                                                (D.C. Bar No. 415556)
                                                Law Office of Thomas E. Zehnle
                                                601 New Jersey Avenue NW
                                                Suite 620
                                                Washington, DC 20001
                                                (202) 368-4668
                                                tezehnle@gmail.com