**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>**Defendant.** | Crim. No. 17-201-1 (ABJ) |

**GOVERNMENT'S RESPONSE TO MANAFORT'S**
**MOTION FOR RECONSIDERATION OF CONDITIONS OF RELEASE**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this response to defendant Paul J. Manafort, Jr.'s renewed motion for reconsideration of conditions of release (Renewed Motion) (Doc. 291). The government does not oppose Manafort's Renewed Motion, subject to the following conditions: that the defendant pledge both his Fifth Avenue property and that the property located in Renton, Washington be posted by its owners. Only with the posting of both properties does this package meet the required $10 million. By posting both, it cures the infirmity with respect to the Fifth Avenue property (which is subject to a bank lien that can be resorted to at the bank's discretion), and substituting the Washington property alone would result in unencumbered assets less than the required $10 million, as Manafort recognizes. *See* Def. Mot. at 3 ("With the substitution of the [Renton Property], the security underlying the appearance bond would fall under $10 million by approximately $1 million.").

Additionally, the government submits that the owners of the Washington property should be interviewed and receive the standard admonitions given to someone agreeing to post bond. *Cf. United States v. Martinez*, 151 F.3d 68, 71 (2d Cir. 1998) (noting that sureties are assessed for "their ability to exercise moral suasion" over the defendant, "should he decide to flee"); *United*

*States v. Batista*, 163 F. Supp. 2d 222 (S.D.N.Y. 2001) (listing factors to evaluate a potential surety's capacity for "moral suasion," including "the strength of the tie between the suret[y] and defendant").  As of this writing, the government has not yet had the opportunity to conduct such an interview.

Finally, should the appropriate agencies (and the Courts in both the District of Columbia and the Eastern District of Virginia) determine that the defendant can be properly monitored using a single GPS device, the government does not oppose the defendant's request that he be required to wear only a single GPS bracelet.

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

Dated: May 17, 2018        By:        \_\_/s/\_ Greg D. Andres_____
Andrew Weissmann
Greg D. Andres (D.D.C. Bar No. 459221)
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*