# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Crim. Action No. 17-0201-01 (ABJ) |
| ) | |
| PAUL J. MANAFORT, JR., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Paul J. Manafort, Jr. has moved to dismiss either Count Four or Count Five of the Superseding Indictment [Dkt. # 202] on the grounds that the counts are multiplicitous.  Def.'s Mot. to Dismiss One of Two Multiplicitous Counts [Dkt. # 236] ("Def.'s Mot.").  He argues that since the two counts both charge the same offense, dual convictions would violate the Double Jeopardy Clause of the U.S. Constitution.  *Id.* at 1.  He also maintains that the unnecessary multiplication of counts will prejudice a jury against him.  *Id.*  The government opposed the motion, Gov't Resp. to Def.'s Mot. [Dkt. # 249] ("Gov't Opp."), the motion is fully briefed, *see* Def.'s Reply to the Gov't Opp. [Dkt. # 270] ("Def.'s Reply"), and the Court heard argument on April 19, 2018.  For the reasons set forth below, the Court will deny defendant's motion without prejudice to its being renewed after trial.

Multiplicity arises when "an indictment charges the same offense in more than one count." *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010), quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999).  The Double Jeopardy Clause of the Constitution protects against "multiple punishments for the same offense."  *Weathers*, 186 F.3d at 951, *cert. denied*, 529 U.S. 1005 (2000); U.S. Const. amend. V, cl. 2.  Also, courts have recognized that charging the

same offense in multiple counts can "unfairly increas[e] a defendant's exposure to criminal sanctions" because a jury may conclude that given the number of charges, the defendant must be guilty of something. *United States v. Clarke*, 24 F.3d 257, 261 (D.C. Cir. 1994), quoting *United States v. Harris*, 959 F.2d 246, 250 (D.C. Cir. 1992), *abrogated on other grounds*, *United States v. Stewart*, 246 F.3d 728 (D.C. Cir. 2001); *see also United States v. Morrow*, 102 F. Supp. 3d 232, 246 (D.D.C. 2015) (multiplicitous charges may suggest to a jury "that a defendant has committed not one but several crimes"), quoting *United States v. Reed*, 639 F.2d 896, 904 (2d Cir. 1981).

Defendant asserts that Counts Four and Five of the Superseding Indictment in this case charge the same offense. Court Four alleges that defendant made misleading statements in two letters to the Department of Justice in violation of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 612, 618(a)(2); 18 U.S.C. §§ 2, 3551, and paragraph 45 of that count identifies the statements at issue:

> On or about November 23, 2016, and February 10, 2017, . . . defendant PAUL J. MANAFORT, JR., knowingly and willfully caused to be made a false statement of a material fact, and omitted a material fact necessary to make the statements therein not misleading, in a document filed with and furnished to the Attorney General . . . to wit, the underlined statements:
> 
> - "[DMI]'s efforts on behalf of the Party of Regions and Opposition Bloc did not include meetings or outreach within the U.S."
> 
> - "[N]either [DMI] nor Messrs. Manafort or Gates had any agreement with the [Centre] to provide services."
> 
> - "[DMI] did provide the [Centre], at the request of members of the Party of Regions, with a list of potential U.S.-based consultants—including [Company A and Company B]—for the [Centre]'s reference and further consideration. [The Centre] then contracted directly with [Company A and Company B] to provide services within the United States for which these entities registered under the Lobbying Disclosure Act."

- "Although Gates recalls interacting with [the Centre]'s consultants regarding efforts in the Ukraine and Europe, neither Gates nor Mr. Manafort recall meeting with or conducting outreach to U.S. government officials or U.S. media outlets on behalf of the [the Centre], nor do they recall being party to, arranging, or facilitating any such communications. Rather, it is the recollection and understanding of Messrs. Gates and Manafort that such communications would have been facilitated and conducted by the [Centre]'s U.S. consultants, as directed by the [Centre], pursuant to the agreement reached between those parties (to which [DMI] was not a party)."

