UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Crim. Action No. 17-0201-01 (ABJ) |
| | ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Defendant Paul J. Manafort, Jr. has filed a motion to compel the production of seven affidavits submitted in support of applications for search warrants related to him, complaining that the copies that had been provided to him contained substantial redactions. Def.'s Mot. to Compel Production of Unredacted Search and Seizure Warrant Affidavits [Dkt. # 242] ("Def.'s Mot.").

The government opposed the motion on April 5, 2018, stating that three of the seven affidavits at issue had already been provided to the defendant in entirely unredacted form, and that the defendant had received copies of three others with significantly fewer redactions. Gov't Opp. to Def.'s Mot. [Dkt. # 253] ("Gov't Opp.") at 1. On April 10, 2018, the Court ordered the defendant to identify in its reply brief those affidavits that remain in dispute. *See* Min. Order of Apr. 10, 2018. Defendant filed his reply, Def.'s Reply to Gov't Opp. [Dkt. # 273], and the Court issued a further order calling for the government to provide the disputed affidavits to the Court for in camera review. Min. Order of May 18, 2018. The government provided the affidavits to the Court on May 21, 2018, and the Court has reviewed them. Based upon its consideration of the pleadings and its in camera review of the affidavits themselves, the Court will deny defendant's motion.

The seven affidavits that are the subject of defendant's motion are:

1. In the Matter of the Search of the Premises Located [In Alexandria, Virginia] (E.D. Va.) (17-sw-449),

2. In the Matter of the Search of [A Storage Locker Located In Alexandria, Virginia] (E.D. Va.) (17-sw-294),

3. In the Matter of the Search of Information Associated with Email Account pmanafort@dmpint.com (D.D.C.) (17-mj-00611),

4. In the Matter of the Search of Information Associated with [Two Email Accounts] (D.D.C.) (17-mj-00612),

5. In the Matter of the Search of Hard Drive with Serial Number WXB1AA006666 (D.D.C.) (17-mj-496),

6. In the Matter of the Seizure of Funds from Accounts at Three Banks (D.D.C.) (17-mj-00783, 17-mj-00784, 17-mj-00785), and

7. In the Matter of the Search of Information Associated with Five Telephone Numbers Controlled by AT&T (D.D.C.) (18-sc-609).

Ex. A to Gov't Opp. [Dkt. # 253-1].

Of these, the record reveals that as of this time, defendant has received entirely unredacted versions of three of the affidavits: those supporting the application for a warrant to obtain the information associated with the two email accounts (17-mj-00612), the search of the hard drive (17-mj-496), and the seizure of the accounts at three banks (17-mj-00783, 17-mj-00784, 17-mj-00785). *See id.* In the case of the affidavit in support of the warrant for the search of the storage unit, from which only the name of an individual was redacted, *see* Sealed Exs. to Def.'s Mot. to Suppress Evidence from the Search of the Storage Unit [Dkt. # 261] (filing sealed version of affidavit in its entirety), defendant has been provided with the name of that individual. *See* Tr. of Mots. Hr'g Held on May 23, 2018 [Dkt. # 305] ("May 23 Hr'g Tr.") at 5. Under those circumstances, defendant agrees there is nothing left to be resolved as to that affidavit. *Id.* With respect to the affidavit in support of the warrant for the search of the residence, the government

provided a wholly unredacted version of the affidavit as an exhibit to its opposition to defendant's motion to suppress the evidence from that search. Ex. 1 to Gov't Opp. to Def.'s Mot. to Suppress Evidence of the Search of his Residence [Dkt. # 286-1]. And the defense also agrees there is nothing left to be resolved as that affidavit. May 23 Hr'g Tr. at 55. Therefore, the motion as to those five affidavits can be denied as moot.

With respect to the two warrant affidavits that remain in dispute, the Court has reviewed them in light of the arguments set forth in the pleadings and at the hearing on the motion on May 23, 2018. The government argues that the information that is currently being withheld fell within two categories: the names of confidential sources who had provided information to the government, and information relating to ongoing investigations that does not bear upon the allegations in either of the two cases now pending against Manafort. Gov't Opp. at 3–4. It also maintains that the redacted information is not material to establishing the lawfulness of the warrants. *Id*. at 4. The defense takes the position that Manafort should have access to any information that would support a challenge to the issuance of the warrants. Def.'s Mot. at 2–3. And while the defense asserted broadly at one point during the hearing that "to the extent [the affidavits] relate to Mr. Manafort, we have the right to see them," May 23 Hr'g Tr. at 97, it refined its position in response to questions from the Court.

> THE COURT: What if -- I think one of them is about phone information. What if the redacted phones are not his phone?
>
> MR. WESTLING: I don't have a problem with that. I think we're talking about things that relate to this defendant in this case.

*Id.* at 99.

Based on its in camera review of the affidavits at issue, the Court finds that the limited redactions are appropriate and justified on the grounds set forth by the prosecution, and that the Office of Special Counsel need not reveal the redacted information to the defendant at this time.

There is nothing in the redactions that relates to any of the charges now pending against Manafort or that would be relevant to a challenge to any of the warrants issued based on the affidavits, particularly given the prosecution's stated willingness to set aside that information and not rely upon it to establish that there was probable cause to support the issuance of any warrant. May 23 Hr'g Tr. at 48–49.  In sum, the limited redacted information does not relate "to this defendant in this case." *Id.* at 99.

For purposes of appeal, the Court will transmit to the Clerk of Court the material provided to it in camera that identifies those portions of the affidavits that have been redacted, and the Clerk is hereby directed to retain it under seal until further order of the Court.

Accordingly, defendant's motion [Dkt. # 242] is DENIED.

SO ORDERED.

AMY BERMAN JACKSON
United States District Judge

DATE:  May 29, 2018