**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Crim. Action No. 17-0201-01 (ABJ) |
| | ) | |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Pending before the Court is defendant Paul J. Manafort, Jr.'s motion for a bill of particulars. Def.'s Mot. for Bill of Particulars [Dkt. # 255] ("Def.'s Mot.") and Mem. in Supp. of Def.'s Mot. [Dkt. # 255-1] ("Def.'s Mem."). The government opposed the motion, Government's Resp. to Def.'s Mot. [Dkt. # 282], defendant replied, Def.'s Reply [Dkt. # 288], and the court heard argument on the motion on May 23, 2018. Based upon a review of all of the pleadings and a consideration of the matters presented by both sides at the hearing, and for the reasons stated below, the Court will grant the motion in part and deny it in part as moot. The Court finds that the indictment is specific and, that with one minor exception, it suffices to put the defendant on notice of the nature of the charges against him.

A criminal indictment is required to provide "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7. It should be "stated with enough precision" to allow the defendant to understand the charges and prepare a defense, and if it is not, a bill of particulars may be required. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987). Under Federal Rule of Criminal Procedure 7(f), it is within the sound discretion of the Court to determine whether a bill of particulars should be provided, *id.* at 1194, and the Court should grant such motions when "necessary to prevent unfair surprise at trial."

1

*United States v. Espy,* 989 F. Supp. 17, 34 (D.D.C. 1997), citing *United States v. Madeoy*, 652 F. Supp. 371, 374 (D.D.C. 1987).  The Court must strike a "prudent balance" between the legitimate interests of the government and the defendant.  *United States v. MacFarlane,* 759 F. Supp. 1163, 1169 (W.D. Pa. 1991).

In his motion, defendant requested the following information:

1) more specifics about the alleged conspiracy to "(1) impede the Treasury Department (presumably, the Internal Revenue Service, in determining taxable income) and the Justice Department's Foreign Agents Registration Act ("FARA") unit; and (2) violate certain FARA and Foreign Bank Account Report . . . registration and reporting provisions," Def.'s Mem. at 2–3;

2) more detail about how Manafort "caused" false statements and misleading submissions to be made and by whom, including how "between 2008 and 2014" he caused "Companies A, B, and C, and others . . . to act as agents of a foreign principal . . . without registering with the Attorney General," Def.'s Mem. at 4–5;

3) information concerning the alleged false and misleading statements, including how many were made, what they were, to whom were they made, what about them was false, and, if defendant did not make them, what he said or did to cause another to make them, Def.'s Mem. at 5–6; and

4) the identities of unidentified "accomplices" and "others" referenced in the superseding indictment.  Def.'s Mem. at 7–8.

At the May 23, 2018 hearing, defendant acknowledged that either as a result of other proceedings in this case or through discovery, he is well aware of the identity of Company A and B and the law firm referred to in the Superseding Indictment.  Superseding Indictment [Dkt. # 202] ¶¶ 21, 29; Tr. of May 23, 2018 Mot. Hr'g [Dkt. # 305] ("Tr.") at 84–85.  The defense was then asked to specify each and every portion of the indictment for which it was still seeking greater detail and particularization, Tr. at 84–85, 87, 88–89, 90, and counsel listed only the following three subject matter areas:

- Defendant requested that the prosecution be ordered to inform him: 1) whether Count IV, the alleged making of misleading statements to the Department of Justice in letters dated November 23, 2016 and February 10, 2017, in violation of the Foreign Agents Registration Act, 22 U.S.C. §§ 612, 618(a)(2), and 18 USC §§ 2,

