APPEAL,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:17−cr−00201−ABJ−1</u>

Case title: USA v. MANAFORT et al                  Date Filed: 10/27/2017

Assigned to: Judge Amy Berman Jackson

**<u>Defendant (1)</u>**

**PAUL J. MANAFORT, JR.**        represented by    **Kevin M. Downing**
LAW OFFICE OF KEVIN M. DOWNING
601 New Jersey Avenue, NW
Suite 620
Washington, DC 20001
(202) 754−1992
Email: kevindowning@kdowninglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Richard William Westling**
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, NW
Suite 700
Washington, DC 20037
(202) 861−1868
Fax: (202) 296−2882
Email: rwestling@ebglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Thomas Edward Zehnle**
LAW OFFICE OF THOMAS E. ZEHNLE
601 New Jersey Avenue, NW
Suite 620
Washington, DC 20001
(202) 368−4668
Email: tezehnle@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
| --- | --- |
| 18:371; CONSPIRACY TO DEFRAUD THE UNITED | |

STATES; Conspiracy Against the
United States.
(1)

18:371; CONSPIRACY TO
DEFRAUD THE UNITED
STATES; Conspiracy Against the
United States.
(1s)

18:371 and 3551 et seq.;
CONSPIRACY TO DEFRAUD
THE UNITED STATES;
Conspiracy Against the United
States.
(1ss)

18:371 and 3551; CONSPIRACY
TO DEFRAUD THE UNITED
STATES; Conspiracy Against the
United States.
(1sss)

18:1956(h); MONEY
LAUNDERING − FRAUD,
OTHER; Conspiracy to Launder
Money.
(2)

18:1956(h); MONEY
LAUNDERING − FEDERAL
STATUTES, OTHER;
Conspiracy to Launder Money.
(2s)

18:1956(h) and 3551 et seq.;
MONEY LAUNDERING −
FEDERAL STATUTES,
OTHER; Conspiracy to Launder
Money.
(2ss)

18:1956(h) and 3551; MONEY
LAUNDERING − FEDERAL
STATUTES, OTHER;
Conspiracy to Launder Money.
(2sss)

31:5314 and 5322(b); 18:2;
RECORDS AND REPORTS ON
FOREIGN FINANCIAL
AGENCY TRANSACTIONS −
DEFINITION; Failure to File
Reports of Foreign Bank and
Financial Accounts for Calendar
Years 2011−2014.

(3−6)

22:612 and 618(a)(1); 18:2;
REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; Unregistered
Agent of a Foreign Principal.
(3s)

22:612 and 618(a)(1); 18:2 and
3551 et seq.; REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; Unregistered
Agent of a Foreign Principal.
(3ss)

22:612 and 618(a)(1); 18:2 and
3551; REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; Unregistered
Agent of a Foreign Principal.
(3sss)

22:612 and 618(a)(2); 18:2;
VIOLATIONS: FALSE
STATEMENTS AND WILLFUL
OMISSIONS; False and
Misleading FARA Statements.
(4s)

22:612 and 618(a)(2); 18:2 and
3551 et seq.; VIOLATIONS:
FALSE STATEMENTS AND
WILLFUL OMISSIONS; False
and Misleading FARA
Statements.
(4ss)

22:612 and 618(a)(2); 18:2 and
3551; REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; False and
Misleading FARA Statements.
(4sss)

18:2 and 1001(a);
STATEMENTS OR ENTRIES
GENERALLY; False Statements.
(5s)

18:2, 1001(a), and 3551 et seq.;
STATEMENTS OR ENTRIES
GENERALLY; False Statements.
(5ss)

18:2, 1001(a) and 3551;
STATEMENTS OR ENTRIES

GENERALLY; False Statements.
(5sss)

18:2, 1512(b)(1) and 3551;
INTIMIDATION OR FORCE
AGAINST WITNESS;
Obstruction of Justice.
(6sss)

18:1512(k) and 3551;
TAMPERING WITH WITNESS,
VICTIM, OR AN INFORMANT;
Conspiracy to Obstruct Justice.
(7sss)

22:612 and 618(a)(1); 18:2;
REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; Unregistered
Agent of a Foreign Principal.
(10)

22:612, 618(a)(2); 18:2;
REGISTRATION
STATEMENT: FILING OF OR
CONTENTS OF; False and
Misleading FARA Statements.
(11)

18:2, 1001(a); STATEMENTS
OR ENTRIES GENERALLY;
False Statements.
(12)

**Highest Offense Level**
**(Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level**
**(Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

**Plaintiff**

**USA**                                 represented by   **Adam C. Jed**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616−0800
Email: ACJ@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Andrew Weissmann**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514−1746
Email: aaw@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Elizabeth Barchas Prelogar**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616−0800
Email: EBP@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Greg Donald Andres**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514−0522
Email: gda@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Kyle Renee Freeny**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616−3812
Fax: (202) 616−8470
Email: krf@usdoj.gov

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Michael Richard Dreeben**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 616−0800
Email: mrd@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Scott A.C. Meisler**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 514−2902
Email: sacm@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 10/27/2017 | 2 | | MOTION for Sealing of the Indictment, Warrants, the Instant Motion and to Delay Entry on the Public Docket of the Filing of this Motion to Seal and All Related Matters by USA as to PAUL J. MANAFORT, Jr, RICHARD W. GATES, III. (zvt) (Entered: 10/30/2017) |
| 10/27/2017 | 3 | | ORDER granting 2 Sealing of the Indictment, Warrants, the Instant Motion and to Delay Entry on the Public Docket of the Filing of this Motion to Seal and All Related Matters as to PAUL J. MANAFORT Jr. (1), RICHARD W. GATES, III. Signed by Magistrate Judge Deborah A. Robinson on 10/27/2017. (zvt) (Entered: 10/30/2017) |
| 10/30/2017 | 5 | | GOVERNMENT'S MOTION to Unseal the Indictment by USA as to PAUL J. MANAFORT (1) JR, and RICHARD W. GATES, III (2). (zad) (Entered: 10/30/2017) |
| 10/30/2017 | 6 | | ORDER granting 5 Government's Motion to Unseal the Indictment by USA as to PAUL J. MANAFORT JR. (1), and RICHARD W. GATES, III (2): It is further ORDERED that the redacted version of the Indictment and the Arrest Warrants shall be unsealed and made available on the public docket. Signed by Magistrate Judge Deborah A. Robinson on 10/30/2017. (zad) (Entered: 10/30/2017) |
| 10/30/2017 | | | Arrest of PAUL J. MANAFORT, JR and RICHARD W. GATES, III. (zcal) (Entered: 10/30/2017) |
| 10/30/2017 | 7 | | |

| | | | |
|---|---|---|---|
| | | | Bench Warrant Returned Executed on 10/30/2017 as to PAUL J. MANAFORT, JR. (zcal) (Entered: 10/30/2017) |
| 10/30/2017 | | | ORAL MOTION for Release from Custody by PAUL J. MANAFORT, JR and RICHARD W. GATES, III. (zcal) (Entered: 10/30/2017) |
| 10/30/2017 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Initial Appearance/ Arraignment as to PAUL J. MANAFORT JR. (1): Counts 1,2,3−6,10,11,12 and RICHARD W. GATES, III (2): Counts 1,2,7−9,10,11,12 held on 10/30/2017. Not Guilty Plea as to all counts for each Defendant. Oral Motion for Release from Custody by PAUL J. MANAFORT JR. (1) and RICHARD W. GATES, III (2); heard and granted. The Government is not opposed to Release of Defendants to include conditions. Status Hearing set for 11/2/2017 at 02:00 PM in Courtroom 3 before Judge Amy Berman Jackson. Bond Status of Defendant: Defendants Released/ Releases Issued. Unsecured Appearance Bond as to both Defendants. Paul Manafort is to forfeit Ten Million Dollars and Richard Gates Five Million Dollars if the Defendants fail to appear as required by the Court; Court Reporter: Elizabeth Saint−Loth; FTR Time Frame: Ctrm 4 [1:48:34 − 2:05:27; 2:42:05 − 3:03:24]; Defense Attorney: Kevin Downing and Thomas Zehnle for Mr. Manafort; David Bos for Mr. Gates (for this hearing only); US Attorney: Andrew Weissman and Greg Andres; Pretrial Officer: Saul Atencio. (zcal) (Entered: 10/30/2017) |
| 10/30/2017 | 9 | | ORDER Setting Conditions for High Intensity Supervision Program as to PAUL J. MANAFORT JR. (1): Personal Recognizance. Signed by Magistrate Judge Deborah A. Robinson on 10/30/2017. (zcal) (Additional attachment(s) added on 11/2/2017: # 1 Unsecured Appearance Bond) (cal). (Entered: 10/30/2017) |
| 10/30/2017 | 13 | | REDACTED INDICTMENT as to PAUL J. MANAFORT, JR. (1), and RICHARD W. GATES, III (2). (zad) (Entered: 10/31/2017) |
| 10/31/2017 | 11 | | GOVERNMENT'S MOTION to Unseal the Docket as to PAUL J. MANAFORT, JR (1), and RICHARD W. GATES, III. (2) (zad) (Entered: 10/31/2017) |
| 10/31/2017 | 12 | | ORDER granting 11 Government's Motion to Unseal the Docket as to PAUL J. MANAFORT JR. (1), and RICHARD W. GATES III (2): IT IS FURTHER ORDERED that the docket in the above−captioned case shall be unsealed, but that the original indictment remain seal and be replaced with the copy of the redact copy of the indictment provided by the Special Counsel's Office. Signed by Magistrate Judge Deborah A. Robinson on 10/31/2017. (zad) (Entered: 10/31/2017) |
| 10/31/2017 | | | Case unsealed as to PAUL J. MANAFORT, JR. (1) and RICHARD W. GATES, III (2) by Magistrate Judge Deborah A. Robinson on 10/31/2017. (zad) (Entered: 10/31/2017) |
| 10/31/2017 | 14 | | MEMORANDUM in Support of Conditions of Release, Complex Case Designation and Notice of Intent to Use Certain Bank Records by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (zrdj) (Entered: 10/31/2017) |
| 11/01/2017 | | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER. Any requests for review of the conditions of release must be made in the form of a written motion to the Court. Defendants should be prepared at the status conference to respond to the government's request to designate the matter as complex under the Speedy Trial Act. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/1/2017. (lcabj2) (Entered: 11/01/2017) |
| 11/01/2017 | 15 | | NOTICE OF ATTORNEY APPEARANCE Kyle Renee Freeny appearing for USA. (Freeny, Kyle) (Entered: 11/01/2017) |
| 11/01/2017 | 16 | | NOTICE OF ATTORNEY APPEARANCE Greg Donald Andres appearing for USA. (zvt) (Entered: 11/01/2017) |
| 11/01/2017 | 17 | | NOTICE OF ATTORNEY APPEARANCE Andrew Weissmann appearing for USA. (zvt) (Entered: 11/01/2017) |
| 11/02/2017 | 18 | | RESPONSE by PAUL J. MANAFORT, JR as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III re 14 Notice (Other) (Downing, Kevin) (Entered: 11/02/2017) |
| 11/02/2017 | 19 | | Ex Parte MOTION for Protective Order *(Post−Indictment Restraining Order)* by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) Modified on 11/3/2017 − Unsealed pursuant to Minute Order filed on 11/3/2017. (jth). (Entered: 11/02/2017) |
| 11/02/2017 | | | MINUTE ORDER. In light of the parties' request that the Court set a trial date at this time, the government must inform the Court of the anticipated length of its case by noon on Friday, November 3, 2017, and at the same time, defendants must inform the Court of the nature of any pretrial motions they expect to file. The parties should be advised that any trial schedule that will be established will necessarily include a period of time for the briefing and resolution of pretrial motions, including motions to suppress or motions testing the legal sufficiency of any charges; the briefing of any motions in limine (which must be complete at least two weeks before the pretrial conference); the submission of a joint pretrial statement at least ten days before the pretrial conference; and a pretrial conference which will be held at least two weeks before the trial. In accordance with detailed instructions to be issued at a later time, the parties will be required to include the following in the joint pretrial statement: proposed voir dire, witness lists, exhibit lists, objections to exhibits, any stipulations or requests that the Court take judicial notice of any facts, and proposed jury instructions. At the pretrial conference, all motions in limine and disputes concerning exhibits will be resolved. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/2/2017. (lcabj2) (Entered: 11/02/2017) |
| 11/02/2017 | 22 | | ORDER as to PAUL J. MANAFORT, JR, (1), RICHARD W. GATES, III (2). The government is ordered to show cause by November 3, 2017 why its motion for protective order [Dkt. #19] may be filed ex parte. The submission should address: (1) why the Court has authority to issue a protective order "upon the filing of an indictment" under 21 U.S.C. § 853(e)(1)(A) without notice to the defense when it is Section 851(e)(2) that specifically permits the issuance of an order without notice "when an information or indictment has not yet been filed;" and (2) whether or not the Court has the Authority to issue a protective order ex parte, why it is necessary to do so in this case. The government must |

| | | | |
|---|---|---|---|
| | | | explain whether and why the provision of notice would jeopardize the availability of property − which has already been identified in the indictment − for forfeiture. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/2/2017. (zjth) Modified on 11/3/2017 − Unsealed pursuant to Minute Order filed on 11/3/2017. (jth). (Entered: 11/02/2017) |
| 11/02/2017 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference held on 11/2/2017 as to Defendants PAUL J. MANAFORT, JR., (1), RICHARD W. GATES, III (2). The Court makes a finding that this is a "complex case" for purposes of the Speedy Trial Act, and that the ends of justice that will be served by the establishment of a schedule beyond the limits established by the Speedy Trial Act outweigh the interests of the public and the defendants in a speedy trial. The parties may file submissions by Tuesday, November 7, 2017, setting forth any reasons why the Court should not enter an order pursuant to Local Rule 57.7(c) requiring all interested parties, in particular, counsel for both sides, to refrain from making further statements to the media or in public settings that are substantially likely to have a materially prejudicial effect on this case." Any Motion by Defendant Paul Manafort to modify his conditions of release is due by 11/2/2017. The government's response to both defendants motions is due by 11/3/2017. A Bond Review Hearing is set for 11/6/2017 9:30 AM in Courtroom 3 before Judge Amy Berman Jackson. Any replies need to be filed before the Hearing. The Court allows defendant Richard Gates conditions of release to be modified for the weekend of November 4th and 5th to allow him to attend his children's activities upon the condition that he inform the Pretrial Services Agency of the exact dates and locations of the activities, along with his departure and arrival times from his home. Bond Status of Defendants: Defendant Manafort (1) remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) remains on Personal Recognizance Bond; Court Reporter: Elizabeth Saint−Loth; Defense Attorneys: 1) Kevin M. Downing and Thomas Edward Zehnle; 2) Shanlon Wu and David Walker Bos; US Attorneys: Greg Donald Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Services Officer: Shay Holman. (jth) (Entered: 11/02/2017) |
| 11/03/2017 | 23 | | RESPONSE TO ORDER OF THE COURT re Minute Order of November 11, 2017 by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (Freeny, Kyle) Modified event title and link on 11/6/2017 (znmw). (Entered: 11/03/2017) |
| 11/03/2017 | 24 | | TRANSCRIPT OF ARRAIGNMENT in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Magistrate Judge Deborah A. Robinson held on 10−30−2017; Page Numbers: 1 − 25. Date of Issuance: 11−3−2017. Court Reporter/Transcriber Elizabeth Saint−Loth, Telephone number 202−354−3242, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public |

| | | |
|---|---|---|
| | | via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 11/24/2017. Redacted Transcript Deadline set for 12/4/2017. Release of Transcript Restriction set for 2/1/2018.(Saint−Loth, Elizabeth) (Entered: 11/03/2017) |
| 11/03/2017 | 25 | TRANSCRIPT OF STATUS CONFERENCE in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on 11−02−2017; Page Numbers: 1 − 22. Date of Issuance: 11−03−2017. Court Reporter/Transcriber Elizabeth Saint−Loth, Telephone number 202−354−3242, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 11/24/2017. Redacted Transcript Deadline set for 12/4/2017. Release of Transcript Restriction set for 2/1/2018.(Saint−Loth, Elizabeth) (Entered: 11/03/2017) |
| 11/03/2017 | 26 | RESPONSE TO ORDER OF THE COURT by PAUL J. MANAFORT, JR re Minute Order of November 11, 2017. (Downing, Kevin) Modified on 11/3/2017 to link entry to the minute order dated 11/2/2017. (tl) (Entered: 11/03/2017) |
| 11/03/2017 | 27 | ORDER. The parties should be advised that the Court is not inclined to establish a schedule that is subject to periodic continuances; any trial date that is set in this case will be a firm trial date. Therefore, at the hearing on November 6, 2017, the parties should be prepared to address the question of whether it is premature to set a trial date at this time, before the defense has had an opportunity to assess the scope and nature of the discovery it has received and any it plans to undertake. If a trial date is established, the Court intends to set the schedule set forth in this order, so the parties should also be prepared to inform the Court of any conflicts. See Order for details. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/3/2017. (lcabj2) (Entered: 11/03/2017) |
| 11/03/2017 | 28 | NOTICE of Change of Address by Thomas Edward Zehnle (Zehnle, Thomas) (Entered: 11/03/2017) |
| 11/03/2017 | 29 | MOTION for Extension of Time to File *Motion to Modify Conditions of Release*, MOTION to Continue *Bond Review Hearing* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 11/03/2017) |
| 11/03/2017 | 30 | SEALED DOCUMENT (Response to Court's Order) filed by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (Freeny, Kyle) Modified on 11/3/2017 − Unsealed pursuant to Minute Order filed on 11/3/2017. (jth). |

