UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., ) | |
| ) | |
| Defendant. ) | |

# DEFENDANT PAUL J. MANAFORT, JR.'S MOTIONS *IN LIMINE*

Paul J. Manafort, Jr., by and through counsel, hereby submits the following motions *in limine* in connection with the jury trial scheduled to commence on September 17, 2018.

## First Motion *In Limine*
**(Preclusion of Evidence or Argument Concerning Mr. Manafort's or the Trump Campaign's Alleged Collusion with the Russian Government)**

The superseding indictment filed on June 8, 2018 (the "Superseding Indictment") charges Mr. Manafort with conspiracy to defraud (Superseding Indictment, Count One); conspiracy to commit money laundering (*id.*, Count Two); acting as an unregistered agent of a foreign principal (*id.*, Count Three), false statements in a document filed with the Department of Justice related to the Foreign Agents Registration Act ("FARA") (*id.*, Count Four), false statements (*id.*, Count Five), obstruction of justice (*id.*, Count Six), and conspiracy to obstruct justice (*id.*, Count Seven). Notably absent from these charges are any allegations related to Mr. Manafort's association with then-presidential candidate Donald J. Trump's campaign and its possible connection to the Russian government, which was the basis for the appointment of the Special Counsel in this case.

**1. Mr. Manafort's role in the Trump campaign and speculation about "collusion" should be precluded by F.R.E. 401 and F.R.E. 402.**

Rule 401 of the Federal Rules of Evidence states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401(a)-(b).  Of course, "[i]rrelevant evidence is not admissible."  Fed. R. Evid. 402.

Here, evidence or argument relating to Mr. Manafort's work for then-candidate Trump's campaign in 2016 or the Special Counsel's investigation of the campaign's alleged collusion with the Russian government is wholly irrelevant to whether Mr. Manafort engaged in the conspiracies charged in the indictment, acted as an unregistered agent, made false statements to the government, or obstructed justice.  Accordingly, any such information would be irrelevant to the facts of Mr. Manafort's case, the nature of the Special Counsel's claims, or Mr. Manafort's defenses to the allegations as set out in the Superseding Indictment.  Therefore, the Special Counsel should be precluded from introducing evidence or advancing arguments at Mr. Manafort's trial related to his work for the Trump campaign or the campaign's alleged associations with the Russian government.

**2. Mr. Manafort's role in the Trump campaign and speculation about "collusion" should be precluded by F.R.E. 403.**

Even if evidence or arguments concerning Mr. Manafort's role in the Trump campaign or the allegations of collusion under investigation by the Special Counsel were relevant, they should nevertheless be precluded by Rule 403 of the Federal Rules of Evidence ("Rule 403").  Under Rule 403, relevant evidence may be excluded at trial "if its probative value is substantially outweighed by a danger of," *inter alia*, "unfair prejudice, confusing the issues, [or] misleading the jury[.]"  Fed. R. Evid. 403.  "[T]he Supreme Court has explained that the term 'unfair prejudice' means 'an

undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Gartmon*, 146 F.3d 1015, 1021 (D.C. Cir. 1998) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)).

As the Court (not to mention the potential jurors in this case and the American public at-large) is aware, the appointment of the Special Counsel to investigate possible collusion between the Trump campaign and the Russian government has been on the front page of most newspapers for over a year and is mentioned each day in hundreds of media outlets, from major network television news broadcasts to political blogs, and has engendered fierce debate around the country. There can be no doubt that the scant probative value of evidence concerning Mr. Manafort's tenure as then-candidate Trump's campaign chairman, or concerning allegations that the campaign colluded with Russian officials, is undoubtedly and substantially outweighed by the risk of unfair prejudice. Specifically, there is a very real risk that the jurors in this case—most of whom likely have strong views about President Trump, or have likely formed strong opinions as to the well-publicized allegations that the campaign colluded with Russian officials—will be unable to separate their opinions and beliefs about those matters from the charges to be tried before them in this case. For these reasons, the Special Counsel should be precluded from offering evidence or advancing arguments concerning Mr. Manafort's role with the Trump campaign or the Special Counsel's investigation into alleged collusion between the campaign and the Russian government.

