# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:18-cr-83 |
| PAUL J. MANAFORT, JR., ) | |
| Defendant. ) | |
| ) | |
| ) | |

### ORDER

On July 6, 2018, defendant filed a motion to continue which detailed the trials and travails of his detention at the Northern Neck Regional Jail:

> U.S. District Judge Amy Berman Jackson remanded Mr. Manafort to custody following his arraignment on a superseding indictment and after a bail revocation hearing. Mr. Manafort was thereafter designated by the U.S. Marshals Service to the Northern Neck Regional Jail in Warsaw, Virginia, pending the trial scheduled in the D.C. Case for September 17, 2018. The Northern Neck Regional Jail is located approximately 100 miles away from Mr. Manafort's attorneys' offices and it generally takes over two hours each way by car for counsel to visit with him. No electronic communication is permitted (e.g., to allow for the transmission of documents for Mr. Manafort to review), and telephonic communication is restricted to ten (10) minutes per call. This unforeseen development has severely impacted the ability of the defense to effectively prepare for the upcoming trial before this Court.
>
> More specifically, Mr. Manafort's current detention has made meetings with his attorneys to prepare his defense far more infrequent and enormously time-consuming compared to when he remained on house arrest and subject to GPS monitoring in Alexandria, Virginia, pursuant to this Court's release order.

Def.'s Mot. to Continue, July 6, 2018. As demonstrated by the above-quoted language, defendant's ongoing detention at Northern Neck was one of the primary grounds for defendant's

motion seeking to continue the July 25th trial date.

Earlier this morning, an order was entered requiring the United States Marshal to transport defendant from Northern Neck to the Alexandria Detention Center to facilitate defendant's pretrial preparation. This Order was intended to eliminate one of the primary concerns in defendant's motion to continue by housing him at a facility near his attorneys and his family.

At 5:00 p.m. this evening, however, defense counsel filed a motion opposing defendant's transfer from Northern Neck to Alexandria, despite having just complained about defendant being housed at Northern Neck.[1] In the motion, defense counsel states that "issues of distance and inconvenience must yield to concerns about [defendant's] safety and, more importantly, the challenges he will face in adjusting to a new place of confinement and the changing circumstances." Def.'s Motion Opposing Transfer, July 10, 2018. However, defense counsel has not identified any general or specific threat to defendant's safety at the Alexandria Detention Center. They have not done so, because the professionals at the Alexandria Detention Center are very familiar with housing high-profile defendants including foreign and domestic terrorists, spies and traitors. All of those defendants were housed safely in Alexandria pending their respective trials and defendant's experience at the Alexandria Detention Center will presumably be no different. Moreover, defendant's access to counsel and his ability to prepare for trial trumps his personal comfort. Additionally, the decision to move the defendant to the Alexandria Detention Center will actually avoid the discomfort of long commutes during trial days.

Accordingly, and for all these reasons,

---

[1] It is surprising and confusing when counsel identifies a problem and then opposes the most logical solution to that problem. The dissonance between defendant's motion to continue and motion opposing transfer to Alexandria Detention Center cannot be easily explained or resolved.

It is hereby **ORDERED** that defendant's motion opposing his transfer to the Alexandria Detention Center (Doc. 116) is **DENIED**.

It is further **ORDERED** that the United States Marshal shall comply with the Court's previous Order directing that defendant be transported from Northern Neck Regional Jail to be housed in the Alexandria Detention Center pending trial.

It is further **ORDERED** that to the extent practically possible, defendant should be permitted to meet and confer with his attorneys at least eight (8) hours per day during the next two (2) weeks leading up to trial.

The Clerk is directed to provide a copy of this Order to all counsel of record.

Alexandria, Virginia
July 10, 2018

/s/
T. S. Ellis, III
United States District Judge