# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PAUL J. MANAFORT, JR.,**<br><br>**Defendant.** | **Crim. No. 1:18-cr-83 (TSE)** |

### GOVERNMENT'S OPPOSITION TO PAUL J. MANAFORT, JR.'S MOTION TO CONTINUE THE TRIAL UNTIL AFTER THE WASHINGTON, D.C. TRIAL

The United States of America, by and through Special Counsel Robert S. Mueller, III, submits this opposition to defendant's motion for a continuance of the trial until a "time convenient to this Court and following the trial currently scheduled in the case against Mr. Manafort pending in the District of Columbia (the "D.C. Case")." Dkt. 110 at 1.[1]

At the initial arraignment on this case on March 2, 2018, the Court scheduled a trial date of July 10, 2018. That date, although outside the Speedy Trial Act 70-day time-frame, was selected after the Court heard from defense counsel regarding the need for additional time to prepare for trial. Dkt. 28. That trial date was later adjourned for two more weeks, from July 10 to July 25. Manafort now seeks to further delay the trial, not for a week or two, but for months.

The ostensible ground for such a lengthy adjournment is that Manafort was remanded in the D.C. Case based on his illegal conduct in tampering with witnesses, and that, as a result of the location and circumstances of his confinement, he cannot adequately prepare between June 15 and

---

[1] Unless otherwise indicated, record references are to the docket entries ("Dkt.") in *United States v. Manafort*, No. 18-cr-83-TSE (E.D. Va.).

1

the July 25 trial date. That ground does not warrant the expansive relief sought, for the following reasons.

First, Manafort had a remedy if he believed that either the location of his incarceration or the conditions under which he could communicate with counsel were impinging on his trial preparation. He chose not to seek such relief: he has never brought to the attention of this Court, the Court overseeing the D.C. Case, the Bureau of Prisons, or the prosecution any claim that he seeks to be housed either closer to Alexandria or Washington, D.C., or that he needs different accommodations in order to prepare for trial.[2] Indeed, on June 21, 2018, the Honorable Amy Berman Jackson issued an Order, *sua sponte*, not at the request of the defense, specifying that "the defendant be afforded reasonable opportunity for private consultation with counsel." Minute Order, *United States v. Manafort*, No. 17-cr-201-1 (ABJ) (D.D.C. June 21, 2018). Neither before nor after that Order has the defense taken any issue with his access to counsel or to material to prepare his defense. The government as early as June 15 (the very day Manafort was remanded) and as recently as Friday July 6, 2018, has offered to assist the defense if they had any concerns regarding where Manafort was detained or his conditions. However, the defense has not brought a single issue to the government's attention, until it received this motion seeking to use his alleged prison conditions as a basis for an adjournment.

In short, Manafort should not be permitted to obtain a two- or three-month continuance based on circumstances he has never challenged or sought relief from, in spite of repeated invitations to do so. Notably, in his submission yesterday, Manafort affirmatively states that he is

---

[2] Further, even as to the remand itself, Manafort did not file a notice of appeal of the remand decision until June 25, ten days after it was entered, and waited 13 days before filing a motion for release pending appeal.

not seeking to change the location in which he is incarcerated, yet he has not withdrawn his motion for a continuance largely predicated on an alleged inability to prepare with counsel. *See* Dkt. 110.

Second, although Manafort's bail status has recently changed, that fact could not have affected his trial preparation with respect to the government discovery and any defense investigation prior to his remand on June 15. Nor are the conditions of his incarceration since June 15, which he has not challenged, more restrictive than for other inmates (and in various ways less restrictive, as noted below), or unduly interfering with his ability to prepare for trial. It is incorrect that Manafort has "very limited access to his attorneys and the records." Dkt. 110 at 6. In fact, Manafort has reported, in a taped prison call, that he has reviewed all discovery: Just days before filing his motion for a continuance, Manafort told the person on the call that, "I've gone through all the discovery now." And he has had extensive access to his counsel and materials: On July 4, 2018, Manafort remarked in a taped prison call that he is able to visit with his lawyers every day, and that he has "all my files like I would at home."

