UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PAUL J. MANAFORT, JR.'S OBJECTIONS TO THE SPECIAL COUNSEL'S NOTICE OF INTENT TO INTRODUCE OTHER ACTS EVIDENCE

Pursuant to the Court's Minute Order of July 2, 2018, Paul J. Manafort, Jr., by and through counsel, hereby submits his supplemental response and objections to the Special Counsel's notice of intent to introduce other acts evidence (Doc. 327). Mr. Manafort further submits his objections to the Special Counsel's motion for leave to supplement his notice of proposed prior-act evidence (Doc. 350).

### 1. Evidence related to Ukrainian procurement law should be excluded.

In the notice regarding other acts evidence, the Special Counsel states that he "may seek to introduce evidence" about "Ukrainian public procurement law" to establish that Mr. Manafort and others engaged Law Firm A for a small retainer to "avoid certain limitations imposed" under Ukrainian law. (Doc. 327 at 2). Such evidence, however, is not intrinsic to the alleged violations of the Foreign Agents Registration Act ("FARA") or the money laundering conspiracy statute, nor is such evidence permissible under Rule 404(b) of the Federal Rules of Evidence ("Rule 404(b)"). Further, even if such evidence were admissible under Rule 404(b), it must be precluded by Rule 403 of the Federal Rules of Evidence ("Rule 403").

The Special Counsel first argues that evidence pertaining to Ukrainian procurement law is intrinsic to the FARA and money laundering charges and therefore not subject to the limitations imposed by Rule 404(b).  (Doc. 327 at 3-5).  This is incorrect.  "The D.C. Circuit has criticized the distinction between 'intrinsic' and 'extrinsic' evidence, commonly invoked to avoid the procedural requirements associated with introducing 'other crimes evidence' pursuant to Federal Rule of Evidence 404(b)."  *United States v. Edwards*, 889 F. Supp. 2d 47, 49 (D.D.C. 2012) (citing *United States v. Bowie*, 232 F.3d 923, 927 (D.C. Cir. 2000)).  The distinction between intrinsic and extrinsic evidence "serves only to 'relieve the prosecution of Rule 404(b)'s notice requirement and the Court of its obligation to give an appropriate limiting instruction upon defense counsel's request,' and avoid the balancing requirement of [Rule 403]."  *Id.* (citing *Bowie* at 927).  This Circuit recognizes just two types of intrinsic evidence: "(1) evidence 'of an act that is part of the charged offense'; and (2) evidence of 'acts performed contemporaneously with the charged crime . . . [that] facilitate the commission of the charged crime.'"  *Id.* (quoting *Bowie* at 929).  As stated in *Edwards*:

> [F]ew acts may be truly intrinsic to the charged crime. . . . [W]here the crime charged is conspiracy, evidence closely related to the conspiracy alleged in the indictment is admissible as intrinsic evidence.  However, when evidence of prior acts relates to actions substantially different from the goals of the conspiracy charged, and occurs prior to the commencement of the conspiracy period, that evidence is better analyzed as falling under the purview of Rule 404(b).

*Id.* at 50 (quoting *United States v. Khanu*, 664 F. Supp. 2d 80, 83 (D.D.C. 2009)).

Here, any alleged non-compliance with "certain limitations imposed by Ukrainian public procurement law" (Doc. 327 at 2) is **not** an act or omission that is charged in the Superseding Indictment, nor does the Special Counsel charge anywhere that Mr. Manafort violated Ukrainian law contemporaneously with the *U.S.-based* offenses charged in the Superseding Indictment.

Indeed, the alleged FARA violations relate to whether Mr. Manafort willfully failed to duly register with, and periodically report to, the Attorney General as an agent of a foreign principal, while the alleged money laundering conspiracy is itself tied directly to purported FARA reporting violations.  *See* Superseding Indictment ¶ 41 (describing the alleged conspiracy's "specified unlawful activity" as "a felony violation of FARA").  The "goals" of the charged conspiracies differ substantially from any purported "goal" that Mr. Manafort or others[1] may allegedly have had in connection with purported violations of Ukrainian procurement laws.  Accordingly, any evidence related to Ukrainian public procurement laws – whatever those may be – is not intrinsic to the offense charged in this case.

