UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |

**PAUL J. MANAFORT, JR.'S REPLY TO THE
GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS *IN LIMINE***

Paul J. Manafort, Jr., by and through counsel, hereby submits his reply to the Special Counsel's response to Mr. Manafort's motions *in limine*. (Doc. 360).

**1. Mr. Manafort's First Motion *In Limine*.**

In his response, the Special Counsel sets forth a limited objection to Mr. Manafort's first motion *in limine* concerning evidence or argument related to Mr. Manafort's role in the campaign of then-candidate Donald J. Trump or speculation about Russian collusion with the campaign. Mr. Manafort does not object to the Special Counsel's representations that evidence concerning Russian collusion will not be offered at trial and that evidence offered related to Mr. Manafort's role in the campaign will limited to the communications described in the Special Counsel's response that relate to Counts 4 and 5. (*See* Doc. 360 at 2-3).

**2. Mr. Manafort's Second Motion *In Limine*.**

In his response, the Special Counsel sets forth a limited objection to Mr. Manafort's second motion *in limine* concerning evidence or argument related to the charges pending against Mr. Manafort in the Eastern District of Virginia. Mr. Manafort does not object to the Special Counsel's

representations that such evidence offered at trial will be limited to the "overlap" evidence described in the Special Counsel's response that relate to Counts 1 and 2. (*See* Doc. 360 at 4-5).

### 3. Mr. Manafort's Fourth Motion *In Limine*.[1]

The Special Counsel argues that "[t]he specific answers the attorney gave are irrelevant to the legal issue . . . ." (*See* Doc. 360 at 8). Notably, however, the Supreme Court has recognized that a district court's *in camera* review of the potentially privileged information can be useful in determining the contours of the privilege and its limits. In *United States v. Zolin*, 491 U.S. 554 (1989), the Court held that "*in camera* review may be used to determine whether allegedly privileged attorney-client communications fall within the crime-fraud exception." *Id.* at 574. In doing so, the Court acknowledged that it is often important to understand the statements in context and to include a consideration of the content of those statements in making privilege determinations. Post-indictment, it is appropriate for Mr. Manafort to have access to the information gathered by the government from his attorney in order to determine whether there is a need to continue to litigate the privilege issues, and, to the extent there is, to be able to address those statements specifically. While the gathering of privileged information by the Special Counsel through *ex parte* proceedings pre-indictment was to be expected, the time for one-sided presentations ended with Mr. Manafort's indictment. Disclosure of the attorney's statements should be required in order to allow Mr. Manafort to litigate the privilege issues before this Court in advance of trial.

---

[1] In his response, the Special Counsel indicated that he has no objection to Mr. Manafort's third motion *in limine*. (*See* Doc. 360 at 1).

WHEREFORE, for the reasons above and those offered in his original motions *in limine*, Mr. Manafort asks that the Court grant the relief requested.

Dated: July 30, 2018

Respectfully submitted,

/s/
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

/s/
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

/s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com