UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**PAUL J. MANAFORT, JR.**,<br><br>Defendant. | Crim. No. 17-cr-201 (ABJ) |

**GOVERNMENT'S OPPOSITION TO DEFENDANT PAUL J. MANAFORT, JR.'S
MOTION FOR EXTENSION OF TIME TO SUBMIT JOINT PRETRIAL STATEMENT**

The United States of America, by and through Special Counsel Robert S. Mueller, III, hereby files this response in opposition to defendant Paul J. Manafort, Jr.'s motion to extend by four weeks his time to submit a joint pretrial statement. (Doc. 362). As relayed to the defense, as a matter of professional courtesy, the government does not oppose a one-week continuance but opposes any additional delay for the reasons stated herein. The defense has made no showing whatsoever for its requested four-week extension, and to grant it would unfairly prejudice the government.

First, the Court's August 1, 2018, deadline is no surprise; it has been in place for five months, when this Court entered its Scheduling Order on March 1, 2018. (Doc. 217). Nor was it a surprise that Manafort (like the government) would need to prepare for two trials when Manafort elected to have two trials. Indeed, this Court advised the defense that the defendant's choice to have two trials might well result in "a trial in the Eastern District of Virginia before this one. So you may want to keep that in mind." (Jan. 16, 2018 Tr., at 12:9–12). The Eastern District of Virginia trial was scheduled for July 2018 on March 8, 2018, after this Court's Scheduling Order.

1

Yet, although Manafort sought to adjourn the start of the Eastern District of Virginia trial, Manafort had not sought an extension of the Scheduling Order's August 1 deadline.

Second, Manafort claims that he "requires additional time to confer with the Special Counsel regarding the contents of the Joint Pretrial Statement in this matter." (Doc. 362 at 1). That bald assertion does not address any reason for the alleged required need. In fact, the defense has not made any effort to consult with the government, except a single communication yesterday to determine the government's position with respect to the current motion. Yet, the government spent the last two weeks making disclosures to Manafort of all of the different components required by the joint pretrial statement. The government furnished to the defense: (a) a proposed joint statement of the case; (b) an estimate of the length of the government's case-in-chief; (c) proposed jury instructions; (d) a notice of intended expert witnesses; (e) an exhibit list; (f) all proposed stipulations; (g) a proposed special jury instruction (in lieu of a list of matters for the Court to take judicial notice); and (h) a proposed verdict form.[1] Notably, the government identified a list of hundreds of exhibits—with Bates numbers and descriptions—it intends to use at trial, giving the defense a roadmap of its case. With each submission to the defense, the government asked the defense to alert it to its position, so the government could inform the Court in the joint statement due on August 1, 2018. Not once did Manafort respond, in any way, to any of the government's disclosures. Similarly, the defense produced no reciprocal materials to the government.

Third, at no time did Manafort give any hint that he would seek an extension of time. Instead, Manafort waited until he had received all of the government's productions—all its intended exhibits and its expert notice, for instance—before advising the government that he now

---

[1] The government has also prepared to submit its exhibit list and copies of all its exhibits to the Court on August 1, 2018, in the manner required by the Scheduling Order.

intended to seek an extension of time, without ever providing any material of its own. Surely if the gravamen of the defense's request is that it could not reasonably prepare the joint proposed statement on time due to the Eastern District of Virginia case, it knew that (at least) two weeks ago.

Fourth, to comply with the Scheduling Order, the government split its resources between this case, which was indicted first, and that in the Eastern District of Virginia. Waiting until the Monday afternoon before such a substantial submission to file the present motion serves to divert unfairly the government's resources away from the Eastern District of Virginia matter, with no showing whatsoever by the defense to justify its motion. This Court should not allow such gamesmanship.

Finally, it is not hard to see Manafort's motion as a harbinger of a motion to continue the September 17, 2018, trial date. The government would oppose such a continuance and believes there is no reason to delay this trial, when it was set five months ago, prior to the trial in the Eastern District of Virginia. And yet to grant the four-week extension would mean that the provisions of the Scheduling Order that permit the government—and not just the defense—to know what matters will be at issue at the trial would be abrogated.[2]

In sum, the government does not object to a short adjournment as a matter of professional courtesy, but no showing has been made warranting anything more.

---

[2] For instance, the government would not know until less than three weeks before trial if business record custodians from across the country, and even internationally, would be needed (which of course the government could not count on and thus would have to prepare as if there would not be such stipulations). Similarly, the government would not know if there were a dispute as to any material legal issue, or if the government's proposal for a special instruction were acceptable, and thus that no witness needed to be prepared to testify as to certain requirements of the Congressional and FARA registration provisions.

      Respectfully submitted,

      ROBERT S. MUELLER, III
      Special Counsel

By:  /s/ *Andrew Weissmann*
      Andrew Weissmann
      Senior Assistant Special Counsel
      Special Counsel's Office
      U.S. Department of Justice
      950 Pennsylvania Ave., NW
      Washington, DC 20530
      Phone: (202) 616-0800