**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**v.**<br><br>**PAUL J. MANAFORT, JR.**,<br><br>**Defendant.** | **Crim. No. 17-cr-201-1 (ABJ)** |

**GOVERNMENT'S MOTION FOR LEAVE TO SUPPLEMENT ITS PENDING MOTION TO EXCLUDE EVIDENCE OR ARGUMENT**

The United States of America, by and through Special Counsel Robert S. Mueller, III, respectfully moves for leave to supplement its motion *in limine* (Doc. 341), in light of statements made by the defense in the ongoing criminal trial of Manafort in the Eastern District of Virginia.

Specifically, the government seeks to move *in limine* for an order precluding defendant Paul J. Manafort, Jr. (Manafort) from presenting argument at trial, or soliciting evidence concerning, (1) the absence of a civil Internal Revenue Service (IRS) audit of Manafort or his companies or (2) the absence of any civil Foreign Agents Registration Act (FARA) action against Manafort or his companies, or suggesting that such civil audits or actions were necessary or that the absence of such civil audits or actions was improper, indicative of a lack of evidence of a crime, or indicative of selective prosecution or some other improper motive such that jury nullification would be appropriate. The availability of a civil remedy is irrelevant to the issue of criminal liability, will serve only to confuse and mislead the jury, and will invite jury nullification. Accordingly, pursuant to Federal Rules of Evidence 401 and 403, the Court should preclude Manafort from raising these issues before the jury.

**A. Background**

On June 8, 2018, a grand jury in this district returned a superseding indictment charging Manafort with FARA and tax crimes. *See* Doc. 318. Specifically, the superseding indictment charges Manafort with conspiring to violate FARA, to make false and misleading FARA statements, and to file false tax returns, in violation of 18 U.S.C. § 371 (Count One); acting as an agent of a foreign principal without registering, in violation of 22 U.S.C. §§ 612 and 618(a)(1) (Count Three); and making false and misleading statements to the Department of Justice, in violation of 22 U.S.C. §§ 612 and 618(a)(2) and 18 U.S.C. § 1001 (Counts Four and Five).

On July 9, 2018, the government filed its motion *in limine* to exclude or argument (1) concerning selective or vindictive prosecution or the motive and mandate of the Department of Justice office leading the prosecution, or (2) suggesting that any government investigation into Manafort that preceded the Special Counsel's appointment ended with a decision not to prosecute him. (Doc. 341). On July 23, 2018, Manafort filed his response opposing in part the government's motion *in limine*. (Doc. 361). The government's motion is still pending with the Court.

Manafort is also currently in trial facing separate tax and bank-fraud criminal charges in the Eastern District of Virginia. *United States v. Manafort*, No. 1:18-cr-83 (E.D. Va.) ("E.D. Va. Trial"). On July 31, 2018, during its opening statement in the Virginia trial, the defense stated as follows:

> But in the Government's rush to judgment in this case you're going to learn that Mr. Manafort was never audited by the IRS, nor were any of his companies. So as you consider this, as you hear all the evidence come in, the documents and the testimony, you might ask yourself whether the Government knew enough to initiate the audit. Did they have enough evidence? I mean, the government knows a lot about us, but did they have enough evidence to even think about initiating an audit of Paul Manafort?

E.D. Va. Trial, 7/31/18 Tr. at 44–45. This statement suggests that the defendant may likewise in this case seek to refer to civil tax audits and other civil measures that are not at issue in this criminal proceeding and are irrelevant to the determination of criminal liability.[1]

**B. Argument**

As outlined in the government's pending motion *in limine*, this Court should bar Manafort from suggesting wrongly—as he has in pretrial filings—that prosecutors in this case have resurrected charges previously investigated but declined for prosecution. (Doc. 341 at 6–7). Such arguments amount to claims of selective prosecution that must be presented to the court before trial and not before a jury. *United States v. Safavian*, No. 05-cr-370, 2008 WL 5255534, at *1 (D.D.C. Dec. 12, 2008) ("Where issues of vindictive or selective prosecution are properly raised they are legal matters for the Court, not theories of defense for the jury.").

