**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **PAUL J. MANAFORT, JR.**, <br><br> **Defendant.** | **Crim. No. 17-cr-201-1 (ABJ)** |

**GOVERNMENT'S SECOND MOTION FOR LEAVE TO SUPPLEMENT ITS PENDING
MOTION TO EXCLUDE EVIDENCE OR ARGUMENT**

The United States of America, by and through Special Counsel Robert S. Mueller, III,

respectfully moves for leave to supplement its motion *in limine* (Doc. 341), in light of statements

made by the defense in the recent criminal trial of Manafort in the Eastern District of Virginia.

*United States v. Manafort*, No. 1:18-cr-83 (E.D. Va. 2018).   The motion in question seeks to

preclude defendant Paul J. Manafort, Jr. (Manafort) from presenting argument or evidence at trial

(1) concerning selective or vindictive prosecution or the motive and mandate of the Department of

Justice office leading this prosecution, or (2) suggesting that any government investigation into

Manafort that preceded the Special Counsel's appointment ended with a decision not to prosecute

him.  (Doc. 341, at 1).  The government's motion remains pending before the Court.

**A.  Background**

The government filed a similar motion to prohibit arguments about selective prosecution

in the Eastern District of Virginia matter.  *Manafort*, No. 1:18-cr-83 (E.D. Va. June 22, 2018)

(Doc. 89, at 5–6).  During a pretrial conference, the government noted that it is improper to

question or raise "[t]he motive of the prosecutor under any circumstances at trial," to which the

district court responded, "I think that's correct." (EDVA Trial Tr., 7/23/18, at 38).[1] After engaging

in a colloquy with the defense, the district court concluded that, based on the defense's

representations, "the defendant does not intend to argue that the defendant was selectively or

vindictively prosecuted." (EDVA Trial Tr., 7/23/18, at 38–39). The district court then instructed

the defense:

> As far as what motive the Government might have for prosecuting
> Mr. Manafort, while I agree with counsel that a prosecutor's motive
> is not typically relevant, if you want to make an argument at the
> end . . . I will require that you come to the bench first and we'll hear
> it in its then living color and I can make a determination. But
> typically you don't—if you're not going to say he was vindictively
> or selectively prosecuted, that pretty much eliminates any argument
> that would be pertinent to a prosecutor's motive.

(EDVA Trial Tr., 7/23/18, at 38–39). The Court subsequently entered an order "that the

government's motion in limine to preclude defendant from presenting argument or evidence at

trial that defendant was selectively or vindictively prosecuted is DENIED AS MOOT." *Manafort*,

No. 1:18-cr-83 (E.D. Va. July 24, 2018) (Doc. 150). The district court also granted the

government's motion *in limine* to "preclude defendant from presenting argument or evidence at

trial that any former government investigation of defendant ended with a decision not to prosecute

defendant." *United States v. Manafort*, No. 1:18-cr-83 (E.D. Va. July 24, 2018) (Doc. 150).

During trial, the defense did not abide by the district court's Order or instruction and—

without seeking leave from the district court as ordered—made repeated arguments to the effect

that the defendant had been selectively and vindictively prosecuted, including the following in

summation:

> -   "These are frauds that were discovered in the course of the Special
>     Counsel's investigation of Mr. Manafort. They claim they're frauds,
>     but this is basically a group that has come along and looked at every

---

[1] The July 23, 2018 Eastern District of Virginia hearing transcript is attached as Exhibit A.

financial angle, poured through the documents, and tried to find any place that something doesn't match up." (EDVA Trial Tr., 8/15/18, at 2442).[2]

- "So to the extent you have a problem at the bank, there's a process, nobody went through with that process, nobody came forward and said, 'We're concerned about what we're seeing here,' not until the Special Counsel showed up and started asking questions." (EDVA Trial Tr., 8/15/18, at 2443).

- "Moreover, ladies and gentlemen, I submit to you that if this were the fraud, we would have courts across the country filled with bank frauds. This is simply not a material term of a loan. People do not get prosecuted by typical Justice Department prosecutors when what they have done is had some issue about whether their property is being rented or personally owned and it changes." (EDVA Trial Tr., 8/15/18, at 2451–52).

- "Why would you need that additional count? What would that be about? What would be the motivation to add one more for a loan that Mr. Manafort got no money from and where the underlying documentation is nonsensical? I'll leave you to determine what's behind that." (EDVA Trial Tr., 8/15/18, at 2457).

- "That's the deal that this Government made, the Office of Special Counsel made because they were so desperate to try to make the case." (EDVA Trial Tr., 8/15/18, at 2466).

After summation, the government objected to the defense's repeated references to "the notion that the Special Counsel's Office is involved in selective prosecution of Mr. Manafort," and noted "that Your Honor ruled on [the issue] at the very beginning" of trial. (EDVA Trial Tr., 8/15/18, at 2485). The district court agreed with the government and agreed to issue a curative instruction. (EDVA Trial Tr., 8/15/18, at 2486). During the court's final instructions, the court told the jury, "You're to ignore any argument about the Department of Justice's motives or lack of motives in bringing this prosecution." (EDVA Trial Tr., 8/15/18, at 2579).[3]

---

[2] The August 15, 2018 Eastern District of Virginia trial transcript is attached as Exhibit B.

[3] Separately, the district court found the defense made improper arguments in summation regarding civil tax audits (EDVA Trial Tr., 8/15/18, at 2484–85), which is the subject of another pending

### B.  Argument

The defendant's improper comments during the Eastern District of Virginia trial heighten the need for the Court to bar proactively any arguments or suggestions to the jury of selective or vindictive prosecution.  The government's reasons for initiating a prosecution have nothing to do with whether the evidence at trial proves the elements of the charged offenses, which is the sole question that the jury must answer.

The government also believes that, given the defense's prior violations of a court order barring arguments about alleged selective prosecution, the Court should be prepared to issue a stronger curative instruction to the jury should the defense ignore a similar order from this Court. In short, Manafort has already demonstrated that he will not abide by a court ruling and the prospect of a curative instruction was insufficient to deter the violation.  Accordingly, the government submits that the new instruction should Manafort again violate such an Order should inform the jury that (1) the Department of Justice's motives in bringing a prosecution are irrelevant and should not be considered; (2) this Court had ordered the parties not to comment on prosecutorial motives because it is irrelevant; and (3) the defense's arguments about prosecutorial motives violated the Court's order.  *See Rodriguez-Hernandez v. Miranda-Velez*, 132 F.3d 848,

---

government motion *in limine*.  (Doc. 366).  The district court subsequently issued a second curative instruction:

> You heard argument about audits. The Government is not required to provide an audit before bringing a criminal prosecution.  But you may, nonetheless, consider anything you heard about an audit or for other purposes. I think the argument was made about concealment, but it's not a requirement. The Government is not required to audit before it brings a criminal prosecution.

(EDVA Trial Tr., 8/15/18, at 2545).

858 (1st Cir. 1998) ("The court later instructed the jury that counsel had violated a court order and jurors were to disregard the question. This response was fully justified, and we find no error.").

## CONCLUSION

For these reasons and the reasons explained in its prior motion, the government requests that the Court enter an order precluding defendant Manafort from arguing or presenting evidence at trial concerning alleged selective or vindictive prosecution, the motive and mandate of the Department of Justice office leading this prosecution, and the supposed outcome of any government investigation into Manafort that preceded the Special Counsel's appointment.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 24, 2018      By:   _/s/ Andrew Weissmann_
Andrew Weissmann
Jeannie S. Rhee (D.D.C. Bar No. 464127)
Greg D. Andres (D.D.C. Bar No. 459221)
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*