**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                   )<br>v.                                   )<br>                                   )<br>PAUL J. MANAFORT, JR.,    )<br>                                   )<br>         Defendant.      ) | Crim. No. 17-201-01 (ABJ)<br><br>**UNDER SEAL** |

**PAUL J. MANAFORT, JR.'S OPPOSITION TO**
**THE UNITED STATES' MOTION SEEKING AUTHORIZATION TO REVIEW**
**COMMUNICATIONS BETWEEN PAUL J. MANAFORT, JR. AND A WITNESS**

Paul J. Manafort, Jr., by and through counsel, hereby submits the following opposition to the United States' motion seeking authorization to review communications between Mr. Manafort and a Witness.

On August 8, 2018, the Office of Special Counsel ("the Special Counsel") filed a motion asking this Court to authorize release of potentially privileged communications between Mr. Manafort and a Witness, his attorney.  The subject communications were obtained through the execution of a search warrant, dated June 21, 2017, on the premises of Rackspace US, Inc. in New York.

The Special Counsel argues that this Court should follow the October 2, 2017 ruling entered by the Chief Judge of this District who was supervising the grand jury investigation of this matter.  Mr. Manafort objects.  From the outset of the privilege litigation during the grand jury investigation, Mr. Manafort has objected to the disclosure of any information relating to the

Witness based upon a claim of attorney-client privilege and work product privilege. He continues to do so now.

Moreover, the October 2nd Order did not directly address the implied waiver of privilege or the application of the crime fraud exception as applied to written communications between attorney and client and/or the application of the privilege or work product doctrine to draft documents. In fact, the October 2nd Order dealt only with testimonial issues. Now the Special Counsel asks this Court to extend that October 2nd Order to issues not previously addressed or fully litigated.

The government argues that the *ex parte* showing made during the grand jury investigation suffices as a basis to find that the attorney-client privilege and/or work product doctrine should yield based upon the crime fraud exception and/or a claim of implied waiver. While *ex parte* litigation may be appropriate during the grand jury process, it cannot substitute for a hearing that fully protects the defendant's due process rights. A due process compliant hearing requires notice and an opportunity to be heard. It does not permit a court to consider factual showings made *ex parte* and under seal. *See, e.g., United States v. Zolin*, 491 U.S. 554 (1989)(addressing the crime fraud exception in the content of litigation involving an IRS summons outside the grand jury process in which the government did not rely upon *ex parte* submissions).

The indictment in this matter was returned almost one year ago, yet the government has never provided Mr. Manafort with the un-redacted substance of its *ex parte* submission justifying its claim that the crime fraud exception should apply. Moreover, as noted in the instant Motion, the Special Counsel's Office "offered witness testimony and documentary evidence to show that certain statements in DMP's FARA Submission are 'false, contain half-truths, or are misleading by omission.' The Court evaluated the veracity of the FARA Submissions and determined that

'through its *ex parte* production of evidence, the SCO has clearly met its burden of making a prima facie showing that the crime fraud exception applies." See Motion, at 9.  It is inappropriate for this Court, now, after indictment, to rely upon those *ex parte* showings in the absence of allowing the defendant to review the information produced and to challenge it.

Moreover, the government's claim that the proffered documents are not protected by privilege argues that the same test that the Chief Judge applied to the testimony of the Witness should apply to the documents.  In the October 2nd Order the Chief compelled the Witness to answer a series of six questions.  *See* Motion Seeking Authorization to Review, at 10.  Notably, the Special Counsel has not made the answers to any of those questions available to Mr. Manafort and, as a result, there is no way to determine on this record whether the answers supported the government's claim of crime fraud exception or raised doubts about its application.

Because the government continues to reply upon a determination made based upon information that has not been provided to Mr. Manafort, this opposition necessarily is limited to addressing those procedural failures.  Any ability to address the claims that the identified documents continues to turn on facts that have not been made available to the defense.

WHEREFORE, Mr. Manafort objects to the Special Counsel's request and opposes its motion because: (1) the materials attached to this motion are privileged communications and/or work product; and (2) the Special Counsel has failed to provide this Court with a factual basis to find that the crime fraud exception to the privilege applies here.  Asking this Court to allow the

prosecution team to review the materials by relying on the Chief Judge's pretrial determination, based upon an *ex parte* production, fails to provide Mr. Manafort with the process he is due.

Dated: August 24, 2018                                Respectfully submitted,

  /s/ _____
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

  /s/ _____
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW
Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

  /s/ _____
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com