# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, JR.**,

**Defendant**

**Crim. No. 17-cr-201 (ABJ)**

### GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Criminal Procedure 30, the government respectfully requests the Court to include in its charge to the Jury the following general and special instructions, and further reserves the right to file any other such instructions as may become appropriate during the course of trial.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

By:    _____/s/_____

Andrew Weissmann
Greg D. Andres
Special Assistant United States Attorneys
Special Counsel's Office

U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530
Phone: (202) 616-0800

Table of Contents

INSTRUCTION NO. 1 ............................................................................................... 6

   Preliminary Instruction Before Trial ..................................................................... 6

INSTRUCTION NO. 2 ............................................................................................. 15

   Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed ...... 15

INSTRUCTION NO. 3 ............................................................................................. 16

   Cautionary Instruction on the Use of the Internet and Publicity ............................ 16

INSTRUCTION NO. 4 ............................................................................................. 17

   Furnishing the Jury with a Copy of the Instructions ............................................. 17

INSTRUCTION NO. 5 ............................................................................................. 18

   Function of the Court ......................................................................................... 18

INSTRUCTION NO. 6 ............................................................................................. 19

   Function of the Jury ........................................................................................... 19

INSTRUCTION NO. 7 ............................................................................................. 20

   Jury's Recollection Controls ............................................................................... 20

INSTRUCTION NO. 8 ............................................................................................. 21

   Evidence in the Case—Judicial Notice, Stipulations, Depositions ......................... 21

INSTRUCTION NO. 9 ............................................................................................. 22

   Statements of Counsel ....................................................................................... 22

INSTRUCTION NO. 10 ........................................................................................... 23

   Indictment Not Evidence .................................................................................... 23

INSTRUCTION NO. 11 ........................................................................................... 24

   Burden of Proof—Presumption of Innocence ...................................................... 24

INSTRUCTION NO. 12 ........................................................................................... 25

   Reasonable Doubt ............................................................................................. 25

INSTRUCTION NO. 13 ........................................................................................... 26

   Count 1: Nature of the Offense ........................................................................... 26

INSTRUCTION NO. 14 ........................................................................................... 27

   Count 1: Overview of Conspiracy to Defraud the United States ........................... 27

INSTRUCTION NO. 15 ........................................................................................... 28

   Count 1: Essential Elements of Conspiracy to Defraud the United States .............. 28

INSTRUCTION NO. 16 ........................................................................................... 31

Count 1: Overview of Conspiracy to Commit an Offense Against the United States .............. 31

INSTRUCTION NO. 17 ........................................................................................................... 32

Count 1: Essential Elements of Conspiracy to Commit an Offense Against the United States 32

Elements of the Conspiracy's Objects ................................................................................... 33

Unanimity—Special—Conspiracy ........................................................................................ 36

INSTRUCTION NO. 18 ........................................................................................................... 38

Count 2: Nature of the Offense ............................................................................................. 38

INSTRUCTION NO. 19 ........................................................................................................... 40

Count 2: Essential Elements of the Offenses Charged .......................................................... 40

Elements of the Conspiracy's Objects ................................................................................... 41

Unanimity—Special—Money Laundering ........................................................................... 42

INSTRUCTION NO. 20 ........................................................................................................... 44

Count 3: Nature of the Offense ............................................................................................. 44

INSTRUCTION NO. 21 ........................................................................................................... 45

Count 3: Essential Elements of the Offense Charged ........................................................... 45

INSTRUCTION NO. 22 ........................................................................................................... 47

Count 4: Nature of the Offense ............................................................................................. 47

INSTRUCTION NO. 23 ........................................................................................................... 48

Count 4: Essential Elements of the Offense Charged ........................................................... 48

INSTRUCTION NO. 24 ........................................................................................................... 50

Count 5: Nature of the Offense ............................................................................................. 50

INSTRUCTION NO. 25 ........................................................................................................... 51

Count 5: Essential Elements of the Offense Charged ........................................................... 51

INSTRUCTION NO. 26 ........................................................................................................... 54

Count 6: Statute Defining the Offense Charged ................................................................... 54

INSTRUCTION NO. 27 ........................................................................................................... 56

Count 7: Nature of the Offense ............................................................................................. 56

INSTRUCTION NO. 28 ........................................................................................................... 57

Count 7: Essential Elements of the Offense Charged ........................................................... 57

INSTRUCTION NO. 29 ........................................................................................................... 59

Direct and Circumstantial Evidence ...................................................................................... 59

INSTRUCTION NO. 30 ........................................................................................................... 60

Inadmissible and Stricken Evidence ..................................................................................... 60

INSTRUCTION NO. 31 ........................................................................................................... 61

Law Enforcement Techniques..................................................................................... 61

INSTRUCTION NO. 32 .............................................................................................. 62

Credibility of Witnesses ........................................................................................... 62

INSTRUCTION NO. 33 .............................................................................................. 64

Accomplice's and Cooperator's Testimony .............................................................. 64

INSTRUCTION NO. 34 .............................................................................................. 67

Testimony of Immunized Witnesses (*If Applicable*)................................................ 67

INSTRUCTION NO. 35 .............................................................................................. 68

Law Enforcement Officer's Testimony..................................................................... 68

INSTRUCTION NO. 36 .............................................................................................. 69

Right of Defendant Not to Testify (*If Applicable*) ................................................. 69

INSTRUCTION NO. 37 .............................................................................................. 70

Defendant as Witness (*If Applicable*)..................................................................... 70

INSTRUCTION NO. 38 .............................................................................................. 71

False or Inconsistent Statement by Defendant ........................................................ 71

INSTRUCTION NO. 39 .............................................................................................. 72

Character of Defendant (*If Applicable*).................................................................. 72

INSTRUCTION NO. 40 .............................................................................................. 73

Specialized Opinion Testimony (*If Applicable*)..................................................... 73

INSTRUCTION NO. 41 .............................................................................................. 74

Evaluation of Prior Inconsistent Statement of a Witness (*If Applicable*) ................ 74

INSTRUCTION NO. 42 .............................................................................................. 76

Evaluation of Prior Consistent Statement of a Witness ........................................... 76

INSTRUCTION NO. 43 .............................................................................................. 77

Impeachment by Proof of Conviction of a Crime—Witness ................................... 77

INSTRUCTION NO. 44 .............................................................................................. 78

Impeachment by Proof of Conviction of Pending Case, Probation Or Parole (*If Applicable*) . 78

INSTRUCTION NO. 45 .............................................................................................. 79

Attempted Bribery, Coercion or Intimidation of Witness........................................ 79

INSTRUCTION NO. 46 .............................................................................................. 80

Statements of the Defendant—Substantive Evidence ............................................. 80

INSTRUCTION NO. 47 .............................................................................................. 81

Translation of Foreign Language Document or Recording ...................................... 81

INSTRUCTION NO. 48 .............................................................................................. 82

Evidence of Other Crimes Admitted to Show Motive, Identity, or Common Scheme or Plan (*If Applicable*) ................................................................................................................ 82

INSTRUCTION NO. 49 ................................................................................................................ 84

Evidence of Other Crimes Admitted to Show Intent, Absence of Mistake, or Knowledge (*If Applicable*) ................................................................................................................ 84

INSTRUCTION NO. 50 ................................................................................................................ 85

Multiple Counts—One Defendant ............................................................................................ 85

INSTRUCTION NO. 51 ................................................................................................................ 86

Unanimity—General ............................................................................................................... 86

INSTRUCTION NO. 52 ................................................................................................................ 87

Verdict Form Explanation ........................................................................................................ 87

INSTRUCTION NO. 53 ................................................................................................................ 88

Proof of State of Mind ............................................................................................................. 88

INSTRUCTION NO. 54 ................................................................................................................ 89

Willfully Causing an Act to be Done ........................................................................................ 89

INSTRUCTION NO. 55 ................................................................................................................ 90

"On or About" or "In or Around" Proof ..................................................................................... 90

INSTRUCTION NO. 56 ................................................................................................................ 91

Aiding and Abetting ................................................................................................................. 91

INSTRUCTION NO. 1

Preliminary Instruction Before Trial

Before we begin the trial, I want to explain some of the legal rules that will be important in this trial. I want to emphasize that these remarks are not meant to be a substitute for the detailed instructions that I will give at the end of the trial just before you start your deliberations. These preliminary instructions are intended to give you a sense of what will be going on in the courtroom and what your responsibilities as jurors will be.

