# EXHIBIT C

SPECIAL INSTRUCTION NO. 1

Requirements under the Foreign Agent Registration Act

The Foreign Agent Registration Act provides that no person shall act as an agent of a foreign principal unless he has filed with the Attorney General a true and complete registration statement and supplements thereto as required that agents of a foreign government or other foreign principal, unless certain exceptions apply.

When registration is required, federal law also specifically identifies steps a person must take in order to complete the registration and supplements. Every person who becomes an agent of a foreign principal shall, within ten days thereafter, file with the Attorney General, a registration statement under oath on a form prescribed by the Attorney General.

The statement must contain the following information:

(1)     The registrant's name, principal business address, and all other business addresses in the United States or elsewhere, and all residence addresses, if any.

(2)     The status of the registrant; if an individual, nationality; if a partnership, name, residence addresses, and nationality of each partner and a true and complete copy of its articles of copartnership; if an association, corporation, organization, or any other combination of individuals, the name, residence addresses, and nationality of each director and officer and of each person performing the functions of a director or officer and a true and complete copy of its charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto; a copy of every other instrument or document and a statement of the terms and conditions of every oral agreement relating to its organization, powers, and purposes; and a statement of its ownership and control.

(3)     A comprehensive statement of the nature of registrant's business; a complete list of registrant's employees and a statement of the nature of the work of each; the name and

1

address of every foreign principal for whom the registrant is acting, assuming or purporting to act or has agreed to act; the character of the business or other activities of every such foreign principal, and, if any such foreign principal be other than a natural person, a statement of the ownership and control of each; and the extent, if any, to which each such foreign principal is supervised, directed, owned, controlled, financed, or subsidized, in whole or in part, by any government of a foreign country or foreign political party, or by any other foreign principal.  If this information changes, the registrant shall give notice to the Attorney General of any changes therein within ten days after such changes occur.

(4)     Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances, by reason of which the registrant is an agent of a foreign principal; a comprehensive statement of the nature and method of performance of each such contract, and of the existing and proposed activity or activities engaged in or to be engaged in by the registrant as agent of a foreign principal for each such foreign principal, including a detailed statement of any such activity which is a political activity.  If this information changes, the registrant shall give notice to the Attorney General of any changes therein within ten days after such changes occur.

(5)     The nature and amount of contributions, income, money, or thing of value, if any, that the registrant has received within the preceding sixty days from each such foreign principal, either as compensation or for disbursement or otherwise, and the form and time of each such payment and from whom received.

(6)     A detailed statement of every activity which the registrant is performing or is assuming or purporting or has agreed to perform for himself or any other person other than a foreign

principal and which requires his registration hereunder, including a detailed statement of any such activity which is a political activity.  If this information changes, the registrant shall give notice to the Attorney General of any changes therein within ten days after such changes occur.

(7)     The name, business, and residence addresses, and if an individual, the nationality, of any person other than a foreign principal for whom the registrant is acting, assuming or purporting to act or has agreed to act under such circumstances as require his registration hereunder; the extent to which each such person is supervised, directed, owned, controlled, financed, or subsidized, in whole or in part, by any government of a foreign country or foreign political party or by any other foreign principal; and the nature and amount of contributions, income, money, or thing of value, if any, that the registrant has received during the preceding sixty days from each such person in connection with any of the activities described previously, either as compensation or for disbursement or otherwise, and the form and time of each such payment and from whom received.

(8)     A detailed statement of the money and other things of value spent or disposed of by the registrant during the preceding sixty days in furtherance of or in connection with activities which require his registration hereunder and which have been undertaken by him either as an agent of a foreign principal or for himself or any other person or in connection with any activities relating to his becoming an agent of such principal, and a detailed statement of any contributions of money or other things of value made by him during the preceding sixty days in connection with an election to any political office or in connection with any primary election, convention, or caucus held to select candidates for any political office.

(9)     Copies of each written agreement and the terms and conditions of each oral agreement, including all modifications of such agreements, or, where no contract exists, a full statement of all the circumstances, by reason of which the registrant is performing or assuming or purporting or has agreed to perform for himself or for a foreign principal or for any person other than a foreign principal any activities which require his registration hereunder.  If this information changes, the registrant shall give notice to the Attorney General of any changes therein within ten days after such changes occur.

(10)    Such further statements and such further copies of documents as are necessary to make the statements made in the registration statement and supplements thereto, and the copies of documents furnished therewith, not misleading.

Whenever the registrant is an association, corporation, organization, or any other combination of individuals, the following documents shall be filed [as part of the registration]:

(1)     A copy of the registrant's charter, articles of incorporation or association, or constitution, and a copy of its bylaws, and amendments thereto.

(2)     A copy of every other instrument or document, and a statement of the terms and conditions of every oral agreement, relating to the organization, powers and purposes of the registrant.

