# EXHIBIT D

| | |
|---|---|
| **From:** | AAW |
| **To:** | "tezehnle@gmail.com"; Kevin Downing (kevindowning@kdowninglaw.com); Richard Westling; Jay Nanavati |
| **Cc:** | GDA; BVG; LMM; UEA |
| **Subject:** | RE: DC Notice |
| **Date:** | Friday, July 13, 2018 11:01:34 AM |

Kevin, Richard, Tom, and Jay:

I write to provide you notice of the same expert testimony, intent to use summaries, and request for reciprocal discovery in connection with the D.C. trial before Judge Amy Berman Jackson.   Please let us know of any objections that should be included in our joint pretrial statement due August 1 (paragraph e)).


Andrew Weissmann
Special Counsel's Office
(202) 514-1746

NOTICE:  This email (including any attachments) is intended for the use of the individual or entity to which it is addressed.  It may contain information that is privileged, confidential, or otherwise protected by applicable law.  If you are not the intended recipient (or the recipient's agent), you are hereby notified that any dissemination, distribution, copying, or use of this email or its contents is strictly prohibited.  If you received this email in error, please notify the sender immediately and destroy all copies.

---

**From:** UEA
**Sent:** Wednesday, July 11, 2018 8:20 PM
**To:** 'tezehnle@gmail.com' <tezehnle@gmail.com>; Kevin Downing (kevindowning@kdowninglaw.com) <kevindowning@kdowninglaw.com>; Richard Westling <rwestling@ebglaw.com>; Jay Nanavati <jnanavati@kflaw.com>
**Cc:** AAW <AAW@jmd.usdoj.gov>; GDA <GDA@jmd.usdoj.gov>; BVG <BVG@jmd.usdoj.gov>; LMM <LMM@jmd.usdoj.gov>
**Subject:** 1:18CR83 (EDVA) Witness Notice

Counsel—

Attached please find notice regarding a number of potential government witnesses.  Thanks.

Uzo



**U.S. Department of Justice**

*The Special Counsel's Office*

*Washington, D.C. 20530*

---

July 11, 2018

<u>**VIA E-MAIL**</u>

Kevin Downing, Esq.
Law Offices of Kevin Downing
815 Connecticut Avenue, N.W.
Suite 730
Washington, D.C. 20006

Re: *United States v. Paul J. Manafort, Jr.*
<u>Crim. No. 1:18CR83-1 (TSE) (E.D. Va.)</u>

Dear Mr. Downing:

 We write to provide notice of several matters ahead of trial in this case.  If you intend to publicly disclose any of the attached resumes, draft charts, or draft spreadsheets, please first notify us and allow us to seek appropriate judicial relief.

<u>Expert Witness Notice</u>

 Pursuant to Rule 16 of the Federal Rules of Criminal Procedure and Rules 702, 703, and 705 of the Federal Rules of Evidence, the United States hereby serves notice that it may call Morgan Magionos, Michael Welch, and Renee Michael in its case-in-chief as expert witnesses. As described below, these witnesses prepared various summary charts the government intends to introduce at trial.  The government does not believe that the preparation of these charts requires expert testimony.  Nonetheless, we are advising you that if necessary, we will seek to qualify the witnesses as experts.

*Morgan Magionos*

 During its case-in-chief, the government will present a summary witness trained in forensic accounting and tracing.  This witness, Morgan Magionos, is a forensic accountant employed by the Federal Bureau of Investigation ("FBI") and her curriculum vitae is enclosed with this notice as Exhibit A.  Ms. Magionos' testimony will be adduced to assist the jury to understand the evidence or to determine any facts in issue.  Ms. Magionos will provide testimony regarding her background and training, the nature of her analysis, and methods or software used

to assist her.  The witness will also provide testimony, to include opinions and inferences, regarding financial and bank records she reviewed relating to the indictment.

Specifically, Ms. Magionos will testify in the government's case-in-chief and, as necessary, in rebuttal to the following:  She is a forensic accountant with the FBI.  She will testify that she reviewed and analyzed financial records belonging to Paul Manafort, Jr. ("Manafort"), his tax preparers, his accountants, and his related foreign and domestic entities to determine the nature of account ownership, nature of transactions, beneficiaries of transactions, balances in accounts, as well as specific credits and debits to various financial accounts. Furthermore, she reviewed real estate and business records, including invoices, contracts, and statements, for vendors that provided goods and services to Manafort and related entities and individuals.  She traced and analyzed financial transactions to determine the source and disposition of funds.  She prepared various draft charts summarizing the above referenced analysis, which are enclosed with this notice as Exhibit B.  The finalized copies of these schedules will be provided shortly before Ms. Magionos' testimony.  The government further reserves the right to offer additional computations, summaries and schedules and to amend any draft computations, summaries and schedules provided to the defense.  The bases, reasons, and significance of her testimony are her education, experience, and training in the fields of forensic accounting and tracing.

*Michael Welch*

During its case-in-chief, the government will present a summary witness trained in taxation and accounting.  This witness, Internal Revenue Agent ("IRS") Revenue Agent Michael Welch, will, among other areas of testimony, provide an analysis of the financial records introduced into evidence, including foreign bank records, provide a summary of unreported income received by the defendant, and the tax consequences of the unreported income.  The scope of Revenue Agent Welch's testimony will include a substantive review of relevant domestic and foreign bank account records and financial transactions, accounting records, and other trial evidence, including witness testimony.  Revenue Agent Welch will also testify generally about events that trigger a duty to report foreign bank accounts to the IRS and the Department of the Treasury.  Revenue Agent Welch's curriculum vitae is attached to this letter as Exhibit C.

