# EXHIBIT F

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING $500,000 WIRE

The parties stipulate to the following facts:

1.  Marc Baldinger previously owned Aegis Holdings, LLC, which provided investment advice.

2.  In 2013, Paul J. Manafort, Jr., through an entity he controlled named LilRed, LLC, made various investments through Aegis Holdings, LLC, totaling approximately $1,500,000.

3.  On September 4, 2013, at 10:43 AM, Marc Baldinger sent an email to Mr. Manafort inquiring about a $500,000 payment noting: "Please let me know when you have attempted to wire the funds and I will look out for it."  Mr. Manafort sent an email in response on September 4, 2013, at 10:44 AM, and noted, "they should be in your account today.  Coming from global endeavor LTD."

4.  On September 3, 2013, $500,000 was transferred from Global Endeavour Inc.'s bank account at Loyal Bank in Kingstown, Saint Vincent and the Grenadines, to an account of Aegis Holdings, LLC.

5.   The record attached as Exhibit A hereto is a record of Aegis Holdings, LLC, and constitutes a record of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

|  |  | We ask for this: |
| --- | --- | --- |
| Paul J. Manafort, Jr.,<br>Defendant | | ROBERT S. MUELLER, III<br>Special Counsel |
| By: _____ | | By: _____ |
| Kevin Downing, Esq.<br>Tom Zehnle, Esq.<br>Jay Nanavati, Esq.<br>Counsel for Defendant | | Andrew Weissmann<br>Greg D. Andres<br>Senior Assistant Special Counsels |

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

### STIPULATION REGARDING PURCHASE OF AUDIO/VISUAL, LIGHTING, AND NETWORK CONTROL SYSTEMS AND SERVICE

The parties stipulate to the following facts:

1. Joel Maxwell is the Chief Operating Officer of Big Picture Solutions, Inc. (BPS), which operates in the Jupiter, Florida area.

2. Paul J. Manafort, Jr. had been a client of BPS since approximately 2011. BPS initially installed the audio visual and lighting control systems at Manafort's residence at 10 St. James Drive, Palm Beach Gardens, Florida. BPS later performed services at Manafort's Mount Vernon, Arlington, Bridgehampton, and Trump Tower residences.

3. Between October 27, 2011, and December 22, 2014, BPS submitted the following invoices totaling $2,232,423.90, for audio visual, lighting control, and network system design and installation:

| Date | Number | Amount |
|---|---|---|
| 10/27/2011 | 1243 | $ 34,153.20 |
| 11/10/2011 | 1244 | $ 32,380.00 |
| **TOTAL:** | | **$ 66,533.20** |

| Date | Number | Amount |
|---|---|---|
| 10/24/2012 | 1292 | $ 52,930.01 |
| 10/24/2012 | 1293 | $ 44,496.92 |
| 10/24/2012 | 1294 | $ 105,860.01 |
| 10/24/2012 | 1295 | $ 88,993.83 |
| 12/11/2012 | 1299 | $ 45,144.91 |
| 12/11/2012 | 1300 | $ 53,217.52 |
| 12/11/2012 | 1301 | $ 62,236.95 |
| 12/11/2012 | 1302 | $ 2,337.02 |
| | **TOTAL:** | **$ 455,217.17** |
| 1/10/2013 | 1303 | $ 15,539.66 |
| 1/10/2013 | 1304 | $ 79,072.90 |
| 1/10/2013 | 1305 | $ 82,169.01 |
| 1/10/2013 | 1306 | $ 17,643.33 |
| 1/12/2013 | 1307 | $ 6,358.86 |
| 1/27/2013 | 1310 | $ 51,638.66 |
| 1/29/2013 | 1311 | $ 29,112.84 |
| 2/4/2013 | 1313 | $ 40,838.94 |
| 2/4/2013 | 1314 | $ 53,019.58 |
| 2/4/2013 | 1317 | $ 376,659.94 |
| 3/1/2013 | 1318 | $ 7,900.00 |
| 3/15/2013 | 1380 | $ 83,447.29 |
| 4/21/2013 | 1345 | $ 31,294.12 |
| 5/1/2013 | 1335 | $ 23,681.66 |
| 5/10/2013 | 1334 | $ 80,640.74 |
| 6/26/2013 | 1337 | $ 83,415.06 |
| 6/26/2013 | 1339 | $ 92,217.50 |
| 7/25/2013 | 1341 | $ 4,446.46 |
| 7/25/2013 | 1342 | $ 25,932.75 |
| 7/25/2013 | 1343 | $ 25,049.68 |
| 7/26/2013 | 1338 | $ 94,092.75 |

| Date | Number | Amount |
|---|---|---|
| 8/1/2013 | 1346 | $ 7,000.00 |
| 8/1/2013 | 1347 | $ 13,060.33 |
| 8/2/2013 | 1348 | $ 3,288.01 |
| 8/17/2013 | 1349 | $ 26,599.64 |
| 8/31/2013 | 1352 | $ 5,775.23 |
| 10/1/2013 | 1356 | $ 2,407.73 |
| 10/10/2013 | 1357 | $ 41,302.90 |
| 11/18/2013 | 1371 | $ 3,396.00 |
| 12/14/2013 | 1374 | $ 5,000.00 |
| 12/14/2013 | 1375 | $ 6,699.20 |
| | TOTAL: | $ 1,418,700.77 |
| 1/23/2014 | 1377 | $ 2,900.00 |
| 3/2/2014 | 114114 | $ 29,000.00 |
| 4/19/2014 | 114020 | $ 16,873.07 |
| 4/28/2014 | 114006 | $ 106,650.80 |
| 4/29/2014 | 114030 | $ 26,037.84 |
| 5/5/2014 | 114029 | $ 13,634.25 |
| 5/30/2014 | 114036 | $ 17,685.29 |
| 5/30/2014 | 114037 | $ 15,521.84 |
| 5/30/2014 | 114038 | $ 29,407.72 |
| 7/1/2014 | 114044 | $ 4,945.00 |
| 7/1/2014 | 114045 | $ 3,704.70 |
| 7/1/2014 | 114046 | $ 8,162.00 |
| 11/16/2014 | 114080 | $ 13,674.00 |
| 12/22/2014 | 114095 | $ 3,776.25 |
| | TOTAL: | $ 291,972.76 |
| TOTAL AMOUNT INVOICED BY BPS: | | $ 2,232,423.90 |

