UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 17-cr-201-1 (ABJ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S NOTICE REGARDING APPEARANCE ON DATE THAT JURY QUESTIONNAIRES ARE COMPLETED**

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this response to defendant Paul J. Manafort, Jr.'s notice (Doc. 387, 390) regarding his appearance on the date that the Court will address the potential jurors who will be filling out a jury questionnaire. In that notice, Manafort represents through counsel that, pursuant to a signed waiver that he previously filed, "he does not wish to appear on the date that the jury questionnaires are to completed." Doc. 390.

The government takes no position on whether Manafort's presence should be required at the jury-questionnaire proceeding or whether his waiver should be accepted. In an abundance of caution, however, the government calls the Court's attention to a D.C. Circuit decision—*United States v. Gordon*, 829 F.2d 119 (D.C. Cir. 1987)—that may bear on the procedures that the Court employs before accepting Manafort's waiver. In *Gordon*, the court of appeals reversed a trial court's decision "permitting defense counsel to waive" the defendant's "right to presence" during jury selection. *Id.* at 125. The D.C. Circuit held that the trial "court should have held an on-the-record hearing to advise [the defendant] of his right to be present at voir dire and obtained a personal waiver in open court." *Id.* An open-court waiver was "particularly warranted," the court of appeals said, "in cases . . . where the defendant is not out on bail, but remains in custody and

1

readily available to the court." *Id.*

To be clear, *Gordon* differs in potentially significant ways from the facts of this case. *Gordon* involved a waiver of a defendant's presence for the entirety of *voir dire*, 829 F.2d at 125, 127, while Manafort would be waiving presence for a preliminary step in jury selection that might not qualify as "jury impanelment" under Federal Rule of Criminal Procedure 43(a)(2). Further, whereas *Gordon* involved a waiver through counsel, Manafort has personally signed a written waiver, albeit one that does not by its terms evince awareness of the jury-questionnaire proceeding. *See* Doc. 387 (stating the defendant's desire "to appear in this case" starting with "jury selection proceedings"). It is therefore far from clear that *Gordon*'s requirement of an open-court waiver applies to this case.

For these reasons, and as stated above, the government takes no position on whether Manafort's waiver of presence for the jury-questionnaire proceeding should be accepted. But if the Court believes that circuit precedent requires an open-court waiver, the government submits that the Court should elicit such a waiver in advance of that proceeding. In the alternative, the Court may wish to require that Manafort personally sign a document acknowledging his right to be present at the jury-questionnaire proceeding and waiving that right.

                                                    Respectfully submitted,

                                                    ROBERT S. MUELLER, III
                                                    Special Counsel

Dated: August 29, 2018        By:     */s/ Andrew Weissmann*
                                                    Andrew Weissmann
                                                    Jeannie S. Rhee (D.D.C. Bar No. 464127)
                                                    Greg D. Andres (D.D.C. Bar No. 459221)
                                                    U.S. Department of Justice
                                                    Special Counsel's Office
                                                    950 Pennsylvania Avenue NW
                                                    Washington, D.C. 20530
                                                    Telephone: (202) 616-0800