UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
UNITED STATES OF AMERICA,          )
                                                        )
          v.                                          )
                                                        )   Crim. Action No. 17-0201-01 (ABJ)
PAUL J. MANAFORT, JR.,              )
                                                        )
          Defendant.                             )
_____)

## ORDER ON MOTIONS IN LIMINE

For the reasons stated on the record at the Pretrial Conference held on September 5, 2018, a number of rulings were made by the Court.

The government's motions to supplement its previously filed motion in limine [Dkt. ## 366, 381, and 382] were GRANTED.

With respect to the motions in limine themselves, based on its consideration of the government's motions [Dkt. ## 341, 366, 381, and 382], and defendant's opposition [Dkt. # 361], and the defendant's motion [Dkt. # 343] and the government's opposition [Dkt. # 360], and the argument of counsel, the Court ruled as follows:

The defendant's motion to exclude evidence or argument concerning:  a) his role with the Trump campaign, and b) allegations related to purported collusion with the Russian government [Dkt. # 343] was GRANTED in part and DENIED in part.  Any evidence or argument or any reference to the ongoing investigation into links and/or coordination between the Trump campaign and the Russian government, including any allegations that may involve the defendant, will be excluded on the grounds that it is irrelevant and unduly prejudicial.  The government may introduce evidence that the defendant held a position in the Trump campaign at the time of the events alleged in paragraph 26 of the Superseding Indictment for the limited purpose of establishing a motive for allegedly making false statements concerning his work on behalf of foreign principals.  The parties agreed to work together to craft an appropriate stipulation and limiting instruction, if necessary, for the introduction of that evidence.

The defendant's motion in limine to exclude evidence or argument about the charges or verdict in *United States v. Manafort*, No. 1:18-cr-83, in the United States District Court for the Eastern District of Virginia [Dkt. # 343] was GRANTED on the grounds that the information is irrelevant and unduly prejudicial.  This ruling does not preclude the government from introducing evidence that was introduced in the prior trial.  The Court will defer ruling on the government's request to introduce the fact of the verdict solely for purposes of impeachment under Fed. R. Evid. 609 if the defendant testifies at trial until after the parties have briefed the question of whether a

defendant must have been sentenced before a jury verdict in a criminal trial may be used for that purpose.

The defendant's motion in limine to exclude any evidence or argument about the defendant's remand to the custody of the U.S. Marshal pending trial [Dkt. # 343] was GRANTED.

The Court deferred ruling on the defendant's motion in limine seeking to bar the introduction of testimony or evidence from the attorney or attorneys who "provided Mr. Manafort with FARA related advice and represented him in interactions with the U.S. Department of Justice's FARA office." [Dkt. # 343]. That motion, along with the related pending motion seeking authorization to review communications [Dkt. # 372] will be ruled upon after the September 10, 2018 date by which defendant may filed any supplement to his opposition, and both sides have briefed the question of the standard of review.

The Court also deferred ruling on the government's motion for an order excluding "argument or evidence at trial (1) concerning selective or vindictive prosecution or the motive and mandate of the Department of Justice office leading this prosecution, or (2) suggesting that any government investigation into Manafort that preceded the Special Counsel's appointment ended with a decision not to prosecute him." [Dkt. ## 341, 381]. The defendant's submission concerning the relevance and admissibility of this information is due on September 10, 2018.

The government's motion for an order precluding the defendant from presenting argument at trial, or soliciting evidence, concerning "(a) the absence of a civil Internal Revenue Service audit of Manafort or his companies, or (b) the absence of any civil Foreign Agents Registration Act action against Manafort or his companies, or suggesting that such civil audits or actions were necessary or that the absence of such civil audits or actions was improper, or indicative of a lack of evidence of a crime" [Dkt. # 366] was GRANTED on the grounds that the evidence is irrelevant. *See* Dkt. # 366 at 2 for an example of the prohibited argument. Defendant may introduce evidence, if it exists, that records of foreign bank accounts were provided by the defendant to his accountants or tax preparers, and, if those records were received, they were retained and would have been available for production to the government upon request, but he may not make specific reference to a civil IRS or FARA audit or investigation.

The government's motion in limine [Dkt. # 382] seeking to admit evidence that neither Davis Manafort Partners, Inc. nor DMP International, LLC filed any Foreign Bank Account Reports ("FBARs") with respect to the foreign bank accounts identified in the Superseding Indictment was taken under advisement, and after consideration of the arguments of counsel and a review of the Superseding Indictment, the motion is GRANTED. The evidence is relevant and admissible under Fed. R. Evid. 401 and 402, as well as 404(b)(2), and the motion in limine satisfies the notice requirements of Rule 404(b). It is not necessary to establish that the defendant was the person with the specific responsibility within the organization to make such filings for the information to be relevant to the conspiracy allegations in Count 1 given the defendant's ownership stake in, and control over, the entities, particularly since Count 1 alleges that he conspired with others to conceal the accounts, not that he was individually responsible.

Other rulings and guidance concerning the admissibility of evidence and the scope of permissible argument are set forth in the transcript of the conference, and they are binding on the parties even if they are not specifically set forth in this order summarizing the holdings on docketed motions.

If at any point during the trial either party is of the view that the opposing party has opened the door to excluded material, it must seek permission of the Court to utilize the information before mentioning it in front of the jury.

Defendant's motion for change of venue [Dkt. # 393] was denied for reasons which were summarized on the record and will be set forth in a forthcoming written opinion.

Finally, it was ordered that defendant must comply with Fed. R. Crim. Proc. 16 and identify any expert witness he intends to call and the substance of that expert's opinion by September 10, 2018.

AMY BERMAN JACKSON
United States District Judge

DATE: September 5, 2018