UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>Defendant. | Crim. No. 17-cr-201-1 (ABJ) |

**GOVERNMENT'S TRIAL BRIEF REGARDING ADMISSIBILITY UNDER
FEDERAL RULE OF EVIDENCE 609 OF MANAFORT'S
GUILTY VERDICTS IN THE EASTERN DISTRICT OF VIRGINIA**

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this trial brief addressing the admissibility under Federal Rule of Evidence 609 of the guilty verdicts rendered by the jury against defendant Paul J. Manafort, Jr., in the Eastern District of Virginia. Although Manafort has not been sentenced, the case law and commentary establish that the guilty verdicts constitute "convictions" for the purposes of Rule 609. If Manafort testifies, the government should be permitted to cross-examine him regarding the essential facts of those convictions, and to explore additional details of the crimes should Manafort attempt to minimize his misconduct.

**I.      Background**

On August 21, 2018, a jury in the Eastern District of Virginia returned guilty verdicts against Manafort on eight counts of an 18-count indictment against him. The jury found Manafort guilty of five counts of subscribing to false income tax returns, in violation of 26 U.S.C. § 7206(1); one count of failing to file reports of foreign bank accounts, in violation of 31 U.S.C. §§ 5314, 5322(a) (Counts 11-14); and two counts of bank fraud, in violation of 18 U.S.C. § 1344. The

1

district court granted Manafort's motion to extend the time to file post-trial motions and, accordingly, has not sentenced Manafort or entered a final judgment of conviction.

## II.     Argument

Federal Rule of Evidence 609 provides that, where a criminal defendant testifies, evidence of a "criminal conviction" "must be admitted" for purposes of attacking the defendant's character for truthfulness, and, if establishing the elements of the crime required proving a dishonest act or false statement, the probative value of the evidence is not to be balanced against its prejudicial effect.  Fed. R. Evid. 609(a).  *See* 28 Charles Alan Wright et al., *Federal Practice and Procedure* § 6134 (2d ed. 2012) ("where establishing the elements of the crime required proof of a dishonest act or false statement, analysis under subdivision (a)(1) stops; the conviction will be admitted under subdivision (a)(2) and no weighing of probative value and prejudice may occur").  The rule adds that "a conviction that satisfies this rule is admissible even if an appeal is pending," and "[e]vidence of the pendency [of the appeal] is also admissible."  Fed. R. Evid. 609(e).

Rule 609 uses the term "conviction," and courts have held that guilty verdicts are admissible under the rule even where the defendant has not been sentenced and a final judgment of conviction has not been entered.  All the circuit courts to have addressed this issue concur.  *See United States v. Smith*, 623 F.2d 627, 630 (9th Cir. 1980) ("[W]e and other circuits have held that, when a conviction of felony is used to impeach (F. R. Ev. 609), a verdict of conviction is just as relevant as a judgment of conviction.  Such a verdict may be so used before judgment upon it is entered. . . .  When a conviction is the subject of such a pending motion, that fact, like the pendency of an appeal, can be shown to the jury."); *United States v. Vanderbosch*, 610 F.2d 95, 97 (2d Cir. 1979) ("[W]e hold that a jury verdict of guilty prior to entry of judgment is admissible for impeachment purposes if it meets the other requirements of Fed. R. Evid. 609.  In so deciding we

follow several other circuits which have held that there is no distinction between a jury's finding of guilty and the entry of judgment for impeachment purposes. . . . As in the case of pending appeals, the defendant should be allowed to reveal to the jury the fact that judgment has not been entered as well as the pendency of motions for acquittal and for a new trial before the sentencing court.") (internal citations omitted); *United States v. Duncan*, 598 F.2d 839, 865 (4th Cir. 1979) ("while Fed. R. Evid. 609 is silent on the use of a jury verdict that has not yet been accepted for impeachment, the recent case law permits it"); *United States v. Klein*, 560 F.2d 1236, 1240-41 (5th Cir. 1977) ("In some contexts, such as where prior conviction of a specific offense is an element of the crime charged, the distinction between verdict and conviction is quintessential. Where the guilty verdict is introduced for impeachment purposes, however, it can be distinguished from a conviction only on the basis of a procedural requirement which is 'nothing more than a ministerial act.'") (quoting *United States v. Canaday*, 466 F.2d 1191, 1192 (9th Cir. 1972)); *id.* at 1241 ("the finding of guilt should be competent as impeachment evidence subject to an explanation by counsel that the finding may be set aside at a later date"); *United States v. Rose*, 526 F.2d 745, 747 (8th Cir. 1975) ("We find no significant difference between the jury's finding of guilt and the entry of judgment thereon as far as probative value for impeachment purposes."); *Canaday*, 466 F.2d at 1192 ("The question was proper, for purposes of impeachment (among others), and it has been so held in this Circuit, *whether the conviction was final or not*. The jury's verdict requires nothing more than a ministerial act (its entry) to constitute a judgment.") (emphasis in original). *See also Lewis v. Exxon Corp.*, 716 F.2d 1398, 1398-1400 (D.C. Cir. 1983) (in holding that the term "conviction" in the Petroleum Marketing Practices Act (which allows a petroleum company to terminate a dealer franchise based on the "conviction" of the franchisee for a felony involving moral turpitude) means a jury verdict even if an appeal is pending, pointing to Rule 609(a) as an

