# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v.                            ) <br> ) <br> PAUL J. MANAFORT, JR.,    ) <br> ) <br> *Defendant.*                  ) <br> ) | Criminal No. 17-201 (ABJ) |

## DEFENDANT PAUL J. MANAFORT JR.'S RESPONSE TO THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Defendant Paul J. Manafort, Jr., by and through counsel, files this response to the Government's Proposed Jury Instructions as required by the Court's August 28, 2018 Order. In response, the defendant notes he has no objection to the following instructions proposed by the government: 3 through 14, 18 through 20, 22 through 31, and 33 through 56. Defendant's objections to the remaining proposed instructions along with suggested changes or alternatives to those instructions are attached. Finally, defendant objects to the government's proposed Special Instructions (1 through 6).

Dated: September 6, 2018

Respectfully submitted,

 /s/
Kevin M. Downing
(D.C. Bar No. 1013984)
Law Office of Kevin M. Downing
601 New Jersey Avenue NW, Suite 620
Washington, DC 20001
(202) 754-1992
kevindowning@kdowninglaw.com

       /s/
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW, Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com


       /s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*

## **PROPOSED JURY INSTRUCTION NO. 1**

The defendant objects to the following language on page 2 of the proposed instruction:

- Acting between approximately 2008 and 2014 as an agent of a foreign principal without registering, in violation of the Foreign Agents Registration Act (FARA) (Count Three);

Defendant proposes the following replacement:

- Between approximately 2008 and 2014, failing to register as an agent of a foreign principal, in violation of the Foreign Agents Registration Act (FARA) (Count Three).

## **PROPOSED JURY INSTRUCTION NO. 2**

The defendant objects to this instruction. Defendant anticipates any alternate juror will be aware that they are an alternate and does not believe it is appropriate to give this instruction.

## **PROPOSED JURY INSTRUCTION NO. 15**

The defendant objects to the following language in paragraph (3) of the proposed instruction:

> The charged overt acts are: (a) the use of a series of overseas and domestic corporate entities, (b) wiring money from offshore accounts controlled or beneficially owned by Mr. Manafort into the United States to pay for goods, services and real estate without paying taxes on that income, (c) a multi-part international lobbying scheme on behalf of foreign principals that involved the retention of lobbying firms, law firms, and public relations firms to perform work in the United States, (d) the retention of a group of former European politicians who lobbied in the United States, (e) the concealment of these activities, and (f) the concealment of overseas accounts used in the charged schemes. Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

Defendant proposes the following replacement:

> The charged overt acts are alleged in the indictment. Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

## **PROPOSED JURY INSTRUCTION NO. 16**

The defendant objects to the following language in paragraph one of the proposed instruction:

> (1) the offense of acting, and causing and aiding and abetting others to act, as unregistered agents of a foreign principal, in violation of the Foreign Agents Registration Act (FARA);

Defendant proposes the following replacement:

> (1) the offense of failing, and causing and aiding and abetting others to fail, to register as an agent of a foreign principal, in violation of the Foreign Agents Registration Act (FARA);

The defendant also objects to the following language in paragraph two of the proposed instruction:

> It is against the law to agree with someone to commit the crimes of acting as a foreign agent . . .

Defendant proposes the following replacement:

> It is against the law to agree with someone to commit the crimes of failing to register as a foreign agent . . .

**PROPOSED JURY INSTRUCTION NO. 17**

The defendant objects to the following language in paragraph (3) of the proposed instruction:

> For the second conspiracy charged in Count One, the charged overt acts include (a) the use of a series of overseas and domestic corporate entities, (b) wiring money from offshore accounts controlled beneficially owned or by Manafort into the United States to pay for goods, services and real estate without paying taxes on that income, (c) a multi-part international lobbying scheme on behalf of foreign principals that involved the retention of lobbying firms, law firms, and public relations firms to perform work in the United States, (d) the retention of a group of former European politicians who lobbied in the United States, (e) the concealment of these activities, and (f) the concealment of overseas accounts used in the charged schemes. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must all agree on at least one overt act that was done.

