## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **PAUL J. MANAFORT, JR.**, | **Crim. No. 17-cr-201-1 (ABJ)** |
| **Defendant.** | |

## GOVERNMENT'S TRIAL BRIEF REGARDING EFFECT OF MEMORANDUM OPINION IN *IN RE GRAND JURY INVESTIGATION*

The United States of America, by and through Special Counsel Robert S. Mueller, III, files this trial brief addressing the effect of Chief Judge Howell's memorandum opinion in *In re Grand Jury Investigation*, Misc. Action No. 17-2336 (BAH), on this Court's determination whether evidence obtained from defendant Paul J. Manafort, Jr.'s former Foreign Agents Registration Act (FARA) attorney is admissible at trial.

## I.    Background

On October 2, 2017, in connection with the grand jury investigation of this matter, Chief Judge Beryl A. Howell issued a memorandum opinion compelling the grand jury testimony of Manafort's former FARA counsel.  The court ruled that the attorney could be required to answer seven specific questions in the grand jury because, *inter alia*, the government made a *prima facie* showing that the crime-fraud exception applies to Manafort's communications with the attorney. *See In re Grand Jury Investigation*, No. 17-mc-2336, 2017 WL 4898143 (D.D.C. Oct. 2, 2017) (further concluding that privilege was waived or inapplicable as to some areas, and that work-product protection was overcome as to others).

Manafort has now moved *in limine* to exclude all evidence provided by his FARA attorney on the ground that the evidence "is privileged attorney-client and work product information."  Doc.

1

343 at 6.   At a pretrial conference, the Court asked the parties to brief whether Chief Judge Howell's ruling constitutes law of the case or should otherwise be adhered to in the absence of a compelling reason not to or a change in circumstances.   Because Manafort has not offered any factual reason to disturb Chief Judge Howell's ruling, the government believes that, even if the ruling does not formally constitute the law of the case, it is entitled to deference and should be followed herein.

## II.   Argument

Regardless of whether the ruling in *In re Grand Jury Investigation* constitutes law of the case, it should preclude Manafort from relitigating the same issue that was before Chief Judge Howell, or is at least entitled to deference and should be followed because Manafort has not shown a compelling reason to revisit the legal issues carefully considered by Chief Judge Howell.[1]

"As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."   *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (internal quotation marks omitted; alteration in *Christianson*).   "[T]he doctrine applies as much to the decisions of a coordinate court in the same case as to a court's own decisions."   *Id.* at 816.   *See Hill v. Henderson*, 195 F.3d 671, 678 (D.C. Cir. 1999).   By its terms, the law-of-the-case doctrine applies to stages in the same "case," and it is not settled under D.C. Circuit law whether a grand jury investigation is the same case as the ensuing criminal prosecution.   *Cf. In re Subpoena Duces Tecum Issued to Commodity Futures Trading Comm'n*, 439 F.3d 740, 749 (D.C. Cir. 2006)

---

[1]  As the government explained in its response to Manafort's motion *in limine* and at the pretrial conference, in light of the fact that the proceedings before Chief Judge Howell were *ex parte*, the government is not taking the position that Manafort is precluded from raising a factual argument to this Court.

(a subpoena enforcement action is technically a different case and does not have law-of-the-case effect in the ensuing litigation, which was a "new, albeit ancillary, proceeding in a different court").

