UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 17-201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PAUL J. MANAFORT, JR.'S SUPPLEMENTAL BRIEFING REGARDING THE GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER EXCLUDING ARGUMENT OR EVIDENCE AT TRIAL CONCERNING SELECTIVE PROSECUTION

Defendant Paul J. Manafort, Jr., by and through counsel, hereby submits his supplemental briefing regarding the Government's motion in limine for an order excluding argument or evidence at trial concerning selective prosecution.

On September 5, 2018, the Court granted Mr. Manafort until September 10, 2018, to submit additional briefing to support his position that evidence of how the Department of Justice ("DOJ") has traditionally enforced the Foreign Agents Registration Act ("FARA") is relevant to the FARA-related charges. Mr. Manafort does not seek to use this information to make a selective prosecution argument to the jury. Instead, Mr. Manafort intends to elicit from the Government's witnesses the fact that the virtual lack of enforcement actions and DOJ-issued advice has left the lobbying and public relations community without an adequate understanding of the statute's requirements. Indeed, there have been only seven FARA prosecutions since 1966, and the DOJ only released its private FARA advice to the public on June 8, 2018.

In addition to these concerns, the statute itself contains numerous vagaries that directly impact the willfulness inquiry. The DOJ's few enforcement actions and private advice have only

left these vagaries to fester. For example, FARA deals with political activities undertaken "within the United States." Mr. Manafort anticipates that some Government witnesses will testify that they understood this to mean physically within the United States, while others may testify that they understood this to mean directed at the United States.

The exemption from FARA registration for those who have registered under the Lobbying Disclosure Act ("LDA") is similarly confusing. Under 22 U.S.C. § 613(h), an agent of a foreign principal is exempt from registering under FARA if the agent represents a foreign organization, has engaged in lobbying activities, and has registered under the LDA. In spite of this seemingly simple formulation, Mr. Manafort anticipates that Government witnesses will testify that they believe that this exemption does not mean what it says. Mr. Manafort understands that Government witnesses will testify that they understood that if the foreign organization was a foreign political party or a foreign government, the LDA exemption was unavailable. There is no support for this understanding in the statute.

Mr. Manafort also anticipates that Government witnesses, including a FARA attorney, will testify that even if the foreign organization was neither a foreign political party nor a foreign government, the LDA exemption was still unavailable if a foreign political party or a foreign government "supervised, directed, controlled, financed, or subsidized," the organization. There is no support for this in the statute. The DOJ promulgated a regulation in 2003 asserting that the exemption is unavailable if the "principal beneficiary" of the agent's work for the foreign organization is a foreign political party or a foreign government, but this does not appear to be the source of the language at issue. *See* 28 C.F.R. § 5.307.[1] In fact, the evidence at trial will show that

---

[1] Of course, the FARA regulations cannot change the plain meaning of the statute. The Supreme Court has made clear that the Government is entitled to no *Chevron* deference for its interpretation of a criminal statute. *United States v. Apel*, 134 S. Ct. 1144 (2014); *Abramski v. United States*, 134 S. Ct. 2259 (2014).

various Ukrainian businessmen financed, subsidized, supervised, directed, and controlled, the organization. Under these facts, there would be no foreign agent registration requirement.

The sole possible basis for the notion that the LDA exemption is unavailable if a foreign organization is "supervised, directed, controlled, financed, or subsidized," by a foreign political party or a foreign government is a misreading of the statute. The quoted language appears in FARA only as a part of the definition of "agent of a foreign principal" in section 611(c)(1). The section defines an agent of a foreign principal as ". . . a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal . . . ." Nowhere does FARA provide that the LDA exemption is unavailable if the foreign organization itself meets the definition of an agent of a foreign principal. This appears to be a conflation of the LDA exemption with the definition of an agent of a foreign principal.

Mr. Manafort worked in an industry that was permeated by these kinds of misunderstandings. With few prosecutions and no public guidance, even FARA attorneys were unable to decipher the statute's requirements.

Wherefore, Mr. Manafort seeks leave of the Court to elicit from the Government's witnesses the impact that the scarcity of enforcement actions and DOJ-issued advice have had on their ability to understand FARA's requirements.

Dated: September 10, 2018                           Respectfully submitted,

                                                     /s/
                                                    Kevin M. Downing
                                                    (D.C. Bar No. 1013984)
                                                    Law Office of Kevin M. Downing
                                                    601 New Jersey Avenue NW, Suite 620
                                                    Washington, DC 20001
                                                    (202) 754-1992
                                                    kevindowning@kdowninglaw.com

/s/
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW, Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

/s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*