**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PAUL J. MANAFORT, JR., )<br>)<br>*Defendant.* )<br>) | Criminal No. 17-201 (ABJ) |

### DEFENDANT PAUL J. MANAFORT JR.'S MEMORANDUM
### ADDRESSING ATTORNEY CLIENT PRIVILEGE ISSUES

Defendant Paul J. Manafort, Jr., by and through counsel, files this memorandum addressing attorney client privilege issues in connection with both his motion *in limine* relating to evidence protected by the attorney client privilege and the government's request for authorization to certain review communications.

1. Introduction

On October 2, 2017, the Chief Judge supervising the grand jury investigation of this matter issued an order requiring Mr. Manafort's attorney to provide testimony in response to a grand jury subpoena and to answer a series of questions propounded by the Office of Special Counsel ("the Special Counsel"). *See In re Grand Jury Investigation*, No. 17-mc-2336 (Oct. 2, 2017).[1] After an *ex parte* showing by the government and a series of hearings in which the government, counsel for the privilege holders, and counsel for the witness participated, the Court ruled that the crime fraud exception applied to the information sought by the Special Counsel's questions. The Court further found that Mr. Manafort impliedly waived the privilege and that the crime fraud exception

---

[1] References to the Court's October 2, 2017 ruling are cited: Order, at __.

overcame any applicable work product protection. Shortly thereafter, on October 27, 2017, the grand jury investigating this matter returned an indictment that led to this litigation.

On August 8, 2018, the Special Counsel filed a motion asking this Court to authorize release of potentially privileged communications between Mr. Manafort and the attorney. The subject communications were obtained through the execution of a search warrant, dated June 21, 2017, on the premises of Rackspace US, Inc. in New York. In seeking release of these communications, the Special Counsel relies on the October 2, 2017 ruling and argues that its rationale should govern the request.

On September 5, 2018, this Court asked counsel to address the question of whether the October 2, 2017 ruling was law of the case and, to the extent that it was not, what standards govern this Court's consideration of the attorney client privilege issues.

**2. Applicable Law and Argument**

a. The Prior Decision

At the outset, Mr. Manafort addresses the October 2, 2017 opinion and its relationship to the determination of the issues raised by his motion *in limine* and the government's motion for authorization. Generally, the law of the case doctrine provides that a court will not disturb prior rulings on issues determined in the same case. However, "[a] subpoena enforcement issue is technically a different case" and has no law of the case effect in later litigation.[2] *In re Subpoena Duces Tecum Issued to the Commodity Futures Trading Commission WD Energy Services, Inc.*, 439 F.2d 740, 749 (D.C. Cir. 2006). As a result, the doctrine does not apply here.

---

[2]   The government argues that issue preclusion should bar re-litigation of the issues raised here. (Doc. 407). Mr. Manafort suggests issue preclusion does not apply here. Mr. Manafort's opportunity to litigate the issues during the grand jury phase of the case was limited by the *ex parte* nature of those proceedings. As a result, the application of issue preclusion would work a substantial unfairness on this ability to protect his rights and the attorney client privilege.

Mr. Manafort further notes that this Court is not required to defer to the prior ruling. This Court's consideration of this issue is not a review of the prior decision but, instead, a fresh look at this issue as it relates to the admissibility of the evidence at trial. Importantly, the prior ruling determined the grand jury's ability to obtain the evidence, but did not resolve trial admissibility.

To date, the government has not proffered what the anticipated testimony of the attorney will be and whether it will be limited to those questions authorized by the October 2, 2017 ruling. Moreover, the prior ruling was circumscribed to allow the witness to address a series of narrowly drawn questions. As a result, in seeking authorization to provide the trial team with additional communications, the Special Counsel's request goes beyond any issue addressed by the prior ruling. The prior ruling was limited to the statements made in a series of letters sent by the attorney to the U.S. Department of Justice's FARA unit and to determining the source of those statements. It did not address access to any other documents or written communications from client to attorney. *See* Order at 26.

Finally, the prior ruling addressing the application of the crime fraud exception as a global matter and made no attempt to distinguish between the activities of Mr. Gates and those of Mr. Manafort. For purposes of the issues presented here, Mr. Manafort suggests this Court's review necessarily must relate to evidence of his knowledge of the alleged crime/fraud upon which the exception argument is grounded.

      b. The Crime Fraud Exception

Mr. Manafort contends that the crime fraud exception does not apply to his communications with his attorney in this matter. Significantly, the facts proffered by the government in support of its showing during the grand jury phase of the case did not make the necessary showing as to Mr. Manafort. Indeed, a review of the evidence provided reveals that: (1)

the witness statement recounted details of a meeting that Mr. Manafort did not attend; and (2) the 36 exhibits summarized and attached included only two or three in which Mr. Manafort was referenced or on which he was copied.

In order to use the testimony of his attorney against him at trial, the government must make a specific showing of Mr. Manafort's involvement in a crime or fraud and his use of his attorney to further that crime or fraud. *In re Grand Jury*, 475 F.3d 1299, 1305 (D.C. Cir. 2007). The prior factual showing may have met this standard for Mr. Gates, but it does not stand up to scrutiny where Mr. Manafort is concerned.

Mr. Manafort asks this Court to undertake its own review of the proffered information and to determine whether the information meets the required burden without deference to, or reliance upon, the prior ruling. Moreover, because the October 2, 2017 Order did not address communications from client to attorney or related documents, the government must make the same showing with regard to the communications its seek authorization to review.

WHEREFORE, defendant respectfully asks the Court to preclude the introduction of testimony of his attorney at trial and to deny the government authorization to review the additional communications.

Dated: September 10, 2018                          Respectfully submitted,

                                                   /s/
                                                   Kevin M. Downing
                                                   (D.C. Bar No. 1013984)
                                                   Law Office of Kevin M. Downing
                                                   601 New Jersey Avenue NW, Suite 620
                                                   Washington, DC 20001
                                                   (202) 754-1992
                                                   kevindowning@kdowninglaw.com

 /s/
Thomas E. Zehnle
(D.C. Bar No. 415556)
Law Office of Thomas E. Zehnle
601 New Jersey Avenue NW, Suite 620
Washington, DC 20001
(202) 368-4668
tezehnle@gmail.com

 /s/
Richard W. Westling
(D.C. Bar No. 990496)
Epstein Becker & Green, P.C.
1227 25th Street, N.W.
Washington, DC 20037
Tel: 202-861-1868
Fax: 202-296-2882
Email: rwestling@ebglaw.com

*Counsel for Defendant Paul J. Manafort, Jr.*