UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Criminal No. 17-cr-201-1** **(ABJ)** |
| | : | |
| v. | : | |
| | : | |
| PAUL J. MANAFORT, JR., | : | **FILED** |
| | : | |
| Defendant. | : | OCT 1 0 2018 |

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## CONSENT ORDER OF FORFEITURE

*WHEREAS*, a written plea agreement was filed with this Court and signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to plead guilty to an Information charging, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), Title 22, United States Code, Sections 612 and 618(a)(1), and to launder money in violation of Title 18, United States Code, Section 1956, and the defendant has pled guilty to that offense ("Count One");

*WHEREAS*, the Information also alleged the forfeiture of any property, real or personal, that was involved in, or which constitutes or is derived from proceeds traceable to, the offense alleged in Count One, pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Information further alleged that the United States would seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, involved in, or which constitutes or is derived from proceeds traceable to, the offense alleged in Count One, which property is subject to forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), and 982(a)(1) and Title 28, United States Code, Section

1

2461(c);

WHEREAS, the Information further alleged that, if any of the property subject to forfeiture has, as a result of any act or omission of the defendant, been transferred, sold, or deposited with a third party or commingled with other property that cannot be subdivided without difficulty, the United States would seek forfeiture of any other property of said defendant in substitution for such property;

WHEREAS, in his plea agreement, the defendant admitted to the forfeiture allegations in the Information and agreed that the following property constitutes or is derived from proceeds traceable to the offense alleged in Count One, and/or represents property involved in the offense alleged in Count One, or is property traceable thereto:

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

*WHEREAS*, the defendant has admitted that certain additional property subject to forfeiture has, as a result of the defendant's acts or omissions, been transferred or sold or deposited with a third party or commingled with other property that cannot be subdivided without difficulty;

*WHEREAS*, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

*WHEREAS*, the defendant has agreed that the assets set forth above are subject to forfeiture, in the alternative, as substitute assets, and has further consented to forfeiture of the following additional assets as substitute property for property of equal or greater value that constitutes or is derived from proceeds traceable to the offense alleged in Count One, and/or represents property involved in the offense alleged in Count One, or is property traceable thereto, which has been transferred to a third party as a result of the acts or omissions of the defendant:

a) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

b) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022;

*WHEREAS*, the Court finds, based on the evidence and information before it, including the defendant's plea agreement, that the property below is subject to forfeiture;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:***

1.      The following property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 982(b) and Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p) (collectively, the "Forfeited Assets"):

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

h) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

i) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022;

2.      The parties stipulate and agree that the Forfeited Assets represent property described in 18 U.S.C. § 981(a)(1)(A), 981(a)(1)(C), 982(a)(1), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), and as such, are subject to forfeiture thereunder. The defendant hereby waives the requirements of Federal Rule of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment, and consents to the entry of this order.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture will become final as to the defendant at sentencing, or at any time before sentencing at the Government's request and with the defendant's consent (which the defendant has agreed not to withhold), and shall be made part of the sentence and included in the judgment;

4.      The United States shall, to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the Forfeited Assets, and shall publish notice of this order in accordance with Federal Rule of Criminal Procedure 32.2(b)(6);

5.      Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

6.      The United States shall have clear title to the Forfeited Assets following entry of the Final Order of Forfeiture and the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

7.      The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

8.      The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order.

9.      Pursuant to Title 21, United States Code, Section 853(g), the Attorney General or a designee is authorized to seize the Forfeited Assets and to take full and exclusive custody and

control of the same immediately upon entry of this order, *except that*, by agreement of the parties,

the government will take custody and control of the real property commonly known as 721 Fifth

Avenue, #43G, New York, NY 10022, on or after October 20, 2018, and the real property

commonly known as 174 Jobs Lane, Water Mill, New York 11976, on or after October 20, 2018.

10.    Upon request, the Clerk of the Court shall make a certified copies of this Order

available to the Special Counsel's Office.

Dated this _9th_ day of _October_, 2018.


_____
AMY B. JACKSON
UNITED STATES DISTRICT JUDGE


WE ASK FOR THIS:

ROBERT S. MUELLER, III
Special Counsel

By:    _____
Andrew Weissmann
Jeannie S. Rhee
Greg D. Andres
Kyle R. Freeny
Senior/Assistant Special Counsel


_____
Paul J. Manafort, Jr.
Defendant

_____
Kevin Downing, Esquire
Lead Counsel for Defendant


6