```
 1                IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF COLUMBIA
 2

 3     United States of America,      ) Criminal Action
                                      ) No. 17-CR-201
 4                 Plaintiff,         )
                                      ) STATUS CONFERENCE
 5     vs.                            )
                                      ) Washington, DC
 6     Paul Manafort, Jr.,            ) Date:  December 11, 2018
                                      ) Time:  3:00 p.m.
 7                 Defendants.        )
                                      )
 8     _____

 9                  TRANSCRIPT OF STATUS CONFERENCE
                            HELD BEFORE
10            THE HONORABLE JUDGE AMY BERMAN JACKSON
                   UNITED STATES DISTRICT JUDGE
11     _____

12                       A P P E A R A N C E S

13     For Plaintiff:    ANDREW WEISSMANN
                         GREG D. ANDRES
14                       U.S. Department of Justice
                         Special Counsel's office
15                       950 Pennsylvania Avenue NW
                         Washington, D.C.  20530
16                       202-514-1746
                         Email:  Aaw@usdoj.gov
17                       Email:  Gda@usdoj.gov

18
       For Defendant:    KEVIN M. DOWNING
19                       815 Connecticut Avenue, N.W.
                         Suite 730
20                       Washington, D.C. 20006
                         (202) 754-1992
21                       Email:  Kevindowning@kdowninglaw.com

22                       THOMAS EDWARD ZEHNLE
                         Law Office of Thomas E. Zehnle
23                       601 New Jersey Avenue, NW
                         Suite 620
24                       Washington, DC 20001
                         (202) 368-4668
25                       Email:  Tzehnle@milchev.com
```

```
 1                          RICHARD WILLIAM WESTLING
                            Epstein Becker & Green, P.C.
 2                          1227 25th Street, NW
                            Suite 700
 3                          Washington, DC 20037
                            (202) 861-1868
 4                          Email:  Rwestling@ebglaw.com

 5
     ALSO PRESENT:
 6                          Jeff Weiland, FBI
                            Brock Domin, FBI
 7

 8   Court Reporter:    Janice E. Dickman, RMR, CRR
                        Official Court Reporter
 9                      United States Courthouse, Room 6523
                        333 Constitution Avenue, NW
10                      Washington, DC  20001
                        202-354-3267
11
                              *   *   *
12
```

1                THE COURTROOM DEPUTY:  Your Honor, this afternoon we
2       have criminal case No. 17-201, the United States of America v.
3       Paul J. Manafort, Jr.  The defendant's presence has been waived
4       for this proceeding.
5                Counsel, please approach the lectern, identify
6       yourself for the record.
7                MR. WEISSMANN:  For the government, Andrew Weissmann,
8       and Greg Andres.  And with the FBI, Jeff Weiland and Brock
9       Domin.
10               THE COURT:  Good afternoon.
11               MS. WESTLING:  Good afternoon, Your Honor.  Richard
12      Westling, Thomas Zehnle, and Kevin Downing on behalf of Mr.
13      Manafort.
14               I'd just like to say we appreciate the Court
15      accommodating us with the schedule this afternoon.  I know this
16      is not when it was first set, so appreciate that.
17               THE COURT:  All right. No problem. I appreciate the
18      fact that everybody asked was willing to gather on short notice
19      for a very well-attended scheduling conference.  I only need to
20      take up a little bit of your time.  But I think it was going to
21      be easier to talk in person about what needed to be filed next
22      and when, than to wait for you to put something in writing and
23      for me to respond to it.  So this just seems more efficient.
24               Before we get to that, though, I do want to say that
25      there was a portion of the last hearing on November 30th that

1   was conducted at the bench and it was sealed, and am I correct
2   that neither party has any objection to my unsealing that at
3   this time?
4               MR. WEISSMANN:  That's correct, Your Honor.
5               MR. WESTLING:  That's correct, Your Honor.
6               THE COURT:  Okay.  So that portion of the transcript
7   from the last scheduling conference that was sealed will now be
8   unsealed.
9               With respect to what we do today, it would be my hope
10  to keep it unsealed.  I have -- just to make sure I don't err
11  in any way -- the redacted version of the public filing in
12  front of me.  The five areas of testimony that are described in
13  it, there is at least a partial topic heading for each area.  I
14  don't intend to talk about anything in-depth, but I think we
15  can talk about this document without getting into sealed
16  material, hopefully.
17              I want to say -- and this isn't so much a criticism
18  as a comment, I don't think that this submission is what I need
19  in connection with the hearing that both sides have agreed I
20  should hold prior to the sentencing.  While it sufficed, and
21  maybe this was your goal, to put me and put the defense on
22  notice of the subject matter areas in dispute, it doesn't
23  provide me with sufficient information to enable me to make
24  factual findings that your allegations are correct.  It's
25  essentially a summary of your allegations.  And it may have