- "[A] search has been conducted for correspondence containing additional information related to the matters described in [the government's] Letters. However, as a result of [DMI's] Email Retention Policy, which does not retain communications beyond thirty days, the search has returned no responsive communications."

Superseding Indictment ¶ 45. Count Five alleges that the same statements, made in the same two letters, also violated 18 U.S.C. § 1001(a). Superseding Indictment ¶ 47. Indeed, Count Five specifically references "the statements in the November 23, 2016, and February 10, 2017, submissions to the Department of Justice quoted in paragraph 45" as the actionable statements for purposes of the §1001 count. Superseding Indictment ¶ 47. So there is no question that the two counts are based upon the exact same set of facts and circumstances.[1]

But the test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same. "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). This exercise "focuses exclusively on the statutory elements of the

---

1   At the hearing held on May 23, 2018, the government confirmed that Counts Four and Five are predicated upon the statements set forth in paragraph 45 of the Superseding Indictment, and no other statements or omissions. Tr. of Mots. Hr'g Held on May 23, 2018 [Dkt. # 305] at 90.

offenses," *Weathers*, 186 F.3d at 951, 954, and "not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998), citing *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975).

Courts typically apply the *Blockburger* test unless the statutes "plainly express[]" Congressional intent to impose separate punishments for the same alleged conduct. *Mahdi*, 598 F.3d at 888–89, citing *Garrett v. United States*, 471 U.S. 773, 779 (1985). At bottom, "whether defendant has in fact been punished twice for the same offense . . . depends upon what 'the legislature intended.'" *Mahdi*, 598 F.3d at 887 quoting *Weathers*, 186 F.3d at 951.

Defendant correctly observes that one could prove the alleged section 1001 violation without proving any facts that are not necessary to the FARA count, and that the alleged false statements or misrepresentations in the two charges are identical. Def.'s Mot. at 6, 8. But as the authority set forth above provides, the inquiry is not tied to the particular facts of the case, and it does not turn on whether the proof satisfying one charge *can* satisfy the other, but whether proof of one of "*necessarily* includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985) (emphasis in original).

The Supreme Court's application of the test in *United States v. Woodward* demonstrates this distinction. 469 U.S. 105 (1985) (per curiam). In that case, the defendant falsely answered "no" to the question of whether he was carrying more than $5000 in currency when he entered the country. *Id.* at 106–07. He was charged with both making a false statement in violation of section 1001 and willfully failing to report that he was carrying in excess of $5,000 into the United States in violation of 31 U.S.C. § 1058. *Id.* at 106. In rejecting the defendant's claim that the obviously overlapping counts were multiplicitous, the Court stated:

> Section 1001 proscribes the nondisclosure of a material fact only if the fact is "conceal[ed] . . . by any *trick, scheme, or device,*" (Emphasis added.) A person could, without employing a "trick, scheme, or device," simply and willfully fail to file a currency disclosure report. A traveler who enters the country and passes through Customs prepared to answer questions truthfully, but is never asked whether he is carrying over $5,000 in currency, might nonetheless be subject to conviction under 31 U.S.C. § 1058 (1976 ed.) for willfully transporting money without filing the required currency report. However, because he did not conceal a material fact by means of a "trick, scheme, or device," (and did not make any false statement) his conduct would not fall within 18 U.S.C. § 1001.

469 U.S. at 108 (footnotes omitted); *see also id.* n.5 (noting that a violation of section 1001 requires an "affirmative act by which means a material fact is concealed"). So the question is whether one offense would *always* entail proof of the other, and that is an issue of first impression in this Circuit.