2

> 3551, or Count V, the alleged making of false statements to the United States in the same two letters in violation of 18 U.S.C. § 1001, are predicated on any statements or omissions *other* than those set forth in paragraphs 27 and 45 of the Superseding Indictment; and 2) if so, what other statements or omissions form the basis for those counts.
>
> - Defendant pointed to the use of the verb "cause" or "caused" in Counts IV and V, *see* Superseding Indictment ¶ 45 ("the defendant . . . knowingly and willfully *caused* to be made a false statement of material fact"); *id.* ¶ 47 ("the defendant . . . knowingly and willfully did *cause* another: to falsify . . . a material fact [and] to make a materially false . . . statement") (emphasis added), and requested clarification concerning whether the causation referred to anything other than providing allegedly false information to the lawyer who drafted the two letters in question and directing the lawyer to submit them.
>
> - Defendant pointed to the allegation in Count III – that he "caused and aided and abetted Companies A, B, and C, and others, including former senior foreign politicians, to act as agents of a foreign principal, to wit, the Government of Ukraine, the Party of Regions, and Yanukovych, without registering," Superseding Indictment ¶ 43 – and asked the Court to order the government to identify the "others."

Tr. at 86–89.

With respect to the first category of information, the indictment appears to identify exactly which statements are the subjects of the charges. Superseding Indictment ¶¶ 45, 47. In any event, the Office of Special Counsel stated unequivocally on the record at the hearing that the statements alleged in Counts IV and V of the indictment to be false and/or misleading are the sole statements or omissions on which Counts IV and V are based, and therefore, defendant's request for a bill of particulars on that issue is moot. Tr. at 90.

With respect to the second category of information, the prosecutor also stated on the record that the causation alleged in Counts IV and V is based upon the allegation that the lawyer who submitted the letters to the Department of Justice received the information contained in the letters from the defendant, and that the letters were submitted at his direction. Tr. at 91–92. The government added that there are no other circumstances that supply the factual underpinnings for

this allegation.  Tr. at 92.  Therefore, defendant's request for a bill of particulars on that issue is moot.

Finally, with respect to the third category of information, the prosecutor represented that the "others" in paragraph 43 referred to the principals of Companies A, B, and C, whose identity should be obvious to the defense from the "hot documents" already provided in discovery, and to certain individuals and/or other public relations firms whose identity can also be gleaned from the discovery in the case.  *See* Tr. at 94.  The government also argued that the law does not require that this sort of information be provided in response to a motion for a bill of particulars.  *See* Tr. at 95; *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (stating that a "bill of particulars is not a discovery tool").  But it did not advance any particular need for maintaining secrecy in this instance.

Defendant points to *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) and *United States v. Hsia*, 24 F. Supp. 2d 14, 31 (D.D.C. 1998) in response.  Def.'s Mem. at 5, 7.  *Hsia* does not address the specific issue of the identity of "others;" the opinion focuses on what acts were alleged to have been overt acts in furtherance of the conspiracy and who performed them. 24 F. Supp. 2d at 32–33.  But in *Trie*, the court did order the government to provide the names of the unindicted co-conspirators not already named in the indictment, given the defendant's need to prepare adequately for trial.  21 F. Supp. 2d at 22.

While the government may be correct that the law does not necessarily require the Court to order the requested disclosure, the Court has broad discretion to resolve a motion for a bill of particulars after weighing the parties' interests, and here, defendant is obliged to prepare for a complex trial with a voluminous record within a relatively short period of time, and he should not have to be surprised at a later point by the addition of a new name or allegation.

Therefore, particularly since the prosecutor submitted that the names have already been revealed in the material produced in discovery, and there was no issue raised with respect to a need for confidentiality, the Court orders that the government must inform the defense by Friday, June 15, 2018 of the identity of any individuals or entities alleged to be the "others, including former senior foreign politicians" whom Manafort "caused and aided and abetted" to act as foreign agents without registering, and it must file a notice on the docket informing the Court that it has done so.[1]

Accordingly, defendant's motion [Dkt. # 255] is GRANTED IN PART AND DENIED IN PART AS MOOT.

SO ORDERED.

AMY BERMAN JACKSON
United States District Judge

DATE: June 12, 2018

---

[1] This order includes a requirement to identify any unnamed individuals in the charges added in the superseding indictment returned on June 8, 2018. *See* Superseding Indictment [Dkt. # 318].