| | | |
|---|---|---|
| | | Modified on 11/6/2017 (zvt). (Entered: 11/03/2017) |
| 11/03/2017 | | MINUTE ORDER granting 29 motion for extension of time and denying motion to continue the bond review hearing. Defendant Manafort must file his motion to modify the conditions of release by 5:00 PM on November 4, 2017, and the government must file any opposition by 5:00 PM on November 5, 2017. The bond review hearing remains scheduled for 9:30 AM on November 6, 2017. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/3/2017. (lcabj2) (Entered: 11/03/2017) |
| 11/03/2017 | | MINUTE ORDER. The Clerk of Court is directed to unseal 19 the government's Ex Parte Motion for Protective Order, 22 the Court's Ex Parte Order, and 30 the government's Ex Parte Response to the Court's Order. Defendant Manafort must file any response to the government's motion for protective order by November 8, 2017. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/3/2017. (lcabj2) (Entered: 11/03/2017) |
| 11/04/2017 | 32 | MOTION to Modify Conditions of Release by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 11/04/2017) |
| 11/05/2017 | 34 | NOTICE of Change of Address by Kevin M. Downing (Downing, Kevin) (Entered: 11/05/2017) |
| 11/05/2017 | 35 | Memorandum in Opposition by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III re 32 MOTION to Modify Conditions of Release (Freeny, Kyle) (Entered: 11/05/2017) |
| 11/06/2017 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Bond Review Hearing and Status Conference as to PAUL J. MANAFORT, JR, (1), RICHARD W. GATES, III (2) held on 11/6/2017. Defendant Gates 21 , and Defendant Manafort's 32 Motions to Modify Conditions of Release were Heard and Taken Under Advisement. Another Status Conference is set for 12/11/2017 at 9:30 AM in Courtroom 3 before Judge Amy Berman Jackson. Bond Status of Defendants: Defendant Manafort (1) Remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) remains on Personal Recognizance Bond; Court Reporter: Janice Dickman; Defense Attorneys: 1) Kevin M. Downing and Thomas Edward Zehnle; 2) Shanlon Wu; US Attorneys: Greg Donald Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Officer: Andre Sidbury. (jth) (Entered: 11/06/2017) |
| 11/07/2017 | 37 | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on November 6, 2017; Page Numbers: 1−38. Date of Issuance: November 7, 2017. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. |

| | | |
|---|---|---|
| | | If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 11/28/2017. Redacted Transcript Deadline set for 12/8/2017. Release of Transcript Restriction set for 2/5/2018.(Dickman, Janice) (Entered: 11/07/2017) |
| 11/08/2017 | 38 | ORDER. All interested participants in the matter, including the parties, any potential witnesses, and counsel for the parties and the witnesses, are hereby ORDERED to refrain from making statements to the media or in public settings that pose a substantial likelihood of material prejudice to this case. See Order for details. Signed by Judge Amy Berman Jackson on 11/08/2017. (lcabj3) (Entered: 11/08/2017) |
| 11/08/2017 | 39 | "LEAVE TO FILE DENIED. The Rules of Federal Criminal Procedure Do Not Provide for Intervenor by Third Parties in a Criminal Case" by Signed by Judge Amy Berman Jackson on 11/8/2017− Motion to Intervene as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. (hsj) (Entered: 11/09/2017) |
| 11/08/2017 | 40 | "LEAVE TO FILE DENIED. Motion May Only be Filed by Counsel of Record for the Defendants" Signed by Judge Amy Berman Jackson on 11/8/2017.− Motion to Dismiss Indictment for Insufficient Evidence and Lack of Jurisdiction Fed. R. Crim. Proc. 12(b) and Defense Sentencing Memorandum as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. (hsj) (Entered: 11/09/2017) |
| 11/10/2017 | 44 | Memorandum in Opposition by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III re 41 MOTION to Permit *Defendant Richard W. Gates, III to Leave Home Confinement for Specific Family Activities on Saturday, November 11, 2017 and Sunday, November 12, 2017* (Freeny, Kyle) (Entered: 11/10/2017) |
| 11/14/2017 | 45 | Unopposed MOTION for Protective Order *Governing Discovery* by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. Attachments: # 1 Text of Proposed Order)(Andres, Greg) (Entered: 11/14/2017) |
| 11/15/2017 | 46 | PROTECTIVE ORDER GOVERNING DISCOVERY as to PAUL J. MANAFORT, JR. (1), and RICHARD W. GATES, III (2). Signed by Judge Amy Berman Jackson on 11/14/2017.(jth) (Entered: 11/15/2017) |
| 11/16/2017 | 51 | LEAVE TO FILE DENIED− Notice of Appeal as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. "Pleading submitted by someone who is neither a party to nor counsel of this case" signed by Judge Amy Berman Jackson on 11/16/2017. (zvt) (Entered: 11/16/2017) |
| 11/20/2017 | | MINUTE ORDER as to PAUL J. MANAFORT, JR AND RICHARD W. GATES, III. Any motion seeking release to attend specific events over the Thanksgiving weekend must be filed by 3:00 pm on Tuesday, November 21, 2017. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/20/2017. (lcabj2) (Entered: 11/20/2017) |
| 11/20/2017 | 53 | LEAVE TO FILE DENIED− Notice of Appeal as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. "Mr. Christenson, the movant, is not a party to |

| | | |
|---|---|---|
| | | this case" by Judge Amy B. Jackson on November 20, 2017. This document is unavailable as the Court denied its filing. Signed by Judge Amy Berman Jackson on 11/20/2017. (zvt) (Entered: 11/20/2017) |
| 11/20/2017 | 55 | MOTION to Modify Conditions of Release by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 11/20/2017) |
| 11/21/2017 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. (2). The Court will hold a Hearing on Tuesday, November 21, 2017, at 1:00 PM in Courtroom 3 before Judge Amy Berman Jackson regarding Defendant PAUL J. MANAFORT, JR.'s (2) Motion 55 to Modify Conditions of Release for Thanksgiving Holidays. SO ORDERED. By Judge Amy Berman Jackson on 11/21/2017. (jth) (Entered: 11/21/2017) |
| 11/21/2017 | 57 | NOTICE of Waiver of Appearance by PAUL J. MANAFORT, JR re Order,, Set Deadlines, (Downing, Kevin) (Entered: 11/21/2017) |
| 11/21/2017 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Both Defendants Appearances for this Hearing were Waived. Motion Hearing as to PAUL J. MANAFORT, JR. (1) and RICHARD W. GATES, III (2) held on 11/21/2017 re: Defendant Gates 54 Motion to Modify Conditions of Release for Limited Purposes Over Thanksgiving Holiday, and Defendant Manafort's 55 Motion to Modify Conditions of Release for Thanksgiving Holidays . For the reasons stated on the record in open Court, the defendants 54 55 Motions are Granted, subject to the conditions that by 5:00 PM on Wednesday, November 22, 2017, both defendants have provided the Pretrial Services Agency (PSA) with the exact time and locations of where and when the defendants are going. Neither defendant may consume alcohol at any of these events. It is further ORDERED that Defendant RICHARD W. GATES, III (2) file a response to the governments 52 Motion to Review Representation of Defendant Gates by 12/4/2017. Bond Status of Defendants: Defendant Manafort (1) not present, but Remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) not present, but remains on Personal Recognizance Bond (PR); Court Reporter: Janice Dickman; Defense Attorneys: 1) Kevin M. Downing and Thomas Edward Zehnle; 2) Shanlon Wu; US Attorneys: Greg Donald Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Officer: Andre Sidbury. (jth) (Entered: 11/21/2017) |
| 11/21/2017 | 58 | LEAVE TO FILE DENIED − Motion for Reconsideration as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. (hsj). "Leave to filed DENIED. The Fact that the Court will docket Letters it receives in connection with a criminal sentencing in a case is not a bases to reconsider denying leave to file a motion to intervene in a criminal case." Signed by Judge Amy Berman Jackson on 11/21/2017. Modified fiat on 11/27/2017 (znmw). (Entered: 11/22/2017) |
| 11/21/2017 | 59 | LEAVE TO FILE DENIED − Letter Regarding Motion to Intervene. This document is unavailable as the Court denied its filing. "Leave to filed DENIED." Signed by Judge Amy Berman Jackson on 11/21/2017 as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (hsj). Modified on 11/27/2017 (znmw). (Entered: 11/22/2017) |
| 11/22/2017 | 60 | |

| | | | |
|---|---|---|---|
| | | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on November 21, 2017; Page Numbers: 1−20. Date of Issuance: November 22, 2017. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 12/13/2017. Redacted Transcript Deadline set for 12/23/2017. Release of Transcript Restriction set for 2/20/2018.(Dickman, Janice) (Entered: 11/22/2017) |
| 11/29/2017 | | | MINUTE ORDER. On November 8, 2017, this Court denied a private individual who is neither a party to this case nor counsel of record for any party leave to file a Motion to Intervene in the proceedings, noting that the Federal Rules of Criminal Procedure do not provide for intervention in a criminal case. See Dkt. 39. The would−be intervenor has also attempted to file a Motion to Dismiss Indictment for Insufficient Evidence and Lack of Jurisdiction/Defense Sentencing Memorandum, two notices of appeal, and a motion for reconsideration, see Dkts. 40, 51, 53, and 58, and he has submitted a letter regarding his motion to intervene. Dkt. 59. The Court denied leave to file them all, and the movant appears to be frustrated and disappointed by this decision. The Court recognizes that the movant sincerely believes that he has information to share that bears on this case, and that, understandably, he wishes to be heard. There are many places and means available for a private citizen to express his views about matters of public interest, but the fact is, the Court's docket is not one of them. It is the record of official proceedings related to criminal charges brought by the United States against two individuals who are presumed to be innocent, and for the benefit of all parties concerned and the public, it must be maintained in an orderly fashion and in accordance with court rules. The movant is correct in his assertion that under different circumstances, in civil cases, "friends of the court" may seek permission to file briefs, see Local Civil Rule 7(o), but those circumstances do not pertain here. The movant is also correct in pointing out that in some cases, non−parties submit letters for the Court's consideration at the time of sentencing. It is this Court's practice to docket sentencing materials if and when they are received in any case, but this case is in its early stages, and that practice would not justify granting leave to file the material that has been submitted to date. In sum, the Clerk will be directed not to docket additional pleadings submitted by the would−be intervenor, and if the movant seeks relief from this Court's rulings, he must seek it from the Court of Appeals by filing an appeal of those rulings. Signed by Judge Amy Berman Jackson on 11/29/17. (DMK) (Entered: 11/29/2017) |

| 11/30/2017 | | | MINUTE ORDER granting 64 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. Defendant Manafort is ORDERED to file a redacted version of the 64 sealed motion for leave to file attachments under seal on the docket that redacts any personal identifying information. The Clerk of Court is directed to docket the attachments [64−1] [64−2] to the motion as sealed. The Court notes that it may review this decision or require that a redacted version of the attachments be placed on the public record once it has had the opportunity to review the motion to which the exhibits will be attached. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/30/2017. (lcabj2) (Entered: 11/30/2017) |
| --- | --- | --- | --- |
| 11/30/2017 | 65 | | MOTION for Leave to File *SEALED ATTACHMENTS* by PAUL J. MANAFORT, JR. Attachments: # 1 Exhibit, # 2 Exhibit)(Downing, Kevin) (Entered: 11/30/2017) |
| 11/30/2017 | 66 | | MOTION to Modify Conditions of Release by PAUL J. MANAFORT, JR. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Text of Proposed Order)(Downing, Kevin) (Entered: 11/30/2017) |
| 11/30/2017 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. The government is ORDERED to state its position on defendant's 66 motion in writing. SO ORDERED. Signed by Judge Amy Berman Jackson on 11/30/2017. (lcabj2) (Entered: 11/30/2017) |
| 12/01/2017 | 69 | | MOTION *to Set Schedule for the United States' Response to the Court's November 30, 2017 Minute Order* by USA as to PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 12/01/2017) |
| 12/01/2017 | | | MINUTE ORDER granting 69 Motion to Set Schedule. The government may respond to the Court's order and state its position on defendant Manafort's 66 motion by December 4, 2017. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/1/2017. (lcabj2) (Entered: 12/01/2017) |
| 12/01/2017 | | | Set/Reset Deadlines as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III:Government's response to Court's order and to defendant MANAFORT's motion to modify conditions of release due by 12/4/2017. (tb) (Entered: 12/01/2017) |
| 12/04/2017 | 72 | | MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Declaration in Support of Government's Motion, # 2 Text of Proposed Order, # 3 Certificate of Service)(Weissmann, Andrew) (Entered: 12/04/2017) |
| 12/04/2017 | 73 | | Memorandum in Opposition by USA as to PAUL J. MANAFORT, JR re 66 MOTION to Modify Conditions of Release (Weissmann, Andrew) (Entered: 12/04/2017) |
| 12/04/2017 | | | MINUTE ORDER granting 72 Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. The Clerk of Court is directed to docket the [72−1] attachment to defendant's motion under seal, and is also directed to unseal the 72 motion itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/4/2017. (lcabj2) (Entered: 12/04/2017) |

| 12/04/2017 | 76 | | UNSEALED PURSUANT TO MINUTE ORDER FILED 12/8/2017.....DECLARATION *of Brock W. Domin* re 73 Memorandum in Opposition filed by USA as to PAUL J. MANAFORT, JR. (znmw) Modified on 12/11/2017 (znmw). (Entered: 12/05/2017) |
| 12/05/2017 | | | DISCHARGED PURSUANT TO MINUTE ORDER FILED 12/11/17.....MINUTE ORDER. Defendant Manafort is ordered to show cause by December 7, 2017 why he has not violated the Court's Order 38 dated November 8, 2017. This submission may be combined with any response to the government's memorandum in opposition 73 to defendant's motion to modify conditions of release. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/5/2017. (lcabj2) Modified on 12/11/2017 (jth). (Entered: 12/05/2017) |
| 12/07/2017 | 79 | | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re 66 MOTION to Modify Conditions of Release (Downing, Kevin) (Entered: 12/07/2017) |
| 12/08/2017 | 81 | | STATUS REPORT by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (Freeny, Kyle) (Entered: 12/08/2017) |
| 12/08/2017 | 82 | | MOTION for Leave to File *and Unseal Document Previously Filed Under Seal [17−1]* by USA as to PAUL J. MANAFORT, JR. (Attachments: # 1 Exhibit, # 2 Declaration)(Weissmann, Andrew) (Entered: 12/08/2017) |
| 12/08/2017 | | | MINUTE ORDER granting 82 government's motion for leave to file a response to defendant Manafort's response to the order to show cause and to unseal the declaration of Special Agent Domin. The Clerk is directed to enter the Government's Response to Defendant Manafort's Filing on the Court's Order to Show Cause and its attachments [82−1] [82−2] on the docket. The Clerk is further directed to unseal the Declaration of Special Agent Domin and its accompanying attachments [72−1] and enter them on the public docket. Signed by Judge Amy Berman Jackson on 12/8/17. (DMK) (Entered: 12/08/2017) |
| 12/08/2017 | 83 | | MOTION to Unseal Document re [17−1]by USA as to PAUL J. MANAFORT, JR. (See Docket Entry 82 to view document). (znmw) (Entered: 12/11/2017) |
| 12/08/2017 | 84 | | RESPONSE by USA as to PAUL J. MANAFORT, JR re 79 Reply to opposition to Motion (Attachments: # 1 Declaration)(znmw) (Entered: 12/11/2017) |
| 12/08/2017 | 122 | | ENTERED IN ERROR.....RESPONSE by USA as to PAUL J. MANAFORT, JR re 79 Reply to opposition to Motion, 38 Order. (Attachments: # 1 Supplement Declaration in Support of Government's Opposition to Defendant Paul J. Manafort, Jr.'s Motion to Modify Conditions of Release)(zvt) Modified on 1/3/2018 (zhsj). (Entered: 01/02/2018) |
| 12/08/2017 | 123 | | DECLARATION in Support of Government's Opposition to the Motion of Defendant Paul J. Manafort, Jr.'s Motion to Modify Conditions of Release by USA as to PAUL J. MANAFORT, JR re 66 MOTION to Modify Conditions of Release . (Attachments: # 1 Certificate of Service, # 2 Text of Proposed Order)(zvt) (Entered: 01/02/2018) |
| 12/11/2017 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference as to PAUL J. MANAFORT, JR, (1) held on 12/11/2017. Status Conference and Curcio Hearing as to RICHARD W. GATES, III (2) held on |