### Second Motion *In Limine*
**(Preclusion of Evidence or Argument Concerning the Charges Filed Against Mr. Manafort in *United States v. Paul J. Manafort, Jr. et al.*, No. 18-00083, (E.D.V.A.) (TSE))**

As the Court is aware, after the charges against Mr. Manafort were brought in this Court, the Special Counsel brought separate charges against him in the U.S. District Court for the Eastern District of Virginia (the "E.D.V.A. Case"). The E.D.V.A. Case is before Judge T.S. Ellis, III, and

trial is currently scheduled to commence on July 25, 2018.[1]  The most recent indictment in the E.D.V.A. Case alleges that Mr. Manafort failed to file foreign bank account reports, filed false tax returns, and engaged in bank fraud.

   **1. Information about the E.D.V.A. Case is irrelevant to this case.**

As explained above, irrelevant evidence is per se inadmissible.  *See* Fed. R. Evid. 402.  Here, the charges deal mainly with Mr. Manafort's alleged failure to register as an agent of a foreign principal, laundering of the proceeds of his purported FARA violations and making false FARA statements, as well as the recently-added allegations concerning Mr. Manafort's purported attempts to tamper with witnesses.  These charges have no bearing on the charges in the E.D.V.A. Case—*i.e.*, whether Mr. Manafort filed false tax returns, failed to file reports with the Treasury Department, or engaged in bank fraud.  Thus, the charges in the E.D.V.A. Case are irrelevant.  Therefore, the Special Counsel should be precluded from offering evidence or advancing arguments at Mr. Manafort's trial in this case concerning the allegations that the Special Counsel has brought against Mr. Manafort in the E.D.V.A. Case.

   **2. Information about the E.D.V.A. Case should be precluded by F.R.E. 403.**

Even if it were relevant under Rule 404(b), information about the E.D.V.A. Case should be precluded in this case pursuant to Rule 403, because the scant probative value of that information is substantially outweighed by the risk of undue prejudice to Mr. Manafort at trial.  As noted above, in the E.D.V.A. Case Mr. Manafort faces charges unrelated to the charges he faces in this case.  However, there is substantial risk that, if the jury in this case is permitted to hear evidence and arguments concerning the E.D.V.A. Case, at least some jurors will be likely to

---

[1] On July 6, 2018, Mr. Manafort filed a motion to continue the trial in the E.D.V.A. Case until a time following the trial in this case.  The Special Counsel opposes this request.  *See United States v. Paul J. Manafort, Jr.*, No. 18-cr-00083 (TSE) (Doc. 109) (E.D.V.A.).

conclude that a person facing a host of felony accusations in not one but two districts must be guilty of *something* or has a propensity to engage in criminal behavior, despite that fact that Mr. Manafort has pleaded not guilty to all of the charges in the E.D.V.A. Case.

### Third Motion *In Limine*
### (Preclusion of Evidence or Arguments Concerning Mr. Manafort's Remand)

On June 15, 2018, the Court revoked Mr. Manafort's pretrial release order and remanded him to the custody of the U.S. Marshal Service pending trial. As noted above, Rule 403 precludes admission of relevant evidence when its probative value is substantially outweighed by the risk of undue prejudice. Mr. Manafort entered a plea of not guilty to the Special Counsel's new charges of obstruction of justice and intends to vigorously defend himself against the new charges, and all of the charges, in this case. The fact that the Court determined that remand was warranted has no probative value as to whether Mr. Manafort conspired to defraud, conspired to commit money laundering, acted as an unregistered agent of a foreign principal, made false statements related to the Foreign Agents Registration Act, made false statements generally, obstructed justice, or conspired to obstruct justice. But the fact that Mr. Manafort's bail package was revoked and that he was remanded to jail poses a substantial danger of unfair prejudice; specifically, that at least some jurors in this case will be likely to view Mr. Manafort as someone who is already in jail because he must have violated the law[2] and that, therefore, it is more likely that he is guilty of the charges against him in this case. Therefore, the Special Counsel should be precluded from offering evidence or advancing arguments concerning the order of detention in this case.