Specifically, contrary to Manafort's assertions about his jail conditions, Manafort is in a private unit in which he can review materials and prepare for trial.[3] Moreover, he is not confined to a cell. Between the hours of 8:30am to 10:00pm, Manafort has access to a separate workroom at the jail to meet with his attorneys and legal team. Visitor logs from the prison indicate that each week Manafort has had multiple visits with his legal team.

---

[3] Among the unique privileges Manafort enjoys at the jail are a private, self-contained living unit, which is larger than other inmates' units, his own bathroom and shower facility, his own personal telephone, and his own workspace to prepare for trial. Manafort is also not required to wear a prison uniform. On the monitored prison phone calls, Manafort has mentioned that he is being treated like a "VIP."

Manafort also has a personal telephone in his unit, which he can use over twelve hours a day to speak with his attorneys.[4] According to prison telephone logs, in the last three weeks Manafort has had over 100 phone calls with his attorneys, and another 200 calls with other persons. Those telephone logs indicate Manafort has spoken to his attorneys every day, and often multiple times a day. Manafort also possesses a personal laptop that he is permitted to use in his unit to review materials and prepare for trial. The jail has made extra accommodations for Manafort's use of the laptop, including providing him an extension cord to ensure the laptop can be used in his unit and not just in the separate workroom.[5]

Third, since June 15, 2018, the government has produced a manageable volume of new documents. As we alerted the defense and Judge Berman Jackson when the issue arose in the D.C. Case, because the government investigation is an ongoing one, inevitably additional documents will be produced to Manafort on a rolling basis as they come in. D.C. Case Bond Hr'g Tr., 6:9-11. Some documents need to first be reviewed by a taint team, to screen for privilege, such as attorney-client and marital privileges, a process that can be time consuming. Further, Manafort has a team of at least four partners on this matter; he is neither *pro se* nor represented by a single attorney with many other responsibilities. Until receipt of this motion, the defense has not complained at any time after the remand decision either to the Courts or to the government about

---

[4] The defense representation that telephonic communication "is restricted to ten (10) minutes per call" is incorrect. Dkt. 110 at 3. Each phone call session is limited to fifteen minutes, but there is no restriction on the number of phone call sessions, meaning that Manafort immediately can reconnect with his attorneys whenever the fifteen minutes expires. For example, according to telephone logs, Manafort has had successive phone call sessions with his attorneys that have lasted over forty minutes. The attorney calls are not monitored.

[5] Although the jail does not allow prisoners to send or receive emails, Manafort appears to have developed a workaround. Manafort has revealed on the monitored phone calls that in order to exchange emails, he reads and composes emails on a second laptop that is shuttled in and out of the facility by his team. When the team takes the laptop from the jail, it reconnects to the internet and Manafort's emails are transmitted.

the ongoing discovery (and had not raised any issues about such discovery since approximately February).

All that being said, the total number of documents produced since June 15 is approximately 32,544, as the attached chart of government productions demonstrates. Ex. A. The vast bulk of that (20,207) are documents from a bookkeeping service (NKSFB) that works for Manafort, who has had access to this material long before the government did. Indeed, over a year ago, the government was negotiating with Manafort's defense counsel to obtain the non-privileged NKSFB documents, so Manafort cannot now plausibly claim he needs more time to review these documents because they were only recently made available to him. As for the documents on the Gates MacBook, there are 8,290 documents; review of that material can be accomplished well in advance of the July 25 trial date and does not warrant a months-long adjournment.

Fourth, one would have thought that if the alleged inability to prepare adequately was animating the motion herein, Manafort would have sought to adjourn both trials, here and the D.C. Case, not just seek to reverse the order of the trials (relief he sought but was denied at the time of his arraignment). Arraignment Tr., 15:25-16:5. After all, given the overlap in subject matter of the two trials, his preparation presumably would be impacted in both cases, not just one. And it is the D.C. Case that has been recently superseded to add two additional charges related to witness tampering. Manafort can hardly now complain about the order of the trials: he was on notice from the Honorable Amy Berman Jackson, when he elected last winter not to have the proposed tax and bank fraud charges all brought in the D.C. Case, that his decision would likely result in his going to trial in Virginia first. D.C. Case Status Hr'g Tr. (Jan. 16, 2018). That other reasons may account for this application is strongly suggested by a prison call in which Manafort discusses going to trial first in the D.C. Case and contends to the listener (who did not believe the D.C. venue was

5

favorable) that the listener should "think about how it'll play elsewhere….There is a strategy to it, even in failure, but there's a hope in it."  Phone Call of Manafort (June 20, 2018), at 4:02-4:39.