Because evidence related to Ukrainian public procurement laws is clearly *extrinsic* to the U.S. crimes charged in the Superseding Indictment, the limitations of Rule 404(b) are applicable. With only specified exceptions, Rule 404(b) bars "[e]vidence of a crime, wrong or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Fed. R. Evid. 404(b).  Here, the purpose behind the Special Counsel's attempt to introduce evidence of some purported violation of unknown Ukrainian procurement laws is the prohibited goal of showing propensity – *i.e.*, if Mr. Manafort was willing to violate the law in Ukraine, jurors may well conclude that it is likely that Mr. Manafort was also willing to violate the law in the United States.  Whatever "certain limitations" that Ukrainian procurement law imposes[2] (Doc. 327 at 2), this foreign law has no bearing on Mr. Manafort's

---

[1] Once again, "others" are not identified, leaving Mr. Manafort in the dark about this alleged conduct that was not included in any of the lengthy indictments that the Special Counsel has drafted in this case. (Doc. 327 at 2).

[2] The Special Counsel does not identify what these limitations are in the notice.  (Doc. 327 at 2).

3

motive, knowledge, or preparation in connection with the alleged *U.S.-based* FARA reporting violations.

Finally, even if evidence related to these unknown Ukrainian procurement laws was admissible under Rule 404(b), such evidence should be excluded pursuant to Rule 403 on numerous grounds.  Admissible evidence, including evidence governed by Rule 404(b), "may nonetheless be excluded under Rule 403 if its 'probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Straker*, 800 F.3d 570, 589 (D.C. Cir. 2015) (quoting Fed. R. Evid. 403 and citing *Bowie*, 252 F.3d at 930).  Without question, evidence concerning the interpretation, application, and/or purported violation of Ukrainian procurement law will confuse the issues to be tried and mislead the jury.  Specifically, evidence concerning Ukrainian procurement laws will present a substantial and unnecessary risk that the jurors will confuse the issue of whether Mr. Manafort complied with the foreign law and, if they believe he did not, whether that means there has been a violation of FARA.  Indeed, evidence related to Ukrainian procurement law will require expert testimony as to the scope and interpretation of the relevant Ukrainian statutes, and there will be legal arguments regarding whether Mr. Manafort's conduct – assuming that it can even be attributed to him and not the "others" – ran afoul of the foreign law's prohibitions.  This Court will need to craft jury instructions to cover this complex issue.  Accordingly, litigating the scope and meaning of Ukrainian procurement laws will undoubtedly result in undue delay and a waste of time and therefore supports exclusion under Rule 403.

For these reasons, the Special Counsel should be barred from introducing any evidence related to whether certain limitations under Ukrainian procurement law were violated.

2. **Evidence concerning representations to the IRS and a mortgage lender should be excluded.**

The Special Counsel states that he may seek to introduce evidence that Mr. Manafort falsely claimed rental business expense deductions for a property in New York City on his income tax returns and then later instructed his tax return preparer to tell a mortgage lender that the property in question was a personal residence.  (Doc. 327 at 2).  The Special Counsel also claims that this is "direct evidence of the Count One conspiracy."  *Id.* at 5.  To the contrary, any reading of the Superseding Indictment fails to support this claim.  Count One charges Mr. Manafort with conspiring to impede and impair the lawful governmental functions of the Treasury Department and the Justice Department. (Doc. 202 at ¶ 38).  To the extent the Treasury Department's relevant functions relate to tax assessment and collection, the Superseding Indictment alleges a failure to report offshore income and a failure to report foreign bank accounts. Id. at ¶¶ 14-15 & 36.  There is no allegation of overstating expenses or inflating deductions.  It is impossible to connect the proffered evidence directly to the conduct alleged in the Superseding Indictment.