Similarly, evidence regarding the role and availability of IRS civil audits is irrelevant in a criminal tax case, and argument that a civil audit should have been conducted but was not creates a substantial risk of misleading the jury, prejudicing the government, and inviting jury nullification. *See United States v. DeMuro*, 677 F.3d 550, 565 (3d Cir. 2012) (district court properly excluded evidence of civil tax remedy because "it opened the door to jury nullification, by inviting the jury to reason that the IRS should have continued to pursue the matter civilly rather than criminally"); *United States v. Burkhart*, 501 F.2d 993, 996 (6th Cir. 1974) ("The matter of civil liability is not an issue when a jury is determining a defendant's criminal liability for tax

[1] Subsequently, the defendant claimed that these statements were "made in the context of explaining the element of willfulness that the jury will be required to find to convict Mr. Manafort of the tax and FBAR-related offenses in this case." *United States v. Manafort*, No. 1:18-cr-83 (E.D. Va. Aug. 2, 2018) (Doc. 197 at 1–2). The language quoted above belies this claim: the defense's statement had nothing to do with the defendant's state of mind but plainly suggested that the government rushed to proceed criminally instead of civilly and lacked evidence of criminal liability.

evasion."); *United States v. Merrick*, 464 F.2d 1087, 1093 (10th Cir. 1972) (finding "no relevance" in a jury instruction that a civil case might be brought against a defendant who was convicted of evasion under 26 U.S.C. § 7201); *see also United States v. Lynch*, No. CR 14-181, 2016 WL 4179429, at *3 (W.D. Pa. Aug. 8, 2016) ("Although Defendant must be permitted to present evidence and argument regarding the civil and administrative remedies that were actually pursued in this case, he will be precluded from making any argument that the Government should have or was required to continue to pursue civil and/or administrative remedies."). Even assuming information about such civil remedies described above has some probative value, that value would be substantially outweighed by the risk of misleading or confusing the jury, prejudicing the government, and encouraging jury nullification. *See* Fed. R. Evid. 403.

Likewise, although FARA has civil provisions, any reference to these remedies is irrelevant and risks confusing the jury. Like references to civil tax remedies, references to FARA's civil provisions would open the door to jury nullification by inviting the jury to reason that the Department of Justice should have continued to pursue the FARA conduct at issue civilly rather than criminally or that it lacked evidence of a civil violation and therefore must lack evidence of a criminal violation. The defendant has "no right to invite the jury to act lawlessly" by introducing alternative civil remedies that could have been pursued. *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996); *see also Jones v. United States*, 526 U.S. 227, 246 (1999) (noting interest in "limit[ing] the opportunities for juror nullification"). The Court should therefore prohibit references to FARA's civil provisions or any argument implying that Manafort is being singled out for prosecution under FARA's criminal provisions. *Cf. United States v. Sinagra*, 584 F. App'x 628, 630 (9th Cir. 2014) (affirming the district court's refusal to instruct the jury that the Computer Fraud and Abuse Act is a civil as well as a criminal statute, since the "'availability of a civil remedy

is irrelevant to the issue of criminal liability"' (citing *United States v. Buras*, 633 F.2d 1356, 1360 (9th Cir. 1980)).

**CONCLUSION**

For these reasons, the government requests that the Court permit the government to amend its pending motion *in limine* and enter an order precluding Manafort from arguing or presenting evidence at trial concerning civil tax audits or the absence of any such audit of him or his companies. Likewise, the government requests that the Court enter an order precluding Manafort from referencing FARA's civil provisions during trial.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 6, 2018

By: */s/ Andrew Weissmann*

Andrew Weissmann
Senior Assistant Special Counsel
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorney for the United States of America*