When you took your seats, you probably noticed that each of you had a notebook and pencil waiting for you. That is because I permit jurors to take notes during trial if they wish. Whether you take notes or not is entirely up to you. Many people find that taking notes helps them remember testimony and evidence; others find it distracts them from listening to the witnesses.

You will be permitted to take your notebooks back with you into the jury room during deliberations. You should remember, however, that your notes are only an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who do not take notes should rely on their own memory of the evidence and should not be influenced by another juror's notes.

Other than during your deliberations, the notebooks will remain locked in the courtroom during recesses and overnight. You will not be able to take the notebooks with you as you come and go and you will not be permitted to take them home with you overnight. At the end of the trial, when you come back to the courtroom to deliver your verdict, your notebooks will be collected, and the pages torn out and destroyed. No one, including myself, will ever look at any notes you have taken, so you may feel free to write whatever you wish.

Now let me explain briefly some of the procedures we will follow and some of the rules of law that will be important in this case. This is a criminal case that began when a grand jury sitting in this district returned an indictment of the defendant.

The grand jury has charged Paul J. Manafort, Jr., in a seven-count indictment.  Those charges are:

- Conspiring between approximately 2006 and 2017 to defraud and commit offenses against the United States, including conspiring to violate the Foreign Agents Registration Act (FARA), to make false and misleading statements to the Department of Justice, to file false tax returns, and to fail to file with the Department of the Treasury required reports of foreign bank accounts (Count One);

- Conspiring to launder money from approximately 2006 through 2016 (Count Two);

- Acting between approximately 2008 and 2014 as an agent of a foreign principal without registering, in violation of the Foreign Agents Registration Act (FARA) (Count Three);

- In approximately November 2016 and February 2017, making false and misleading statements to the Department of Justice (Counts Four and Five); and

- Between February and April 2018, attempting to tamper with witnesses and conspiring to witness tamper (Count Six and Seven).

An indictment is not evidence of a defendant's guilt.  It is merely the means by which charges are brought in a criminal case.  You should understand clearly that the indictment that I just summarized is not evidence. The indictment is just a formal way of charging a person with a crime in order to bring him/her to trial. You must not think of the indictment as any evidence of the guilt of the defendant, or draw any conclusion about the guilt of the defendant just because he has been indicted.

7

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The burden is on the government to prove the defendant guilty beyond a reasonable doubt, and that burden of proof never shifts throughout the trial. The law does not require a defendant to prove his/her innocence or to produce any evidence. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him/her guilty of that offense. On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

As I explain how the trial will proceed, I will refer to the "government" and to the "defense" or the "defendant."  When I mention the "government," I am referring to the prosecutors. When I mention the defendant or the defense, I am referring either to the defendant Paul Manafort or to his attorneys.

As the first step in this trial, the government and the defendant will have an opportunity to make opening statements. The defendant may make an opening statement immediately after the government's opening statement or he may wait until the beginning of the defendant's case, or he may choose not to make an opening statement at all. You should understand that the opening statements are not evidence. They are only intended to help you understand the evidence that the lawyers expect will be introduced.

After the opening statement or statements, the government will put on what is called its case-in-chief. This means that the government will call witnesses to the witness stand and ask them questions. This is called direct examination. When the government is finished, the defense may ask questions. This is called cross-examination. When the defense is finished, the government may

have brief re-direct examination. After the government presents its evidence, the defendant may present evidence, but he is not required to do so. The law does not require a defendant to prove his innocence or to produce any evidence. If the defense does put on evidence, Mr. Downing or his co-counsel will call witnesses to the stand and ask questions on direct examination, Mr. Weissmann or his co-counsel will cross-examine, and Mr. Downing or his co-counsel may have brief re-direct examination. When the defense is finished, the government may offer a rebuttal case, which would operate along the same lines as its case-in-chief.

At the end of all of the evidence, each side will have an opportunity to make a closing argument in support of its case. The lawyers' closing arguments, just like their opening statements, are not evidence in this case. They are only intended to help you understand the evidence.

Finally, at the end of the evidence and after both sides have finished closing arguments, I will tell you in detail about the rules of law that you must follow when you consider what your verdicts shall be. Your verdicts must be unanimous; that is, all twelve jurors must agree on the verdicts.

I want to briefly describe my responsibilities as the judge and your responsibilities as the jury. My responsibility is to conduct this trial in an orderly, fair, and efficient manner, to rule on legal questions that come up in the course of the trial, and to instruct you about the law that applies to this case. It is your sworn duty as jurors to accept and apply the law as I state it to you.

Your responsibility as jurors is to determine the facts in the case. You—and only you—are the judges of the facts. You alone determine the weight, the effect, and the value of the evidence, as well as the credibility or believability of the witnesses. You must consider and weigh the testimony of all witnesses who appear before you. You alone must decide the extent to which you believe any witness.

You must pay very careful attention to the testimony of all of the witnesses because you will not have any transcripts or summaries of the testimony available to you during your deliberations. You will have to rely entirely on your memory and your notes if you choose to take any.

During this trial, I may rule on motions and objections by the lawyers, make comments to lawyers, question the witnesses, and instruct you on the law. You should not take any of my statements or actions as any indication of my opinion about how you should decide the facts. If you think that somehow I have expressed or even hinted at any opinion as to the facts in this case, you should disregard it. The verdict in this case is your sole and exclusive responsibility.

You may consider only the evidence properly admitted in this case. That evidence includes the sworn testimony of witnesses and the exhibits admitted into evidence. Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. If the evidence includes anything other than testimony and exhibits, I will instruct you about these other types of evidence when they are admitted during the trial.

During the trial, if the court or a lawyer makes a statement or asks a question that refers to evidence that you remember differently, you should rely on your memory of the evidence during your deliberations.

The lawyers may object when the other side asks a question, makes an argument, or offers evidence that the objecting lawyer believes is not properly admissible. You must not hold such objections against the lawyer who makes them or the party s/he represents. It is the lawyer's responsibility to object to evidence that they believe is not admissible.

If I sustain an objection to a question asked by a lawyer, the question must be withdrawn, and you must not guess or speculate what the answer to the question would have been. If a question

is asked and answered, and I then rule that the answer should be stricken from the record, you must disregard both the question and the answer in your deliberations. You should follow this same rule if any of the exhibits are stricken.

You are not permitted to discuss this case with anyone until this case is submitted to you for your decision at the end of my final instructions. This means that, until the case is submitted to you, you may not talk about it even with your fellow jurors. This is because we don't want you making decisions until you've heard all the evidence and the instructions of law. In addition, you may not talk about the case with anyone else. It should go without saying that you also may not write about the case electronically through any blog, posting, or other communication, including "social networking" sites such as Facebook or Twitter until you have delivered your verdict and the case is over. This is because you must decide the case based on what happens here in the courtroom, not on what someone may or may not tell you outside the courtroom. I'm sure that, when we take our first recess, you will call home or work and tell them you have been selected for a jury. They will undoubtedly ask what kind of case you're sitting on. You may tell them it is a criminal case, but nothing else. Now, when the case is over, you may discuss any part of it with anyone you wish, but until then, you may not do so.

Although it is a natural human tendency to talk with people with whom you may come into contact, you must not talk to any of the parties, their attorneys, or any witnesses in this case during the time you serve on this jury. If you encounter anyone connected with the case outside the courtroom, you should avoid having any conversation with them, overhearing their conversation, or having any contact with them at all. For example, if you find yourself in a courthouse corridor, elevator, or any other location where the case is being discussed by attorneys, parties, witnesses, or anyone else, you should immediately leave the area to avoid hearing such discussions. If you

11

do overhear a discussion about the case, you should report that to me as soon as you can. Finally, if you see any of the attorneys or witnesses involved in the case and they turn and walk away from you, they are not being rude; they are merely following the same instruction that I gave to them.

It is very unlikely, but if someone tries to talk to you about the case, you should refuse to do so and immediately let me know by telling the clerk or the marshal. Don't tell the other jurors; just let me know, and I'll bring you in to discuss it.

Between now and when you are discharged from jury duty, you must not provide to or receive from anyone, including friends, co-workers, and family members, any information about your jury service. You may tell those who need to know where you are, that you have been picked for a jury, and how long the case may take. However, you must not give anyone any information about the case itself or the people involved in the case. You must also warn people not to try to say anything to you or write to you about your jury service or the case. This includes face-to-face, phone, or computer communications.