Whenever a registrant, within the United States, receives or collects contributions, loans, money, or other things of value, as part of a fund-raising campaign, for or in the interests of his foreign principal, he shall file a statement setting forth the amount of money or the value of the thing received or collected, the names and addresses of the persons from whom such money or thing of value was received or collected, and the amount of money or a description of the thing of value transmitted to the foreign principal as well as the manner and time of such transmission.

The registration statement and supplements thereto shall be executed under oath as follows: If the registrant is an individual, by him; if the registrant is a partnership, by the majority of the members thereof; if the registrant is a person other than an individual or a partnership, by a majority of the officers thereof or persons performing the functions of officers or by a majority of the board of directors thereof or persons performing the functions of directors, if any.

All statements, exhibits, amendments, and other documents and papers required to be filed under [the Foreign Agent Registration Act] must be submitted in triplicate to the Registration Unit of the U.S. Department of Justice's National Security Division. Filing of such documents may be made in person or by mail.

A registrant shall pay a registration fee with each initial registration statement and each supplemental registration statement at the time such registration statement is filed.

Each statement, amendment, exhibit, or notice required to be filed under FARA shall be submitted in the English language.  An exhibit may be filed even though it is in a foreign language if it is accompanied by an English translation certified under oath by the translator before a notary public, or other person authorized by law to administer oaths for general purposes, as a true and accurate translation.

--------------

Authority:  22 U.S.C. §§ 612(a)–(c); 28 C.F.R. §§ 5.201(c), (e); 28 C.F.R. § 5.206(a); 28 C.F.R. § 5.3; 28 C.F.R. § 5.5.

SPECIAL INSTRUCTION NO. 2

Supplemental Filings under FARA

Every agent of a foreign principal who has filed a registration statement must, within thirty days after the expiration of each period of six months succeeding such filing, file with the Attorney General a supplement thereto under oath, on a form prescribed by the Attorney General, which shall set forth with respect to such preceding six months' period certain facts listed the Attorney General.

The obligation to file a supplemental statement at 6–month intervals during the agency relationship continues even if the registrant has not engaged during the period in any activity in the interests of his foreign principal.

A registrant must, within 30 days after the termination of his obligation to register, file a final statement on the supplemental statement form with the Registration Unit for the final period of the agency relationship not covered by any previous statement.

---------------

Authority:  22 U.S.C. § 612(b); 28 C.F.R. §§ 5.203, 5.205.

SPECIAL INSTRUCTION NO. 3

Filing and Labeling of Political Propaganda

Every person within the United States who is an agent of a foreign principal and required to register under the provisions of [the Foreign Agent Registration Act] and who transmits or causes to be transmitted in the United States mails or by any means or instrumentality of interstate or foreign commerce any informational materials for or in the interests of such foreign principal (i) in the form of prints, or (ii) in any other form which is reasonably adapted to being, or which he believes will be, or which he intends to be, disseminated or circulated among two or more persons shall, not later than forty-eight hours after the beginning of the transmittal thereof, file with the Attorney General two copies thereof.


---------------

Authority:  22 U.S.C. § 614

SPECIAL INSTRUCTION NO. 4

Books and Records

Every agent of a foreign principal registered under [the Foreign Agent Registration Act] shall keep and preserve while he is an agent of a foreign principal such books of account and other records with respect to all his activities, the disclosure of which is required under the provisions of this subchapter, in accordance with such business and accounting practices, as the Attorney General, having due regard for the national security and the public interest, may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this subchapter and shall preserve the same for a period of three years following the termination of such status. Until regulations are in effect under this section every agent of a foreign principal shall keep books of account and shall preserve all written records with respect to his activities. Such books and records shall be open at all reasonable times to the inspection of any official charged with the enforcement of this subchapter. It shall be unlawful for any person willfully to conceal, destroy, obliterate, mutilate, or falsify, or to attempt to conceal, destroy, obliterate, mutilate, or falsify, or to cause to be concealed, destroyed, obliterated, mutilated, or falsified, any books or records required to be kept under the provisions of this section.

A registrant shall keep and preserve in accordance with [this provision of the Foreign Agent Registration Act] the following books and records:

(1)     All correspondence, memoranda, cables, telegrams, teletype messages, and other written communications to and from all foreign principals and all other persons, relating to the registrant's activities on behalf of, or in the interest of any of his foreign principals.

(2)     All correspondence, memoranda, cables, telegrams, teletype messages, and other written communications to and from all persons, other than foreign principals, relating to the

registrant's political activity, or relating to political activity on the part of any of the registrant's foreign principals.

(3)     Original copies of all written contracts between the registrant and any of his foreign principals.

(4)     Records containing the names and addresses of persons to whom informational materials have been transmitted.