Revenue Agent Welch's testimony will assist the jury by providing specialized tax and accounting knowledge in order to explain the tax consequences of the transactions contained in the government's evidence, which is admissible and relevant.  Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the government is providing the defendant with Revenue Agent Welch's draft schedules, summaries and computations (attached as Exhibit D), which are based upon Revenue Agent Welch's review of the discovery materials provided to defense counsel pursuant to Fed. R. Crim. P. 16.  Revenue Agent Welch reserves the right to amend his computations, summaries and schedules once he has heard all testimony and reviewed all exhibits that are actually admitted at trial.  The finalized copies of these schedules will be provided shortly before Revenue Agent Welch's testimony.  The government further reserves the right to offer additional computations, summaries and schedules and to amend any draft computations, summaries and

schedules provided to the defense.   The schedules and summaries contain Revenue Agent Welch's preliminary conclusions as to the tax consequences of the government's evidence.

The anticipated basis for Revenue Agent Welch's opinions will be the documents and oral testimony offered at trial, the summaries of voluminous evidence admissible pursuant to Fed. R. Evid. 1006, and his experience and training in the field of taxation.  His testimony will have its basis in the Internal Revenue Code and its accompanying regulations, and will include his understanding of the relevant law and application of the facts as he understands them.

*Renee Michael*

During its case-in-chief, the government will present a summary witness trained in forensic accounting and tracing.  This witness, Renee Michael, is a forensic accountant employed by the Federal Bureau of Investigation ("FBI") and her curriculum vitae is enclosed with this notice as Exhibit E.  Ms. Michael's testimony will be adduced to assist the jury to understand the evidence or to determine any facts in issue.  Ms. Michael will provide testimony regarding her background and training, the nature of her analysis, and methods or software used to assist her. The witness will also provide testimony, to include opinions and inferences, regarding financial and bank records she reviewed relating to the indictment.  Specifically, Ms. Michael will testify in the government's case-in-chief and, as necessary, in rebuttal to the following:  She is a forensic accountant with the FBI.  She will testify that she reviewed and analyzed public filings and financial records belonging to Manafort, his tax preparers, his accountants, and his related foreign and domestic entities in order to determine the nature of transactions, beneficiaries of transactions, as well as specific credits and debits to various financial accounts.  She also traced and analyzed financial transactions to determine the source and disposition of funds.  She prepared a draft chart summarizing the above referenced analysis, which is enclosed with this notice as Exhibit F.  The finalized copy of this chart will be provided shortly before Ms. Michael's testimony.  The government further reserves the right to offer additional computations, summaries and schedules and to amend any draft computations, summaries and schedules provided to the defense.  The bases, reasons, and significance of her testimony are her education, experience, and training in the fields of forensic accounting and tracing.

Notice of Intent to Use Summaries Pursuant to Fed. R. Evid. 1006

Through its witnesses, the government intends to offer summaries of voluminous evidence during the presentation of its case-in-chief, consisting of summary schedules of voluminous bank, tax, and other records, including but not limited to deposits, withdrawals and wire transfers from various domestic and foreign bank accounts.  Rule 1006 provides that "the contents of voluminous writings, records, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation . . ." Fed. R. Evid. 1006.  Rule 1006 permits the introduction of such summary charts where the voluminous writings underlying the chart cannot be easily examined in court.  Once admitted, a Rule 1006 exhibit constitutes substantive evidence. *See United States v. Janati*, 374 F.3d 263, 272-73 (4th Cir. 2004).  The information in the government's summary exhibits will be derived from admissible evidence and in some cases from exhibits the government will introduce at trial.  The Fourth Circuit has indicated that summary charts comply with Rule 1006 if the chart summarizing evidence is accurate and the underlying records are otherwise admissible as

evidence.  *Id.*  Additionally, the underlying documentation have been made available to the opposing party for examination.  The government has produced to defendant the documents underlying the summary charts and has already provided draft versions of many of these summaries.

<u>Reciprocal Discovery Request Pursuant to Fed. R. Crim. P. 16(b)(1)(C)</u>

As you know, on June 7, 2018, the government in writing requested all discovery from the defendant to which it is entitled, including expert notice.  Pursuant to Fed. R. Crim. P. 16(b)(1)(C), and the expert disclosures provided herein and in the government's numerous discovery productions beginning on November 17, 2017, the government has and again does request reciprocal disclosure of the defendant's expert or experts, if any, including a *curriculum vitae* for any such expert and a written summary of the proposed testimony by close of business Friday, July 13, 2018.  If we do not receive such notice by Friday, we intend to move to preclude any such witness presented at trial.

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: July 11, 2018

Uzo Asonye
Assistant United States Attorney
Eastern District of Virginia

_____/s/_____

Andrew Weissmann
Greg D. Andres
Special Counsel's Office
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

cc:   Thomas Zehnle, Esq. (via e-mail)
Richard Westling, Esq. (via e-mail)
Jay Nanavati, Esq. (via e-mail)