4. Between March 22, 2011, and June 20, 2014, BPS received $1,661,201.00 from

foreign accounts as payment for these services:

| Foreign Account | Date | Amount |
|---|---|---|
| Leviathan Advisors Limited | 3/22/2011 | $ 12,000.00 |
| Leviathan Advisors Limited | 3/28/2011 | $ 25,000.00 |
| Leviathan Advisors Limited | 4/27/2011 | $ 12,000.00 |
| Leviathan Advisors Limited | 5/16/2011 | $ 25,000.00 |
| Global Highway Limited | 11/15/2011 | $ 17,006.00 |
| Global Highway Limited | 11/23/2011 | $ 11,000.00 |
| **TOTAL:** | | **$ 102,006.00** |
| Global Highway Limited | 2/28/2012 | $ 6,200.00 |
| Lucicle Consultants Limited | 10/31/2012 | $ 290,000.00 |
| Lucicle Consultants Limited | 12/17/2012 | $ 160,600.00 |
| **TOTAL:** | | **$ 456,800.00** |
| Lucicle Consultants Limited | 1/15/2013 | $ 194,000.00 |
| Lucicle Consultants Limited | 1/24/2013 | $ 6,300.00 |
| Lucicle Consultants Limited | 2/12/2013 | $ 51,600.00 |
| Lucicle Consultants Limited | 2/26/2013 | $ 260,000.00 |
| Pompolo Limited | 7/15/2013 | $ 175,575.00 |
| Global Endeavour Inc. | 8/28/2013 | $ 179,000.00 |
| Global Endeavour Inc. | 10/31/2013 | $ 73,000.00 |
| **TOTAL:** | | **$ 939,475.00** |
| Global Endeavour Inc. | 5/23/2014 | $ 99,960.00 |
| Global Endeavour Inc. | 6/20/2014 | $ 62,960.00 |
| **TOTAL:** | | **$ 162,920.00** |
| **TOTAL FOREIGN PAYMENTS TO BPS:** | | **$ 1,661,201.00** |

5. The records attached to this stipulation as Exhibit A are records of BPS, and

constitute records of a regularly conducted business activity pursuant to Rule

4

803(6) of the Federal Rules of Evidence, without requiring further

authentication, certification, witness testimony, or the testimony of a

custodian of records.

   a.   Exhibit A are invoices totaling $2,232,423.90, submitted by BPS from

        October 27, 2011, and December 22, 2014, for audio visual, lighting

        control, and network system design and installation.


                                   We ask for this:

Paul J. Manafort, Jr.,             ROBERT S. MUELLER, III
Defendant                          Special Counsel


By: _____     By: _____
    Kevin Downing, Esq.          Andrew Weissmann
    Tom Zehnle, Esq.             Greg D. Andres
    Jay Nanavati, Esq.           Jeannie S. Rhee
    Counsel for Defendant        Senior Assistant Special Counsels

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

                **Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING EMAIL

The parties stipulate to the following facts:

1.    The defendant, Paul J. Manafort, Jr., was the person who was the assigned subscriber of the following email accounts: ███████████████, ████████████, and █████████████████.

2.    With respect to all emails introduced at trial, which had previously been produced by the United States to the defense as part of the discovery process:

    a.  The emails are authentic and no further testimony is necessary to establish their authenticity.

    b.  The emails were authored and sent from the email account listed on the particular emails.

    c.  The emails were received by the recipient(s) on the particular emails.

    d.  The emails were sent on the date listed on the emails.

We ask for this:

Paul J. Manafort, Jr.,                          ROBERT S. MUELLER, III
Defendant                                       Special Counsel


By: _____        By: _____
    Kevin Downing, Esq.                Andrew Weissmann
    Tom Zehnle, Esq.                   Greg D. Andres
    Jay Nanavati, Esq.                 Senior Assistant Special Counsels
    Counsel for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING BUSINESS RECORDS OF FBC

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.    Records of FBC.

2.    The records referenced in paragraph 1 include, but are not limited to, emails, checks, wire transfers, invoices, agreements, correspondence, work papers, financial statements, authorization forms, permanent files, and contracts.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr., Defendant | ROBERT S. MUELLER, III Special Counsel |
| By: _____ | By: _____ |
| Kevin Downing, Esq. Tom Zehnle, Esq. Jay Nanavati, Esq. Counsel for Defendant | Andrew Weissmann Greg D. Andres Senior Assistant Special Counsels |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | **Case No. 17-cr-201-1 (ABJ)** |
| PAUL J. MANAFORT, Jr., | |
| Defendant. | |

**STIPULATION REGARDING OUTDOOR LIVING DESIGN AND**
**CONSTRUCTION FOR ARLINGTON, VIRGINIA RESIDENCE**

The parties stipulate to the following facts:

1. Douglas DeLuca is the founder and CEO of Federal Stone and Brick, LLC, which is a landscape and outdoor living design and construction company that operates in the Northern Virginia area.

2. On October 26, 2012, at 10:48 AM, Paul J. Manafort, Jr. sent Deluca an email stating that Andrea Manafort was pleased with the interaction with DeLuca. Manafort also wrote, "As we move to the next phase, you will be interacting with me... On matters of design, you will deal with Andrea. On matters of contract and budget you will deal with me." DeLuca mainly communicated with Manafort via email.

3. On November 19, 2012, at 3:13 PM, Manafort sent DeLuca an email with the signed contract noting, "You will be receiving a wire from Lucile LLC in the next 2 days for $45,000."

4. On November 19, 2012, Federal Stone and Brick, LLC entered into a contract with Manafort with respect to the design and construction of an outdoor living space at Andrea Manafort's home on 1041 N. Edgewood Street in Arlington, Virginia.  The contract price for the work was $104,424.