example of a context in which "conviction" "means the judgment entered upon the jury verdict and not the final affirmance of that judgment when all direct appeals are exhausted"). *See generally* 28 Charles Alan Wright et al., *Federal Practice and Procedure* § 6133 (2d ed. 2012) ("The policy underlying Rule 609 suggests that jury verdicts should be admissible even before sentencing and the entry of judgment, since those verdicts still are based on proof of guilt that satisfied the reasonable doubt standard. The cases are in agreement.").

Manafort's offenses involved dishonest acts or false statements. *See United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009) (bank fraud is an act of dishonesty under Rule 609(a)(2)); *United States v. Lapteff*, 160 Fed. Appx. 298, 303 (4th Cir. 2005) (unpublished) ("defendant's prior felony conviction for filing a false tax return, a violation of 26 U.S.C. § 7206(1), is for a crime involving dishonesty or false statement").[1] The convictions are therefore admissible without regard to any balancing of their probative value against their prejudicial effect. *See* Fed. R. Evid. 609(a)(2).

With the Eastern District of Virginia guilty verdicts thus admissible under Rule 609 if Manafort testifies, the government would be permitted to cross-examine Manafort about the "essential facts" of the convictions, although not their "surrounding details." *United States v. Baylor*, 97 F.3d 542, 544 (D.C. Cir. 1996). *See United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014) ("the permissible scope of cross-examination under Rule 609 extends to the essential facts of convictions, the nature of the crimes, and the punishment"); *United States v. Estrada*, 430

---

[1] The jury instructions in Manafort's Eastern District of Virginia trial required the jury to find, with respect to the false tax return charges, that Manafort made and subscribed, or caused to be made and subscribed, a tax return that contained false information as to a material matter and that Manafort knew the information was false. The jury instructions with respect to the failure-to-file-reports-of-foreign-bank-account charges required the jury to find that Manafort willfully failed to file such reports.

F.3d 606, 615 (2d Cir. 2005) ("The presumption under Rule 609(a)(2)—as recognized by the district court—is that the 'essential facts' of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the 'evidence' that is to be admitted for impeachment purposes."). But "under certain circumstances details concerning a conviction may be elicited." *Baylor*, 97 F.3d at 544. One such circumstance is when the defendant "open[s] the door" to impeachment about the details of his convictions "by attempting to minimize the conduct for which he was convicted." *Id*. at 545. *See United States v. McGill*, 815 F.3d 846, 906-07 (D.C. Cir. 2016) (where defendant opens the door by attempting to minimize his misconduct, the details of his convictions may be used to impeach him and contradict self-serving testimony), *cert. denied*, 138 S. Ct. 57 (2017).[2]

        Respectfully submitted,

        ROBERT S. MUELLER, III
        Special Counsel

Dated: September 6, 2018    By:    */s/ Andrew Weissmann*
        Andrew Weissmann
        Jeannie S. Rhee (D.D.C. Bar No. 464127)
        Greg D. Andres (D.D.C. Bar No. 459221)
        U.S. Department of Justice
        Special Counsel's Office
        950 Pennsylvania Avenue NW
        Washington, D.C. 20530
        Telephone: (202) 616-0800

---

[2] With respect to six of the eight verdicts—which implicate charges in this Court as well—in order to avoid potential Federal Rule of Evidence 403 concerns, the government proposes that any impeachment under Rule 609 be tailored to eliciting that Manafort was found guilty of six federal crimes involving fraud or false statements. The government would not elicit additional details unless Manafort were to open the door.