Defendant proposes the following replacement:

> For the second conspiracy charged in Count One, the charged overt acts are alleged in the indictment. The government need not prove that all of these overt acts were taken, but in order to find the defendant guilty, you must unanimously agree on at least one charged overt act that was done.

Defendant also objects to the following language under the section entitled Elements of the Conspiracy's Objects:

> In Count One, the government has alleged that one object of the conspiracy was to act as an unregistered agent of a foreign principal. For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy. In considering whether this was an object of the conspiracy, the following legal principles and definitions apply. A person willfully violates the FARA requirements if:
>
> (1) The defendant acted in the United States as an agent of a foreign principal;
>
> (2) The defendant acted without registering with the Attorney General; and
>
> (3) The defendant acted willfully.

Defendant proposes the following replacement:

> In Count One, the government has alleged that one object of the conspiracy was to fail to register as an agent of a foreign principal in violation of FARA. For Count One, the government does not have to prove that the defendant committed this crime; only that this was an object of the conspiracy. In considering whether this was an object of the conspiracy, the following legal principles and definitions apply. A person willfully violates the FARA requirements if:
>
> (1) The defendant was required by law to register as an agent of a foreign principal;
>
> (2) The defendant failed to register with the Attorney General; and
>
> (3) In failing to register, the defendant acted willfully.

Authority: 22 U.S.C. §§612 & 618(a)(2)

## **PROPOSED JURY INSTRUCTION NO. 21**

The defendant objects to the following language in paragraph (3) of the proposed instruction:

> The elements of the crime of acting as an unregistered agent of a foreign principal, each of which the government must prove beyond a reasonable doubt, are that:
>
> > (1) First, the defendant acted in the United States as an agent of a foreign principal.
> >
> > (2) Second, the defendant acted without registering with the Attorney General.
> >
> > (3) Third, the defendant acted willfully.
>
> The term "foreign principal" includes the government of a foreign country, a foreign political party, and entities—such as corporations, partnerships, or organizations—that are organized under the laws of or have their principal place of business in a foreign country.
>
> A defendant "acts as an agent of a foreign principal" in the United States if, either "directly or through any other person," he (i) engages in political activities for or in the interests of such foreign principal, which includes attempts to influence federal officials or the public on foreign or domestic policy; (ii) acts as public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal; (iii) solicits, collects, disburses, or dispenses contributions, loans, money, or other things of

value for or in the interest of such foreign principal; or (iv) represents the interests of such foreign principal before any federal agency or official.

Defendant proposes the following replacement:

In order to sustain its burden of proof for the crime of willful failure to register as an agent of a foreign principal, the government must prove the following three essential elements beyond a reasonable doubt:

> (1) First, the defendant was required by law to register as an agent of a foreign principal.
>
> (2) Second, the defendant failed to register with the Attorney General.
>
> (3) Third, in failing to register, the defendant acted willfully.

The term "foreign principal" includes the government of a foreign country, a foreign political party, and entities—such as corporations, partnerships, or organizations—that are organized under the laws of or have their principal place of business in a foreign country.

A defendant "acts as an agent of a foreign principal" if, either "directly or through any other person," he

> (i) engages within the United States in political activities for or in the interests of such foreign principal, which includes attempts to influence federal officials or the public on foreign or domestic policy;
>
> (ii) acts within the United States as public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal;

(iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money, or other things of value for or in the interest of such foreign principal; or

(iv) within the United States represents the interests of such foreign principal before any federal agency or official.

An agent of a foreign principal is exempt from the requirement to register as an agent of a foreign principal if

(i) the foreign principal is a partnership, association, corporation, organization, or other combination of persons organized under the laws of or having its principal place of business in a foreign country;

(ii) the agent has engaged in lobbying activities; and

(iii) the agent has registered under the Lobbying Disclosure Act of 1995 [2 U.S.C. 1601 et seq.] in connection with the agent's representation of such person or entity.

Authority: 22 U.S.C. §§611, 612 & 618(a)(2)

## **PROPOSED JURY INSTRUCTION NO. 32**

The defendant objects to this instruction. Defendant does not believe this instruction applicable to the facts of this case.