The Court, however, need not resolve that question, because Manafort is barred from relitigating the privilege and crime-fraud issues resolved by Chief Judge Howell under the doctrine of issue preclusion. "The standard application of issue preclusion requires that a party be estopped from relitigating an identical issue previously decided if three conditions are satisfied: (1) The issue must have been actually litigated, that is contested by the parties and submitted for determination by the court. (2) The issue must have been actually and necessarily determined by a court of competent jurisdiction in the first trial. (3) Preclusion in the second trial must not work an unfairness." *Milton S. Kronheim & Co. v. District of Columbia*, 91 F.3d 193, 197 (D.C. Cir. 1996) (internal punctuation omitted). The "principle is as applicable to the decisions of criminal courts as to those of civil jurisdiction." *Frank v. Mangum*, 237 U.S. 309, 334 (1915). *See Taylor v. Sturgell*, 553 U.S. 880, 892 & n.5 (2008) (doctrine of issue preclusion, or collateral estoppel, bars "successive litigation of an issue of fact or law actually litigated and resolved" that was "essential to the prior judgment, even if the issue recurs in the context of a different claim") (internal quotation marks omitted); *see also Martin v. Dep't of Justice*, 488 F.3d 446, 454 (D.C. Cir. 2007). The doctrine serves to "protect against 'the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892 (brackets in original) (quoting *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

Manafort, through counsel, participated in the grand jury litigation as the privilege holder and was afforded an opportunity to present argument and evidence (he declined the latter

invitation).  Chief Judge Howell carefully considered the issues and unequivocally decided the matter in a thorough 37-page opinion.  And applying preclusion would not work an unfairness because Manafort has received a full, unredacted version of Chief Judge Howell's opinion, the government's filings in the grand jury litigation, the FBI 302s describing the results of the interviews with the attorney, and the transcripts of the hearings in that litigation; and the government has not opposed Manafort's right, in light of these materials, to assert any new factual arguments in support of revisiting Chief Judge Howell's decision.

If this Court were to agree that issue preclusion bars Manafort's relitigation of the privilege and crime-fraud issues, Chief Judge Howell's ruling would control and further litigation of the issues would be foreclosed.

If this Court were to decline to apply issue preclusion here, it should nonetheless defer to Chief Judge Howell's decision under the principle of intra-court comity, which "generally dictates that judges of coordinate jurisdiction should follow brethren judges' rulings on identical issues." *Am. Silicon Techs. v. United States*, 261 F.3d 1371, 1381 (Fed. Cir. 2001).  *See In re Subpoena Duces Tecum Served on Office of Comptroller of Currency*, 145 F.3d 1422, 1424-25 (D.C. Cir. 1998) (in a subpoena enforcement action, deferring, "[a]s a matter of judicial comity," to a ruling of the Massachusetts district court in the underlying litigation because the subpoena enforcement action, while "technically a different 'case,'" was "tied closely" to the underlying litigation). Deference in this context would mean following Chief Judge Howell's ruling unless Manafort comes forward with evidence supporting his assertion that his lawyer's testimony "is privileged attorney-client and work product information," Doc. 343 at 6, notwithstanding the Chief Judge's considered opinion to the contrary.  The legal issues carefully considered by Chief Judge Howell

are identical to those raised now, and revisiting them in the absence of a compelling reason to do

so would contravene principles of judicial economy, consistency, and comity.[2]

> Respectfully submitted,
>
> ROBERT S. MUELLER, III
> Special Counsel

Dated: September 10, 2018        By:      _/s/ Andrew Weissmann_____
                                          Andrew Weissmann
                                          Jeannie S. Rhee (D.D.C. Bar No. 464127)
                                          Greg D. Andres (D.D.C. Bar No. 459221)
                                          U.S. Department of Justice
                                          Special Counsel's Office
                                          950 Pennsylvania Avenue NW
                                          Washington, D.C. 20530
                                          Telephone: (202) 616-0800

---

[2]  Should the Court choose to revisit the privilege and crime-fraud issues, it should apply the same standard of proof at the pretrial phase that Chief Judge Howell applied at the grand-jury phase:  a *prima facie* showing that the attorney-client communication was in furtherance of a criminal or fraudulent act.  *See United States v. Boender*, 649 F.3d 650, 659 & n.4 (7th Cir. 2011) (noting that government was required to make a *prima facie* case that communications were in furtherance of a crime); *United States v. Ruhbayan*, 406 F.3d 292, 299 (4th Cir. 2005) (applying *prima facie* standard where issue was raised in pretrial litigation, and citing grand-jury precedents for support).