1    been your intention to show up at the hearing with here's a
2    transcript of what he said, here's our evidence that we believe
3    demonstrates that it's not true.  But I want to see that before
4    the hearing.  I don't want to see it for the first time at the
5    hearing.
6              And because I anticipated that the defense would say
7    we can't respond to this without that and so we need discovery
8    or whatever, it seemed that it would be useful just to get
9    together to talk about an orderly schedule for how to do this.
10             With respect to the five areas that have been
11   identified, I guess one question I have for the defense, the
12   reason we gave you until today -- I think it was until
13   tomorrow -- to even tell me how long you needed to respond, was
14   so that you could see what it was and whether these are areas
15   where you have a dispute.
16             So, I want to know whether, you know, at this point
17   whether you agree that the defendant's responses with respect
18   to any of these topics were inaccurate, putting aside the
19   question of whether they were deliberately false.  Do you --
20   are there any areas where you already agree with the government
21   that, yes, what he said is not what it is?
22             MR. WESTLING:  Your Honor, I think the answer to
23   that, at least at this point, is not yet.  And I say that
24   because I think we've had some of the same difficulty that the
25   Court has on the face of the pleading.

1           I will say that we had a conversation with the
2  government earlier today where they were more forthcoming, they
3  were helpful.  And I think we can continue to work through
4  getting the detail we need to be able to answer that question,
5  but I don't think we're in that position this afternoon.
6           THE COURT:  All right.  Well, that was also something
7  I was going to ask you.  It seemed that some of this has been
8  an ongoing discussion, that I'm the newest member of the party.
9  And I don't think that we need to have a lot of material put on
10 the docket that doesn't need to be on the docket.  But on the
11 other hand, if any of this is in dispute, I'm not going to be
12 able to rule based on this kind of showing.
13          So, I guess the question is whether the government
14 needs to go ahead and supplement that pleading.  And if some of
15 it has to be under seal, it has to be under seal; if some of it
16 has to be ex parte, it has to be ex parte.  Or if this is a
17 matter that you would like to continue with your informal
18 revelations among yourselves and then you can tell me, okay, we
19 dispute two or we dispute all five, and then only with the ones
20 in dispute then do they have to make that filing.  But I just
21 wasn't sure that we could just go forward based on what we had
22 so far.
23          MR. WESTLING:  So, I think, Your Honor, there's a
24 couple of things, just to back up from there, that may be
25 helpful.  Our conversation with the government today has given

1    us things we need to visit with about amongst ourselves and
2    with our client about how to proceed moving forward.
3            You know, some of the issues that, I think, came up
4    at the last hearing relate, at least in part, to what the
5    effect of a breach -- assuming the Court were to determine
6    that -- will be on the broader proceedings.  And we're trying
7    to work collectively, both sides, to try to figure out that, to
8    determine if a hearing is necessary.  I think that's the first
9    thing I want the Court to be aware of.
10           I think, in addition to that, then, part of that is
11   if there needs to be a hearing, to your point, what actually
12   needs to be heard?  What are the issues in dispute, as compared
13   to any that we may agree on?  I think there's possibility in
14   both of those places, and we've made good progress in trying to
15   move that along in advance of visiting with you.
16           THE COURT:  The reason we felt we needed a hearing is
17   because -- you weren't here last time, but everybody agreed we
18   needed a hearing, and there was a fairly full discussion about
19   the ways in which the parties believed this could impact the
20   sentencing determination.  If people begin to have a different
21   view, then that will be a useful thing for people to tell me
22   also.
23           MR. WESTLING:  Well, I think that's perhaps what I'm
24   getting at.  And I wasn't at the last hearing, so I apologize
25   for that.  But I do think there is some sense today that the