Manafort compares the elements of a section 1001 false statement violation with those needed to prove a FARA violation, and he asserts that a prosecution that "proves the elements of making a false FARA statement . . . will necessarily have proven the elements of making a false statement in a matter within the jurisdiction of the executive branch" in violation of section 1001. Def.'s Mot. at 6. That may be the case with respect to a plainly false statement, but the analysis has to work in all situations. The FARA provision also covers statements that are misleading due to a willful omission of material fact, 22 U.S.C. § 618(a)(2), but a willful omission of material fact that renders a statement misleading would not constitute a violation of section 1001 as well if the statement were literally true. *United States v. Safavian*, 528 F.3d 957, 967 (D.C. Cir. 2008) (stating that literal truth is a complete defense to a section 1001 charge), citing *United States v. Milton*, 8 F.3d 39, 45 (D.C. Cir. 1993). Further, FARA covers willful omissions of material fact without limitation, 22 U.S.C. § 618(a)(2), but the only willful omissions of material fact that are covered by section 1001 are those made by "trick, scheme, or device." 18 U.S.C. § 1001(a)(1). Thus, if one engages in the same sort of close review of statutory language that the Supreme Court

undertook in *Woodward,* it becomes clear that it is *possible* to violate FARA without violating section 1001.  And neither party has pointed to any plain expression of Congressional intent in either statute that would override the *Blockburger* analysis.  *See Mahdi*, 598 F.3d at 888.[2]

Under all of these circumstances, the D.C. Circuit has observed that the better practice would be to defer this determination until after the trial.  *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) ("[M]ultiplicity claims are better sorted out post-trial."); *see also United States v. Clark*, 184 F.3d 858, 872 (D.C. Cir. 1999) ("[T]he usual remedy is to hold that the convictions have merged and order that one be vacated."); *United States v. Dale*, 991 F.2d 819, 859 (D.C. Cir. 1993).  While courts have recognized that some prejudice may arise from the accumulation of multiple charges, *see, e.g.*, *Clarke*, 24 F.3d at 261; *Harris*, 959 F.2d at 250; *United States v. Phillips,* 962 F. Supp. 200, 202 (D.D.C. 1997), the duplication here does not significantly affect the overall heft of the indictment, and the harm that can flow from the existence of multiple charges can be ameliorated with proper jury instructions.  *United States v. Wheeler*, No. 11–151, 2012 WL 1865506 at *2 (D.D.C. May 22, 2012) ("potential prejudice can be addressed through carefully-crafted jury instructions").  The Court agrees with the observation of another court in this district that "[t]he primary evil of multiplicitous charges is that a defendant will be punished twice for the

---

2  The government points to cases where courts permitted prosecutions for specific regulatory offenses along with section 1001.  *See* Gov't Opp. at 10–11, n.5*,* citing *United States v. Ramos*, 725 F.2d 1322, 1324 (11th Cir. 1984) (involving section 1001 and 18 U.S.C. § 1542, which governs false statements in passport applications); *United States v. Bryant*, 117 F.3d 1464, 1468–69 (D.C. Cir. 1997) (involving section 1001 and 18 U.S.C. § 912, which prohibits impersonating a federal official); *United States v. Laimeche*, 56 F. App'x 835, 836 (9th Cir. 2003) (unpublished) (involving section 1001 and a Medicare-specific statute); *United States v. York*, 888 F.2d 1050, 1058–59 (5th Cir. 1989) (involving section 1001 and 18 U.S.C. § 1014, which applies to false statements in loan applications).  But those cases are not binding on this Court, and they are not determinative on the issue here since they do not wrestle with the statutory elements of the two offenses charged in this case.

same offense," *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 124 (D.D.C. 2012), and in the absence of binding authority on the particular statutes here, it will follow the directive of the D.C. Circuit that this problem should be addressed at the conclusion of the trial.

> Given the absence of controlling D.C. Circuit precedent, the trial court correctly submitted the [two tax statutes] counts to the jury. Initially permitting convictions on both counts serves the useful purpose of allowing [the appellate] court to determine whether there is error concerning one of the counts that does not affect the other.

*United States v. Dale*, 991 F.2d 819, 859 (D.C. Cir. 1993) (internal citation and quotation marks omitted); *see also Wheeler*, 2012 WL 1865506 at *1 (stating that letting potentially multiplicitous charges go to a jury allows for appeal of first-impression multiplicity question).

## CONCLUSION

For the reasons set forth above, defendant's motion [Dkt. # 236] is DENIED WITHOUT PREJUDICE to its being renewed after trial.

SO ORDERED.

AMY BERMAN JACKSON
United States District Judge

DATE: May 25, 2018