| | | |
|---|---|---|
| | | 12/11/2017. The Court finds that Defendant Gates (2) knowingly and voluntarily waives his right to conflict−free representation. The Court's Minute Order filed on 12/5/2017 Directing Defendant Manafort (1) to Show Cause why he has not violated the Court's 38 Order dated 11/8/2017 is DISCHARGED. The Court makes a finding that it is in the Interests of Justice that the time between 12/11/2017 and 1/16/2018 shall be excluded from the Speedy Trial Act calculation. The United States' 19 Motion for Protective Order is GRANTED as Unopposed. In light of the Curcio Hearing held this date as to Defendant Gates (2), the Government's 52 Motion to Review Representation of Defendant Gates is found to be MOOT. Another Status Conference is set for 1/16/2018 at 9:30 AM in Courtroom 3 before Judge Amy Berman Jackson. Bond Status of Defendants: Defendant Manafort (1) Remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) Remains on Personal Recognizance Bond (PR); Court Reporter: Janice Dickman; Defense Attorneys: 1) Kevin Downing and Thomas Edward Zehnle; 2) Shanlon Wu and Walter Mack; US Attorneys: Greg Donald Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Officer: Andre Sidbury. (jth) Modified on 12/11/2017 to add defendant Gates (2) waiver. (jth) (Entered: 12/11/2017) |
| 12/11/2017 | 85 | SUPPLEMENT by PAUL J. MANAFORT, JR re 66 MOTION to Modify Conditions of Release (Attachments: # 1 Supplement)(Downing, Kevin) (Entered: 12/11/2017) |
| 12/11/2017 | 86 | LEAVE TO FILE DENIED− Docket Correction in the Interest of Justice as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. Signed by Judge Amy Berman Jackson on 12/11/2017. (zvt) (Entered: 12/12/2017) |
| 12/11/2017 | 87 | LEAVE TO FILE DENIED− Second/Supplemental/Friend of the Court Brief/Appeal/Memorandum in Support of Motion to Intervene as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. Signed by Judge Amy Berman Jackson on 12/11/2017. (zvt) (Entered: 12/12/2017) |
| 12/12/2017 | 88 | ORDER as to PAUL J. MANAFORT, JR. The United States' 19 Motion for Protective Order is GRANTED as unopposed. See Order for complete details. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/12/2017. (lcabj2) (Entered: 12/12/2017) |
| 12/13/2017 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. Defendant Manafort must inform the Court by December 15, 2017 whether the record to be considered in connection with the pending motion 66 to modify his conditions of release is complete or if he intends to supplement the record with additional proof of the value of the Baxter Street, Fairfax Street, or St. James Drive properties, or with more detail concerning the nature and ownership of the assets listed in the sealed exhibit [64−1], and if so, when. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/13/2017. (lcabj2) (Entered: 12/13/2017) |
| 12/14/2017 | 92 | Second SUPPLEMENT by PAUL J. MANAFORT, JR re 66 MOTION to Modify Conditions of Release *and Document number 85* (Downing, Kevin) Modified on 12/15/2017 (ztnr). (Entered: 12/14/2017) |
| 12/15/2017 | 94 | SUPPLEMENT by PAUL J. MANAFORT, JR re Order,,, Set Deadlines,, (Downing, Kevin) (Entered: 12/15/2017) |

| 12/15/2017 | 95 | | ORDER. Defendant Manafort's Motion to Modify Conditions of Release 66 is hereby GRANTED IN PART AND DENIED IN PART. In light of the Court's ruling on defendant's motion 66 , the motion to modify conditions of release 32 is denied as MOOT. See Order for details. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/15/2017. (lcabj2) (Entered: 12/15/2017) |
| --- | --- | --- | --- |
| 12/18/2017 | 99 | | MOTION to Modify Conditions of Release by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 12/18/2017) |
| 12/18/2017 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. The Court notes that defendant Manafort specifically advised the Court at the hearing on December 11, 2017 that he was seeking release to reside permanently in Florida. The Court worked to issue its order 95 of December 15 to give the family sufficient time to comply with its terms and accomplish the release from home confinement by Christmas. It is somewhat burdensome to the Court and to Pretrial Services for defendant to ask now that a new set of conditions be crafted to accommodate an entirely different arrangement, and the motion seeks more flexibility than will be granted given the fact that the defendant has not yet satisfied the conditions for his release from home confinement. Therefore, the motion will be granted upon the following conditions: defendant must provide the Court with a detailed and complete itinerary, which must include not only the flight schedule, but also the specific dates and times and address for any requested visits to his in−laws' home in East Hampton, and the specific date and time and address of any religious services he seeks to attend on December 24, by noon on December 20, 2017. The itinerary may be filed under seal, and at that time, the Court will issue its order. The order will require that defendant remain at his Bridgehampton home at all other times, and he will continue to be subject to GPS monitoring. There will be no last minute additions to the schedule. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/18/2017. (lcabj2) (Entered: 12/18/2017) |
| 12/20/2017 | | | MINUTE ORDER as to PAUL J. MANAFORT JR. (1). Defendant Manafort's 99 Motion to Modify Conditions of Release for Christmas Holidays, as supplemented by his 103 proposed itinerary, is hereby GRANTED IN PART AND DENIED IN PART. Defendant will be permitted to attend specific events at times and locations to be identified in a sealed order. SO ORDERED. Signed by Judge Amy Berman Jackson on 12/20/2017. (lcabj2) (Entered: 12/20/2017) |
| 12/20/2017 | 134 | | LEAVE TO FILE DENIED by Judge Emmet G. Sullivan on December 20, 2017 and Judge Amy B. Jackson on January 2, 2018 − Docket Correction in the Interest of Justice as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. " This document is unavailable as the Court denied its filing. (zvt) (Entered: 01/05/2018) |
| 12/22/2017 | 112 | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on December 11, 2017; Page Numbers: 1−49. Date of Issuance: December 20, 2017. Court Reporter/Transcriber: Janice Dickman, Telephone number: 202−354−3267, Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the |

| | | |
|---|---|---|
| | | courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 1/12/2018. Redacted Transcript Deadline set for 1/22/2018. Release of Transcript Restriction set for 3/22/2018.(Dickman, Janice) (Entered: 12/22/2017) |
| 12/22/2017 | <u>113</u> | LEAVE TO FILE DENIED "since movant is not a party, movant is hereby deemed to have timely filed a Notice of Appeal of the Courts denial of leave to file his 39 Motion to Intervene and 40 Motion to Dismiss by Judge Amy B. Jackson on December 22, 2017 − Supplemental or Second Notice of Appeal − December 15th, 2017 as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. Signed by Judge Amy Berman Jackson on 12/22/2017. (zvt) Modified on 12/22/2017 (tb). (Entered: 12/22/2017) |
| 01/03/2018 | | NOTICE OF CORRECTED DOCKET ENTRY: as to PAUL J. MANAFORT, JR re <u>122</u> Response to <u>79</u> Reply to opposition to Motion, and <u>38</u> Order was entered in error by the Clerk's Office. Docket entry <u>84</u> is the correct entry. (hsj) (Entered: 01/03/2018) |
| 01/12/2018 | <u>146</u> | STATUS REPORT by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (Freeny, Kyle) (Entered: 01/12/2018) |
| 01/16/2018 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference as to PAUL J. MANAFORT, JR. (1), RICHARD W. GATES, III (2) held on 1/16/2018. The Court's Order to Show Cause as to Defendant Richard W. Gates, III (2) issued on 12/22/2017 is DISCHARGED. The parties shall file a Notice with the Court by 1/19/2018 informing the Court of their position(s) as to whether Defendant MANAFORT'S (1) civil complaint should be transferred to this Court. The Court makes a finding that it is in the Interests of Justice that the time between 1/16/2018 and 2/14/2018 shall be excluded from the Speedy Trial Act calculation (START XT). Defense Motions pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A) or (B) shall be filed by 2/23/2018; Government Responses are due by 3/16/2018; Any Replies are due by 3/30/2018; A Motions Hearing is set for 4/17/2018 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. A further Status Conference is set for 2/14/2018 at 9:30 AM in Courtroom 3 before Judge Amy Berman Jackson. Defendant Gates (2) shall return to Court at 2:00 PM this date to be sworn to his Conditions of Release. Bond Status of Defendants: Defendant Manafort (1) Remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) Remains on Personal Recognizance Bond (PR); Court Reporter: Janice Dickman; Defense Attorneys: 1) Kevin Downing and Thomas Edward Zehnle; 2) Shanlon Wu and Walter Mack; US Attorneys: Greg Donald |

| | | | |
|---|---|---|---|
| | | | Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Officer: Andre Sidbury. (jth) (Entered: 01/16/2018) |
| 01/16/2018 | 150 | | MOTION for Leave to File *Motion Under Seal* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 01/16/2018) |
| 01/17/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT JR. (1). Defendant Manafort's 150 motion for leave to file motion under seal is DENIED without prejudice for failure to comply with Local Criminal Rule 49(f)(6). SO ORDERED. Signed by Judge Amy Berman Jackson on 1/17/2018. (lcabj2) (Entered: 01/17/2018) |
| 01/17/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. In light of the matters discussed at the status conference on January 16, 2018, the Court will defer further communication with counsel concerning a trial date until closer to the next status conference. There is a schedule in place for the filing of motions under Federal Rule of Criminal Procedure 12(b)(3)(A) and (B), and the Court will establish a schedule for the filing of additional pretrial motions, including any motion for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f), motions to suppress statements of evidence pursuant to Federal Rule of Criminal Procedure 12(b)(3)(C), and motions to sever charges or defendants under Federal Rule of Criminal Procedure 12(b)(3)(D) and 14, at this time. Defendants' motions must be filed by April 6, 2018; oppositions are due on April 23, 2018; and replies are due on May 4, 2018. A hearing on the motions is scheduled for May 23, 2018 at 10:00 AM in Courtroom 3 (to be carried over until May 24, 2018 if necessary). The government's notice of its intention to introduce any evidence under Federal Rule of Evidence 404(b) is also due on April 6, 2018; oppositions are due on April 23, 2018; and any reply is due on May 4, 2018. The hearing on this issue is also set for May 23, 2018. Motions in limine to exclude evidence at trial pursuant to the Federal Rules of Evidence will be due approximately 6−8 weeks before trial, and the dates for filing and opposing those motions will be set in connection with the scheduling of the trial, the Pretrial Conference, and the filing of the Joint Pretrial Statement. The parties must notify the Court if they have any objections to this schedule as a whole by January 19, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/17/2018. (lcabj2) (Entered: 01/17/2018) |
| 01/17/2018 | 151 | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson, held on January 16, 2018; Page Numbers: 1−43. Date of Issuance: January 17, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public |

| | | | |
|---|---|---|---|
| | | | via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 2/7/2018. Redacted Transcript Deadline set for 2/17/2018. Release of Transcript Restriction set for 4/17/2018.(Dickman, Janice) (Entered: 01/17/2018) |
| 01/17/2018 | 152 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit)(Downing, Kevin) (Entered: 01/17/2018) |
| 01/17/2018 | | | MINUTE ORDER granting 152 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal [152−2] defendant's motion for reconsideration of conditions of release. The Clerk of Court is also directed to unseal 152 the motion for leave to file under seal. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/17/2018. (lcabj2) (Entered: 01/17/2018) |
| 01/19/2018 | 155 | | MOTION to Modify *the Court's Schedule for Rule 404(b) Notice and Briefing* by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (Attachments: # 1 Text of Proposed Order)(Andres, Greg) (Entered: 01/19/2018) |
| 01/19/2018 | 156 | | NOTICE *on Transfer of Civil Complaint to this Court (Joint)* by USA as to PAUL J. MANAFORT, JR (Weissmann, Andrew) (Entered: 01/19/2018) |
| 01/22/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT JR. (1). The Court held a sealed hearing this date on defendant's 153 Sealed Motion for reconsideration. The matter remains under advisement pending the supplementation of the motion by the defendant. SO ORDERED. By Judge Amy Berman Jackson on 1/22/2018. (jth) (Entered: 01/22/2018) |
| 01/24/2018 | 159 | | MOTION for Leave to File by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Attachment 1 replaced on 1/25/2018) (zvt). (Entered: 01/24/2018) |
| 01/25/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT JR. (1). Defendant Manafort's 159 motion for leave to file an opposition to the government's motion 155 to modify the schedule for Rule 404(b) notice and briefing is DENIED as moot. Neither the Federal Rules of Criminal Procedure nor the Court's Local Rules require a party to file a motion for leave to file an opposition to an opposing party's motion, although the local rules do establish a due date for any opposition. The Court does not intend to rule on the government's motion 155 until that time has elapsed. In addition, in light of any misunderstanding of the terms of the minute order dated January 17, 2018, it is hereby ORDERED that defendants may notify the Court of any objections they have to the schedule established in the order by January 29, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/25/2018. (lcabj2) (Entered: 01/25/2018) |
| 01/25/2018 | 160 | | MOTION to Amend/Correct by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 01/25/2018) |
| 01/25/2018 | | | Set/Reset Deadlines as to PAUL J. MANAFORT, JR: Objections to the schedule established in the Order of 1/17/2018, due by 1/29/2018. (tg) (Entered: 01/25/2018) |

| 01/25/2018 | | | MINUTE ORDER granting 160 Motion to Amend/Correct as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to remove from the public docket the document attached as [159−1] to defendant's 159 motion for leave to file. The Clerk of Court is then directed to file [160−1] in its place as the proposed order to 159 defendant's motion for leave to file. SO ORDERED. Signed by Judge Amy Berman Jackson on 1/25/2018. (lcabj2) (Entered: 01/25/2018) |
| 02/02/2018 | 163 | | Memorandum in Opposition by PAUL J. MANAFORT, JR re 155 MOTION to Modify *the Court's Schedule for Rule 404(b) Notice and Briefing* (Downing, Kevin) (Entered: 02/02/2018) |
| 02/09/2018 | 170 | | MOTION to Permit *FOR PERMISSION TO OBTAIN THE TRANSCRIPT OF THE SEALED HEARING ON JANUARY 22, 2018* by USA as to PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 02/09/2018) |
| 02/09/2018 | 171 | | NOTICE *of Change of Address* by PAUL J. MANAFORT, JR (Downing, Kevin) (Entered: 02/09/2018) |
| 02/09/2018 | 172 | | NOTICE *of Change of Address* by PAUL J. MANAFORT, JR (Downing, Kevin) (Entered: 02/09/2018) |
| 02/09/2018 | | | MINUTE ORDER granting 170 Motion for Permission to Obtain Transcript. The Court reporter may provide the government with a copy of the transcript from the sealed hearing on January 22, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/9/2018. (lcabj2) (Entered: 02/09/2018) |
| 02/09/2018 | 173 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Supplement, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Downing, Kevin) (Entered: 02/09/2018) |
| 02/12/2018 | | | VACATED PURSUANT TO MINUTE ORDER FILED 02/12/18.....MINUTE ORDER. The government must inform the Court of its position on defendant Manafort's 173 motion for leave to file document under seal by February 13, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/12/2018. (lcabj2). Modified on 2/13/2018 (jth). (Entered: 02/12/2018) |
| 02/12/2018 | | | MINUTE ORDER granting 173 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal defendant Manafort's [173−2] supplemental filing to his motion for reconsideration of conditions of release, as well as the attachments to that filing [173−3] [173−4] [173−5] [173−6] [173−7] [173−8]. Defendant Manafort must file a redacted version of his [173−2] supplemental memorandum on the public docket, but financial information and addresses may remain under seal. The Clerk of Court is also directed to unseal the 173 motion for leave to file document under seal itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/12/2018. (lcabj2) (Entered: 02/12/2018) |
| 02/12/2018 | | | MINUTE ORDER. The Minute Order from February 12, 2018 ordering the government to inform the Court of its position on defendant Manafort's 173 motion for leave to file document under seal is hereby VACATED. The government is ORDERED to notify the Court if it has any objection to [173−2] |