---

[2] Indeed, even President Trump's response on Twitter to the news of Mr. Manafort's remand observed that Mr. Manafort had received a "tough sentence," incorrectly suggesting that Mr. Manafort had been sentenced for committing a crime.

### Fourth Motion *In Limine*
### (Preclusion of Evidence Obtained from Mr. Manafort's FARA Attorney)

Mr. Manafort anticipates that the Special Counsel will seek to introduce testimony and evidence at trial obtained from one of his attorneys. The attorney, who regularly advises clients on issues relating to registration under FARA, provided Mr. Manafort with FARA related advice and represented him in interactions with the U.S. Department of Justice's FARA office. Mr. Manafort seeks to preclude admission of this evidence, which is privileged attorney-client and work product information.

During the grand jury investigation that led to the pending indictment, the Special Counsel served a grand jury subpoena on Mr. Manafort's FARA attorney. Mr. Manafort asserted privilege and, consistent with professional obligations, the attorney refused to comply. The Special Counsel applied for a compulsion order based upon the crime fraud exception to the attorney-client and work product privileges. The Chief Judge of this Court granted the order finding the crime fraud exception applied. *See In re Grand Jury Investigation*, 2017 U.S. Dist. LEXIS 186420 (DDC Oct. 2, 2017).

The Chief Judge determined the applicability of the crime fraud exception in the context of a grand jury investigation and, as a result, the Special Counsel made its showing through an *ex parte* submission. This procedure prevented Mr. Manafort from having a full opportunity to test the assertions made by the Special Counsel at that time. The Special Counsel has notified defendant that there is no grand jury transcript of the attorney's testimony because the Special Counsel interviewed the attorney outside of the grand jury.[3] To date, the Special Counsel has

---

[3] This procedure is puzzling. The Chief Judge ordered the attorney to answer questions in a compulsion order based upon a grand jury subpoena. Although the order remains sealed – Special

6

refused to provide the memorandum of the attorney witness' interview to defendant.  As a result, Mr. Manafort is unable to determine the exact nature of that testimony and cannot fully brief his objections to its possible introduction at trial.  Mr. Manafort asks the Court to hold a hearing prior to its introduction at trial.  At any hearing, the Court should review of the proffered testimony as part of its determination of whether the crime fraud exception applies.  Mr. Manafort further requests that this review permit the participation of the parties and be conducted in a sealed session until the Court has made a determination about the applicability of the crime fraud exception.

      WHEREFORE, Mr. Manafort respectfully moves the Court to grant the motions *in limine* set out herein.

Dated: July 9, 2018                                          Respectfully submitted,

                                                        /s/

                                              Kevin M. Downing
                                              (D.C. Bar No. 1013984)
                                              Law Office of Kevin M. Downing
                                              601 New Jersey Avenue NW
                                              Suite 620
                                              Washington, DC 20001
                                              (202) 754-1992
                                              kevindowning@kdowninglaw.com

                                                        /s/
                                              Thomas E. Zehnle
                                              (D.C. Bar No. 415556)
                                              Law Office of Thomas E. Zehnle
                                              601 New Jersey Avenue NW
                                              Suite 620
                                              Washington, DC 20001
                                              (202) 368-4668
                                              tezehnle@gmail.com

---

Counsel is in the process of providing a copy to the defendant – the available opinion and past practice would lead one to expect that the compulsion of otherwise privileged testimony required the participation of the grand jury.

 /s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com