Finally, Manafort argues that an adjournment in the Eastern District of Virginia trial is needed to allow "passions to cool."  Dkt. 110 at 5.  He cites no evidence that there are jury pool passions about Manafort that need to cool or that could not be weeded out in the course of thorough jury selection.  *See Skilling v. United States*, 561 U.S. 358, 388 (2010) (lengthy *voir dire*, including questionnaire, secured impartial jurors.)  And even if he had produced evidence of such passions, he has cited no evidence that such passions would cool in the ensuing two months, around election season.  Nor does he explain why the same alleged passions do not exist in the D.C. Case—a venue that presumably Manafort views as akin to the Alexandria venue he seeks to avoid for the reasons articulated in his change of venue motion, i.e., who a proposed juror voted for and exposure to "inside the beltway" media.  *See* Dkt. 107 at 6-7.  Yet Manafort has not made a motion to change venue or adjourn the trial in the D.C. Case, where the deadline for such motions has passed.

## CONCLUSION

For these reasons, the government opposes Manafort's motion for a continuance.

                        Respectfully submitted,

                        ROBERT S. MUELLER, III
                        Special Counsel

Dated: July 11, 2018            */s/ Andrew Weissmann*
                        Andrew Weissmann
Uzo Asonye                      Greg D. Andres
Assistant United States Attorney     Brandon L. Van Grack
Eastern District of Virginia          Special Assistant United States Attorneys
                        Special Counsel's Office

                        U.S. Department of Justice
                        950 Pennsylvania Avenue NW
                        Washington, D.C. 20530
                        Telephone: (202) 616-0800

                        *Attorneys for United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2018, I will cause to be filed electronically the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas E. Zehnle (VA Bar No. 27755)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
tezehnle@gmail.com

Jay R. Nanavati (VA Bar No. 44391)
Kostelanetz & Fink LLP
601 New Jersey Avenue, N.W., Suite 620
Washington, D.C. 20001
jnanavati@kflaw.com

/s/ Andrew Weissmann
Andrew Weissmann
Special Assistant United States Attorney
Senior Assistant Special Counsel
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue N.W.
Washington, D.C. 20530
Telephone: (202) 616-0800
Fax: None
E-mail: AAW@usdoj.gov

*Attorney for the United States of America*

8

## ATTACHMENT A

| Date of Production | Document Description | Document Total |
|---|---|---|
| 06/20/18 | Records from vendor | 1 |
| | Property-related records | 1 |
| | Documents related to FARA charges | 483 |
| | Imaged documents from Rick Gates's personal devices | N/A |
| | Financial records | 1 |
| | Government investigative records | 1 |
| 07/02/18 | Imaged documents from Rick Gates's personal laptop | 8,290 |
| | Bank records | 21 |
| | Bank records | 14 |
| | Bank records | 30 |
| | Secretary of State corporate records | 7 |
| | Bank records | 70 |
| | Bank records | 74 |
| | Bank records | 4 |
| | Financial records | 1 |
| | Bank records | 6 |
| 07/06/18 | Defendant's personal financial records (NKSFB) | 20,207 |
| | Documents related to FARA charges | 1 |
| 07/09/18 | Audio recordings of defendant Manafort's phone calls | 53 |
| 07/10/18 | Bank records | 271 |
| | Records from vendor | 1 |
| | Secretary of State corporate records | 32 |
| | Financial records | 3 |
| | Bank records | 1 |
| | Tax records | 2 |
| | Documents related to DMP International LLC | 2,968 |
| | Records from vendor | 1 |
| | TOTAL | 32,544 |