This evidence also is barred by Rule 404(b).   By offering this evidence, the Special Counsel seeks to argue that Mr. Manafort acted in a manner consistent with his character that, the Special Counsel claims, includes a propensity to make false statements.  In support of this effort, the Special Counsel argues that this evidence is relevant to show lack of mistake, knowledge, or use of a common scheme.  However, the evidence has little to do with an alleged conspiracy to hide his money offshore.

Further, because the probative value of the proffered evidence is substantially outweighed by a danger of unfair prejudice and a risk of confusing the issues, Rule 403 bars its introduction. The Special Counsel's recitation of the proffered evidence is vague and raises a number of unanswered questions, such as whether the alleged issues relate to corporate or individual tax

matters, whether and how the alleged deduction and/or depreciation affected any possible tax liabilities, and whether the tax strategy discussed was even improper.  Any exploration of this evidence and its probity at trial is likely to require expert testimony and additional instructions from the Court on a host of unrelated tax questions resulting in wasted time and delay.  The evidence is unfairly prejudicial and has a high likelihood of confusing the issues at trial, while its probative value in light of the charged conduct is minimal.  For all these reasons, the Court should not admit this evidence at trial.

### 3. Evidence related to Cypriot loans should be excluded.

In the notice of intent to introduce other acts evidence the Special Counsel also seeks to introduce evidence about Cypriot loans.  (Doc. 327 at 3).  The Special Counsel's notice lacks sufficient details regarding the proffered evidence to permit a thoughtful response. While generally claiming that it relates to loans between Cypriot entities undertaken to avoid recognition of those funds as income, those allegations without more do little to assist in the required analysis.  More specifically, the Special Counsel intends to argue to the jury that Mr. Manafort and others "structured" loans among various foreign companies as of a conspiracy to impede and impair the Treasury Department.  But the evidence the Special Counsel seeks to introduce concerning how loans were structured under the laws of Cypress has little to do with whether Mr. Manafort conspired to willfully file materially false U.S. tax returns and/or willfully failed to report an interest in foreign accounts to the Treasury Department.  Rather, such evidence would allow the jury to infer improperly that, because Mr. Manafort had some connection to offshore companies and/or offshore bank accounts and was engaged in structuring transactions under foreign law, he must have had some nefarious intent when it came to his U.S. tax filing obligations.  However, "'[e]vidence of a similar act must meet a threshold level of similarity in order to be admissible to prove intent'" even if such "'evidence is not required to have 'exact congruence.''" *United States*

*v. Lieu*, 298 F. Supp. 3d 32, 52 (D.D.C. 2018) (quoting *United States v. Long*, 328 F.3d 655, 661 (D.C. Cir. 2003)).  Here, evidence related to Cypriot loans, governed by foreign law, does not meet this threshold with regard to Mr. Manafort's filing obligations under U.S. law, and, therefore, is precluded by Rule 404(b).

Moreover, even assuming this amounts to permissible Rule 404(b) evidence, it fails to pass muster under Rule 403.  Once again, the alleged evidence, which relates to activities that took place in Cyprus and which is arguably cognizable only under Cypriot law, has little probative value.  Indeed, the Special Counsel's notice fails to claim that this conduct is unlawful.  In contrast, the risk of unfair prejudice and issue confusion is substantial, as are concerns about delay and waste of time. This evidence should be excluded under Rule 403.

### 4.  Evidence related to the Department of Justice's "Section 5" inspections should be excluded.

Lastly, in the motion for leave to supplement his notice of proposed prior-act evidence (Doc. 350), the Special Counsel seeks leave after the Court's deadline to introduce evidence related to the government's FARA inspections of Mr. Manafort's—and his prior firms'—books and records in 1986; *i.e.,* conduct that purportedly took place more than *30 years ago*.  Despite the Special Counsel's detailed summary of the government's prior findings, the Section 5 inspections *never resulted in charges (or any other sanction) against Mr. Manafort.*  Although the Special Counsel argues that evidence of the government's findings over three decades ago is probative of Mr. Manafort's knowledge and absence of mistake concerning FARA's requirements today, the overwhelming purpose for admission of this evidence would be to suggest and argue to the jury that, because Mr. Manafort allegedly violated FARA provisions in the distant past, it is more likely that he is guilty of the current FARA charges.  All evidence related to the government's prior FARA inspections should be precluded at trial pursuant to Rule 404(b).