In this age of electronic communication, I want to stress that you must not use electronic devices or computers to talk about this case, including tweeting, texting, blogging, e-mailing, posting information on a website or chat room, or any other means at all. Do not send or accept messages, including email and text messages, about your jury service. You must not disclose your thoughts about your jury service or ask for advice on how to decide any case.

You must decide the facts based on the evidence presented in court and according to the legal principles about which I will instruct you. You are not permitted, during the course of the trial, to conduct any independent investigation or research about the case. That means, for example, you cannot use the Internet to do research about the facts or the law or the people involved in the

case. Research includes something even as simple or seemingly harmless as using the Internet to look up a legal term or view a satellite photo of the scene of the alleged crime.

I want to explain the reasons why you should not conduct your own investigation. All parties have a right to have the case decided only on evidence and legal rules that they know about and that they have a chance to respond to. Relying on information you get outside this courtroom is unfair because the parties would not have a chance to refute, correct, or explain it. Unfortunately, information that we get over the Internet or from other sources may be incomplete or misleading or just plain wrong. It is up to you to decide whether to credit any evidence presented in court and only the evidence presented in court may be considered. If evidence or legal information has not been presented in court, you cannot rely on it.

Moreover, if any of you do your own research about the facts or the law, this may result in different jurors basing their decisions on different information. Each juror must make his or her decision based on the same evidence and under the same rules.

In this case, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is ongoing. You may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

After I submit the case to you, you may discuss it only when I instruct you to do so, and only in the jury room and only in the presence of all your fellow jurors. It is important that you keep an open mind and not decide any issue in the case until after I submit the entire case to you with my final instructions.

---------------

Authority:  Barbara E. Bergman, *Criminal Jury Instructions for the District of Columbia* (5th ed., 2017 release) ("The Redbook"), Instructions No. 1.102, 1.105.

INSTRUCTION NO. 2

Preliminary Instruction to Jury Where Identity of Alternates Is Not Disclosed

You have probably noticed that there are fourteen (14) of you sitting in the jury box. Only twelve (12) of you will retire to deliberate in this matter. Before any of you even entered the courtroom, we randomly selected the alternates' seats. I will not disclose who the alternate jurors are until the end of my final instructions just before you begin your deliberations. As any seat might turn out to be an alternate's seat, it is important that each of you think of yourselves as regular jurors during this trial, and that all of you give this case your fullest and most serious attention.

---------------

Authority:  Redbook, Instruction No. 1.107.

## INSTRUCTION NO. 3

### Cautionary Instruction on the Use of the Internet and Publicity

You may not communicate with anyone not on the jury about this case. As I explained earlier, this includes any electronic communication such as emailing or texting or any blogging about the case. In addition, you may not conduct any independent investigation before or during deliberations. This means you may not conduct any research in person or electronically via the Internet or in any other way.

In some cases, there may be reports in the newspaper or on the radio, Internet, or television concerning the case while the trial is going on. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

---------------

Authority:  Redbook, Instruction No. 1.202.

16

INSTRUCTION NO. 4

Furnishing the Jury with a Copy of the Instructions

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

---------------

Authority:  Redbook, Instruction No. 2.100.

INSTRUCTION NO. 5

Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

---------------

Authority:  Redbook, Instruction No. 2.101.

INSTRUCTION NO. 6

Function of the Jury

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

---------------

Authority:  Redbook, Instruction No. 2.102.

INSTRUCTION NO. 7

Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own

memory of the evidence, it is your memory that should control during your deliberations.

---------------

Authority:  Redbook, Instruction No. 2.103.

INSTRUCTION NO. 8

Evidence in the Case—Judicial Notice, Stipulations, Depositions

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, the facts of which I took judicial notice, and the facts and testimony stipulated to by the parties.

I may take what is called "judicial notice" of public acts, places, facts, and events that I consider to be matters of common knowledge or matters that can be determined easily through undisputed sources. In this case, I took judicial notice of [describe fact of which the court took judicial notice]. When I take judicial notice of a particular fact, you may, if you choose to do so, regard that fact as proven evidence. Because you are the sole judges of the facts, however, you are not required to accept any fact that is judicially noted.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

During the trial, you were told that the parties had stipulated—that is, agreed—to what testimony [name of witness] would have given if s/he had testified in this case. You should consider this stipulated testimony to be exactly what s/he would have said had s/he testified here.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

---------------

Authority:  Redbook, Instruction No. 2.104.

21

INSTRUCTION NO. 9

Statements of Counsel

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers are not evidence.

---------------

Authority:  Redbook, Instruction No. 2.105.

INSTRUCTION NO. 10

Indictment Not Evidence

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Manafort's guilt or draw any inference of guilt from it.

---------------

Authority:  Redbook, Instruction No. 2.106.

## INSTRUCTION NO. 11

### Burden of Proof—Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Manafort to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which Mr. Manafort is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find Mr. Manafort not guilty of that offense.


---------------

Authority:  Redbook, Instruction No. 2.107.

INSTRUCTION NO. 12

Reasonable Doubt

The government has the burden of proving Mr. Manafort guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

---------------

Authority:  Redbook, Instruction No. 2.108.

<u>INSTRUCTION NO. 13</u>

<u>Count 1: Nature of the Offense</u>

Count One of the superseding indictment charges that from in or about and between 2006 and 2017 in the District of Columbia and elsewhere, the defendant knowingly and intentionally conspired to defraud the United States by impeding, impairing, obstructing, and defeating the lawful governmental functions of a government agency, namely the Department of Justice and the Treasury, and to commit offenses against the United States.

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose. There are two types of conspiracy are charged in Count One: first, the defendant is accused of having been a member of a conspiracy to defraud the United States government, and, second, the defendant is accused of having been a member of a conspiracy to violate a number of federal laws. I will explain both of these charges in more detail.

---------------

Authority:  Superseding Indictment; 2B O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions*, § 67:13 (6th ed. updated through February 2018).

## INSTRUCTION NO. 14

### Count 1: Overview of Conspiracy to Defraud the United States

As to the first type of conspiracy charged in Count 1, the defendant is charged with conspiring to defraud the United States.  It is against the law to agree with someone to defraud the United States or any of its agencies.  Congress has deemed it appropriate to make a conspiracy, standing alone, a separate crime, even if it is not successful. This is because collective criminal activity poses a greater potential threat to the public's safety and welfare than individual conduct and increases both the likelihood of success of a particular criminal venture.

In this regard, the charge of conspiracy to defraud the government does not mean that one of the illegal objects must be to cause the government to suffer a loss of money or property as a consequence of the conspiracy. It would also be a conspiracy to defraud if one of the objects was to obstruct, interfere, impair, impede or defeat the legitimate functioning of the government through fraudulent or dishonest means.


---------------

Authority:  2 Hon. Leonard B. Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Instruction 19-12 (2018) (modified to eliminate last clause).

INSTRUCTION NO. 15

Count 1: Essential Elements of Conspiracy to Defraud the United States

For the first type of conspiracy charged in Count One, the Defendant can be found guilty of this crime only if all the following elements are proved beyond a reasonable doubt:

(1)     First, between approximately 2006 and 2017, an agreement existed between two or more people to defraud the United States.  The agreement does not have to be a formal agreement or plan, in which everyone involved sat down together and worked out the details. On the other hand, merely because people get together and talk about common interests, or do similar things, does not necessarily show that an agreement exists. It is enough that the government proves beyond a reasonable doubt that there was a common understanding among those who were involved to commit the crime.  So, the first thing that must be shown is the existence of an agreement.

(2)     Second, the defendant intentionally joined in that agreement.  It is not necessary to find that he agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.  A person may become a member of a conspiracy even if that person agrees to play only a minor part, as long as that person understands the unlawful nature of the plan and voluntarily and intentionally joins in it with the intent to advance or further the unlawful object of the conspiracy.  But mere presence at the scene of the agreement or of the crime, or merely being with the other participants, does not show that the defendant knowingly joined in the agreement. Also, unknowingly acting in a way that helps the participants, or merely knowing about the agreement itself, without more, does not make the defendant part of the conspiracy.  So the second thing that must be shown is that Mr. Manafort was part of the conspiracy.