(5)     All bookkeeping and other financial records relating to the registrant's activities on behalf of any of his foreign principals, including canceled checks, bank statements, and records of income and disbursements, showing names and addresses of all persons who paid moneys to, or received moneys from, the registrant, the specific amounts so paid or received, and the date on which each item was paid or received.

(6)     If the registrant is a corporation, partnership, association, or other combination of individuals, all minute books.

(7)     Such books or records as will disclose the names and addresses of all employees and agents of the registrant, including persons no longer acting as such employees or agents.

(8)     Such other books, records, and documents as are necessary properly to reflect the activities for which registration is required.

Officials of the National Security Division and the Federal Bureau of Investigation are authorized under [this section of the Foreign Agent Registration Act] to inspect the books and records.

---------------

Authority:  22 U.S.C. § 615; 28 C.F.R. § 5.500; 28 C.F.R. § 5.501

SPECIAL INSTRUCTION NO. 5

Requirements Under the Lobbying Disclosure Act

The Lobbying Disclosure Act provides that no later than 45 days after a lobbyist first makes a lobbying contact or is employed or retained to make a lobbying contact, the lobbyist shall register with the Secretary of the Senate and the Clerk of the House of Representatives.

Each registration under this section shall contain the following information:

(1)     The name, address, business telephone number, and principal place of business of the registrant, and a general description of its business or activities.

(2)     The name, address, and principal place of business of the registrant's client, and a general description of its business or activities (if different from paragraph (1)).

(3)     The name, address, and principal place of business of any organization, other than the client, that contributes more than $5,000 to the registrant or the client in the quarterly period to fund the lobbying activities of the registrant; and actively participates in the planning, supervision, or control of such lobbying activities.

(4)     The name, address, principal place of business, amount of any contribution of more than $5,000 to the lobbying activities of the registrant, and approximate percentage of equitable ownership in the client (if any) of any foreign entity that—

(A)     holds at least 20 percent equitable ownership in an organization that contributes more than $5,000 to the registrant or the client to fund the lobbying activities of the registrant.

(B)     directly or indirectly, in whole or in major part, plans, supervises, controls, directs, finances, or subsidizes the activities of the client or any organization identified under paragraph (3); or

(C)     is an affiliate of the client or any organization identified under paragraph (3) and has a direct interest in the outcome of the lobbying activity;

(5)     A statement of—

(A)     the general issue areas in which the registrant expects to engage in lobbying activities on behalf of the client; and

(B)     to the extent practicable, specific issues that have (as of the date of the registration) already been addressed or are likely to be addressed in lobbying activities.

(6)     The name of each employee of the registrant who has acted or whom the registrant expects to act as a lobbyist on behalf of the client and, if any such employee has served as a covered executive branch official or a covered legislative branch official in the 20 years before the date on which the employee first acted as a lobbyist on behalf of the client, the position in which such employee served.


---------------

Authority:  2 U.S.C. § 1603.

SPECIAL INSTRUCTION NO. 6

Reports Under the Lobbying Disclosure Act

No later than 20 days after the end of the quarterly period beginning on the first day of January, April, July, and October of each year in which a registrant is registered pursuant to the Lobbying Disclosure Act, each registrant shall file a report with the Secretary of the Senate and the Clerk of the House of Representatives on its lobbying activities during such quarterly period. A separate report shall be filed for each client of the registrant.

Each quarterly report filed under subsection (a) shall contain—

(1)    The name of the registrant, the name of the client, and any changes or updates to the information provided in the initial registration, including information under section 1603(b)(3) of this title.

(2)    For each general issue area in which the registrant engaged in lobbying activities on behalf of the client during the quarterly period,

    (A)    A list of the specific issues upon which a lobbyist employed by the registrant engaged in lobbying activities, including, to the maximum extent practicable, a list of bill numbers and references to specific executive branch actions;

    (B)    A statement of the Houses of Congress and the Federal agencies contacted by lobbyists employed by the registrant on behalf of the client;

    (C)    A list of the employees of the registrant who acted as lobbyists on behalf of the client; and

    (D)    A description of the interest, if any, of any foreign entity that contributed more than $5,000 in funding lobbying activities, that controlled or supervised the activities of the organization, or is an affiliate of the client.

(3)    In the case of a lobbying firm, a good faith estimate of the total amount of all income from

the client (including any payments to the registrant by any other person for lobbying

activities on behalf of the client) during the quarterly period, other than income for matters

that are unrelated to lobbying activities,

(4)    In the case of a registrant engaged in lobbying activities on its own behalf, a good faith

estimate of the total expenses that the registrant and its employees incurred in connection

with lobbying activities during the quarterly period.

(5)    For each client, immediately after listing the client, an identification of whether the client

is a State or local government or a department, agency, special purpose district, or other

instrumentality controlled by one or more State or local governments.


---------------

Authority:  2 U.S.C. § 1604.