5. As part of the payment for that design and construction, on November 20, 2012, a wire transfer was made from Lucicle Consultants Limited in the amount of $45,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

6. As a further part of the payment for that design and construction, on December 7, 2012, a wire transfer was made from Lucicle Consultants Limited in the amount of $21,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

7. As a further part of the payment for that design and construction, on December 17, 2012, a wire transfer was made from Lucicle Consultants Limited in the amount of $21,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

8. As a further part of the payment for that design and construction, on January 17, 2013, a wire transfer was made from Lucicle Consultants Limited in the amount of $18,750 from a bank account at Laiki Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

9. As a further part of the payment for that design and construction, on January 29, 2013, a wire transfer was made from Lucicle Consultants Limited in the

amount of $9,400 from a bank account at Hellenic Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

10. As a further part of the payment for that design and construction, on February 12, 2013, a wire transfer was made from Lucicle Consultants Limited in the amount of $10,500 from a bank account at Hellenic Bank in Nicosia, Cyprus to an account of Federal Stone and Brick, LLC.

11. DeLuca never had contact with Richard Gates regarding any aspect of the project, contract, billings, or payments.

12. The records attached to this stipulation as Exhibit A through C are records of Federal Stone and Brick, LLC, and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a. Exhibit A is a copy of an email with the outdoor living design and construction contract attached, dated November 19, 2012, between Federal Stone and Brick, LLC and Paul Manafort.

    b. Exhibit B is a copy of an email between Paul Manafort and Doug DeLuca dated October 26, 2012.

    c. Exhibit C is photographs of the property located at 1041 N. Edgewood Street in Arlington, Virginia.

We ask for this:

Paul J. Manafort, Jr.,                    ROBERT S. MUELLER III
Defendant                                 Special Counsel

By: _____        By: _____
Kevin Downing, Esq.                       Andrew Weissmann
Tom Zehnle, Esq.                          Greg D. Andres
Jay Nanavati, Esq.                        Jeannie S. Rhee
Counsel for Defendant                     Senior Assistant Special Counsels

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING BUSINESS RECORDS
## OF FINANCIAL INSTITUTIONS

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conduct business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1. Records of American Express, Anchor Commercial Bank, Bank of America, Barclays, Banc of California, BB&T, Bridgehampton National Bank, Burke & Herbert Bank, Capital One, Charles Schwab, Citibank, Citigroup, Citizens Bank, City National Bank, Clearing House Interbank Payments System, Colony Northstar, Inc., Deutsche Bank, Eagle Bank,  Fedwire, First Republic Bank, First Republic Investment Management, Genesis Capital LLC, Goldman Sachs, HSBC Bank USA, Hudson City Savings Bank, JPMorgan Chase Bank, M&T Bank, Merrill Lynch, Metropolitan Commercial Bank, Morgan Stanley, Northwestern Mutual,

People's United Bank, Pershing LLC, PNC Bank, Seacoast Bank, SIII Capital

Group, Standard Chartered Bank, SunTrust Bank, TD Bank, The Federal Savings

Bank, UBS Financial Services Inc., United Bank, Wachovia Bank, Wells Fargo

Bank.

2.      The records referenced in paragraph 1 include, but are not limited to,

emails, account statements, checks, wire transfers, loan files, credit files, credit

reports, transactions forms, underwriting records, applications, closing files,

signature cards, invoices, agreements, deposits slips and corresponding offsets, and

correspondence.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr., Defendant | ROBERT S. MUELLER, III Special Counsel |

By: _____     By: _____
    Kevin Downing, Esq.                Andrew Weissmann
    Tom Zehnle, Esq.                   Greg D. Andres
    Jay Nanavati, Esq.                Senior Assistant Special Counsels
    Counsel for Defendant

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

**STIPULATION REGARDING PURCHASE OF THE PROPERTY LOCATED
AT 377 UNION STREET, BROOKLYN, NEW YORK ("377 UNION STREET")**

The parties stipulate to the following facts:

1. First Nationwide Title Agency settled the purchase of 377 Union Street on December 28, 2012.

2. On November 14, 2012, MC Brooklyn Holdings, LLC entered into a residential contract of sale for the purchase of real property at 377 Union Street, Brooklyn, New York. The purchase price was $2,995,000. The down payment was $299,500.

3. As payment for the down payment of $299,500, on November 20, 2012, a wire transfer from Lucicle Consultants Limited in the amount of $299,500 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to the attorney trust account of Michele Scotto, Esq., in her capacity as the attorney for the seller.

4. On December 27, 2012, Jessica Manafort as a member of MC Brooklyn Holdings, LLC, designated Bruce Baldinger, Esq., as an agent of MC Brooklyn Holdings, LLC.

5. As payment for the remainder due for the purchase of 377 Union Street, on December 27, 2012, Bruce Baldinger, on behalf of MC Brooklyn Holdings, LLC, transferred $2,800,000 from his law firm's bank account at TD Bank to First Nationwide Title Agency, LLC. On December 28, 2012, First Nationwide Title Agency, LLC conducted the settlement, that is the sale, of MC Brooklyn Holdings, LLC's purchase of the 377 Union Street.

6. The records attached to this stipulation as Exhibits A through B are records of First Nationwide Title Agency and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

   a. Exhibit A is a copy of the residential contract of sale for 377 Union Street dated November 14, 2012.

   b. Exhibit B is a copy of the real property transfer of 377 Union Street dated December 28, 2012.

We ask for this:

Paul J. Manafort, Jr.,                  ROBERT S. MUELLER, III
Defendant                               Special Counsel


By: _____     By: _____
    Kevin Downing, Esq.                 Andrew Weissmann
    Tom Zehnle, Esq.                    Greg D. Andres
    Jay Nanavati, Esq.                  Senior Assistant Special Counsels
    Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING BUSINESS RECORDS OF FTI CONSULTING

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.     Records of FTI Consulting.