1    certainty of a hearing is less clear.  That has a little bit to
2    do with our attempt to understand what the impact of a
3    determination of breach will be on the government's posture in
4    the case moving forward.  I don't think they've decided that,
5    but it is something we're discussing because, to some degree, I
6    guess, if we reach a place where the effect of the decision
7    that there's a problem is not something that we have a problem
8    with happening -- if that makes sense -- maybe it doesn't make
9    sense to go through the procedure.  I think that's what we're
10   all trying to do collectively.  I don't know if the government
11   wants to be heard on this issue.  But I think we're --
12              THE COURT:  I have the feeling that they're going to
13   want me to know whether he was truthful or not truthful with
14   them when I think about sentencing him and giving him credit or
15   not for his acceptance of responsibility and his cooperation,
16   deciding whether I'm varying, whether I'm departing, where I go
17   within the guidelines.
18              MR. WESTLING:  Sure.
19              THE COURT:  So I have -- it seems unlikely to me that
20   this will be irrelevant, but whether I have to make a
21   factual -- but I don't want to get to sentencing and have him
22   stand up and say he wasn't truthful and you stand up and say,
23   yes, he was.
24              MR. WESTLING:  Understood.  Sure.
25              THE COURT:  After everybody told me that I should

1      clear that up beforehand.
2             MR. WESTLING:  And I think we still agree with that.
3      I mean, to the extent there needs to be that determination.
4      It's just a question, I guess, of whether we contest the issue
5      at the end of the day, and that has a lot to do with better
6      understanding what the allegations are.  So we're still working
7      through that.
8             THE COURT:  We're all at the same point.  Then maybe
9      what makes sense is for you to confer and to tell me what you
10     think an appropriate schedule is, whether you want -- you agree
11     that the government should just go ahead and file a
12     supplemental pleading or whether you want to work among
13     yourselves and then inform me, two out of three are at issue,
14     three out of how many are at issue, and then he has to
15     supplement and then you respond, or what.  I'm happy to have
16     you work it out among yourselves.
17            We gave ourselves some time between now and the
18     sentencing, but I'm working off what we had the last time.  And
19     I just thought that this wasn't really helpful in terms of what
20     I had to do, and it might not be helpful enough in terms of
21     what I was asking for from you, which was a response.
22            MR. WESTLING:  So, I think, Your Honor, what we had
23     talked about -- and this may be a start, and maybe it makes
24     sense for us to talk.  But, really, it was to try to start with
25     an understanding of when there might be a date, if a hearing is

1   necessary, and then to work out a set of pleading dates leading
2   up to that, with the thought that the first determination I
3   guess we need to make, and we just haven't been able to do it
4   by today, in light of the information and trying to learn more,
5   is to visit with our client and determine, first, are we asking
6   for a hearing?  Obviously, that's a baseline issue, it would
7   seem to me.
8               THE COURT:  Okay.  Well, to me it's that you aren't.
9               MR. WESTLING:  I understand.  I understand.  And some
10  of that is just information we learned today about where this
11  all goes.  And so I think there is some desire to decide does
12  it make sense to put the Court through that, if we don't have
13  to?  That's the first question.
14              Assuming that, though, maybe the best way to proceed
15  from here, in order not to waste the Court's time, is really to
16  assume we are going to need that hearing and to plan
17  accordingly.  I would say to you that from the defense
18  perspective --
19              THE COURT:  We didn't set it last time because
20  Mr. Downing couldn't anticipate how long it would take him to
21  respond --
22              MR. WESTLING:  Right.
23              THE COURT:  -- until he saw what there was.
24              MR. WESTLING:  Correct.
25              THE COURT:  And I thought that was fair.  And so I

1    was going to set the rest of the schedule today, but it doesn't
2    sound like we're ready to set it today either.
3             MR. WESTLING:  Well, so here's what I would propose.
4             THE COURT:  Okay.
5             MR. WESTLING:  My feeling is it makes sense to try to
6    set a schedule today with an understanding that there is a
7    possibility in the very near term that we may inform the Court,
8    after talking with the client, that we don't feel the need for
9    a hearing.  We didn't want to not tell the Court about that
10   today if that was a possibility.  That's really based on a
11   conversation we had with the government earlier today, so it
12   hasn't been something that we've been dealing with for very
13   long.  And I have not had a chance to discuss that with
14   Mr. Manafort.  So with that, I think --
15            THE COURT:  Well, if you tell me at some point we
16   don't need a hearing, then you need to tell me what it is
17   specifically that you're agreed about.
18            MR. WESTLING:  Understood.
19            THE COURT:  Whether you're agreed that he violated or
20   he didn't, whether you're agreed that -- whatever they're
21   asking to do, you don't object to.  So it doesn't matter in --
22   it still might matter to me.
23            MR. WESTLING:  Understood.  And the Court clearly can
24   hold a hearing, if it chooses.  I think we're just -- to the
25   extent it's being motivated by our desire, we want an