| | | | |
|---|---|---|---|
| | | | defendant Manafort's supplemental memorandum to his motion for reconsideration of conditions of release by February 13, 2018. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/12/2018. (lcabj2) (Entered: 02/12/2018) |
| 02/13/2018 | 175 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Weissmann, Andrew) (Entered: 02/13/2018) |
| 02/14/2018 | | | MINUTE ORDER granting 175 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal [175−1] the government's response to defendant Manafort's supplemental filing to his motion for reconsideration of conditions of release. The government must file a redacted version of its [175−1] response on the public docket by February 16, 2018, but financial information and addresses may remain under seal. The Clerk of Court is also directed to unseal the 175 motion for leave to file document under seal itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/14/2018. (lcabj2) (Entered: 02/14/2018) |
| 02/14/2018 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Status Conference as to PAUL W. MANAFORT, JR. (1), RICHARD W. GATES, III (2) held on 2/14/2018. Defendant Manafort (1) is directed to file a redacted version of his 174 Supplemental Filing to his Motion for Reconsideration of Conditions of Release by Friday, 2/16/2018. Defendant Manafort's (1) Sealed Motion 153 for Reconsideration of Conditions of Release remains under advisement. Defendant Manafort (1) must supplement the Motion. The 161 Motion to Withdraw as Counsel for Defendant Gates (2) remains under advisement. Defendant Gates is to advise the Court of his position on the Motion by 5:00 PM on Wednesday, 2/21/2018. Bond Status of Defendants: Defendant Manafort (1) Remains in the High Intensity Supervision Program (HISP); Defendant Gates (2) Remains on Personal Recognizance Bond (PR); Court Reporter: Janice Dickman; Defense Attorneys: 1) Kevin Downing and Thomas Edward Zehnle; 2) Shanlon Wu and Walter Mack; US Attorneys: Greg Donald Andres, Andrew Weissmann, Kyle R. Freeny; Pretrial Officers: Shay Holman and Andre Sidbury. (jth) (Entered: 02/14/2018) |
| 02/14/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. (1), RICHARD W. GATES, III (2). The Current Briefing and Hearing schedules that were established at the Status Conference held on 1/16/2018, and in the Minute Order issued on 1/17/2018 are suspended pending further Order of the Court. The government's 155 Motion to Modify the Court's Schedule for Rule 404(b) Notice and Briefing remains under advisement. SO ORDERED. By Judge Amy Berman Jackson on 2/14/2018. (jth) (Entered: 02/14/2018) |
| 02/16/2018 | 179 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Supplement, # 2 Text of Proposed Order)(Downing, Kevin) (Entered: 02/16/2018) |
| 02/16/2018 | 182 | | NOTICE OF REDACTED DOCUMENT *Redacted Version of Supplemental MOTION for Reconsideration of Conditions of Release* by PAUL J. MANAFORT, JR. (Downing, Kevin) (Entered: 02/16/2018) |

| 02/16/2018 | 183 | | NOTICE OF FILING REDACTED DOCUMENT by USA as to PAUL J. MANAFORT, JR as to 175 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) filed by USA (The original PDF Document contained privacy information and was restricted pursuant to the E−Government Act.) (Attachments: # 1 Exhibit)(Freeny, Kyle) (Entered: 02/16/2018) |
|---|---|---|---|
| 02/16/2018 | 201 | | SUPERSEDING INDICTMENT as to PAUL J. MANAFORT, JR (1) count(s) 1s, 2s, 3s, 4s, 5s. (FORFEITURE ALLEGATION) (zvt) (Entered: 02/23/2018) |
| 02/19/2018 | | | MINUTE ORDER granting 179 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal defendant Manafort's [179−1] second supplemental filing to his motion for reconsideration of conditions of release, as well as the attachments to that filing. Defendant Manafort must file a redacted version of his [179−1] second supplemental memorandum on the public docket, but financial information and addresses may remain under seal. The Clerk of Court is also directed to unseal the 179 motion for leave to file document under seal itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/19/2018. (lcabj2) (Entered: 02/19/2018) |
| 02/20/2018 | 185 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Text of Proposed Order, # 3 Certificate of Service)(Weissmann, Andrew) (Entered: 02/20/2018) |
| 02/20/2018 | 186 | | NOTICE OF REDACTED DOCUMENT *Redacted Version of Second Supplemental Memorandum to Motion for Reconsideration of Conditions of Release* by PAUL J. MANAFORT, JR. (Downing, Kevin) (Entered: 02/20/2018) |
| 02/20/2018 | 187 | | MOTION *for Permission to Obtain Sealed Portions of February 14, 2018, Transcript* by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 02/20/2018) |
| 02/20/2018 | | | MINUTE ORDER granting 187 Motion to Obtain Transcript. The Court reporter may provide the government with a copy of the transcript from the hearing on February 14, 2018, with the exception of sealed portions of the transcript that reflect the sealed portion of the hearing related to the Motion to Withdraw as Counsel filed by defendant Gates's counsel, to which the government was not a party. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/20/2018. (lcabj2) (Entered: 02/20/2018) |
| 02/21/2018 | | | MINUTE ORDER granting 185 Sealed Motion for Leave to File Document Under Seal. The Clerk of Court is directed to file under seal the government's [185−1] response to defendant Manafort's second supplemental filing to his motion for reconsideration of conditions of release. The government must file a redacted version of its [185−1] response to defendant's second supplemental memorandum on the public docket, but financial information and addresses may remain under seal. The Clerk of Court is also directed to unseal the 185 motion for leave to file document under seal itself. SO ORDERED. Signed by |

| | | | |
|---|---|---|---|
| | | | Judge Amy Berman Jackson on 2/21/2018. (lcabj2) (Entered: 02/21/2018) |
| 02/22/2018 | | | MINUTE ORDER denying without prejudice 153 defendant Manafort's sealed motion for reconsideration of the conditions of release, which was supported by 174 182 184 186 several supplemental filings. While it remains the Court's ruling that in order to be relieved of the condition of home confinement, defendant may supply either security under 18 U.S.C. § 3142(c)(1)(B)(xi), or a surety under subsection (xii), or a combination of the two as a substitute for the $10 million appearance bond that is now unsecured, the current proposal is unsatisfactory. Subsection (xi) calls for the execution of "an agreement to forfeit... property of sufficient unencumbered value," and it mandates that the Court be provided with information concerning existing encumbrances. Upon review of that information, the Court has determined that in the absence of additional security or assets pledged by a surety, it will not accept as security the Alexandria property that has already been pledged in its entirety as collateral for the loan on the Bridgehampton property. Notwithstanding the information provided to the Court concerning the borrower's understanding of the transaction, none of the loan documents submitted to the Court specifies that the security for the bank loan must be forfeited in any particular order. Defendant remains free to obtain relief from his current conditions of release through compliance with the Court's 95 order dated December 15, 2017, or he may submit another motion seeking modification of that order or proposing a different bond package. To the extent that defendant wishes to offer the Fifth Avenue property as part of the security for the bond in a future pleading, he must supply records from the lender verifying that the mortgage payments are current. SO ORDERED. Signed by Judge Amy Berman Jackson on 2/22/2018. (lcabj2) (Entered: 02/22/2018) |
| 02/22/2018 | 190 | | STATUS REPORT by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III (Attachments: # 1 Exhibit)(Weissmann, Andrew) (Entered: 02/22/2018) |
| 02/22/2018 | 191 | | NOTICE OF FILING REDACTED DOCUMENT by USA as to PAUL J. MANAFORT, JR as to 185 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) filed by USA (The original PDF Document contained privacy information and was restricted pursuant to the E−Government Act.) (Attachments: # 1 Exhibit)(Freeny, Kyle) (Entered: 02/22/2018) |
| 02/23/2018 | 199 | | SEALED MOTION to Unseal Superseding Indictment filed by USA as to PAUL J. MANAFORT, JR.(This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Superseding Indictment)(zvt) (Entered: 02/23/2018) |
| 02/23/2018 | 200 | | ORDER granting 199 Sealed Motion to Unseal Superseding Indictment: It is Further Ordered that a redacted copy of this Superseding Indictment shall be placed on the public docket. (This document is SEALED and only available to authorized persons.) as to PAUL J. MANAFORT JR. (1). Signed by Judge Amy Berman Jackson on 02/23/2018. (zvt) (Entered: 02/23/2018) |
| 02/23/2018 | 202 | | SUPERSEDING INDICTMENT as to PAUL J. MANAFORT, JR (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss. (FORFEITURE ALLEGATION) (zvt) (Entered: 02/23/2018) |

| | | | |
|---|---|---|---|
| 02/24/2018 | 207 | | MOTION *To Modify Conditions of Release for February 26 − 27, 2018* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) Modified to correct pleading title on 2/28/2018 (zvt). (Entered: 02/24/2018) |
| 02/25/2018 | | | MINUTE ORDER PAUL J. MANAFORT JR., (1). Upon consideration of Defendant Manafort's 207 Motion to Travel, it is ORDERED that the [ 207 Motion is GRANTED in accordance with the itinerary and instructions in the sealed Order. SO ORDERED. By Judge Amy Berman Jackson on 2/25/2018. (jth) (Entered: 02/25/2018) |
| 02/25/2018 | | | Set/Reset Hearings as to PAUL J. MANAFORT, JR., (1): An Arraignment and Status Conference are scheduled for Wednesday, February 28, 2018, at 9:30 AM in Courtroom 3 before Judge Amy Berman Jackson. (jth) (Entered: 02/25/2018) |
| 02/28/2018 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Arraignment and Status Conference as to PAUL J. MANAFORT JR. (1) held on 2/28/2018. Plea of Not Guilty entered by PAUL J. MANAFORT, JR. (1) as to Counts 1ss 2ss 3ss 4ss 5ss. Jury Trial set for 9/17/2018 at 9:30 AM; Pretrial Conference set for 9/5/2018 at 9:30 AM. Unless otherwise noted all proceedings will be held in Courtroom 3 before Judge Amy Berman Jackson. Pretrial Motions and Hearing dates will be set in a forthcoming Order. Defendant's Conditions of Release are modified to indicate that defendant now only needs drug tested randomly. Bond Status of Defendant: Defendant Remains in the High Intensity Supervison Program (HISP); Court Reporter: Sara Wick; Defense Attorney: Kevin M. Downing; US Attorneys: Andrew Weissmann, Greg Donald Andres and Kyle Renee Freeny; Pretrial Officer: Andre Sidbury. (jth) (Entered: 02/28/2018) |
| 03/01/2018 | 217 | | SCHEDULING ORDER as to PAUL J. MANAFORT, JR setting schedule for pretrial motions and other pretrial submissions. A single Joint Pretrial Statement shall be filed by August 1, 2018. The pretrial conference will be held on September 5, 2018 at 9:30 a.m. in Courtroom 3. Trial will commence on September 17, 2018 at 9:30 a.m. in Courtroom 3. See Scheduling Order for details. Signed by Judge Amy Berman Jackson on 3/1/18. (DMK) (Entered: 03/01/2018) |
| 03/01/2018 | | | MINUTE ORDER denying as moot 155 the government's motion to modify the schedule for Rule 404(b) notice and briefing in light of the scheduling order 217 entered on this date. Signed by Judge Amy Berman Jackson on 3/1/18. (DMK) (Entered: 03/01/2018) |
| 03/01/2018 | 222 | | MOTION *to Unseal Transcripts* by USA as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (Attachments: # 1 Text of Proposed Order)(Freeny, Kyle) (Entered: 03/01/2018) |
| 03/05/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR and RICHARD W. GATES, III. Defendants shall file notice by March 9, 2018 of any objections to the government's motion to unseal certain transcripts 222 . The Court notes that the motion does not appear to seek the unsealing of portions of transcripts related to defendant Gates's communications with his counsel. Signed by Judge Amy Berman Jackson on 3/5/18. (DMK) (Entered: 03/05/2018) |
| 03/05/2018 | | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines as to Defendants PAUL J. MANAFORT, JR (1), RICHARD W. GATES, III (2): Defendants shall file notice by 3/9/2018 of any objections to the government's motion to unseal certain transcripts. (jth) (Entered: 03/05/2018) |
| 03/08/2018 | 226 | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR., before Judge Amy Berman Jackson, held on 02/28/2018. Page Numbers: 1−14. Date of Issuance: 03/08/2018. Court Reporter/Transcriber: Sara A. Wick, telephone number 202−354−3284, Tape Number: N/A. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 3/29/2018. Redacted Transcript Deadline set for 4/8/2018. Release of Transcript Restriction set for 6/6/2018.(Wick, Sara) (Entered: 03/08/2018) |
| 03/09/2018 | 227 | MOTION Enlargement of Timeto Object re 222 MOTION *to Unseal Transcripts* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 03/09/2018) |
| 03/09/2018 | 228 | MOTION To Obtain Sealed Transcript by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 03/09/2018) |
| 03/11/2018 | | Set/Reset Deadlines/Hearings as to PAUL J. MANAFORT, JR. (1): Any defense Motion to Dismiss pursuant to FRCP 12(b)(3)(A) or (B) must be filed by 3/14/2018, the opposition is due by 3/28/2018, the Reply is due by 4/4/2018, A Hearing on the Motion will be held on 4/19/2018 at 9:30 AM; Other pre−trial motions, including any motion for a bill of particulars under FRCP 7(f), motions to suppress statements or evidence under FRCP 12(b)(3)(C), and motions to sever charges under FRCP 12(b)(3)(D) and 14 must be filed by 4/6/2018, oppositions are due by 4/23/2018, replies are due by 5/4/2018, A Hearing on the motions will be held on 5/23/2018 at 9:30 AM; The Government's Notice of its intention to introduce evidence under Fed. R. Evid. 404(b) must be filed by 6/15/2018, the opposition is due by 6/29/2018, any reply is due by 7/9/2018, A hearing on the motion, if necessary, will be held on 7/24/2018 at 9:30 AM; Motions in Limine on behalf of either party must be filed by 7/9/2018, oppositions are due by 7/23/2018, replies are due by 7/30/2018; On 7/16/2018, the parties must jointly file a list of proposed questions to be included in the written jury questionnaire that indicates: i.) the questions on which the parties agree, and ii.) the questions on which the parties |

| | | |
|---|---|---|
| | | disagree, with specific objections noted below each disputed question and supporting legal authority (if any). The Joint Pretrial Statement is due by 8/1/2018. Exhibit List due in chambers by 8/1/2018; Pretrial Conference set for 9/5/2018 at 9:30 AM; Trial will commence on 9/17/2018 at 9:30 AM. (jth) (Entered: 03/11/2018) |
| 03/12/2018 | | MINUTE ORDER granting 227 Unopposed Motion for Extension of Time as to PAUL J. MANAFORT JR. (1). It is ORDERED that defendant shall file notice of any objections to the government's motion to unseal certain transcripts 222 no later than five days after defendant has received the transcripts. Signed by Judge Amy Berman Jackson on 3/12/18. (DMK) (Entered: 03/12/2018) |
| 03/12/2018 | | MINUTE ORDER granting 228 Unopposed Motion to Obtain Sealed Transcripts as to PAUL J. MANAFORT JR. (1). The Court reporter may provide defendant Manafort with a copy of the transcripts from the hearings of January 16, 2018 and February 14, 2018, with the exception of any sealed portions of the transcripts that reflect the sealed portion of the hearings related to defendant Gates, to which Manafort was not a party. Signed by Judge Amy Berman Jackson on 3/12/18. (DMK) (Entered: 03/12/2018) |
| 03/12/2018 | 229 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Downing, Kevin) (Entered: 03/12/2018) |
| 03/13/2018 | | MINUTE ORDER granting 229 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal exhibits 1 through 10, [229−1] through [229−10], to defendant's motion, and to unseal the motion for leave to file under seal 229 itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 3/13/18. (DMK) (Entered: 03/13/2018) |
| 03/14/2018 | 232 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit A, # 3 Text of Proposed Order)(Andres, Greg) (Entered: 03/14/2018) |
| 03/14/2018 | 233 | NOTICE OF ATTORNEY APPEARANCE: Richard William Westling appearing for PAUL J. MANAFORT, JR (Westling, Richard) (Entered: 03/14/2018) |
| 03/14/2018 | 235 | MOTION to Dismiss Case *Motion to Dismiss the Superseding Indictment* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order Proposed Order)(Downing, Kevin) (Entered: 03/14/2018) |
| 03/14/2018 | 236 | MOTION to Dismiss Count by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 03/14/2018) |
| 03/14/2018 | 237 | MOTION to Dismiss Count *Two of the Superseding Indictment*, MOTION to Strike *the Forfeiture Allegation* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Westling, Richard) (Entered: 03/14/2018) |
| 03/15/2018 | | |