Even if evidence of prior FARA inspections was permissible under Rule 404(b), it should nevertheless be barred by Rule 403, as the probative value of this information is substantially outweighed by the risk of unfair prejudice to Mr. Manafort. Specifically, evidence of prior acts should be excluded pursuant to Rule 403 when the prior act is "stale." *United States v. Sheffield*, 832 F.3d 296, 307-08 (D.C. Cir. 2016). In *Sheffield*, a drug case, the court allowed evidence offered pursuant to Rule 404(b) of the defendant's 10-year-old conviction for a similar narcotics offense. *Id.* at 301. On appeal, the D.C. Circuit found that evidence of the prior conviction was appropriate Rule 404(b) evidence but held that the evidence should have been precluded by Rule 403 because "the Rule 404(b) evidence was a conviction that occurred *a decade* before the offense conduct at issue in this case." *Id.* at 307 (emphasis in original). The court further noted that the prejudice had been exacerbated because the jury had simply been told about the "decade-old conviction" and, therefore, "the evidence bore little evidentiary relevance to the question of [the defendant's] knowledge in 2011 about such matters as how to acquire or market" an illegal drug. *Id.* at 307-08.

The circumstances here make this an *a fortiori* case. Putting to the side for a moment that the defendant in *Sheffield* had been previously *convicted* of a similar felony narcotics offense, in this case the Special Counsel seeks to introduce evidence not merely from a decade ago but from *three decades* ago. Moreover, the Special Counsel intends to offer "the results of [the government's 1986 FARA] inspection" and the Department of Justice's "assessment of deficiencies in Manafort's FARA filings." (Doc. 350 at 2). But *Sheffield* counsels strongly otherwise. First, the prior act itself is plainly stale. Indeed, this "evidence" is ancient history. Second, the Special Counsel's intent to introduce records from the mid-1980s relating to the government's prior inspection bears "little evidentiary relevance to the question of" Mr. Manafort's "knowledge in" the years set forth in the Superseding Indictment concerning FARA's

requirements.   *See Sheffield*, 832 F.3d at 307-08.   Without question, the "staleness" of the government's inspection in the mid-1980s (with no attendant charges or sanctions) "reduces its probative value such that it is substantially outweighed by the danger of unfair prejudice already inherent in the admission of prior-bad-act evidence."  *Id.* at 308 (internal quotation marks omitted).

For these reasons, the Special Counsel should be barred from introducing any evidence related to the Department of Justice's "Section 5" inspections of Mr. Manafort and his prior firms in the mid-1980s.

WHEREFORE, Mr. Manafort respectfully objects to the Special Counsel's notice of intent to introduce other acts evidence (Doc. 327) and his motion for leave to supplement his notice of proposed prior-act evidence (Doc. 350).

Dated: July 13, 2018                              Respectfully submitted,

                                                   /s/
                                                  Kevin M. Downing
                                                  (D.C. Bar No. 1013984)
                                                  Law Office of Kevin M. Downing
                                                  601 New Jersey Avenue NW
                                                  Suite 620
                                                  Washington, DC 20001
                                                  (202) 754-1992
                                                  kevindowning@kdowninglaw.com

                                                   /s/
                                                  Thomas E. Zehnle
                                                  (D.C. Bar No. 415556)
                                                  Law Office of Thomas E. Zehnle
                                                  601 New Jersey Avenue NW
                                                  Suite 620
                                                  Washington, DC 20001
                                                  (202) 368-4668
                                                  tezehnle@gmail.com

/s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Email: rwestling@ebglaw.com