(3)     Third, one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy.  This something is referred to as an overt act.  An "overt act" is any transaction or event, even one which may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.  In order to sustain its burden of proof on this element under Count One of the indictment, the government must prove beyond a reasonable doubt that one of the members of the alleged conspiracy or agreement knowingly performed at least one overt act, that this overt act was performed during the existence or life of the conspiracy between 2006 and 2017, and was done to somehow further the goal of the conspiracy or agreement. The charged overt acts are: (a) the use of a series of overseas and domestic corporate entities, (b) wiring money from offshore accounts controlled or beneficially owned by Mr. Manafort into the United States to pay for goods, services and real estate without paying taxes on that income, (c) a multi-part international lobbying scheme on behalf of foreign principals that involved the retention of lobbying firms, law firms, and public relations firms to perform work in the United States, (d) the retention of a group of former European politicians who lobbied in the United States, (e) the concealment of these activities, and (f) the concealment of overseas accounts used in the charged schemes.  Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether Mr. Manafort was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against Mr. Manafort whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

In summary, a conspiracy is a kind of partnership in crime. For any defendant to be convicted of the crime of conspiracy, the government must prove three things beyond a reasonable doubt: first, that there was an agreement to defraud the United States; second, that the defendant intentionally joined in that agreement; and third, that one of the people involved in the conspiracy did one of the overt acts charged.

--------------

Authority:  Redbook, Instruction 7.102 (basic conspiracy instruction); *United States v. Dean*, 55 F.3d 640, 647 (D.C. Cir. 1995) (elements); *United States v. Treadwell*, 760 F.2d 327, 333 (D.C. Cir. 1985) (same); 1 Sand, *et al.*, *Modern Federal Jury Instructions-Criminal*, Chapter 19 (2018). Alternatively, in lieu of a summary of the overt acts, the Court could read the alleged overt acts for Count 1, which are contained within paragraphs 8–11,14–18, 20–31, 35–36, and 45.

INSTRUCTION NO. 16

Count 1: Overview of Conspiracy to Commit an Offense Against the United States

As to the second type of conspiracy charged in Count One, the defendant is charged with conspiring with others to commit four felony offenses: (1) the offense of acting, and causing and aiding and abetting others to act, as unregistered agents of a foreign principal, in violation of the Foreign Agents Registration Act (FARA); (2) the offense of making false and misleading statements of material fact, or misleading omissions, in documents filed with the Attorney General under the provisions of FARA; (3) the offense of making materially false statements in two letters to the Department of Justice; and (4) the offense of failing to file required reports of foreign bank accounts (FBAR) with the Department of the Treasury.

The crime of conspiracy to violate federal law is an independent offense. It is against the law to agree with someone to commit the crimes of acting as a foreign agent, making false statements under the FARA statute, to make false statements to the Department of Justice, and to fail to file an FBAR.  The charge of conspiracy to commit these four violations of federal law is thus a separate charge from the actual violations of any of these specific federal laws, which Mr. Manafort is separately charged with violating in Counts Three, Four, and Five of the indictment.

The law refers to the actual violations of the specific federal laws as "substantive crimes." Indeed, you may find the defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed.  The government is not required to prove that the objective was achieved.

---------------

Authority:  Superseding Indictment; Redbook, Instruction 7.102.

INSTRUCTION NO. 17

Count 1: Essential Elements of Conspiracy to Commit an Offense Against the United States

For the second type of conspiracy charged in Count One, I will first describe the elements of the second type of conspiracy charged in Count One, then describe the crimes that the government alleges were the objects of the conspiracy.

To find the defendant guilty of the second conspiracy charged in Count One, you must be convinced that the government has proved beyond a reasonable doubt each of the following elements:

(1)    First, that between 2006 and 2017, an agreement existed between two or more people in some way agreed to try to commit one or more of the specific offenses described in the indictment.  As I mentioned before, a conspiracy does not have to be a formal agreement or plan.

(2)    Second, the defendant intentionally joined in that agreement.  Again, it is not necessary to find that the defendant agreed to all the details of the crime, or that he knew the identity of all the other people the government has claimed were participating in the agreement.

(3)    Third, one of the people involved in the conspiracy did something for the purpose of carrying out the conspiracy.  For the second conspiracy charged in Count One, the charged overt acts include (a) the use of a series of overseas and domestic corporate entities, (b) wiring money from offshore accounts controlled beneficially owned or by Manafort into the United States to pay for goods, services and real estate without paying taxes on that income, (c) a multi-part international lobbying scheme on behalf of foreign principals that involved the retention of lobbying firms, law firms, and public relations firms to perform work in the United States, (d) the retention of a group of former European politicians who lobbied in the United States, (e) the concealment of these activities, and (f) the concealment

32

of overseas accounts used in the charged schemes.  The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether Mr. Manafort was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against Mr. Manafort whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

<u>Elements of the Conspiracy's Objects</u>

In Count One, the government has alleged the defendant agreed to violate multiple federal crimes.  I will now provide you with some information about those specific laws.

In Count One, the government has alleged that one object of the conspiracy was to act as an unregistered agent of a foreign principal.  For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.  In considering whether this was an object of the conspiracy, the following legal principles and definitions apply.  A person willfully violates the FARA requirements if:

(1)     The defendant acted in the United States as an agent of a foreign principal;

(2)     The defendant acted without registering with the Attorney General; and

(3)     The defendant acted willfully.

I will provide further instruction about the relevant FARA laws in a moment.

The government has alleged that another object of the conspiracy charged in Count One was to make false and misleading statements in connection with a FARA Filing.  For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.   In considering whether this was an object of the conspiracy, the following legal principles and definitions apply.  The elements of the crime of making false and misleading FARA statements are:

(1)     The defendant made a false statement of a material fact, or omitted a material fact necessary to make the statement not misleading;

(2)     The defendant made such a statement in a document filed with or furnished to the Attorney General under FARA; and

(3)     The defendant acted willfully.

I will provide further instruction about the relevant FARA laws in a moment.

The government has alleged that another object of the conspiracy charged in Count One was to make false statements in a matter within the jurisdiction of the executive branch.  For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.   In considering whether this was an object of the conspiracy, the following legal principles and definitions apply.  The elements of the crime of making false statements are:

(1)     The defendant made a statement or representation;

(2)     The statement was false, fictitious, or fraudulent;

(3)     The statement was material;

(4)     The defendant acted knowingly and willfully; and

(5)     That statement or representation was made in any matter within the jurisdiction of the executive branch of the United States government.

I will provide further instruction about this law in a moment.

The government has alleged that the final object of the conspiracy was to willfully fail to file reports of bank and financial accounts, also known as an "FBAR" requirement.  It is a federal crime to willfully fail to report one's foreign bank and financial accounts if the aggregate value of all such accounts exceeds $10,000 during a single year.  The government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy.  In considering whether this was an object of the conspiracy, the following legal principles and definitions apply.  A person willfully violates the FBAR requirements if:

(1)     The person was a U.S. person, that is, a U.S. citizen or resident alien, or an entity organized under Federal or state law.

(2)     The person had a financial interest in, and signature authority over, a bank, securities, or other financial account in a foreign country.

(3)     The aggregate value of all such accounts exceeded $10,000 at any time during the calendar year.

(4)     The person failed to report such account on FinCEN Form 114, a Report of Foreign Bank and Financial Accounts, by the annual deadline date; and

(5)     The person willfully failed to report the account.

A person acts "willfully" if he acts with a bad purpose to disobey or disregard the law.  To act "willfully," a person must have knowledge that his conduct was unlawful, but he need not know the specific provision that the conduct violates.

Unanimity—Special—Conspiracy

In Count One, the defendant has been charged with one count of conspiracy against the United States. You have heard evidence of more than one act or incident related to this count. Specifically, you have heard evidence regarding an alleged conspiracy to defraud the government, to violate FARA, to make false statements under the FARA statute, to make false statements to the government, and to fail to disclose foreign accounts.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that he participated in a conspiracy with any one of these objects.  However, in order to return a guilty verdict on this count, you must all agree about which object the defendant conspired to commit.  That is to say, you must all agree either that the defendant conspired to defraud the government, or you must all agree that he conspired to violate FARA, or you must all agree that he conspired to make false statements under the FARA statute, or you must all agree that he conspired to make false statements to the government, or you must all agree that he conspired to fail to disclose foreign accounts.

You may also all agree that the defendant agreed to commit more than one of the crimes, in which case you should indicate as such in verdict form I will discuss with you.

---------------

Authority:  Redbook, Instruction No. 7.102, 2.406 (unanimity); *United States v. Hussain*, No. 1:11-CR-63, 2012 WL 10688321 (D.D.C. Jan. 18, 2012) (modifying Redbook general conspiracy instruction); 31 U.S.C. §§ 5314 and 5322 (Failure To File Reports of Foreign Bank and Financial Accounts).  Alternatively, in lieu of a summary of the overt acts, the Court could read the alleged overt acts for Count 1, which are contained within paragraphs 8–11,14–18, 20–31, 35–36, and 45.