2.     The records referenced in paragraph 1 include, but are not limited to, emails, checks, wire transfers, invoices, agreements, correspondence, work papers, financial statements, authorization forms, permanent files, and contracts.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

By: _____
    Kevin Downing, Esq.
    Tom Zehnle, Esq.
    Jay Nanavati, Esq.
    Counsel for Defendant

ROBERT S. MUELLER, III
Special Counsel

By: _____
    Andrew Weissmann
    Greg D. Andres
    Senior Assistant Special Counsels

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

### STIPULATION REGARDING ORIENTAL RUG PURCHASES

The parties stipulate to the following facts:

1.  Joshua Nabatkhorian is an owner of J&J Oriental Rug Gallery, which sells and repairs oriental rugs, and is located in Alexandria, Virginia.

2.  On March 19, 2010, J&J Oriental Rug Gallery submitted to Paul J. Manafort, Jr., invoice 25819 in the amount of $160,000 for two silk rugs.

3.  On March 31, 2010, a wire transfer from Yiakora Ventures Limited in the amount of $140,000 drawn on a bank account at the Bank of Cyprus in Nicosia, Cyprus was sent to J&J Oriental Rug Gallery.

4.  On June 10, 2010, J&J Oriental Rug Gallery and Jesand Investment Corporation, through Mr. Manafort, entered into a loan agreement. Jesand Investment Corporation agreed to loan J&J Oriental Rug Gallery $250,000 for investment in oriental rugs in exchange for 40% of the profit on any sale of rugs and $500,000 of oriental rugs as collateral.

5.  On June 16, 2010, a wire transfer from Global Highway Limited in the amount of $250,000 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to J&J Oriental Rug Gallery.

6.  In or around February 2012, Nabatkhorian called Mr. Manafort to request that Mr. Manafort pay all of his outstanding invoices with J&J Oriental Rug Gallery. Mr. Manafort offered $100,000 as payment in full for all outstanding invoices, which Nabatkhorian accepted.

7.  On February 28, 2012, a wire transfer from Global Highway Limited in the amount of $100,000 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to Natalie Nabatkhorian, who is Nabatkhorian's wife.

8.  The records attached to this stipulation as Exhibits A through B are records of J&J Oriental Rug Gallery and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

   a.  Exhibit A is a copy of invoice 25819 in the amount of $160,000 for two silk rugs.

   b.  Exhibit B is a copy of the loan agreement dated June 10, 2010.

We ask for this:

Paul J. Manafort, Jr.,                 ROBERT S. MUELLER, III
Defendant                              Special Counsel


By: _____        By: _____
    Kevin Downing, Esq.              Andrew Weissmann
    Tom Zehnle, Esq.                 Greg D. Andres
    Jay Nanavati, Esq.               Senior Assistant Special Counsels
    Counsel for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

**STIPULATION REGARDING PURCHASE OF 29 HOWARD STREET #4,
NEW YORK, NEW YORK ("HOWARD STREET")**

The parties stipulate to the following facts:

1. On January 26, 2012, Jessica Manafort, Kathleen Manafort, and Paul J. Manafort, Jr., entered into a contract of sale for the purchase of real property known as 29 Howard Street. The purchase price was $2,850,000. On January 24, 2012, a wire transfer in the amount of $285,000, representing the down payment for 29 Howard Street, was sent from Paul and Kathleen Manafort's account at First Republic Bank to the seller's attorney.

2. On February 14, 2012, Kensington Vanguard National Land Services of New York, LLC ("Kensington Vanguard") conducted the settlement, that is the sale, of Howard Street to MC Soho Holdings, LLC.

3. As payment for the purchase of Howard Street, on February 10, 2012, MC Soho Holdings, LLC transferred $2,650,000 to Kensington Vanguard.

4.  MC Soho Holdings, LLC was a Florida Limited Liability Company formed on January 15, 2012. The registered agent and managing member of MC Soho Holdings, LLC was Paul Manafort

5.  The records attached to this stipulation as Exhibits A through F are records of Kensington Vanguard and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a.  Exhibit A is a copy of the contract of sale for 29 Howard Street dated January 26, 2012.

    b.  Exhibit B is a copy of the wire transfer in the amount of $285,000 from Paul and Kathleen Manafort to the seller's attorney on January 24, 2012.

    c.  Exhibit C is a copy of the real property transfer for 29 Howard Street dated February 14, 2012.

    d.  Exhibit D is a copy of the ledger balance report reflecting the transfer of $2,650,000 from MC Soho Holdings, LLC to Kensington Vanguard.

    e.  Exhibit E is a copy of the Electronic Articles of Organization for MC Soho Holdings, LLC.

    f.  Exhibit F is a copy of an email chain dated February 13, 2012, concerning the wiring of funds for the sale of 29 Howard Street.

We ask for this:

Paul J. Manafort, Jr.,                  ROBERT S. MUELLER, III
Defendant                               Special Counsel


By: _____      By: _____
    Kevin Downing, Esq.                   Andrew Weissmann
    Tom Zehnle, Esq.                      Greg D. Andres
    Jay Nanavati, Esq.                    Senior Assistant Special Counsels
    Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

**STIPULATION REGARDING PURCHASE OF**
**1046 N. EDGEWOOD STREET, ARLINGTON, VA ("EDGEWOOD")**

The parties stipulate to the following facts:

1.  Land, Carroll & Blair, P.C., is a law firm specializing in, among other things, real estate and land use. On August 21, 2012, Andrea Manafort entered into a sales contract for the purchase of real property know as Edgewood.  The purchase price was $1,899,000.  The same day Andrea Manafort wrote a $50,000 check to her realtor as earnest money deposit for Edgewood.

2.  On September 10, 2012, Andrea Manafort purchased Edgewood.

3.  To pay for Edgewood, on August 31, 2012, a wire transfer in the amount of $1,900,000 was sent from Lucicle Consultants Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Land, Carroll & Blair, P.C.

4.  According to instructions from Paul J. Manafort, Jr., at closing the settlement company issued a $23,001.36 check to Andrea Manafort representing excess funds from the $1,900,000 wire transfer.