1  opportunity to revisit that with our client, in light of our
2  discussions with the government earlier today.
3          THE COURT: All right. And I take it you also --
4  well, do you think that further discussions will help you
5  determine whether you dispute or don't dispute the five areas?
6  Or have you been given that material already?
7          MR. WESTLING: We've been given some information. We
8  probably need additional information to be able to go back to
9  our notes and records to make a determination. So that's the
10 process we're engaged in.
11         THE COURT: All right. So we can set a hearing date
12 and count backwards, that's fine.
13         Is that what the prosecution wants me to do as well?
14         MR. WEISSMANN: Yes, Your Honor.
15         THE COURT: Okay. But before we do that, we have to
16 have some vague understanding of how long it's going to take us
17 to do the things that we need to --
18         MR. WESTLING: Understood.
19         THE COURT: -- do for the hearing that we're now
20 going to count backwards from. So what are we looking at?
21         MR. WESTLING: Ideally, what we would be seeking,
22 Your Honor, is the opportunity to respond to the government's
23 filing with an understanding that we believe through informal
24 discussions we can get the information we need for that
25 response and to file that right after the first of the year, if

1      that's possible.
2              THE COURT:  But how can I assess either their filing
3      or your response, if I don't have the information?
4              MR. WESTLING:  I don't have an answer to that.  So I
5      think that may be a question for what does the Court need us to
6      file collectively so that you have that information?  And
7      should that happen before we respond or simultaneously?  Or how
8      would you prefer to do that?
9              THE COURT:  The way I envisioned this is I was going
10     to get something with attachments.  It was going to say:  With
11     respect to X, he said this.  And there would either be grand
12     jury testimony or a 302.  However, this is false because see
13     Exhibits A and B.  And then for issue number 2, it would be
14     similar.  And then they could come back and say no, it's not
15     false for the following reasons, or he didn't intentionally
16     mislead, he thought it was true when he said it, whatever they
17     want to say.
18             But I don't see how I can assess -- and I don't --
19     maybe you didn't realize all this at the beginning, but I don't
20     want to see it for the first time when somebody hands it up to
21     me as Exhibit A.
22             MR. WESTLING:  Understood.
23             THE COURT:  I like to be prepared, then I can ask
24     questions at the hearing and the hearing makes sense.  So
25     knowing that, do you have a thought about how we should

1     proceed, Mr. Weissmann?  Or do you want to talk to each other
2     first?
3                MR. WEISSMANN:  Why don't we talk for one second?
4                THE COURT:  That is totally fine with me.
5                (Pause.)
6                MR. WEISSMANN:  Your Honor, I think we have an
7     agreement to propose to the Court.
8                THE COURT:  Okay.
9                MR. WEISSMANN:  Which is that we will continue the
10    discussions that we began earlier today to answer some
11    questions that the defense had, so that they will be in a
12    position in early January to advise the Court on the questions
13    that you have, which is what exactly do they agree to, what is
14    it they don't agree to.  But it is with respect to something --
15    the facts and the intent, as I understand that's what the Court
16    would want.
17               In the most optimistic view from, I guess, the
18    Court's perspective in terms of the Court's time, if there's an
19    agreement that a hearing is not necessary, then you will have a
20    submission that says there's an agreement and there's no need
21    for a hearing.  Assuming that there is at least one area, maybe
22    more, where there is some issue, whether it's a factual issue,
23    intent issue, or both, that will be set out initially by the
24    defense at, you know, sometime in early January, a date to be
25    set by the Court.  And then within a few days of that the

1     government will --

2             THE COURT:  Provide the backup.

3             MR. WEISSMANN:  Exactly.  And the Court is correct.
4     Then we apologize if we hadn't provided what -- we were trying
5     to provide the notice, to make sure that the defense knew
6     exactly what it is that we were saying was false.  We weren't
7     intending that to be the factual underpinning.  We have
8     absolutely no objection whatsoever to providing the Court that
9     in advance of any hearing, so it's not -- the Court is not
10    hearing it for the first time in court.

11            THE COURT:  Well, the reason I had this hearing was
12    not to say you didn't do what you were supposed to do, I don't
13    think it was clear what you were supposed to do.  But it just
14    struck me as inevitable that the defense would say, Well, we
15    need the underlying material, and I was thinking I needed the
16    underlying material.  So it made sense to have everybody talk
17    about who was going to get it and when and how in one room,
18    rather than getting a pleading and responding.

19            All right.  Mr. Westling, when would you all like to
20    file your pleading telling me whether there are any areas of
21    dispute with respect to these five areas and then any areas of
22    dispute with respect to what I'm supposed to do about it?  When
23    would you like to get back to me on that?