| | | | |
|---|---|---|---|
| | | | MINUTE ORDER granting 232 the government's motion for leave to file document under seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal [232−1] the government's response to Manafort's renewed motion for reconsideration of conditions of release and [232−2] exhibit A to the response. The Clerk of Court is further directed to unseal the motion for leave to file under seal 232 itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 3/15/18. (DMK) (Entered: 03/15/2018) |
| 03/19/2018 | 239 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit)(Downing, Kevin) (Entered: 03/19/2018) |
| 03/21/2018 | 240 | | Unopposed MOTION for Extension of Time to File Response/Reply *to defendant's motions to dismiss* by USA as to PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Weissmann, Andrew) (Entered: 03/21/2018) |
| 03/22/2018 | | | MINUTE ORDER granting 240 Government's Unopposed Motion for Extension of Time to File Responses to motions of PAUL J. MANAFORT JR. (1). It is ORDERED that the government's response to defendant's motion 235 is due by April 2, 2018. It is FURTHER ORDERED that the government's responses to defendant's motions 236 237 are due by April 4, 2018. Given the schedule for trial and other pretrial proceedings, the Court will not grant any further extensions of the briefing schedule for defendant's motions to dismiss, nor will it extend the date of the hearing for these motions.. Signed by Judge Amy Berman Jackson on 3/22/18. (DMK) (Entered: 03/22/2018) |
| 03/22/2018 | 241 | | EMEGENCY MOTION to Intervene Filed on Behalf of All Americans by David Andrew Christenson as to PAUL J. MANAFORT, JR (1), RICHARD W. GATES, III (2). "Leave to file GRANTED" by Judge Amy B. Jackson on March 22, 2018. (zvt) (Entered: 03/23/2018) |
| 03/23/2018 | | | MINUTE ORDER denying 241 Motion motion to intervene as to PAUL J. MANAFORT JR. (1), RICHARD W. GATES III (2). It is ORDERED that the motion to intervene is DENIED because the Federal Rules of Criminal Procedure do not provide for intervention in a criminal case. It is FURTHER ORDERED that no further submissions from movant David Christenson will be docketed in this case. Signed by Judge Amy Berman Jackson on 3/23/18. (DMK) (Entered: 03/23/2018) |
| 03/25/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT JR. (1). It is ORDERED that any reply by defendant Paul J. Manafort Jr. to his 235 Motion to Dismiss is due by 4/9/2018. It is FURTHER ORDERED that any replies by defendant Paul J. Manafort Jr. to his 236 237 Motions to Dismiss are due by 4/11/2018. SO ORDERED. By Judge Amy Berman Jackson on 3/25/2018. (jth) (Entered: 03/25/2018) |
| 03/28/2018 | 242 | | MOTION to Compel *Production of Unredacted Affidavits* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 03/28/2018) |
| 03/29/2018 | 243 | | LEAVE TO FILE DENIED− Writ of Mandamus and Prohibition submitted by David Andrew Christenson as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. This document is unavailable as the Court denied its filing. |

| | | |
|---|---|---|
| | | "Leave to file DENIED" and Signed by Judge Amy Berman Jackson on 03/29/2018. (zvt) Modified on 4/4/2018 to reflect that the document was submitted by David Andrew Christenson. (jth). (Entered: 03/30/2018) |
| 04/02/2018 | 244 | RESPONSE by USA as to PAUL J. MANAFORT, JR re 235 MOTION to Dismiss the Superseding Indictment *Motion to Dismiss the Superseding Indictment* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Weissmann, Andrew) (Entered: 04/02/2018) |
| 04/03/2018 | | MINUTE ORDER granting 239 Defendant's Sealed Motion for Leave to File Documents Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal exhibit 1 [239−1] and exhibit 2 [239−2] to defendant's motion, and to unseal the motion for leave to file under seal 239 itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/3/18. (DMK) (Entered: 04/03/2018) |
| 04/03/2018 | | MINUTE ORDER granting 245 Government's Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The government seeks to file one of the exhibits to its Response to Defendant's Motion to Dismiss the Superseding Indictment under seal, and the Clerk of Court is directed to file under seal 245 the government's motion and the attached material. The Court notes, though, that the government has already filed a public, redacted version of this exhibit to its response at docket entry 244 . SO ORDERED. Signed by Judge Amy Berman Jackson on 4/3/18. (DMK) (Entered: 04/03/2018) |
| 04/03/2018 | 252 | LEAVE TO FILE DENIED−Addendum One to Writ of Mandamus and Prohibition as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. "Leave to File Denied" by Judge Amy B. Jackson on 4/3/2018. This document is unavailable as the Court denied its filing. Signed by Judge Amy Berman Jackson on 4/3/2018. (hsj) (Entered: 04/05/2018) |
| 04/04/2018 | 248 | Unopposed MOTION for Extension of Time to File Response/Reply as to 235 MOTION to Dismiss Case *Motion to Dismiss the Superseding Indictment* by PAUL J. MANAFORT, JR as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) Modified on 4/9/2018 (zjth). (Entered: 04/04/2018) |
| 04/04/2018 | | MINUTE ORDER granting 248 Motion for Extension of Time to File Reply as to PAUL J. MANAFORT JR. (1). It is ORDERED that defendant's reply in support of his motion to dismiss 235 is due by 5:00 p.m. on April 12, 2018. Signed by Judge Amy Berman Jackson on 4/4/18. (DMK) (Entered: 04/04/2018) |
| 04/04/2018 | 249 | RESPONSE by USA as to PAUL J. MANAFORT, JR re 236 MOTION to Dismiss Count (Weissmann, Andrew) (Entered: 04/04/2018) |
| 04/04/2018 | 250 | RESPONSE by USA as to PAUL J. MANAFORT, JR re 237 MOTION to Dismiss Count *Two of the Superseding Indictment* MOTION to Strike *the Forfeiture Allegation* (Weissmann, Andrew) (Entered: 04/04/2018) |
| 04/05/2018 | | MINUTE ORDER as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III. Given that the deadline for defendants' notices of any objections they may have to the government's motion to unseal certain transcripts 222 has passed, if defendants do not file notice by April 9, 2018, the Court will rule on the motion |

| | | | |
|---|---|---|---|
| | | | without input from defendants. Signed by Judge Amy Berman Jackson on 4/5/18. (DMK) (Entered: 04/05/2018) |
| 04/05/2018 | 253 | | RESPONSE by USA as to PAUL J. MANAFORT, JR re 242 MOTION to Compel *Production of Unredacted Affidavits* (Attachments: # 1 Exhibit A)(Andres, Greg) (Entered: 04/05/2018) |
| 04/06/2018 | 254 | | NOTICE OF ATTORNEY APPEARANCE Michael Richard Dreeben appearing for USA. (Dreeben, Michael) (Entered: 04/06/2018) |
| 04/06/2018 | 255 | | MOTION for Bill of Particulars by PAUL J. MANAFORT, JR. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Downing, Kevin) (Entered: 04/06/2018) |
| 04/06/2018 | 256 | | MOTION for Extension of Time to *File Motion to Suppress* by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 04/06/2018) |
| 04/06/2018 | 257 | | MOTION to Suppress *Fruits of Search of Storage Unit* by PAUL J. MANAFORT, JR. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Text of Proposed Order)(Downing, Kevin) (Entered: 04/06/2018) |
| 04/06/2018 | 258 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(Downing, Kevin) (Entered: 04/06/2018) |
| 04/09/2018 | 260 | | ORDER (redacted) as to PAUL J. MANAFORT, JR. Upon consideration of defendant's 230 Renewed Motion for Reconsideration of his Conditions of Release, the 238 Government's Opposition, and the materials previously submitted to the Court on this issue, the motion is hereby DENIED without prejudice. (SEE THE ORDER FOR COMPLETE DETAILS). Signed by Judge Amy Berman Jackson on 4/9/18. (DMK) (Entered: 04/09/2018) |
| 04/09/2018 | | | MINUTE ORDER granting 256 Motion for Extension of Time as to PAUL J. MANAFORT JR. (1). It is ORDERED that defendant's motion to suppress the fruits of the search of his residence is due by April 9, 2018. The Court notes that the scheduling order 217 in this case provides that any motion to extend a filing date must be filed at least two business days before the date to be extended. Signed by Judge Amy Berman Jackson on 4/9/18. (DMK) (Entered: 04/09/2018) |
| 04/09/2018 | | | MINUTE ORDER granting 258 Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal exhibit 1 [258−1], exhibit 2 [258−2], and exhibit 3 [258−3] to defendant's motion, and to unseal the motion for leave to file under seal 258 itself. Signed by Judge Amy Berman Jackson on 4/9/18. (DMK) (Entered: 04/09/2018) |
| 04/09/2018 | 262 | | RESPONSE by PAUL J. MANAFORT, JR re 222 MOTION *to Unseal Transcripts* (Downing, Kevin) (Entered: 04/09/2018) |
| 04/09/2018 | 263 | | REPLY in Support by USA as to PAUL J. MANAFORT, JR re 222 MOTION *to Unseal Transcripts* (Andres, Greg) (Entered: 04/09/2018) |
| 04/09/2018 | 264 | | |

| | | |
|---|---|---|
| | | MOTION to Suppress *Fruits of Search of Residence* by PAUL J. MANAFORT, JR. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Text of Proposed Order)(Downing, Kevin) (Entered: 04/09/2018) |
| 04/09/2018 | <u>265</u> | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit, # <u>3</u> Text of Proposed Order)(Downing, Kevin) (Entered: 04/09/2018) |
| 04/10/2018 | | MINUTE ORDER granting <u>265</u> Sealed Motion for Leave to File Document Under Seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal exhibit 1 [265−1] and exhibit 2 [265−2] to defendant's motion, and to unseal the motion for leave to file under seal <u>265</u> itself. Signed by Judge Amy Berman Jackson on 4/10/18. (DMK) (Entered: 04/10/2018) |
| 04/10/2018 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. In light of the government's opposition <u>253</u> to defendant's motion to compel <u>242</u> , defendant is ORDERED to advise in his reply brief whether he agrees that the motion is moot with respect to the three affidavits that the government has provided to defendant in their entirety, and whether defendant has objections to the redactions in the revised versions of the other four affidavits the government has provided. Signed by Judge Amy Berman Jackson on 4/10/18. (DMK) (Entered: 04/10/2018) |
| 04/11/2018 | <u>269</u> | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re <u>237</u> MOTION to Dismiss Count *Two of the Superseding Indictment* MOTION to Strike *the Forfeiture Allegation* (Westling, Richard) (Entered: 04/11/2018) |
| 04/11/2018 | <u>270</u> | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re <u>236</u> MOTION to Dismiss Count (Downing, Kevin) (Entered: 04/11/2018) |
| 04/12/2018 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. In light of <u>262</u> defendant's response to the government's motion to unseal transcripts and the government's reply <u>263</u> , it is ORDERED that the government provide defendant by April 16, 2018 with the sealed portion of the February 14, 2018 transcript from pages 11 though 14. It is FURTHER ORDERED that defendant shall notify the Court by April 17, 2018 whether he has any objections to unsealing that portion of the transcript. Signed by Judge Amy Berman Jackson on 4/12/18. (DMK) (Entered: 04/12/2018) |
| 04/12/2018 | <u>272</u> | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III re <u>235</u> MOTION to Dismiss Case *Motion to Dismiss the Superseding Indictment* (Downing, Kevin) (Entered: 04/12/2018) |
| 04/12/2018 | <u>273</u> | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re <u>242</u> MOTION to Compel *Production of Unredacted Affidavits* (Downing, Kevin) (Entered: 04/12/2018) |
| 04/13/2018 | <u>275</u> | NOTICE *REGARDING PORTION OF SEALED TRANSCRIPT OF FEBRUARY 14, 2018 HEARING* by PAUL J. MANAFORT, JR re Order,, (Downing, Kevin) (Entered: 04/13/2018) |
| 04/17/2018 | <u>276</u> | NOTICE OF ATTORNEY APPEARANCE Elizabeth Barchas Prelogar appearing for USA. (Prelogar, Elizabeth) (Entered: 04/17/2018) |

| | | |
|---|---|---|
| 04/17/2018 | | MINUTE ORDER granting 222 Government's Motion to Unseal as to PAUL J. MANAFORT JR. (1), RICHARD W. GATES III (2). In light of 262 275 defendant Paul Manafort's responses to the government's motion and that fact that defendant Richard Gates submitted no response to the motion, it is ORDERED that the transcripts of sidebar discussions that occurred during the status hearings held on January 16, 2018 and February 14, 2018, including the transcript of an ex parte discussion between the Court and the government on February 14, 2018, shall be unsealed. It is FURTHER ORDERED that the transcript of the portion of the February 14, 2018 hearing concerning defendant Manfort's motion to modify his bail conditions shall be unsealed, subject to redaction of defendant's private personal or financial information not already in the public record; and that the defendant shall propose such redactions in a sealed filing to the Court by April 23, 2018. Defendant's sealed filing shall include only the pages from the transcript addressing his bail conditions, underlining the specific text defendant proposes to have remain under seal. Signed by Judge Amy Berman Jackson on 4/17/18. (DMK) (Entered: 04/17/2018) |
| 04/18/2018 | 277 | NOTICE OF ATTORNEY APPEARANCE Adam C. Jed appearing for USA. (Jed, Adam) (Entered: 04/18/2018) |
| 04/19/2018 | | Set/Reset Deadlines as to PAUL J. MANAFORT, JR and RICHARD W. GATES, III: Defendant's propose redactions in a sealed filing to the Court due by 4/23/2017. (tb) (Entered: 04/19/2018) |
| 04/19/2018 | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Motions Hearing as to PAUL J. MANAFORT, JR. (1) held on 4/19/2018 re: Defendant's 235 MOTION to Dismiss the Superseding Indictment, 236 MOTION to Dismiss Count 4 or 5, 237 MOTION to Dismiss Count Two of the Superseding Indictment and to Strike the Forfeiture Allegation. The Motions 235 236 237 were Heard and Taken Under Advisement. Bond Status of Defendant: Defendant Remains in the High Intensity Supervision Program (HISP); Court Reporter: Janice Dickman; Defense Attorneys: Kevin M. Downing, Thomas Edward Zehnle and Richard William Westling; US Attorneys: Andrew Weissmann, Greg Donald Andres, Michael Richard Dreeben, Elizabeth Barchas Prelogar and Adam C. Jed. (jth) (Entered: 04/19/2018) |
| 04/23/2018 | 279 | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on January 16, 2018; Page Numbers: 1−43. Date of Issuance: April 18, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the |

| | | |
|---|---|---|
| | | five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/14/2018. Redacted Transcript Deadline set for 5/24/2018. Release of Transcript Restriction set for 7/22/2018.(Dickman, Janice) (Entered: 04/23/2018) |
| 04/23/2018 | 280 | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on February 14, 2018; Page Numbers: 1−72. Date of Issuance: April 18, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/14/2018. Redacted Transcript Deadline set for 5/24/2018. Release of Transcript Restriction set for 7/22/2018.(Dickman, Janice) (Entered: 04/23/2018) |
| 04/23/2018 | 281 | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR before Judge Amy Berman Jackson held on April 19, 2018; Page Numbers: 1−108. Date of Issuance: April 23, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 5/14/2018. Redacted Transcript Deadline set for 5/24/2018. Release of Transcript Restriction set for 7/22/2018.(Dickman, Janice) (Entered: 04/23/2018) |
| 04/23/2018 | 282 | RESPONSE by USA as to PAUL J. MANAFORT, JR re 255 MOTION for Bill of Particulars (Weissmann, Andrew) (Entered: 04/23/2018) |
| 04/23/2018 | 283 | Memorandum in Opposition by USA as to PAUL J. MANAFORT, JR re 257 MOTION to Suppress *Fruits of Search of Storage Unit* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Weissmann, Andrew) Modified event title on 4/24/2018 (zvt). (Entered: 04/23/2018) |