INSTRUCTION NO. 18

Count 2: Nature of the Offense

Count Two of the superseding indictment charges that from in or around and between 2006 and 2016, within the District of Columbia and elsewhere, the defendant did knowingly and intentionally conspire to (a) transport, transmit, and transfer monetary instruments and funds from places outside the United States to and through places in the United States and from places in the United States to and through places outside the United States, with the intent to promote the carrying on of a felony violation of FARA; (b) to conduct financial transactions knowing that the property represented or involved proceeds of a felony violation of FARA, and knowing that such financial transactions were designed to disguise the nature, location, source, ownership, or control of the proceeds of a felony violation of the Foreign Agents Registration Act; and (c) to conduct financial transactions knowing that the property represented or involved proceeds of a felony violation of FARA, and knowing that such financial transactions were entered into with the intent to evade federal income taxes.

Count Two of the indictment charges a conspiracy to commit three different types of money laundering, each of which is a crime.

First, the indictment alleges that the defendant conspired to conduct certain financial transactions intended to promote a felony violation of the Foreign Agents Registration Act. This crime is sometimes called "promotional" money laundering.

Second, the indictment alleges that the defendant conspired to conduct certain financial transactions to conceal the proceeds of a felony violation of the Foreign Agents Registration Act. This crime is sometimes call "concealment" money laundering.

Third, the indictment alleges that the defendant conspired to conduct certain financial transactions to evade the taxation of the proceeds of a felony violation of the Foreign Agents Registration Act.  This crime is sometimes called "tax-evasion" money laundering.

I have referred to a felony violation of the Foreign Agents Registration Act.  Count Three, which I will instruct you on in a moment, allege a felony violation of the Foreign Agents Registration Act.

--------------

Authority:  Indictment; 18 U.S.C. § 1956(h).

INSTRUCTION NO. 19

Count 2: Essential Elements of the Offenses Charged

The elements of conspiracy to commit money laundering, each of which the government must prove beyond a reasonable doubt, are that:

(1)     Two or more people agreed to try to accomplish a common and unlawful plan to commit money laundering in violation of 18 U.S.C. § 1956.

(2)     The defendant voluntarily joined the conspiracy knowing its unlawful purpose and with an intent to further that purpose.

Unlike for the conspiracy charged in Count One, the government need not prove an "overt act" to prove the money-laundering conspiracy charged in Count Two.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether Mr. Manafort was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against Mr. Manafort whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

<u>Elements of the Conspiracy's Objects</u>

The money laundering statute, 18 U.S.C. § 1956, can be violated in the three ways mentioned above.  But the evidence need not establish that these violations actually occurred to prove a conspiracy, so long as the unlawful agreement and intent set forth above are shown.

The first type of violation, promotional money laundering, has the following elements:

(1)     First, a person knowingly transmitted or transferred monetary instruments or funds to a place in the United States from or through a place outside the United States.

(2)     Second, a person acted with the intent to promote the carrying on of a specified unlawful activity—that is, he conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the specified unlawful activity.

The phrase "specified unlawful activity" is defined in federal law, and it includes a felony violation of the Foreign Agents Registration Act (FARA).

The second type of violation, concealment money laundering, has the following elements:

(1)     First, a person conducted or attempted to conduct a financial transaction.

(2)     Second, a person knew the property involved in the transaction represented the proceeds of some form of unlawful activity.

(3)     Third, the property in fact represented the proceeds of a specified unlawful activity, here, a felony violation of the Foreign Agents Registration Act.

(4)     Fourth, a person knew that the financial transaction was designed in whole or part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity. Proceeds can be any kind of property, not just money.

The third type of violation, tax evasion money laundering, has the following elements:

(1)     First, the person conducted or attempted to conduct a financial transaction.

(2)     Second, the person knew the property involved in the transaction represented the proceeds of some form of unlawful activity.

(3)     Third, the property in fact represented the proceeds of specified unlawful activity, here, a felony violation of the Foreign Agents Registration Act.

(4)     Fourth, the person, acted with the intent to engage in conduct constituting a violation of 26 U.S.C. § 7201 (tax evasion) or 26 U.S.C. § 7206 (tax perjury).

For purposes of the fourth element, an intent to evade taxes need not be the defendant's sole purpose in conducting the transaction.

<u>Unanimity—Special—Money Laundering</u>

In Count Two, the defendant has been charged with one count of conspiracy to launder money. You have heard evidence of more than one act or incident related to this count. Specifically, you have heard evidence regarding the defendant's alleged conspiracy to engage in certain financial transactions to promote a felony violation of the Foreign Agents Registration Act; his alleged conspiracy to engage in certain financial transactions to conceal the proceeds of a felony violation of the Foreign Agents Registration Act; and his alleged conspiracy to engage in certain financial transactions to evade paying income taxes on the proceeds of a felony violation of the Foreign Agents Registration Act.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that the defendant committed any one of these incidents. However, in order to return a guilty verdict on this count, you must all agree about which incident the defendant committed. That is to say, in order to return a guilty verdict on this count, either you must all agree that the defendant conspired to engage in certain financial transactions to promote a felony

violation of the Foreign Agents Registration Act; or you must all agree that he conspired to engage in certain financial transactions to conceal the proceeds of a felony violation of the Foreign Agents Registration Act; or you must all agree that he conspired to engage in certain financial transactions to evade income taxes on the proceeds of a felony violation of the Foreign Agents Registration.

You may also all agree that the defendant agreed to commit more than one of the crimes, in which case you should indicate as such in verdict form I will discuss with you.

--------------

Authority:   Eleventh Circuit Pattern Jury Instructions (Criminal Cases) O74.5 (2016); Ninth Circuit Model Criminal Jury Instruction 8.148; 3 Sand, *et al.*, *Modern Federal Jury Instructions-Criminal* 50A-2, 50A-6, 50A-12; *Whitfield v. United States*, 543 U.S. 209 (2005) (no overt act needed); Eleventh Cir. Pattern Instr. O74.2 (elements and meaning of "concealment"); Eleventh Cir. Pattern Instr. O74.3 (elements and meaning of "promote"); *United States v. Zanghi*, 189 F.3d 71, 77-78 & n.5 (1st Cir. 1999) (intent to evade taxes need not be the sole purpose); Red Book, Instruction 2.406 (unanimity); 18 U.S.C. § 1956(c)(9) (definition of "proceeds").

INSTRUCTION NO. 20

Count 3: Nature of the Offense

Count Three of the superseding indictment charges that between 2008 and 2014, the defendant knowingly and willfully acted as an agent of a foreign principal, and caused and aided and abetted Companies A, B, and C, and others, including former senior foreign politicians, to act as agents of a foreign principal, to wit, the Government of Ukraine, the Party of Regions, and Yanukovych, without registering with the Attorney General as required by law.

--------------

Authority:  Superseding Indictment.  The names of Companies A, B, and C should be inserted at the time the instructions should be given.

INSTRUCTION NO. 21

Count 3: Essential Elements of the Offense Charged

The elements of the crime of acting as an unregistered agent of a foreign principal, each of which the government must prove beyond a reasonable doubt, are that:

(1)     First, the defendant acted in the United States as an agent of a foreign principal.

(2)     Second, the defendant acted without registering with the Attorney General.

(3)     Third, the defendant acted willfully.

The term "foreign principal" includes the government of a foreign country, a foreign political party, and entities—such as corporations, partnerships, or organizations—that are organized under the laws of or have their principal place of business in a foreign country.

A defendant "acts as an agent of a foreign principal" in the United States if, either "directly or through any other person," he  (i) engages in political activities for or in the interests of such foreign principal, which includes attempts to influence federal officials or the public on foreign or domestic policy; (ii) acts as public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal; (iii) solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal; or (iv) represents the interests of such foreign principal before any federal agency or official.

The term "agent" encompasses a person who serves as a representative, employee, or servant or in any other capacity at the order, request, or under the direction or control of a foreign principal, or person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal.

A defendant acts "willfully" if he acts with a bad purpose to disobey or disregard the law. To act "willfully," a defendant must have knowledge that his conduct was unlawful, but he need not know the specific provision that the conduct violates.

---------------

Authority:  22 U.S.C. §§ 611, 612, 618 (FARA definitions); *Bryan v. United States*, 524 U.S. 184 (1998) (definition of willfulness).