5. The records attached to this stipulation as Exhibits A through D are records of Land, Carroll & Blair, P.C. and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a. Exhibit A is a copy of the Edgewood sales contract dated August 21, 2012.

    b. Exhibits B and C are a copy of the Edgewood HUD-1 settlement statement and the real property transfer dated September 11, 2012.

    c. Exhibit D is a copy of the Edgewood disbursement statement.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr.,<br>Defendant | ROBERT S. MUELLER, III<br>Special Counsel |

By: _____     By: _____

Kevin Downing, Esq.                  Andrew Weissmann
Tom Zehnle, Esq.                      Greg D. Andres
Jay Nanavati, Esq.                   Senior Assistant Special Counsels
Counsel for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING 2012 LAND ROVER PURCHASES AND LEASE

The parties stipulate to the following facts:

1. On April 11, 2012, Paul and Andrea Manafort purchased a 2012 Land Rover Range Rover from Don Beyer Motors, Inc., also known as Land Rover of Alexandria.

2. As part of the payment for that vehicle, on April 12, 2012, a wire transfer from Lucicle Consultants Limited in the amount of $83,525.00 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to Don Beyer Motors, Inc.

3. On April 25, 2012, Paul and Kathleen Manafort leased a 2012 Land Rover Range Rover.

4. As the down-payment for that vehicle, on May 2, 2012, a wire transfer from Lucicle Consultants Limited in the amount of $12,525.00 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to Don Beyer Motors, Inc.

5. On June 28, 2012, Paul and Kathleen Manafort, using company John Hannah, LLC, purchased a 2012 Land Rover Range Rover.

6.  As part of the payment for that vehicle, on June 29, 2012, a wire transfer from Lucicle Consultants Limited in the amount of $67,655.00 drawn on a bank account at Marfin Laiki Bank in Nicosia, Cyprus was sent to Don Beyer Motors, Inc.

7.  The records attached to this stipulation as Exhibits A through C are records of Don Beyer Motors, Inc. and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a.  Exhibit A is a copy of documents reflecting the purchase of the 2012 Land Rover Range Rover on April 11, 2012.

    b.  Exhibit B is a copy of documents reflecting the April 25, 2012, lease of the 2012 Land Rover.

    c.  Exhibit C is a copy of documents reflecting the purchase of the 2012 Land Rover Range Rover on June 28, 2012.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr., | ROBERT S. MUELLER, III |
| Defendant | Special Counsel |

By: _____   By: _____
    Kevin Downing, Esq.          Andrew Weissmann
    Tom Zehnle, Esq.             Greg D. Andres
    Jay Nanavati, Esq.          Senior Assistant Special Counsels
    Counsel for Defendant

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING BUSINESS RECORDS OF MERCEDES-BENZ

The parties stipulate that the records attached as Exhibit A are records of American Service Center Associates of Alexandria, LLC, also known as Mercedes-Benz of Alexandria – a car dealership – and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

We ask for this:

Paul J. Manafort, Jr.,                           ROBERT S. MUELLER, III
Defendant                                             Special Counsel


By: _____     By: _____
Kevin Downing, Esq.                       Andrew Weissmann
Tom Zehnle, Esq.                            Greg D. Andres
Jay Nanavati, Esq.                          Senior Assistant Special Counsels
Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING BUSINESS RECORDS OF MERCURY

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.    Records of Mercury Public Affairs.

2.    The records referenced in paragraph 1 include, but are not limited to, emails, checks, wire transfers, invoices, agreements, correspondence, work papers, financial statements, authorization forms, permanent files, and contracts.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr., | ROBERT S. MUELLER, III |
| Defendant | Special Counsel |

By: _____      By: _____
     Kevin Downing, Esq.                    Andrew Weissmann
     Tom Zehnle, Esq.                        Greg D. Andres
     Jay Nanavati, Esq.                   Senior Assistant Special Counsels
     Counsel for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING BUSINESS RECORDS OF PODESTA GROUP

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.    Records of the Podesta Group.

2.    The records referenced in paragraph 1 include, but are not limited to, emails, checks, wire transfers, invoices, agreements, correspondence, work papers, financial statements, authorization forms, permanent files, and contracts.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

ROBERT S. MUELLER, III
Special Counsel

By: _____
Kevin Downing, Esq.
Tom Zehnle, Esq.
Jay Nanavati, Esq.
Counsel for Defendant

By: _____
Andrew Weissmann
Greg D. Andres
Senior Assistant Special Counsels

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

### STIPULATION REGARDING RENOVATION OF
### PALM BEACH GARDENS, FLORIDA RESIDENCE

The parties stipulate to the following facts:

1.  Carl Sabatello is the President of Sabatello Construction of Florida, Inc., which is a construction company that operates in the Palm Beach, Florida area.

2.  On November 14, 2011, Sabatello Construction of Florida, Inc. entered into a contract with Paul J. Manafort, Jr., and Kathleen Manafort with respect to the renovation of their master bathroom at their home on 10 St. James Drive in Palm Beach Gardens, Florida.  The contract price for the work was $38,475.

3.  As part of the payment for that renovation, on November 15, 2011, a wire transfer was made from Global Highway Limited in the amount of $8,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Sabatello Construction of Florida, Inc.

4. As a further part of the payment for that renovation, on December 5, 2011, a wire transfer was made from Leviathan Advisors Limited in the amount of $11,237 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Sabatello Construction of Florida, Inc.

5. As a further part of the payment for that renovation, on December 21, 2011, a wire transfer was made from Black Sea View Limited in the amount of $20,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

6. On February 4, 2012, Sabatello Construction of Florida, Inc. entered into an additional contract with Paul and Kathleen Manafort with respect to remodeling the master bathroom and construction of an addition to the guest house at their home on 10 St. James Drive in Palm Beach Gardens, Florida. The contract price for the work was $259,300.