24            MR. WESTLING:  If we could do that at the end of the
25    first week in January, Your Honor?  I guess that's maybe the

1    4th.  I'm not sure about that.
2           THE COURT:  January 4.
3           MR. WESTLING:  Or the Monday after that would be
4    better.
5           THE COURT:  Okay.  January 7.
6           MR. WESTLING:  That would be perfect.  Thank you.
7           THE COURT:  And then if there are any factual issues
8    in dispute which I'm required to decide, the government's
9    submission detailing the basis for its claim that these were
10   deliberately false statements will be due on January 14th.
11          MR. WESTLING:  That's fine.
12          THE COURT:  Okay.  And then if the defense has
13   anything it wants to say in reply, January 21st is a holiday,
14   so January 22nd.
15          MR. WESTLING:  Okay.
16          THE COURT:  And then not because I read slowly, but
17   because I have several trials in between, I would say that we
18   can set, in the event we need it, a hearing date on -- I could
19   say February 12th or February 15th or the 19th.  How about
20   February 12th?
21          MR. WESTLING:  Your Honor, one issue that we wanted
22   to make sure the Court was aware of, and it may or may not be
23   germane, but given that we're working on two matters at the
24   sometime time, currently the sentencing in the Virginia matter
25   is set for February 8th, I believe is the date.  So I don't

```
 1   know if there's any possibility -- and I know it's subject to
 2   the Court's calendar -- of resolving this before that?  But if
 3   not, you know, I just wanted the Court to be aware of that,
 4   so --
 5              THE COURT:  Well, why would that matter?
 6              MR. WESTLING:  I don't know that we know at this
 7   point.  But I think, you know -- do you want to address that,
 8   Andrew?
 9              MR. WEISSMANN:  So I think it's fair that --
10              THE COURT:  I think when we set our sentencing date
11   we knew it was going to have to be after the other sentencing
12   date.  I don't think there's a cooperation issue there; there's
13   a conviction after a trial.
14              MR. WEISSMANN:  The only issue I see is, frankly, the
15   exact same one that the defense has raised, which is that we
16   don't know, because we don't know the issues that could be
17   raised either by the probation department there or by the Court
18   there, and don't want to be in a position where there's some
19   factual issue that's being decided that imminently would be
20   decided by this Court that may be pertinent.  And it's hard to,
21   sort of, anticipate that issue.
22              THE COURT:  I just want to make sure, then, that I'm
23   giving myself enough time.
24              All right.  Well, let's do this:  Your response then
25   on behalf of Mr. Manafort will be due the 18th, because
```

1    presumably you'll know what your response is anyway because
2    that's why you will have said you dispute it in the first
3    place.  So then it will be fully briefed by the 18th.  And we
4    can have a hearing either -- how about Friday, the 25th?  Let's
5    do that at 10 a.m.  And it may be possible that after all this,
6    not much of a hearing is required.  And I don't know -- I can't
7    tell you how fast I'll be able to decide it once I hear it.
8              MR. WEISSMANN:  Absolutely.
9              THE COURT:  It depends how big the difference of
10   opinion is.
11             MR. WEISSMANN:  Absolutely.  We understand that.
12             THE COURT:  Let's make it Friday, the 25th, at 9:30
13   in the morning.
14             And for either side, if you need to file something,
15   you know how to file it, accompanied by a motion for leave to
16   file under seal, if that's what it has to be, then you'll file
17   a redacted version that redacts as much -- you know, permits as
18   much as possible to be on the public docket.  But I understand
19   we're talking about ongoing investigations, cooperation.  If
20   there are things that need to be sealed, you file them in the
21   appropriate matter.  But I don't think we have to decide that
22   until you know what you're filing.
23             All right.  Is there anything -- John, is there
24   something?  You're looking at me.
25             THE COURTROOM DEPUTY:  7th, 14th, 18th for the

```
1    pleadings, and then the 25th at 9:30 for the hearing?
2              THE COURT:  Correct.
3              Anything else I need to take up right now on behalf
4    of Mr. Manafort?
5              MR. WESTLING:  Nothing on behalf of Mr. Manafort,
6    Your Honor.
7              THE COURT:  Anything further for the government?
8              MR. WEISSMANN:  No, Your Honor.
9              THE COURT:  Thanks, everybody, for getting here so
10   quickly.
11                             *   *   *
```

CERTIFICATE OF OFFICIAL COURT REPORTER

I, JANICE DICKMAN, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenograph notes and is a full, true and complete transcript of the proceedings to the best of my ability.

Dated this 11th day of December, 2018.

/s/_____

Janice E. Dickman, CRR, RMR
Official Court Reporter
Room 6523
333 Constitution Avenue NW
Washington, D.C. 20001