| 04/23/2018 | 284 | | Memorandum in Opposition by USA as to PAUL J. MANAFORT, JR re 264 MOTION to Suppress *Fruits of Search of Residence [Redacted]* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Weissmann, Andrew) (Entered: 04/23/2018) |
|---|---|---|---|
| 04/23/2018 | 285 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service, # 3 Exhibit Memorandum in Opposition, # 4 Affidavit)(Weissmann, Andrew) (Entered: 04/23/2018) |
| 04/24/2018 | | | MINUTE ORDER granting 285 Government's Sealed Motion for Leave to File Documents Under Seal. The Clerk of Court is directed to file under seal [285−3] the government's memorandum in opposition to defendant's motion to suppress evidence obtained from his residence and [285−4] the attached exhibit. The Clerk of Court is further directed to unseal the motion for leave to file under seal 285 itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 4/24/18. (DMK) (Entered: 04/24/2018) |
| 05/04/2018 | 287 | | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re 257 MOTION to Suppress *Fruits of Search of Storage Unit* (Downing, Kevin) (Entered: 05/04/2018) |
| 05/04/2018 | 288 | | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re 255 MOTION for Bill of Particulars (Downing, Kevin) (Entered: 05/04/2018) |
| 05/04/2018 | 289 | | REPLY TO OPPOSITION to Motion by PAUL J. MANAFORT, JR re 264 MOTION to Suppress *Fruits of Search of Residence* (Downing, Kevin) (Entered: 05/04/2018) |
| 05/09/2018 | 291 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Zehnle, Thomas) (Entered: 05/09/2018) |
| 05/10/2018 | | | MINUTE ORDER granting 291 sealed motion for leave to file documents under seal as to PAUL J. MANAFORT JR. (1). The Clerk of Court is directed to file under seal [291−2] Defendant's Motion for Reconsideration of Conditions of Release and [291−3] through [291−5] Exhibits A through C to the Motion for Reconsideration. The Clerk of Court is further directed to unseal the motion for leave to file under seal 291 itself. Signed by Judge Amy Berman Jackson on 5/10/18. (DMK) (Entered: 05/10/2018) |
| 05/10/2018 | 294 | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR, RICHARD W. GATES, III before Judge Amy Berman Jackson held on 4/23/2018; Page Numbers: 1−72. Date of Issuance:2/22/2018. Court Reporter/Transcriber Janice E. Dickman, Telephone number (202) 354−3267, Transcripts may be ordered by submitting the Transcript Order Form <br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public term inal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/31/2018. Redacted Transcript Deadline set for 6/10/2018. Release of Transcript Restriction set for 8/8/2018.(hsj) (Entered: 05/11/2018) |
| 05/11/2018 | 293 | MOTION to Modify Conditions of Release by PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order)(Downing, Kevin) (Entered: 05/11/2018) |
| 05/14/2018 | 295 | ORDER that Defendant Paul J. Manafort's 293 Motion to Temporarily Modify Conditions of Release to Attend his Grandson's Baptism and related family reception on May 19, 2018 from 9:00 a.m. to 5:00 p.m. is GRANTED. Signed by Judge Amy Berman Jackson on 5/14/2018. (jth) (Entered: 05/14/2018) |
| 05/15/2018 | 298 | MEMORANDUM OPINION AND ORDER as to PAUL J. MANAFORT, JR denying Motion to Dismiss Superseding Indictment 235 . See Memorandum Opinion and Order for details. Signed by Judge Amy Berman Jackson on 5/15/18. (DMK) (Entered: 05/15/2018) |
| 05/15/2018 | 299 | NOTICE OF ATTORNEY APPEARANCE Scott A.C. Meisler appearing for USA. (Meisler, Scott) (Entered: 05/15/2018) |
| 05/16/2018 | 300 | ORDER as to PAUL J. MANAFORT, JR correcting clerical error to revise the phrase "Code of Federal Register" on page 26 of the Memorandum Opinion and Order 298 to: "Code of Federal Regulations." A corrected Memorandum Opinion and Order will be docketed on this date. All other aspects of the Memorandum Opinion and Order entered on May 15, 2018 remain unchanged. See Order for details. Signed by Judge Amy Berman Jackson on 5/16/18. (DMK) (Entered: 05/16/2018) |
| 05/16/2018 | 301 | AMENDED MEMORANDUM OPINION AND ORDER as to PAUL J. MANAFORT, JR denying Motion to Dismiss Superseding Indictment 235 , amended to reflect correction in Order 300 . Signed by Judge Amy Berman Jackson on 5/16/18. (DMK) (Entered: 05/16/2018) |
| 05/17/2018 | 304 | RESPONSE by USA as to PAUL J. MANAFORT, JR re 291 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Andres, Greg) (Entered: 05/17/2018) |
| 05/18/2018 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. In light of the parties' briefs on defendant's motion to compel production of unredacted affidavits 242 , the government is ORDERED to produce the four affidavits that remain in dispute to chambers for in camera review by 10:00 a.m. Monday, May 21, 2018. The government should identify the material it seeks to keep redacted by highlighting or bracketing the redacted portions on the copies provided to the Court. In light of the parties' briefs on defendant's motions to suppress, it is FURTHER ORDERED that the agent who signed the affidavit in support of the search warrant for the storage unit [257−1] must be present and available to |

| | | | |
|---|---|---|---|
| | | | testify, if necessary, at the hearing scheduled for May 23, 2018. Signed by Judge Amy Berman Jackson on 5/18/18. (DMK) (Entered: 05/18/2018) |
| 05/18/2018 | | | Set/Reset Deadline as to PAUL J. MANAFORT, JR. (1): The Government's in camera submission is due by 10:00 a.m. Monday, May 21, 2018. (jth) (Entered: 05/18/2018) |
| 05/18/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. In light of the government's response 304 to defendant's renewed motion to modify his conditions of release, the government is ORDERED to conduct any interviews it deems necessary with property owners agreeing to post bond and file by May 25, 2018 a supplement to its response informing the Court whether it has any objections to the posting of the Washington property. It is FURTHER ORDERED that defendant shall file by May 25, 2018 its reply to the government's proposal concerning the pledging of both the New York and Washington properties. Finally, the Court notes that it is inclined to continue the monitoring it put in place prior to the arraignment established in the Eastern District of Virginia; however, it is ORDERED that the Pretrial Services Agency for the District of Columbia must confer with the Pretrial Services Agency for the Eastern District of Virginia and inform the Court by May 25, 2018 of the agencies' joint or individual positions on whether the defendant may be monitored with one device, and if so, which one. Signed by Judge Amy Berman Jackson on 5/18/18. (DMK) (Entered: 05/18/2018) |
| 05/23/2018 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson: Motion Hearing as to PAUL J. MANAFORT, JR. (1) held on 5/23/2018 re: 242 Motion to Compel Production of Unredacted Affidavits; 255 Motion for Bill of Particulars; 257 Motion to Suppress (Storage Unit); 264 Motion to Suppress (Residence). The Motions 242 255 257 264 were Heard and Taken Under Advisement. Bond Status of Defendant: Defendant Remains in the High Intensity Supervision Program (HISP); Court Reporter: Janice Dickman; Defense Attorneys: Kevin M. Downing, Thomas E. Zehnle and Richard W. Westling; US Attorneys: Andrew Weissmann, Greg Andres and Scott Meisler. (jth) (Entered: 05/23/2018) |
| 05/24/2018 | 305 | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR before Judge Amy Berman Jackson held on May 23, 2018; Page Numbers: 1−102. Date of Issuance: May 24, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 6/14/2018. Redacted Transcript Deadline set for 6/24/2018. Release of Transcript Restriction set for 8/22/2018.(Dickman, Janice) (Entered: |

| | | | |
|---|---|---|---|
| | | | 05/24/2018) |
| 05/25/2018 | 307 | | MEMORANDUM OPINION AND ORDER as to PAUL J. MANAFORT, JR denying Defendant's Motion to Dismiss One of Two Multiplicitous Counts 236 without prejudice to its being renewed after trial. See Memorandum Opinion and Order for details. Signed by Judge Amy Berman Jackson on 5/25/18. (DMK) Modified on 5/25/2018 (jth). (Entered: 05/25/2018) |
| 05/25/2018 | 308 | | SEALED MOTION for leave to file a supplemental response to defendants motion for reconsideration of conditions of release within ten days and for leave to file documents under seal (EX PARTE) filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D)(Weissmann, Andrew) Modified to only unseal the motion pursuant to order filed 6/13/2018 on 6/13/2018 (zvt). (Entered: 05/25/2018) |
| 05/25/2018 | 309 | | RESPONSE by USA as to PAUL J. MANAFORT, JR *to Court's Minute Order of May 18, 2018* (Weissmann, Andrew) (Entered: 05/25/2018) |
| 05/25/2018 | 310 | | REPLY by PAUL J. MANAFORT, JR *Regarding Special Counsel's Proposal Concerning Pledging Properties* (Downing, Kevin) (Entered: 05/25/2018) |
| 05/29/2018 | 312 | | ORDER denying 242 Motion to Compel as to PAUL J. MANAFORT JR. (1). See Order for details. Signed by Judge Amy Berman Jackson on 5/29/18. (DMK) (Entered: 05/29/2018) |
| 05/31/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. It is ORDERED that the government may file a supplemental response to 291 defendant's renewed motion for reconsideration of conditions of release by June 4, 2018. Signed by Judge Amy Berman Jackson on 5/31/18. (DMK) (Entered: 05/31/2018) |
| 05/31/2018 | | | Set/Reset Deadlines as to PAUL J. MANAFORT, JR (1): The government may file a supplemental response to 291 defendant's renewed motion for reconsideration of conditions of release by 6/4/2018. (jth) (Entered: 05/31/2018) |
| 06/04/2018 | 315 | | MOTION to Revoke *or Revise Defendant Paul J. Manafort, Jr.'s Current Order of Pretrial Release* by USA as to PAUL J. MANAFORT, JR. (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N)(Weissmann, Andrew) (Entered: 06/04/2018) |
| 06/05/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. It is ORDERED that defendant's response to the government's motion to revoke or revise his current order of pretrial release 315 is due by Friday, June 8, 2018. The Court will hold a hearing on the motion at 10:00 AM Friday, June 15, 2018 in Courtroom 3. It is FURTHER ORDERED that the agent who signed the declaration in support of the motion [315−2] and any other witnesses the parties wish to call must be present and available testify at the hearing if necessary. Signed by Judge Amy Berman Jackson on 6/5/18. (DMK) (Entered: 06/05/2018) |
| 06/05/2018 | | | |

| | | |
|---|---|---|
| | | Set/Reset Deadlines/Hearings as to PAUL J. MANAFORT, JR: Defendant's response to the government's motion to revoke or revise his current order of pretrial release 315 is due by 6/8/2018. Motion Hearing scheduled for 6/15/2018, at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. (tg) (Entered: 06/05/2018) |
| 06/06/2018 | 317 | SEALED MOTION to Unseal Partially Certain Proceedings (Ex Parte) filed by USA as to PAUL J. MANAFORT, JR. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Declaration, # 3 Exhibit A, # 4 Exhibit B (Redacted), # 5 Exhibit C, # 6 Exhibit D (Redacted)(Weissmann, Andrew) (Entered: 06/06/2018) |
| 06/08/2018 | 318 | SUPERSEDING INDICTMENT as to PAUL J. MANAFORT, JR (1) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, KONSTANTIN KILIMNIK (3) count(s) 6, 7. (FORFEITURE ALLEGATION) (zvt) (Entered: 06/08/2018) |
| 06/08/2018 | 319 | RESPONSE by PAUL J. MANAFORT, JR re 315 MOTION to Revoke *or Revise Defendant Paul J. Manafort, Jr.'s Current Order of Pretrial Release* (Attachments: # 1 Exhibit)(Downing, Kevin) (Entered: 06/08/2018) |
| 06/11/2018 | | MINUTE ORDER as to PAUL J. MANAFORT, JR. (1). Arraignment on the 318 Superseding Indictment as to Defendant PAUL J. MANAFORT, JR. (1) is set for 6/15/2018 at 10:00 AM in Courtroom 3 before Judge Amy Berman Jackson. SO ORDERED. By Judge Amy Berman Jackson on 6/11/2018. (jth) (Entered: 06/11/2018) |
| 06/12/2018 | 321 | ORDER granting in part and denying in part as moot 255 Motion for Bill of Particulars as to PAUL J. MANAFORT JR. (1) for the reasons stated in the order. It is ORDERED that the government must inform the defense by Friday, June 15, 2018 of the identity of any individuals or entities alleged to be the "others, including former senior foreign politicians" whom Manafort "caused and aided and abetted" to act as foreign agents without registering, and it must file a notice on the docket informing the Court that it has done so. See Order for details.SO ORDERED. Signed by Judge Amy Berman Jackson on 6/12/18. (DMK) (Entered: 06/12/2018) |
| 06/12/2018 | 322 | REPLY in Support by USA as to PAUL J. MANAFORT, JR re 315 MOTION to Revoke *or Revise Defendant Paul J. Manafort, Jr.'s Current Order of Pretrial Release* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Weissmann, Andrew) (Entered: 06/12/2018) |
| 06/13/2018 | 323 | ORDER as to PAUL J. MANAFORT JR. (1). Pending before the Court is the government's ex parte sealed Motion to Unseal Partially Certain Pleadings [Dkt. #317], which seeks to partially unseal its May 25, 2018 motion [Dkt. #308] for leave to file a supplemental response to defendant Paul J. Manafort, Jr.'s motion for reconsideration of his conditions of release. Upon review of the motion, it is ORDERED that the motion is GRANTED. The Clerk of Court is directed to file on the public docket the government's May 25, 2018 motion [Dkt. #308] and the redacted versions of the exhibits to that motion [Dkt. #317−2 through 317−6]. The Clerk of Court is further directed to unseal government's June 6, 2018 ex parte motion [Dkt. #317] itself. SO ORDERED. Signed by Judge Amy Berman Jackson on 6/12/2018. (jth) (Entered: 06/13/2018) |
| 06/13/2018 | 325 | |

| | | | |
|---|---|---|---|
| | | | MOTION for Leave to File Supplemental Response Under Seal by USA as to PAUL J. MANAFORT, JR. (1). (Attachments: # 1 Declaration, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D) (zvt) (Entered: 06/13/2018) |
| 06/13/2018 | 326 | | NOTICE *in Response to the Court's Order of June 12, 2018* by USA as to PAUL J. MANAFORT, JR re 321 Order on Motion for Bill of Particulars,,, Set/Reset Deadlines,, (Weissmann, Andrew) (Entered: 06/13/2018) |
| 06/13/2018 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to PAUL J. MANAFORT, JR re 324 MOTION for Leave to File was entered in error by the Clerk's Office and said pleading was refiled. (zvt) (Entered: 06/18/2018) |
| 06/15/2018 | | | Minute Entry for proceedings held before Judge Amy Berman Jackson on 6/15/2018: Arraignment as to PAUL J. MANAFORT JR. (1) as to Counts: 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss; Plea of Not Guilty Entered as to Counts: 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss. Motion Hearing as to PAUL J. MANAFORT, JR. (1) held on 6/15/2018 re: 292 Defendant's Motion for Reconsideration of Conditions of Release, and the Government's 315 Motion to Revoke or Revise Defendant Paul J. Manafort, Jr.'s Current Order of Pretrial Release. For the Reasons stated on the Record in open Court, Defendant's 292 Motion is DENIED as MOOT and the Government's 315 Motion is GRANTED. The Defendant shall be detained pending trial as of today. A written order shall be issued by the Court. Oral Motion to Stay pending Appeal was Heard and Denied. Bond Status of Defendant: Defendant Committed/Commitment Issued; Court Reporter: Janice Dickman; Defense Attorneys: Kevin M. Downing, Thomas Edward Zehnle and Richard William Westling; US Attorneys: Andrew Weissmann, Greg Donald Andres and Scott A.C. Meisler; Pretrial Officer: Takeysha Robinson;(jth) (Entered: 06/15/2018) |
| 06/15/2018 | 327 | | NOTICE *Of Intent To Introduce Other Acts Evidence That Is Intrinsic To Charged Crimes Or Admissible Under Federal Rule Of Evidence 404(b)* by USA as to PAUL J. MANAFORT, JR (Weissmann, Andrew) (Entered: 06/15/2018) |
| 06/15/2018 | 328 | 45 | DETENTION ORDER as to PAUL J. MANAFORT, JR. Signed by Judge Amy Berman Jackson on 6/15/18. (DMK) (Entered: 06/15/2018) |
| 06/15/2018 | 329 | | TRANSCRIPT OF PROCEEDINGS in case as to PAUL J. MANAFORT, JR before Judge Amy Berman Jackson held on June 15, 2018; Page Numbers: 1−53. Date of Issuance: June 15, 2018. Court Reporter/Transcriber Janice Dickman, Telephone number 202−354−3267, Transcripts may be ordered by submitting the <a href="http://www.dcd.uscourts.gov/node/110">Transcript Order Form</a><P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 7/6/2018. Redacted Transcript Deadline set for 7/16/2018. Release of |

| | | | |
|---|---|---|---|
| | | | Transcript Restriction set for 9/13/2018.(Dickman, Janice) (Entered: 06/15/2018) |
| 06/21/2018 | 332 | | MEMORANDUM OPINION AND ORDER as to PAUL J. MANAFORT, JR denying 257 defendant's motion to suppress the evidence obtained from the search of the storage unit. See Memorandum Opinion and Order for details. Signed by Judge Amy Berman Jackson on 6/21/18. (DMK) (Entered: 06/21/2018) |
| 06/21/2018 | | | MINUTE ORDER as to PAUL J. MANAFORT, JR. In connection with the detention order issued by this Court on June 15, 2018 remanding the defendant to the custody of the Attorney General under 18 U.S.C. section 3148, the Court hereby directs that: 1) the defendant shall be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; 2) the defendant be afforded reasonable opportunity for private consultation with counsel; and 3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding. See 18 USC section 3142(i).Signed by Judge Amy Berman Jackson on 6/21/18. (DMK) (Entered: 06/21/2018) |
| 06/22/2018 | 333 | | MEMORANDUM OPINION AND ORDER as to PAUL J. MANAFORT, JR. denying defendant's motion to dismiss Count Two and to strike the forfeiture allegation 237 . See Memorandum Opinion and Order for details. Signed by Judge Amy Berman Jackson on 6/22/18. (DMK) (Entered: 06/22/2018) |
| 06/25/2018 | 335 | 42 | NOTICE OF APPEAL − Final Judgment by PAUL J. MANAFORT, JR re 328 Order. Filing fee $ 505, receipt number 0090−5552865. Fee Status: Fee Paid. Parties have been notified. (Downing, Kevin) (Entered: 06/25/2018) |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br><br>v. )<br><br>PAUL J. MANAFORT, JR., )<br><br>*Defendant.* ) | Crim. No. 1:17-cr-00201-ABJ<br><br>Judge Amy Berman Jackson |

## **NOTICE OF APPEAL**

Notice is hereby given that, pursuant to 18 U.S.C. § 3145(c), Defendant Paul J. Manafort, Jr. hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from this Court's order in the above-captioned proceeding, entered on the 15th day of June 2018 (Dkt. No. 328), granting the government's motion to revoke Defendant's pretrial release and denying Defendant's motion to stay the order of detention pending appeal, and from all rulings and orders merged therein, and all other underlying or related orders, rulings, and findings.