INSTRUCTION NO. 22

Count 4: Nature of the Offense

Count Four of the superseding indictment charges that on November 23, 2016, and February 10, 2017, within the District of Columbia and elsewhere, the defendant, knowingly and willfully caused to be made a false statement of a material fact, and omitted a material fact necessary to make the statements therein not misleading, in a document filed with and furnished to the Attorney General under the provisions of FARA.

--------------

Authority:  Superseding Indictment.

INSTRUCTION NO. 23

Count 4: Essential Elements of the Offense Charged

The elements of the crime of making false and misleading FARA statements, each of which the government must prove beyond a reasonable doubt, are that:

(1)     First, the defendant made a false statement of a material fact, or omitted a material fact necessary to the make the statement not misleading.

(2)     Second, the defendant made such a statement in a document filed with or furnished to the Attorney General under FARA; and

(3)     Third, the defendant acted willfully.

For this offense, a statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decisionmaker to which it was addressed.

A defendant acts "willfully" if he acts with a bad purpose to disobey or disregard the law. To act "willfully," a defendant must have knowledge that his conduct was unlawful, but he need not know the specific provision that the conduct violates.

Unanimity—Special—FARA False Statements

In Count Four, the defendant has been charged with one count of making false and misleading statements. You have heard evidence of more than one statements related to this count. Specifically, you have heard about multiple statements made in two submissions contained within documents filed with the Attorney General under the provisions of FARA.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that the defendant willfully made any of these false or misleading statements. However, in order to return a guilty verdict on this count, you must all agree about which statement was willfully false or misleading.

---------------

Authority:  22 U.S.C. §§ 612 & 618(a)(2); Redbook, Instruction 2.406 (unanimity).

INSTRUCTION NO. 24

Count 5: Nature of the Offense

Count Five of the superseding indictment charges that on November 23, 2016, and February 10, 2017, within the District of Columbia and elsewhere, the defendant, knowingly and willfully did cause another: to falsify, conceal, and cover up by a scheme and device a material fact; to make a materially false, fictitious, and fraudulent statement and representation; and to make and use a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement.

--------------

Authority:  Superseding Indictment.

INSTRUCTION NO. 25

Count 5: Essential Elements of the Offense Charged

The federal statute covering false statements to the government can be violated in two ways relevant to the offense charged in Count Five.

The elements of the first version of the offense, each of which the government must prove beyond a reasonable doubt, are that:

(1)     The defendant made a statement or representation;

(2)     The statement was false, fictitious, or fraudulent;

(3)     The statement was material;

(4)     The defendant acted knowingly and willfully; and

(5)     That statement or representation was made in any matter within the jurisdiction of the executive branch of the United States government.


The elements of the third version of the offense, each of which the government must prove beyond a reasonable doubt, are that:

(1)     The defendant used a writing or document;

(2)     The writing or document contained a false, fictitious, or fraudulent statement or representation;

(3)     The statement or representation was material;

(4)     The defendant the defendant knew that the writing contained a false, fictitious or fraudulent statement or entry, and knowingly and willfully used said writing or document; and

(5)     The document or writing was used in a matter within the jurisdiction of the executive branch of the United States government.

For this offense, a statement is "material" if it has a natural tendency to influence or is capable of influencing the decision of the decisionmaker to which it was addressed.

A defendant acts "knowingly and willfully" if he acts knowing that the statement was false, fictitious, or fraudulent and knowing that his conduct was unlawful, even if he does not know the specific provision that the conduct violates.

Unanimity—Special—False Statements

In Count Five, the defendant has been charged with one count of making false statements. You have heard evidence of more than one statement related to this count.  Specifically, you have heard about statements in two submissions made to the Department of Justice.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that the defendant willfully made any of these false, fictitious, or fraudulent statements.  However, in order to return a guilty verdict on this count, you must all agree about which statement was willfully false or misleading.

---------------

Authority:  18 U.S.C. § 1001(a)(2) and (a)(3); 2 Hon. Leonard B. Sand, et al., *Modern Federal Jury Instructions-Criminal*, Instructions 36-9, 36-15 (2018); Redbook, Instruction 2.406 (unanimity).

INSTRUCTION NO. 26

Count 6: Nature of the Offense

Count Six of the superseding indictment charges that between February 23, 2018, and April 2018, the defendant knowingly and intentionally attempted to corruptly persuade another person with intent to influence, delay, and prevent the testimony of any person in an official proceeding.

--------------

Authorities:  Superseding Indictment.

INSTRUCTION NO. 27

Count 6: Essential Elements of the Offense Charged

The elements of the crime of witness tampering, each of which the government must prove beyond a reasonable doubt, are that:

(1)   First, on or about the date charged, the defendant corruptly persuaded another person, or attempted to do so.

(2)   Second, the defendant acted knowingly.

(3)   Third, the defendant acted with the intent to influence, delay, or prevent the testimony of that person in an official proceeding.

The word "knowingly" means that the act was done voluntarily and intentionally with the knowledge that it was wrong, and not because of mistake or accident.  The word "corruptly" means that the act was done dishonestly and with the intent to obtain an improper advantage.  To engage in corrupt persuasion "knowingly," the defendant must be conscious that he is engaging in wrongdoing.

For a defendant to have "attempted" to commit this offense, the defendant must intend to commit the crime of witness tampering, and also must do an act constituting a substantial step toward the commission of that crime.   A "substantial step" is an act that goes beyond mere preparation and that is reasonably adapted to accomplishing the crime.

An "official proceeding" is a proceeding before a federal court, a federal judge, the United States Congress or a federal agency.  The "official proceeding" need not be pending at the time of the defendant acts, but that proceeding must at least be one that is foreseen by the defendant.

---------------

Authority:  18 U.S.C. § 1512(b)(1); *Arthur Andersen LLP v. United States*, 544 U.S. 696, 704–08 (2005); Redbook, Instruction 7.101 (attempt requires "substantial step").

INSTRUCTION NO. 28

Count 7: Nature of the Offense

Count Six of the superseding indictment charges that between February 23, 2018, and April 2018, both dates being approximate and inclusive, within the District of Columbia and elsewhere, the defendant knowingly and intentionally conspired to corruptly persuade another person, to wit: Persons D1 and D2, with intent to influence, delay, and prevent the testimony of any person in an official proceeding.

--------------

Authority:  Superseding Indictment.  The names of Persons D1 and D2 should be inserted at the time the instructions should be given.

INSTRUCTION NO. 29

Count 7: Essential Elements of the Offense Charged

As explained above, a conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.  The government is not required to prove that the objective was achieved.

The elements of conspiracy to tamper with witnesses, each of which the government must prove beyond a reasonable doubt, are that:

(1)     First, an agreement existed between two or more persons to influence, through corrupt persuasion, the testimony of another person.

(2)     Second, the defendant knew the agreement.

(3)     Third, the defendant intentionally joined the conspiracy intending to further its unlawful end.

A conspiracy can be proved indirectly, by facts and circumstances that lead to a conclusion that a conspiracy existed. The government must prove that such facts and circumstances existed and that they lead to the conclusion that a conspiracy existed.

In determining whether a conspiracy between two or more persons existed and whether Mr. Manafort was one of its members, you may consider the acts and the statements of any other member of the conspiracy as evidence against Mr. Manafort whether done in or out of his presence while the conspiracy existed. When persons enter into an agreement to commit a crime, they become agents for each other so that everything which is said or done by one of them in furtherance of that purpose is deemed to be the statement of all who have joined in that conspiracy and is evidence against all of the conspirators. However, statements of any conspirator which are made before its existence or after its termination may be considered as evidence only against the person making such statements.

57

As was true for the conspiracy charged in Count Two, and unlike for the conspiracy charged in Count One, the government need not prove an "overt act" for the conspiracy charged here in Count Seven.

---------------

Authority:  18 U.S.C. § 1512(k); *Whitfield v. United States*, 543 U.S. 209 (2005); *United States v. Edlind*, 887 F.3d 166, 176 n.4 (4th Cir. 2018) (no overt act necessary).

INSTRUCTION NO. 30

Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

--------------

Authority:  Redbook, Instruction No. 2.109.

INSTRUCTION NO. 31

Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

---------------

Authority:  Redbook, Instruction No. 2.112.

<u>INSTRUCTION NO. 32</u>

<u>Law Enforcement Techniques</u>

During the trial you have heard testimony of witnesses and argument by counsel that the government did not utilize specific investigative techniques.  You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, you are also instructed that there is no legal requirement use any specific investigative techniques to prove its case.  Law enforcement techniques are not your concern.