7. With respect to the February 4, 2012 contract, there were nine change orders reflecting additional work agreed to and signed by Sabatello Construction of Florida, Inc. and Mr. Manafort.  The total cost associated with these change orders was $133,941.

8. As part of the payment for the February 4, 2012, contract and the nine change orders, the following payments were made:

    a. On February 9, 2012, a wire transfer was made from Global Highway Limited in the amount of $51,000 from a bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

2

b.  On May 17, 2012, a wire transfer was made from Lucicle Consultants
    Limited in the amount of $68,000 from a bank account at Marfin Laiki
    Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

c.  On June 19, 2012, a wire transfer was made from Lucicle Consultants
    Limited in the amount of $60,000 from a bank account at Marfin Laiki
    Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

d.  On July 18, 2012, a wire transfer was made from Lucicle Consultants
    Limited in the amount of $32,250 from a bank account at Marfin Laiki
    Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

e.  On September 19, 2012, a wire transfer was made from Lucicle
    Consultants Limited in the amount of $112,000 from a bank account at
    Marfin Laiki Bank in Nicosia, Cyprus to Sabatello Construction of
    Florida, Inc.

f.  On November 30, 2012, a wire transfer was made from Lucicle
    Consultants Limited in the amount of $39,700 from a bank account at
    Marfin Laiki Bank in Nicosia, Cyprus to Sabatello Construction of
    Florida, Inc.

g.  On January 9, 2013, a wire transfer was made from Lucicle
    Consultants Limited in the amount of $25,600 from a bank account at
    Laiki Bank in Nicosia, Cyprus to Sabatello Construction of Florida,
    Inc.

h.  On February 28, 2013, a wire transfer was made from Lucicle Consultants Limited in the amount of $4,700 from a bank account at Hellenic Bank in Nicosia, Cyprus to Sabatello Construction of Florida, Inc.

9.  The records attached to this stipulation as Exhibits A through D are records of Sabatello Construction of Florida, Inc., and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

a.  Exhibit A is a copy of the construction contract dated November 14, 2011, between Sabatello Construction of Florida, Inc. and Paul and Kathleen Manafort.

b.  Exhibit B is a copy of the additional construction contact between Sabatello Construction of Florida, Inc. and Paul and Kathleen Manafort dated February 4, 2012.

c.  Exhibit C are copies of the nine change orders referenced in paragraph 7.

d.  Exhibit D are photographs of the property located at 10 St. James Drive in Palm Beach Gardens, Florida.

We ask for this:

Paul J. Manafort, Jr.,      ROBERT S. MUELLER, III
Defendant                Special Counsel

By: _____    By: _____
    Kevin Downing, Esq.         Andrew Weissmann
    Tom Zehnle, Esq.            Greg D. Andres
    Jay Nanavati, Esq.          Senior Assistant Special Counsels
    Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING PURCHASE OF LANDSCAPING SERVICES

The parties stipulate to the following facts:

1. Scott L. Wilson Landscaping & Tree Specialists, Inc., operates in the Hamptons, New York area.

2. Scott Wilson is the owner of Scott L. Wilson Landscaping & Tree Specialists, Inc. and performs landscaping design and maintenance.  He performed landscaping services for Paul J. Manafort, Jr.'s residence located at 174 Jobs Lane, Bridgehampton, New York.  Scott L. Wilson Landscaping & Tree Specialists, Inc. received a total of $503,500 from Global Highway Limited, Leviathan Advisors Limited, and Yiakora Ventures Limited between 2010 and 2011.

3. On May 11, 2010, $44,000 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

4. On June 21, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted to Mr. Manafort invoice number 2852 in the amount of $50,842 for landscaping services.

5. On June 28, 2010, $50,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

6. On July 16, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2861 in the amount of $19,069 for landscaping services.

7. On July 23, 2010, $19,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

8. On August 17, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2883 in the amount of $26,418 for landscaping services.

9. On September 2, 2010, $21,000 was transferred from Yiakora Ventures Limited's bank account at Bank of Cyprus in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

10. On September 23, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2898 in the amount of $7,740 for landscaping services.

2

11. On October 6, 2010, $57,700 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

12. On October 27, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2906 in the amount of $20,568 for landscaping services.

13. On October 18, 2010, $26,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

14. On November 30, 2010, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2922 in the amount of $8,532 for landscaping services.

15. On December 16, 2010, $20,000 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

16. On March 8, 2011, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2962 in the amount of $44,857 for landscaping services.

17. On March 22, 2011, $50,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

18. On May 3, 2011, $40,000 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

19. On June 1, 2011, $44,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

20. On July 27, 2011, $27,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

21. On August 16, 2011, $13,450 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

22. On August 24, 2011, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 2997 in the amount of $19,634 for landscaping services.

23. On September 19, 2011, $12,000 was transferred from Leviathan Advisors Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

24. On September 30, 2011, Scott L. Wilson Landscape & Tree Specialists, Inc. submitted invoice number 3019 in the amount of $20,555 for landscaping services.

25. On October 24, 2011, $42,000 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

26. On November 2, 2011, $37,350 was transferred from Global Highway Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to Scott L. Wilson Landscape & Tree Specialists, Inc.

27. The records attached to this stipulation as Exhibits A through I are records of Scott L. Wilson Landscaping & Tree Specialists, Inc. and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.


We ask for this:

Paul J. Manafort, Jr.,             ROBERT S. MUELLER, III
Defendant                          Special Counsel


By: _____     By: _____
     Kevin Downing, Esq.             Andrew Weissmann
     Tom Zehnle, Esq.                Greg D. Andres
     Jay Nanavati, Esq.              Senior Assistant Special Counsels
     Counsel for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

**STIPULATION REGARDING PURCHASE OF**
**AUDIO/VISUAL SYSTEM AND SERVICE**

The parties stipulate to the following facts:

1. Greg Garland was the co-owner of Sensoryphile, Inc., which operates in the Hamptons, New York area.

2. Paul J. Manafort, Jr. had been a client of Sensoryphile, Inc. since approximately 1994.  Sensoryphile, Inc. installed the original audio visual/video system and karaoke system at Manafort's residence at 174 Jobs Lane, Bridgehampton, New York.