Dated: June 25, 2018
        Washington, D.C.

Respectfully submitted,

/s/ Kevin M. Downing
Kevin M. Downing
(D.C. Bar #1013984)
601 New Jersey Avenue, N.W.
Suite 620
Washington, D.C. 20001
(202) 754-1992
kevindowning@kdowninglaw.com

/s/ Thomas E. Zehnle
Thomas E. Zehnle
(D.C. Bar #415556)
601 New Jersey Avenue, N.W.
Suite 620
Washington, D.C. 20001
(202) 368-4668
tezehnle@gmail.com

/s/ Richard Westling
Richard Westling
(D.C. Bar #990496)
1227 25th Street, N.W.
Washington, D.C. 20037
(202) 861-1868
rwestling@ebglaw.com

*Counsel for Paul J. Manafort, Jr.*

43

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2018, I electronically filed the foregoing Notice of Appeal with the Clerk of the Court using the Court's CM/ECF system, which will send notice of this filing to all parties.

/s/ Kevin M. Downing
Kevin M. Downing

```
                                         )
UNITED STATES OF AMERICA,                )
                                         )
         v.                              )
                                         )     Crim. Action No. 17-0201-01 (ABJ)
PAUL J. MANAFORT, JR.                    )
                                         )
              Defendant.                 )
                                         )
```

## ORDER OF DETENTION

On May 10, 2018, defendant filed a motion for reconsideration of the conditions of his release pending trial, Def.'s Mot. for Recons. of Conditions of Release [Dkt. # 292] ("Def.'s Recons. Mot."), and on June 4, 2018, the government filed its motion to revoke defendant's current order of pretrial release. Gov't Mot. to Revoke or Revise Def.'s Current Order of Pretrial Release [Dkt. # 315] ("Gov't Mot. to Revoke"). Both motions have been fully briefed, *see* Gov't Resp. to Def.'s Recons. Mot. [Dkt. # 304]; Def.'s Opp. to Gov't Mot. to Revoke [Dkt. # 319] ("Def.'s Opp."); Gov't Reply in Supp. of Gov't Mot. to Revoke [Dkt. # 322] ("Gov't Reply"), and the Court held a hearing on both motions on June 15, 2018.[1] Based upon consideration of the entire record, and for the reasons stated in detail at the hearing, the government's motion was granted. The Court also denied defendant's motion to stay the order of detention pending appeal. Since the Bail Reform Act requires that the grounds for any order of detention be set forth in writing, 18 U.S.C. § 3142(i), the Court will summarize the basis for its order below.

---

[1]     At the hearing, both the prosecution and the defense rested solely on the record, declining to present witnesses in support of their positions on the motions.

## PROCEDURAL HISTORY

On October 30, 2017, defendant was arrested and he appeared before a Magistrate Judge. He was released to the Pretrial Services Agency's High Intensity Supervision Program with an order of permanent home confinement with GPS monitoring, and he signed an unsecured appearance bond in the amount of $10,000,000.00. Order [Dkt. # 9]; Min. Entry (Oct. 30, 2017). He was permitted to attend meetings with his counsel, court appearances, religious services, and medical appointments, and he was warned in writing on the release form: "YOU ARE NOT TO COMMIT ANY CRIMINAL OFFENSE." Order [Dkt. # 9].

Defendant sought relief from those conditions and on November 6, 2017, for the reasons set forth on the record, this Court ruled pursuant to 18 U.S.C. §3142(b) that release on personal recognizance with an unsecured appearance bond, and without GPS monitoring, would not reasonably assure the appearance of the defendant, and that additional conditions were required. Nov. 6, 2017 Tr. [Dkt. # 37]. The safety of the community was not deemed to be a concern at that time. *Id.* The Court announced that in order to be relieved of the condition of home confinement, the defendant would be required to supply either security for the $10 million bond under section 3142(c)(1)(B)(xi) of the Bail Reform Act – that is, property with sufficient unencumbered value to cover the bond, or a surety under subsection (xii), which requires the identification of a person with net worth of sufficient unencumbered value to pay the amount of the bail bond. For a series of reasons that do not bear directly on the order of detention, but that were reviewed during the hearing and are a part of the record, defendant has not yet been relieved of the condition of home detention.

Meanwhile, on November 8, 2017, the Court – with the consent of all of the parties – entered a media communication order in the case. Order [Dkt. # 38]. On November 30, 2017, the defendant submitted a more specific bond proposal, Def.'s Mot. to Modify Conditions of Release

2

[Dkt. # 66], but in response, the prosecution informed the Court of a potential violation of the media communication order involving alleged communication by the defendant with a Russian national regarding the publication of a favorable op-ed piece, which the defendant had edited, on a website in Kiev. *See* Gov't Opp. to Def.'s Mot. to Modify Conditions of Release [Dkt. # 73]; Decl. in Supp. of Gov't Opp. to Def.'s Mot. to Modify Conditions of Release [Dkt. # 76]. The Court issued an order on December 5, 2017 for defendant to show cause why its order had not been violated. Min. Order (Dec. 5, 2017). At a status hearing on December 11, 2017, the Court discharged the order to show cause, but admonished the defendant:

> I do want all the defendants, all of the parties to understand that I am likely to view similar conduct in the future to be an effort to circumvent and evade the requirements of my order as they have been clarified this morning. And I do believe it's fair to consider the facts that I was provided with, like all facts, in connection with my consideration of the bond issue.

Dec. 11, 2017 Tr. [Dkt. # 112] at 12.

After a series of pleadings and hearings over a period of approximately six months related to the generation of an acceptable bond package, *see* Def.'s Mot. to Modify Conditions of Release [Dkt. # 66] (Nov. 30, 2017 proposal of conditions of release that both sides agreed upon); Order [Dkt. # 95] (Dec. 15, 2017 order *granting* the agreed proposal, and ordering defendant to notify the Court once all of the necessary documents had been executed); Min. Entry (Jan. 16, 2018); Jan. 16, 2018 Tr. [Dkt. # 151]; Def.'s Renewed Mot. for Recons. of Conditions of Release [Dkt. # 230] (March 13, 2018 motion proposing a *different* arrangement); Order [Dkt. # 260] (April 9, 2018 order denying March 13 motion without prejudice and setting out exactly which properties would be acceptable for a bond package).

The defendant filed another motion for reduction of bond on May 10, 2018. Def.'s Recons. Mot. The financial details were largely acceptable to the prosecution, *see* Gov't Resp. to Def.'s Recons. Mot., but on May 25, 2018, the Office of Special Counsel advised the Court that it had

3

additional information it planned to present to the Court, and it sought until June 4, 2018 to do so. Gov't Mot. for Leave to File a Suppl. Resp. to Def.'s Recons. Mot. [Dkt. # 308 EX PARTE SEALED] [Dkt. # 325 PUBLIC].[2]  The Court granted the government's request, Min. Order (May 31, 2018), and on June 4, the government filed its motion to revoke the defendant's release, alleging that the defendant had committed the felony offense of tampering with a witness in violation of 18 U.S.C. § 1512 while he was on release.  Gov't Mot. to Revoke.

Subsequently, on June 8, 2018, the grand jury returned a superseding indictment [Dkt. # 318], charging the defendant and a new co-conspirator, Konstantin Kilimnik, with obstruction of justice and conspiracy to obstruct justice in addition to the charges that were already pending.

## FACTUAL BACKGROUND

The allegations that prompted the government's motion arise out of the superseding indictment filed in this case on February 23, 2018.  Superseding Indictment [Dkt. # 202].  That indictment included new charges arising out of the allegations that the defendant had served as an unregistered agent of a foreign government and of foreign political parties, specifically, the Government of Ukraine, the President of Ukraine (Victor Yanukovych), who was President from 2010 to 2014, the Party of Regions (a Ukrainian political party led by Yanukovych), and the Opposition Bloc (a successor to the Party of Regions after Yanukovych fled to Russia in 2014.). *Id.* ¶1.  The superseding indictment included the new allegations that as part of that ongoing effort, the defendant engaged other firms to lobby on behalf of his Ukrainian clients, and that he secretly retained a group of former senior European politicians, referred to as the "Hapsburg Group," to take positions favorable to Ukraine – ostensibly independently, but in fact, as paid lobbyists.  The

---

2       The motion was originally filed ex parte and under seal.  A public version of the sealed filing was entered on the docket on June 13, 2018.

superseding indictment alleged that some of this lobbying took place not just in Europe, but in the United States. *Id.* ¶¶ 29–30. On the date the superseding indictment was returned, the co-defendant in the original indictment, Richard W. Gates III, entered a plea of guilty to conspiring with the defendant and to making a false statement. Plea Agreement [Dkt. # 205].

The material submitted in support of the motion to revoke the defendant's bond alleges that the following events occurred immediately thereafter:

| Date | Dkt. # / Document | Caller / Sender | Recipient | Event |
|---|---|---|---|---|
| Oct. 27, 2017 | Dkt. # 13 Indictment | N/A | N/A | Indictment of Paul J. Manafort, Jr. and Richard W. Gates III |
| Feb. 13, 2018 | *US v. Manafort*, 18-cr-00083 (TSE) ("E.D. Va. Case") Dkt. # 1 Indictment | N/A | N/A | E.D. Va. Indictment of Paul J. Manafort, Jr. |
| Feb. 22, 2018 | E.D. Va. Dkt. # 9 Superseding Indictment | N/A | N/A | E.D. Va. Superseding Indictment of Paul J. Manafort, Jr. |
| Feb. 23, 2018 | Dkt. # 202 Superseding Indictment | N/A | N/A | Superseding Indictment of Paul J. Manafort, Jr. |
| Feb. 23, 2018 | Dkt. # 205 | N/A | N/A | Richard Gates pleads guilty. |
| Feb. 24, 2018 3:51 P.M. (UTC)[3] | Dkt. # 315-2 Decl. of B. Domin ("FBI Aff.") ¶ 14, Ex. N | Manafort | Person D1 | Manafort calls D1[4] on D1's cell phone after superseding indictment is publicly disclosed. Call lasts 1 minute 24 seconds.[5] |

---

3       All references to time come from Ex. N to Gov't Mot. to Revoke [Dkt. # 315-16] ("Ex. N"). UTC stands for Coordinated Universal Time and CEST stands for Central European Summer Time.

4       D1 and D2 are identified in the agent's affidavit as principals of the media relations firm that acted as the intermediary with the Hapsburg Group. FBI Aff. ¶ 3.

5       Counsel for the government proffered at the hearing that counsel for D1 had advised the United States that defendant called D1 and reached him on his cell phone. Defendant told D1 that he needed to give D1 a "heads up" about Hapsburg, and D1 ended the call before Manafort was able to discuss anything further.

| Date | Dkt. # / Document | Caller / Sender | Recipient | Event |
|---|---|---|---|---|
| Feb. 24, 2018 3:53 P.M. (UTC) | FBI Aff. ¶ 14, Ex. N | Manafort | Person D1 | Manafort texts D1 using WhatsApp (encrypted). Message: "This is paul." |
| Feb. 25, 2018 6:41 P.M. (UTC) | FBI Aff. ¶ 14, Ex. N | Manafort | Person D1 | Manafort attempts to call D1 using phone (not encrypted), but phone call does not connect. |
| Feb 26, 2018 11:56 P.M. (UTC) | FBI Aff. ¶ 15 Dkt. # 315-15 (Ex. M) Article | Manafort | Person D1 | Manafort sends D1 a message (encrypted): "http://www.businessinsider.com/former-european-leaders-manafort-hapsburggroup-2018-2?r=UK&IR=T" |
| Feb. 26, 2018 11:57 P.M. (UTC) | FBI Aff. ¶ 15, Ex. N | Manafort | Person D1 | Manafort texts D1 (encrypted). "23:57: We should talk. I have made clear that they worked in Europe." |
| Feb. 27, 2018 11:03 A.M. (UTC) | FBI Aff. ¶ 15, Ex. N | Manafort | Person D1 | Manafort attempts to call D1 using WhatsApp (encrypted). |
| Feb. 27, 2018 11:31 A.M. (UTC) | FBI Aff. ¶ 14, Ex. N | Manafort | Person D1 | Manafort attempts to call D1 using phone (not encrypted), but phone call does not connect. |
| Feb. 28, 2018 | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Person A attempts to contact D2 through WhatsApp (encrypted). **Person A sends four messages**: |
| Feb. 28, 2018 1:49 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 1 (encrypted): "[Person D2], hi! How are you? Hope you are doing fine. ;))" |
| Feb. 28, 2018 1:51 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 2 (encrypted): "My friend P is trying to reach [Person D1] to brief him on what's going on." |
| Feb. 28, 2018 1:51 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 3 (encrypted): "If you have a chance to mention this to [Person D1] - would be great." |

6

| Date | Dkt. # / Document | Caller / Sender | Recipient | Event |
|---|---|---|---|---|
| Feb. 28, 2018 1:53 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 4 (encrypted): "Basically P wants to give him a quick summary that he says to everybody (which is true) that our friends never lobbied in the US, and the purpose of the program was EU" |
| Feb. 28, 2018 | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Person A switches to Telegram, a different encrypted messaging application. **Person A sends five similar messages** to D2. According to the government's Exhibit N, these messages stated: |
| Feb. 28, 2018 6:01 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 1 (encrypted): "Hey, how are you? This is [Person A]." |
| Feb. 28, 2018 6:01 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 2 (encrypted): "Hope you are doing fine." |
| Feb. 28, 2018 6:01 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 3 (encrypted): "My friend P is trying to reach [D1] to brief him on what's going on." |
| Feb. 28, 2018 6:02 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 4 (encrypted): "Basically P wants to give him a quick summary that he says to everybody (which is true) that our friends never lobbied in the US, and the purpose of the program was the EU." |
| Feb. 28, 2018 6:03 A.M. (CEST) | FBI Aff. ¶ 17, Ex. N | Person A | Person D2 | Message 5 (encrypted): "If you have a chance to mention this to [Person D1]. - it would be great. It would be good to get them connected to discuss in person. P is his friend." |

| Date | Dkt. # / Document | Caller / Sender | Recipient | Event |
|---|---|---|---|---|
| Mar. 9, 2018 | E.D. Va. Dkt. # 25 Order | | | The United States District Court for the Eastern District of Virginia entered an order in defendant's pending case there that provided, inter alia, that defendant "must avoid all contact, directly or indirectly, with any person who is a victim or witness in the investigation or prosecution of the defendant." |
| Apr. 4, 2018 | FBI Aff. ¶ 18, Ex. N | Person A | Person D2 | Person A texts D2 through two different encrypted messaging applications: **Person A texts D2 three times:** |
| Apr. 4, 2018 8:53 A.M. (CEST) | FBI Aff. ¶ 18, Ex. N | Person A | Person D2 | Message 1 (encrypted, WhatsApp): "Hey. This is [Person A]. My friend P asked me again to help connect him with [Person D1]. Can you help?" |
| Apr. 4, 2018 8:54 A.M. (CEST) | FBI Aff. ¶ 18, Ex. N | Person A | Person D2 | Message 2 (encrypted, Telegram): "Hey. My friend P has asked me again if there is any way to help connect him through [Person D1]" |
| Apr. 4, 2018 8:54 A.M. (CEST) | FBI Aff. ¶ 18, Ex. N | Person A | Person D2 | Message 3 (encrypted, Telegram): "I tried him [Person D1] on all numbers." |
| Apr. 4, 2018 1:00 P.M. (UTC) | FBI Aff. ¶ 18, Ex. N | Person A | Person D1 | Person A texts (encrypted) D1. Message: "Hi. This is [Person A's first initial]. My friend P is looking for ways to connect to you to pass you several messages. Can we arrange that." |
| Jun. 8, 2018 | Dkt. # 318 | N/A | N/A | Superseding Indictment of Paul J. Manafort, Jr. and Konstantin Kilimnik |

## THE PARTIES' CHARACTERIZATIONS OF THE FACTS

The Office of Special Counsel maintains that the conduct alleged in the indictment adds up to an unlawful five-week campaign to obstruct justice and influence the testimony of a witness that was undertaken while the defendant was on pretrial release in this case.