Further, I am sure that at least one of you has seen the popular television shows like "C.S.I." or "Law & Order."  The TV standards, and the capabilities of law enforcement as portrayed on TV and in the movies, do not apply here to this trial.  Witness testimony is sufficient to establish the charges in this case.  Specific investigative techniques, such as videotaping an arrest or testing for DNA, are not required to be presented in order for you to find the defendant guilty of the charges in this case.  Please dismiss from your deliberations in consideration of the appropriate verdicts in this case investigative techniques which you may have seen on T.V. or in movies, as well as anything else about which there was no evidence.

Your concern, as I have said, is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proven beyond a reasonable doubt.

---------------

Authority:  *United States v. Best*, 1:13-cr-00301-ABJ (D.D.C. May 7, 2014) (ECF No. 21).

INSTRUCTION NO. 33

Credibility of Witnesses

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

---------------

Authority:  Redbook, Instruction No. 2.200.

INSTRUCTION NO. 34

Accomplice's and Cooperator's Testimony

You have heard testimony from [witness name(s)] was actually involved in some of the criminal conduct charged in the Indictment.  [Witness name(s)] has himself pleaded guilty to charges arising out of the same facts as this case.  You are to draw no inferences or conclusions of any kind about the guilt of any defendant on trial from the fact that a prosecution witness pleaded guilty to similar or related charges.  Each witness's decision to plead guilty was personal to his own guilt, and that decision may not be used as evidence against any defendant on trial.

[Witness name(s)] has, however, also testified about conduct allegedly engaged in by the defendant here on trial.

The government is permitted to use a witness who testifies that he participated in the offenses charged against the defendant, although the testimony of such a witness should be considered with caution. A witness who has entered into a plea agreement is under the same obligation to tell the truth as is any other witness; the plea agreement does not protect him against a prosecution for perjury or false statement, should he lie under oath.  You will have to assess [witness name(s)] and decide whether or not you credit the testimony given.  I have already given you general instructions about factors you should consider in evaluating the testimony of any witness.

Because people who themselves take part in criminal activity often have the knowledge required to reveal criminal behavior by others, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice may be enough, by itself, to support a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

Because of the very nature of accomplice testimony, however, it must be scrutinized with great care and viewed with particular caution when you decide how much of that testimony you believe.  You should, for example, ask yourselves whether an accomplice witness would benefit more by lying or by telling the truth.

In this case, you have heard that [witness name(s)] entered into a written plea agreement with the government that provides, in part, for him to give testimony in this case.  The government agreed to dismiss certain charges filed and agreed not to pursue other charges in exchange for the witness's agreement to plead guilty and testify at trial.  The government also agreed to bring any substantial assistance provided by [witness name(s)] to the attention of this court for consideration at sentencing.  You have further heard that [witness name(s)] engaged in unlawful conduct while participating in a proffer session with the government, which included making false statements to the government.

Ladies and gentlemen, the government is permitted to enter into such agreements with witnesses.  But a witness who testifies pursuant to such an agreement does have an interest in this case different from an ordinary witness.  This is why you must carefully scrutinize whether the testimony of an accomplice was made up in any way because he believed or hoped that he would receive favorable treatment by testifying falsely.  For this reason, a witness's understanding of his agreement and his expectations under that agreement may be more important to your assessment of his credibility than the actual terms of the agreement.

In fact, the ultimate decision as to [witness name(s)] sentence rests with the Court.  But you should ask yourselves, did [witness name(s)] believe that his interests, whether with respect to sentencing or any other benefit, would be best served by testifying truthfully or by testifying falsely?  If you believe that the witness was motivated by hopes of personal gain, was the

motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding whether you believe an accomplice witness and what weight, if any, his testimony deserves.

--------------

Authority:  Redbook, Instruction Nos. 2.202–2.203; *United States v. Wong Chi Fai*, No. 93-CR-1340 (E.D.N.Y).

INSTRUCTION NO. 35

Testimony of Immunized Witnesses (*If Applicable*)

You have heard evidence that a witness [insert name] has received immunity. This means that the testimony of the witness may not be used against him/her in any criminal case. You should consider whether a witness who realizes that s/he may receive a benefit by incriminating another may have a motive to lie. However, you may also consider that the witness is under the same obligation to tell the truth as is any other witness, because the grant of immunity does not protect him/her against a prosecution for perjury or false statement, should s/he lie under oath.

The testimony of a witness to whom immunity has been granted should be considered with caution. You should give the testimony as much weight as in your judgment it deserves.

---------------

Authority:  Redbook, Instruction No. 2.204.

INSTRUCTION NO. 36

Law Enforcement Officer's Testimony

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.


---------------

Authority:  Redbook, Instruction No. 2.207 (modified to substitute "law enforcement officer" for "police officer" in the pattern instruction).

INSTRUCTION NO. 37

Right of Defendant Not to Testify (*If Applicable*)

Every defendant in a criminal case has an absolute right not to testify.  Mr. Manafort has chosen to exercise this right.  You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

---------------

Authority:  Redbook, Instruction No. 2.208.

INSTRUCTION NO. 38

Defendant as Witness (*If Applicable*)

A defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

---------------

Authority:  Redbook, Instruction No. 2.209–2.210.

INSTRUCTION NO. 39

False or Inconsistent Statement by Defendant

You have heard evidence that the defendant made statements in explanation of his actions that may have been false or inconsistent.  It is up to you to decide whether he made the statements, and whether they were, in fact, false or inconsistent. If you find he did make such statements and that they were false or inconsistent, you may consider such evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider that he may have given such statements for reasons unrelated to this case or consistent with his innocence.

If you find that the defendant made a false or inconsistent statement in explanation of his actions, you should give the testimony as much weight as in your judgment it deserves.

---------------

Authority:  Redbook, Instruction No. 2.210.

INSTRUCTION NO. 40

Character of Defendant (*If Applicable*)

The defendant has introduced testimony that he has a good reputation in the community. Such evidence may indicate to you that it is unlikely that the defendant would commit the crime charged or it may not.  You may consider this evidence along with other evidence in the case including evidence that contradicts the defendant's character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged, it is your duty to find him or her guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

---------------

Authority:  Redbook, Instruction No. 2.213.

INSTRUCTION NO. 41

Specialized Opinion Testimony (*If Applicable*)

In this case, [you will hear] [you heard] the testimony of [name of witness] who [will express] [expressed] opinions concerning [certain subjects; specify the subject(s), if possible].  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

---------------

Authority:  Redbook, Instruction No. 2.215.

INSTRUCTION NO. 42

Evaluation of Prior Inconsistent Statement of a Witness (*If Applicable*)

The law treats prior inconsistent statements differently depending on the nature of the statements and the circumstances in which they were made. I will now explain how you should evaluate those statements.

PART A (for use when prior statements not made under oath are introduced):

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

PART B (for use when prior statements made under oath are introduced):

You [also] have heard evidence that [name of witness] made an earlier statement under oath, subject to the penalty of perjury at [a prior proceeding] [the grand jury] [a deposition] and that this statement may be inconsistent with [his] [her] testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

PART C (for use when prior identification statements are used to impeach a witness):

You [also] have heard evidence that [name of witness] [made an identification] [provided a description] on an earlier occasion, and that his/her testimony here at trial may be inconsistent with that [identification] [description]. It is for you to decide whether s/he [made such an identification] [provided such a description] and whether his/her testimony here was, in fact,

74

inconsistent with it. If you find such an inconsistency, you may consider this inconsistency in judging the credibility of [name of witness]. You also may consider the earlier [identification] [description] as evidence that what was said in the prior [identification] [description] was true.

---------------

Authority:  Redbook, Instruction No. 2.216.

INSTRUCTION NO. 43

Evaluation of Prior Consistent Statement of a Witness

You have heard evidence that [name of witness] [name of defendant] made a statement on an earlier occasion and that this statement may be consistent with his/her testimony here at trial. This earlier statement was brought to your attention [both] to help you in evaluating the credibility of the witness [and as evidence in this case]. If you find that the earlier statement is consistent with the witness's present testimony in court, you may consider this consistency [both] in judging the credibility of the witness here at trial [but you may not use it] [and] as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact consistent with the witness's in-court testimony here.

---------------

Authority:  Redbook, Instruction No. 2.217.

INSTRUCTION NO. 44

Impeachment by Proof of Conviction of a Crime—Witness (*If Applicable*)

You have heard evidence that [witness name(s)] has been convicted of a crime. You may consider this conviction only in evaluating the credibility of that witness's testimony in this case.