3. On March 1, 2010, Sensoryphile, Inc. submitted invoice number 76381 in the amount of $20,339 for Crestron design and installation.

4. As payment of that invoice, on March 8, 2010, Global Highway Limited transferred $20,300 from its bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sensoryphile, Inc.

5. On April 15, 2010, Sensoryphile, Inc. submitted invoice number 76526REV2 in the amount of $8,147 for deposit on a Karaoke machine and audio/video design and installation.

6. As payment of that invoice, on April 23, 2010, Yiakora Ventures Limited transferred $8,500 from its bank account at Bank of Cyprus in Nicosia, Cyprus to Sensoryphile, Inc.

7. On July 13, 2010, Sensoryphile, Inc. submitted invoice number 76836 in the amount of $10,395 for a Karaoke machine and audio/video design and installation.

8. On July 15, 2010, Sensoryphile, Inc. submitted invoice number 76838 in the amount of $7,574 for Crestron design and installation and televisions.

9. As payment of both invoices, on July 29, 2010, Leviathan Advisors Limited transferred $17,650 from its bank account at Marfin Laiki Bank in Nicosia, Cyprus to Sensoryphile, Inc.

10. The records attached to this stipulation as Exhibits A through D are records of Sensoryphile, Inc., and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

    a. Exhibit A is copy of invoice number 76381 in the amount of $20,339 for Crestron design and installation.

b. Exhibit B is a copy of invoice number 76526REV2 in the amount of $8,147 for deposit on a Karaoke machine and audio/video design and installation.

c. Exhibit C is a copy of invoice number 76836 in the amount of $10,395 for a Karaoke machine and audio/video design and installation.

d. Exhibit D is a copy of invoice number 76838 in the amount of $7,574 for Crestron design and installation and televisions.


We ask for this:

Paul J. Manafort, Jr.,                 ROBERT S. MUELLER, III
Defendant                              Special Counsel


By: _____       By: _____
    Kevin Downing, Esq.                  Andrew Weissmann
    Tom Zehnle, Esq.                     Greg D. Andres
    Jay Nanavati, Esq.                   Senior Assistant Special Counsels
    Counsel for Defendant

3

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING BUSINESS RECORDS OF SKADDEN ARPS

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.    Records of Skadden, Arps, Slate, Meagher & Flom LLP.

2.    The records referenced in paragraph 1 include, but are not limited to, emails, checks, wire transfers, invoices, agreements, correspondence, work papers, financial statements, authorization forms, permanent files, and contracts.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

By: _____
      Kevin Downing, Esq.
      Tom Zehnle, Esq.
      Jay Nanavati, Esq.
      Counsel for Defendant

ROBERT S. MUELLER, III
Special Counsel

By: _____
      Andrew Weissmann
      Greg D. Andres
      Senior Assistant Special Counsels

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

### STIPULATION REGARDING BUSINESS RECORDS OF
### BOOKKEEPING AND TAX PREPARATION SERVICES

The parties stipulate to the authenticity of the categories of records listed

below in numbered paragraphs 1 and 2, which had previously been produced by the

United States to the defense as part of the discovery process, and further agree that

they constitute records of a regularly conducted business activity pursuant to Rule

803(6) of the Federal Rules of evidence, without requiring further authentication,

certification, witness testimony, or the testimony of a custodian of records.

1.      Records of Nigro Karlin Segal Feldstein & Bolno, LLC (NKSFB) and

Kositzka, Wicks & Company (KWC).

2.      The records referenced in paragraph 1 include, but are not limited to,

emails, account statements, checks, wire transfers, loan files, transactions forms,

applications, closing files, signature cards, invoices, agreements, deposits slips and

corresponding offsets, correspondence, work papers, financial statements, general

ledgers, trial balances, adjusting journal entries and supporting documentation, tax

returns and supporting documents, authorization forms, permanent files, and

contracts.

We ask for this:

Paul J. Manafort, Jr.,                    ROBERT S. MUELLER, III
Defendant                                 Special Counsel


By: _____        By: _____
    Kevin Downing, Esq.              Andrew Weissmann
    Tom Zehnle, Esq.                 Greg D. Andres
    Jay Nanavati, Esq.               Senior Assistant Special Counsels
    Counsel for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING TAX RETURNS

The parties stipulate to the following:

1.      The federal tax returns listed below and attached as Exhibit A were each filed with the Internal Revenue Service:

- Form 1040 tax returns for Paul and Kathleen Manafort for years 2010–2014.

- Form 1120S tax returns for Davis Manafort Partners, Inc. for years 2010–2011.

- Form 1065 tax returns for DMP International LLC for years 2011–2014.

- Form 1065 tax returns for John Hannah for years 2010–2014.

- Form 1065 tax returns for MC Soho Holdings LLC for years 2015–2016.

2.      There were no tax returns filed with the Internal Revenue Service for MC Brooklyn Holdings LLC or Smythson.

3.     There were no tax returns filed with the Internal Revenue Service for Davis Manafort Partners, Inc. for years 2012–2014.

4.     There were no tax returns filed with the Internal Revenue Service for DMP International LLC for year 2010.

5.     There were no tax returns filed with the Internal Revenue Service for MC Soho Holdings LLC for years 2013–2014.

6.     The federal tax returns and certifications attached as Exhibit A constitute public records and/or reports and are therefore self-authenticating under Federal Rules of Evidence 803(6), 803(8), 803(10), and 902, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

We ask for this:

Paul J. Manafort, Jr.,                ROBERT S. MUELLER, III
Defendant                             Special Counsel


By: _____        By: _____
    Kevin Downing, Esq.                 Andrew Weissmann
    Tom Zehnle, Esq.                    Greg D. Andres
    Jay Nanavati, Esq.                  Senior Assistant Special Counsels
    Counsel for Defendant

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

**STIPULATION REGARDING RECORDS OF ANDREW WRIGHT**

The parties stipulate to the following facts:

1. Andrew Wright was an employee of Mercury Group and was the assigned subscriber of the following email account: ██████████████████.