The defendant disputes the government's characterization of the contacts. First, Manafort takes issue with the notion that he knew that D1 and D2 were "witnesses" when he "reached out," since the defense had not received a definitive witness list by that point.[6] He also questions whether the government had even identified the two as witnesses as of the dates of the contacts. He emphasizes that in any event, he was not under an order issued by *this* Court to avoid contact with witnesses.

More fundamentally, defendant maintains that the contacts do not give rise to an inference that he was advancing a false narrative, because, in fact, the Hapsburg Group's work was confined to Europe and did not involve the United States. In support of that contention, he provides a document, a memorandum describing a July 12, 2012 "Kick off Meeting" of the Hapsburg group that lays out planned work to be done only within the European Union. Ex. A to Def.'s Opp. [Dkt. #319-1]; *see also* Ex. C to Gov't Mot. to Revoke [Dkt. # 315-5] (memorandum from D1 concerning the Hapsburg Group with a European focus). However, the government submitted a series of documents that refer to efforts to be undertaken by the media relations firm within both Europe and the United States, and documents related to plans to introduce at least one Hapsburg Group member to at least one Member of Congress, as well as a document from D2 to D1 describing such a meeting. *See* Ex. 1 to Gov't Reply [Dkt. # 322-1]. The government also attached

---

6      Given the timing and the nature of the communications, this suggestion strains credulity and does little to undermine the government's showing.

to its reply a memorandum from the defendant to "VFY" entitled "Quarterly Report," that updates the recipient on efforts made in connection with the "strategy" in the first quarter of 2013 "to heavily engage with the USG and US Congress." Ex. 2 to Gov't Reply [Dkt. # 322-2]. The document includes an account of work done to "organize[]" and "leverage[]" the visits of Hapsburg Group members to the United States to "make critical in-roads in how policymakers view Ukraine," and it mentions op-ed pieces by Hapsburg Group members placed in U.S. publications as part of "our media outreach and strategy." *Id.*

The defendant also underscores the fact that the overwhelming majority of the contacts that were described in the affidavit in support of the government's motion did not actually establish contact: most were unanswered calls and texts. He points out that of the few that did get through, most said little of substance – P is trying to contact D1 – and that only a few specifically mentioned the location of the Hapsburg Group's work. He also notes that most of the attempts to communicate were alleged to have been made by Kilimnik and not Manafort himself. For all of those reasons, the defense questions the prosecutors' ability to make out elements of the offense.

## FINDINGS

Section 3148 of the Bail Reform Act provides that

> a person charged with violating the condition of release that such person not commit a Federal, State, or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer –
>
> (1) finds that there is –
>
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; . . . [and]
>
> (2) finds that—

55

(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or

(B) the person is unlikely to abide by any condition or combination of conditions of release."

18 U.S.C § 3148(b).  The statute goes on to provide:

> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, *and that the person will abide by such conditions*, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. §3148(b) (emphasis added).

In light of the superseding indictment, the Court does not need to engage in an independent assessment of the weight of the evidence; there has been a finding of probable cause to believe that the defendant committed a felony offense[7] while he was on pretrial release in this case.

Pursuant to section 3148(b), this probable cause finding gives rise to a rebuttable presumption that no condition or combination of conditions will assure that the defendant will not pose a danger to the safety of any other person or the community.

This is true even if the felony is a non-violent felony – the statute does not specify that violence or any other factor must be present.  While there is no D.C. Circuit opinion that addresses the issue directly, other courts have not hesitated to interpret the statute in that manner.  In *United*

---

7    A violation of 18 U.S.C. § 1512 is punishable by a fine or up to twenty years' imprisonment or both, and the penalty for a conviction of conspiracy to commit an offense under that provision is the same.  18 U.S.C, § 1512(b), (k).

*States v. LaFontaine*, 210 F.3d 125 (2d Cir. 2000), which appears to be the precedent that is the most similar to the case at hand, a defendant in a white collar case – who had no prior history of violence – coached a witness by reminding her what to say, but did not threaten or intimidate her. The district court's decision to revoke the defendant's bond was upheld on appeal: "[a]lthough witness tampering that is accomplished by means of violence may seem more egregious, the harm to the integrity of the trial is the same no matter which form the tampering takes." *Id.* at 135. Therefore, the Second Circuit found that even non-threatening witness tampering was sufficiently dangerous to the community to support an order of revocation. *Id.* Also, in *United States v. Bartok*, 472 Fed. Appx. 25 (2d Cir. 2012), the Second Circuit upheld the district court's order of bond revocation based on the defendant's committing perjury: "the law plainly states that the [rebuttable] presumption may be triggered by a probable cause finding as to a defendant's commission of *any* felony, regardless of whether the felony itself involves violence, threats, or other indicia of dangerousness." 472 Fed. Appx. at 29–30 (emphasis in original).

Other circuit court opinions have included similar observations.

- *United States v. Mustachio*, 254 Fed. Appx. 853, 854 (2d Cir. 2007) (where "the post-release criminal conduct . . . involved obstruction of justice through intended destruction of evidence and deceit on the court, defendants can hardly claim that conclusory denials of any intent to jeopardize the safety of others sufficed to refute the presumption in favor of detention").

- *United States v. Mackie*, No. 94-30720, 1995 WL 29300, at *2 (5th Cir. Jan. 13, 1995) (upholding bond revocation where there was probable cause to believe that the defendant induced travel as part of a fraud scheme, a non-violent offense, while on release).

- *United States v. Aron*, 904 F.2d 221, 222–23 (5th Cir. 1990): the witness testified that he felt intimidated by the defendant's visit to his home while the defendant was on release, but the defendant did not threaten him or use violence. The Court of Appeals upheld the trial court's decision to revoke the defendant's bond.

*But see United States v. Gotti,* 794 F.2d 773, 778 (2d Cir. 1986) (revocation based on actual threats to a witness).

District courts, including courts in this district, have applied these principles.

- In *United States v. McDonald*, 238 F. Supp. 2d 182, 186–88 (D.D.C. 2002), the court held that defendants involved in long-term drug dealing should be detained pending trial, even though drug dealing does not impose significant physical danger on the community. While those facts are not particularly apposite, but court did state: "[f]or the purposes of the Bail Reform Act, 'dangerous' does not mean violent: . . . The Committee [on the Judiciary] intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence."

- Similarly, in *United States v. McKethan*, 602 F. Supp. 719, 720–22 (D.D.C. 1985), the defendant's bond was revoked based on the rebuttable presumption (and the defendant's failure to rebut it) when he was arrested for possession of heroin, a non-violent crime, while on pretrial release.

- In *United States v. Gilley*, 771 F. Supp. 2d 1301, 1306 (M.D. Ala. 2011), the district court upheld a magistrate judge's revocation of bond due based on a finding of probable cause to believe that the defendant committed witness tampering by bribing a witness to testify falsely. The court found that pretrial detention was appropriate because any kind of witness tampering affects the "integrity" of the court and invokes the "public concern" of encouraging individuals to serve as witnesses. *Id.* at 1308.

Therefore, the burden has shifted to the defendant to come forward with some evidence to rebut the presumption that he poses a danger to the community.

The D.C. Circuit has not spoken to how the presumption operates in the context of section 3148, but other circuits have found the rebuttable presumption provision in section 3148 to be similar to the one in section 3142(e) that applies during the initial bond determination, and they have held that the section 3148 presumption should be applied in the same manner. *See United States v. Cook,* 880 F.2d 1158, 1162 (10th Cir. 1989). This Court will follow that approach.

Under 18 U.S.C. §3142(e)(3)(B), once a rebuttable presumption has been triggered, "the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis in original); s*ee also United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (the presumptions in § 3142(e) "are 'rebutted' when the defendant meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger

13

the community if released"), quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) ("[A] defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption."), citing *United States v. Matir*, 782 F.2d 1141, 1144 (2d Cir. 1986). While the burden of production may not be heavy, *see United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991), the applicable cases all speak in terms of a defendant's obligation to introduce "evidence."

And, as the court explained in *United States v. Ali*, 793 F. Supp. 2d 386 (D.D.C. 2011), even if the defendant offers evidence to counter the presumption, the presumption does not disappear entirely:

> At oral argument, defendant's counsel posited that the rebuttable presumption functions as a "bursting bubble" that ceases to exist once a defendant produces any credible evidence. Although the D.C. Circuit has not expressly ruled on this issue, circuits that have considered the issue require using the presumption as a factor even after the defendant has produced credible evidence as do judges of this Court.

*Id.* at 388 n.2 (internal citations omitted), citing *United States v. Bess*, 678 F. Supp. 929, 934 (D.D.C. 1988) ("[The presumption] is incorporated into the § 3142(g) factors considered by the court when determining whether conditions of release can be fashioned or whether the defendant must be detained pretrial."); *see also United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely but remains a factor to be considered among those weighed by the district court.'"), quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001); *Portes*, 786 F.2d at 764 ("[U]se of [the word rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead, it remains in the case as an evidentiary finding militating against release, to be weighted along with other evidence relevant to factors listed in § 3142(g)."), quoting *Dominguez*, 783 F.2d at 707.

14

As the U.S. Court of Appeals for the Sixth Circuit has explained:

> The presumption remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial. To rebut the presumption, therefore, a defendant should "present all the special features of his case" that take it outside "the congressional paradigm."

*Stone*, 608 F.3d at 945–46 (internal citations omitted), quoting *United States v. Jessup*, 757 F.2d 378, 387 (1st Cir. 1985).

Following this guidance, the Court notes that while the defendant's presentation consisted largely of argument, he did submit several exhibits in connection with his opposition to the bond review motion. And at the hearing, counsel for the defendant pointed to other factual circumstances, in particular the fact that the defendant was "generally in compliance" with the stringent requirements of his release, including the somewhat onerous obligations imposed by the duplication of GPS monitoring systems and reporting requirements that arose out of his indictment in two jurisdictions. Therefore, given the relatively low threshold for what the defendant must do at this stage, the Court finds that he came forward with some evidence to rebut the presumption.

But it was not a very substantial showing, and it was largely directed towards the question of whether the defendant committed the charged offense, and not whether he posed a danger to the community or he could be trusted to abide by the Court's orders.

In any event, while the presumption operates to shift the burden of production, it does not alter the government's statutory burden of persuasion, which is consistent with the presumption of innocence. *Portes*, 786 F.2d at 764. "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Stone*, 608 F.3d at 946.

15

The Court is well aware of the directive that appears in section 3148 – the section of the statute that addresses violations of release condtions – that "if the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger," and "that the person will abide by such conditions," the judicial officer "shall" treat the person in accordance with the provisions of section 3142. 18 U.S.C. §3148(b)(2)(B). Those provisions require that the judge "shall" order the pretrial release of a person "subject to the least restrictive further condition, or combination of conditions that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. §3142(c)(1)(B). And the law is clear that the Court may not detain the defendant to punish him for the as-yet-unproven allegations of witness tampering.[8]

Here, while the defendant is now subject to additional penalties as a result of the superseding indictment, and the allegations reveal troubling continuing contacts with individuals abroad, it is not of the view that there has been any change in the defendant's risk of flight that warrants detention. The additional charges do not change the calculus much given what the defendant was already facing if he was convicted.

But with respect to the question of whether the defendant poses a danger to the community, the problem for the defendant is two-fold: there is a presumption that has only barely been rebutted that he is a danger, and even if there were appropriate conditions the Court could craft, it finds

---

8       The Court noted at the hearing that now that the government has elected to bring formal charges arising out of these allegations, the defendant will be tried for those allegations in just three months' time, and that if he is convicted, the Court will have the opportunity to vindicate the community's interests by imposing a sanction at that time. But the Court is still faced with the obligation of protecting the community and the administration of justice in the meantime.

16

itself unable to make the statutorily necessary finding that he will abide by those conditions between now and the trial date.

It is true that the statute speaks of a need for detention to ensure that no harm befalls any person or the community, and that no harm to any *person* has been alleged. While the grand jury has found probable cause to believe the defendant has attempted to corruptly persuade people to lie, the record contains no evidence of even a *threat* of harm to any person.

The case involves an alleged threat of harm "to the community." And it does not present what one might consider to be the most typical varieties of harm to the community at large, such as dangerous substances being peddled on the street, or the unlawful possession of firearms.

Instead, the feared harm that was specified in the pleadings in this case is abstract: harm to the administration of justice; harm to the integrity of the courts. But those dangers are entitled to the full protection of the Bail Reform Act. The superseding indictment alleges a corrupt attempt to undermine the integrity and truth of the fact-finding process upon which our system of justice depends. And the prosecution argued quite persuasively at the hearing that the danger is broader than that: it is a danger that the defendant will commit another crime of any nature while he is on release.

This raises the question: what condition or combination of conditions could the Court impose to guard against that possibility? It would be entirely impractical and ineffective to demand the surrender of his cell phone or to disconnect his internet service at home. Not only would this require a level of monitoring by the Pretrial Services Agency in the Eastern District of Virginia that it is not in a position to carry out, but it would be impossible to enforce. Defendant lives with another person, he is permitted to have visitors, and he spends a considerable portion of his time at his lawyers' offices.

17

And the defense did little to inspire the Court's confidence when it insisted at the hearing

that the defendant complied with the Court's requirements – when they were "abundantly clear,"

or when they were "clear and unambiguous." In the Court's view, the broad prohibition contained

in the order entered by the United States District Court for the Eastern District of Virginia on

Marcy 9, 2018 is clear and unambiguous:

> Defendant must avoid all contact, directly or indirectly, with any person
> who is a victim or witness in the investigation or prosecution of the
> defendant.

*United States v. Paul J. Manafort, Jr.*, 18-cr-00083 (TSE) [Dkt. # 25] ¶ (viii). The Court is very

troubled by the evidence that the contacts allegedly made on the defendant's behalf by Kilimnik

continued after the order was entered, and that multiple messages specifically attribute the

re-initiation of the attempts to contact D1 to the defendant. ("My friend P asked me again to help

connect him with [Person D1].") This Court does not have the jurisdiction to sanction a violation

of another Court's order, but it may certainly consider the defendant's adherence to that Court's

admonitions in determining whether it can place its trust in the defendant.

The defendant proposed only one condition that could protect the community, and that was

the issuance of an order that would absolutely be clear enough for him to follow. He emphasized

that he could not possibly know which witnesses to avoid without a list provided by the United

States, and his insistence on this level of specificity, on top of a standard order not to contact

witnesses, or a standard order not to commit another criminal offense, simply highlights why the

Court finds it necessary to conclude under section 3148(b)(2)(A) that there is no condition or

combination of conditions that will suffice in this case. As the Court observed at the conclusion

of the hearing, there is a real risk that the defendant will interpret any list naming certain

individuals as license to contact any other individuals involved in the investigation. The Court

cannot draft an order that is specific enough to cover every possible future violation of the United States Code, and it should not have to.

Given the nature of the allegations in the superseding indictment and the evidence supplied in support of the government's motion, including the number of contacts and attempted contacts, the persistence of the efforts to make contact, the inferences that can be drawn from what was said, and the clear impact the statements had on the recipient, who reported them to the prosecution as an attempt to suborn perjury, FBI Aff. ¶ 19, the Court finds that the presumption has not been overcome, and that there are no conditions that would assure that the defendant will comply with the most fundamental condition of release under the Bail Reform Act: that he not commit a Federal, State, or local crime during the period of release. *See* 18 U.S.C. §3142(b).

Moreover, the Court finds that even if the defendant had offered up some additional practical conditions that could to be layered on top of the terms under which he is already operating, it could not find, as the statute requires that it must, that defendant Manafort would abide by those conditions. *See* 18 U.S.C. §3148(b). The defendant has already experienced some difficulty adhering to this Court's directives and another Court's directives, and his apparent belief that any such directives should be construed as narrowly as possible leaves the Court with the unshakeable impression that he cannot be trusted to comply in the future.

For all of these reasons, and for all of the reasons stated on the record at the hearing, the government's motion to revoke the defendant's bond has been granted, and his motion to reduce the conditions of release is denied as moot.

Amy B Jach

AMY BERMAN JACKSON
United States District Judge

DATE: June 15, 2018