---------------

Authority:  Redbook, Instruction No. 2.218.

INSTRUCTION NO. 45

Impeachment by Proof of Conviction of Pending Case, Probation Or Parole (*If Applicable*)

You have heard evidence that [witness name(s)] is [awaiting sentence] [under investigation]. You may consider this evidence when deciding whether the witness has a bias in favor of one of the parties that may affect his/her willingness to tell the truth.

---------------

Authority:  Redbook, Instruction No. 2.219.

INSTRUCTION NO. 46

Attempted Bribery, Coercion or Intimidation of Witness

You have heard evidence that the defendant may have attempted to persuade Persons D1 and D2 to testify falsely. It is up to you to decide if he attempted to persuade Persons D1 and D2 to testify and if such testimony would have been false. If you find he did so, you may consider this evidence as tending to show his feelings of guilt, which you may, in turn, consider as tending to show actual guilt. On the other hand, you may also consider he may have attempted to persuade Persons D1 and D2 for reasons fully consistent with innocence in this case.

If you find that the defendant attempted to persuade Persons D1 and D2 to testify falsely, you should consider this evidence along with all the other evidence in the case and give it as much weight you think it fairly deserves.

---------------

Authority:  Redbook, Instruction No. 2.304.  The names of Persons D1 and D2 should be inserted at the time the instructions should be given.

INSTRUCTION NO. 47

Statements of the Defendant—Substantive Evidence

You have heard evidence that the defendant made statements to law enforcement about the crime charged. You should consider all the circumstances, including whether law enforcement recorded the statement, in deciding whether he made the statement. If you find that he did make the statement, you must decide how much weight to give the statement. For example, you may consider whether he made the statement voluntarily and understood what he was saying. You may consider whether he was forced, threatened, or pressured, either physically or psychologically, and whether he was promised any reward or benefit for making the statement. You may consider all of the conversations between him and the law enforcement. You may consider whether law enforcement warned him of his rights. You may consider where and when the statement was given; the duration of any questioning; who was present during some or all of the questioning of the defendant; and whether the law enforcement recorded some or all of the conversations. You may consider the age, education, experience, intelligence and the physical and mental condition of the defendant.

---------------

Authority:  Redbook, Instruction No. 2.305.

INSTRUCTION NO. 48

Translation of Foreign Language Document or Recording

I have admitted documents that are in Russian along with an English translation. Although some of you may know Russian, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation contained in the transcript.

If, however, you have a question as to the accuracy of the English translation, you should bring this matter to my attention immediately by raising your hand. You should not ask your question or make any comment about the translation in the presence of the other jurors, or otherwise share your question or concern with any of them. I will take steps to see if your question can be answered and any discrepancy resolved. If, however, after such efforts a discrepancy remains, you must rely only upon the official English translation provided by the court interpreter and not on your own translation.

---------------

Authority:  Redbook, Instruction No. 2.311.

INSTRUCTION NO. 49

Evidence of Other Crimes Admitted to Show Motive, Identity, or Common Scheme or Plan (*If Applicable*)

You have heard evidence that Mr. Manafort [description of other crimes evidence]. It is up to you to decide whether to accept that evidence.

If you find that the defendant [description of other crimes evidence], you may use this evidence only for the limited purpose of deciding whether:

(1)     The defendant had a motive to commit the offenses charged in the indictment, including the conspiracy to defraud the United States and commit offenses against the United States.

(2)     The circumstances of the other crimes and charged offenses are so similar that it is likely that the person who [description of other crimes evidence] also committed the [name of offense(s)] charged in the indictment.

(3)     The [describe the other crimes conduct] and the [name of offense[s]] charged in the indictment] are part of a common scheme or plan.

        If you conclude that:

(4)     Mr. Manafort had such a motive.

(5)     [description of other crimes evidence] is so similar to the charged offenses that it is likely that the same person committed both of them

(6)     There was a common scheme or plan.

You may use this evidence in determining whether the government has proved beyond a reasonable doubt that Mr. Manafort is the person who committed the [name of offense(s)] charged in the [indictment].

You may not use this evidence for any other purpose. Mr. Manafort is only on trial for the crimes charged. He is not charged in this case with any offense relating to [describe the other

crimes conduct], and you may not use this evidence to conclude that Manafort has a bad character, or that Manafort has a criminal personality. The law does not allow you to convict him/her simply because you believe he may have done bad things not specifically charged as crimes in this case.

---------------

Authority:  Redbook, Instruction No. 2.321.

INSTRUCTION NO. 50

Evidence of Other Crimes Admitted to Show Intent, Absence of Mistake, or Knowledge (*If Applicable*)

You have heard evidence that the defendant [describe other crimes evidence]. It is up to you to decide whether to accept that evidence.

You must first decide, without considering [describe other crimes evidence] at all, whether the government has proved beyond a reasonable doubt that the defendant [insert actus reus]. If you find that the government has proved beyond a reasonable doubt, that Mr. Manafort [insert actus reus], then you may consider the evidence that the s/he [describe other crimes evidence].]

If you find that Mr. Manafort [describe other crimes evidence], you may use this evidence only for the limited purpose of deciding/determining whether the government has proved beyond a reasonable doubt that Mr. Manafort [intended to [insert object of intent] [acted knowingly and on purpose, and not by mistake or by accident] [knew that [insert purpose for which the evidence was introduced]].

You may not use this evidence for any other purpose.  Mr. Manafort is only on trial for the crimes charged.  The defendant is not charged in this case with any offense relating to [describe the other crimes conduct], and you may not use this evidence to conclude that s/he has a bad character, or that Mr. Manafort has a criminal personality. The law does not allow you to convict the defendant simply because you believe he may have done bad things not specifically charged as crimes in this case.

---------------

Authority:  Redbook, Instruction No. 2.321.

INSTRUCTION NO. 51

Multiple Counts—One Defendant

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

---------------

Authority:  Redbook, Instruction No. 2.402.

INSTRUCTION NO. 52

Unanimity—General

A verdict must represent the considered judgment of each juror, and in order to return a

verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

---------------

Authority:  Redbook, Instruction No. 2.405.

INSTRUCTION NO. 53

Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

---------------

Authority:  Redbook, Instruction No. 2.407.

INSTRUCTION NO. 54

Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts s/he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

---------------

Authority:  Redbook, Instruction No. 3.101.

INSTRUCTION NO. 55

Willfully Causing an Act to be Done

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him/her directly or by another. To "cause" an act to be done means to bring it about.  You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

---------------

Authority:  Redbook, Instruction No. 3.102.

<u>INSTRUCTION NO. 56</u>

<u>"On or About" or "In or Around" Proof</u>

The indictment information charges that certain offenses were committed "on or about" and "in or around" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

---------------

Authority:  Redbook, Instruction No. 2.103.

INSTRUCTION NO. 57

Aiding and Abetting

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts that make up the crime or that he was present while the crime was being committed. Any person who in some way intentionally participates in the commission of a crime can be found guilty either as an aider and abettor or as a principal offender. It makes no difference which label you attach. The person is as guilty of the crime as he would be if he had personally committed each of the acts that make up the crime.

To find that a defendant aided and abetted in committing a crime, you must find that the defendant knowingly associated himself with the commission of the crime, that he participated in the crime as something he wished to bring about, and that he intended by his actions to make it succeed.

Some affirmative conduct by the defendant in planning or carrying out the crime is necessary.  Mere physical presence by Mr. Manafort at the place and time the crime is committed is not by itself sufficient to establish his/her guilt.  It is not necessary that you find that the defendant was actually present while the crime was committed.

The government is not required to prove that anyone discussed or agreed upon a specific time or method of committing the crime. The government is not required to prove that the crime was committed in the particular way planned or agreed upon. Nor need the government prove that the principal offender and the person alleged to be the aider and abettor directly communicated with each other.

I have already instructed you on the elements of each of the offenses with which Manafort is charged. With respect to the charges of acting as an unregistered agent of a foreign principal (Count Three), making false and misleading FARA statements (Count Four), and Making false

statements (Count Five) regardless of whether Manafort is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Manafort personally acted knowingly and willfully. With respect to the charge of obstructing justice (Count Six), regardless of whether Manafort is an aider and abettor or a principal offender, the government must prove beyond a reasonable doubt that Manafort personally acted knowingly and intentionally.

---------------

Authority:  Redbook, Instruction No. 3.200.