2. The records attached to this stipulation as Exhibit A are records produced by Andrew Wright and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr.,<br>Defendant | ROBERT S. MUELLER, III<br>Special Counsel |
| By: _____<br>Kevin Downing, Esq.<br>Tom Zehnle, Esq.<br>Jay Nanavati, Esq.<br>Counsel for Defendant | By: _____<br>Andrew Weissmann<br>Greg D. Andres<br>Senior Assistant Special Counsels |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING RECORDS OF DANIEL J. EDELMAN, INC.

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

1.    Records of Daniel J. Edelman, Inc. d/b/a Edelman.

2.    The records referenced in paragraph 1 include, but are not limited to, emails, memoranda, correspondence, work papers, financial statements, reports, notes, and a FARA registration submitted by Edelman.

We ask for this:

| | |
|---|---|
| Paul J. Manafort, Jr.,<br>Defendant | ROBERT S. MUELLER, III<br>Special Counsel |
| By: _____ | By: _____ |
| Kevin Downing, Esq.<br>Tom Zehnle, Esq.<br>Jay Nanavati, Esq.<br>Counsel for Defendant | Andrew Weissmann<br>Greg D. Andres<br>Senior Assistant Special Counsels |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING EMAIL

The parties stipulate to the following facts:

1.     Konstantin Kilimnik was the person who was the assigned user of the following email account: ████████████████ .

2.     Oleg Voloshyn was the person who was the assigned subscriber of the following email account: ████████████████ .

3.     Vladimir Tolmach was the person who was the assigned subscriber of the following email account: ████████████████ .

4.     Ina Kirsch-Vandewater was the person who was the assigned subscriber of the following email account: ████████████████████ .

5.     With respect to all emails introduced at trial, which had previously been produced by the United States to the defense as part of the discovery process:

    a.  The emails are authentic and no further testimony is necessary to establish their authenticity.

    b.  The emails were authored and sent from the email account listed on the particular emails.

    c.   The emails were received by the recipient(s) on the particular

        emails.

    d.   The emails were sent on the date listed on the emails.

We ask for this:

Paul J. Manafort, Jr.,       ROBERT S. MUELLER, III
Defendant               Special Counsel

By: _____   By: _____
    Kevin Downing, Esq.        Andrew Weissmann
    Tom Zehnle, Esq.          Greg D. Andres
    Jay Nanavati, Esq.        Senior Assistant Special Counsels
    Counsel for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA**

**v.**

**PAUL J. MANAFORT, Jr.,**

**Defendant.**

**Case No. 17-cr-201-1 (ABJ)**

## STIPULATION REGARDING RECORDS OF JADEROQ, LLC

The parties stipulate to the authenticity of the categories of records listed below in numbered paragraphs 1 and 2, which had previously been produced by the United States to the defense as part of the discovery process, and further agree that they constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

   1.    Records of JadeRoq, LLC.

   2.    The records referenced in paragraph 1 include, but are not limited to, emails, memoranda, correspondence, work papers, financial statements, reports, and notes.

We ask for this:

Paul J. Manafort, Jr.,
Defendant

ROBERT S. MUELLER, III
Special Counsel

By: _____

Kevin Downing, Esq.
Tom Zehnle, Esq.
Jay Nanavati, Esq.
Counsel for Defendant

By: _____

Andrew Weissmann
Greg D. Andres
Senior Assistant Special Counsels

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 17-cr-201-1 (ABJ)** |
| **PAUL J. MANAFORT, Jr.,** | |
| **Defendant.** | |

## STIPULATION REGARDING PURCHASE OF
## 1046 N. EDGEWOOD STREET, ARLINGTON, VA

The parties stipulate to the following facts:

1.  Wayne Holland was a licensed real estate agent with McEnearney Associates Inc., a real estate company located in Alexandria, Virginia.

2.  Holland was hired by Paul J. Manafort, Jr. to assist his daughter, Andrea Manafort, with the purchase of real property known as 1046 N. Edgewood Street, Arlington, VA. Manafort told Holland the purchase was going to be an all cash purchase, and directed Holland to submit an asking price offer to the seller's broker. The asking price for the property was $1,899,000. The offer was then accepted by the seller.

3.  On August 21, 2012, Andrea Manafort entered into a sales contract. The same day Andrea Manafort wrote a $50,000 check to Holland as earnest money deposit for the property.

4.   On August 30, 2012 at 2:33 PM, Manafort emailed Holland and stated that, "$1.9M should be in your escrow account tomorrow morning. It is coming from Lucille LLC."

5.   To pay for the property, on August 31, 2012, a wire transfer in the amount of $1,900,000 was sent from Lucicle Consultants Limited's bank account at Marfin Laiki Bank in Nicosia, Cyprus to an account of Land, Carroll & Blair, P.C.

6.   According to instructions from Manafort, at closing the settlement company was to issue excess funds from the $1,900,000 wire transfer to Andrea Manafort.

7.   The records attached to this stipulation as Exhibits A through D are records of McEnearney Associates Inc. and constitute records of a regularly conducted business activity pursuant to Rule 803(6) of the Federal Rules of Evidence, without requiring further authentication, certification, witness testimony, or the testimony of a custodian of records.

a.   Exhibit A is a copy of the sales contract dated August 21, 2012.

b.   Exhibit B is a copy of the earnest money deposit dated August 21, 2012.

c.   Exhibit C is a copy of the email between Manafort and Holland dated August 30, 2012.

d.   Exhibit D is a copy of the email between Manafort and Holland dated August 31, 2012.

We ask for this:

Paul J. Manafort, Jr.,                ROBERT S. MUELLER, III
Defendant                             Special Counsel


By: _____      By: _____
    Kevin Downing, Esq.              Andrew Weissmann
    Tom Zehnle, Esq.                 Greg D. Andres
    Jay Nanavati, Esq.               Jeannie S. Rhee
    Counsel for Defendant            Senior Assistant Special Counsels