UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Crim. Action No. 17-0201-01 (ABJ) |
| PAUL J. MANAFORT, JR., | ) |
| Defendant. | ) |

## ORDER

Defendant Paul J. Manafort, Jr. entered a plea of guilty in this case on September 14, 2018. The plea agreement [Dkt. # 422] provides:

> Your client shall cooperate fully, truthfully, completely, and forthrightly with the Government . . . .

Plea Agreement ¶ 8.

Defendant agreed in paragraph 8(a) of the agreement to be debriefed; in paragraph 8(c) to testify at any proceedings, and in paragraph 8(f) that he "must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes." Paragraph 8 goes on to provide that defendant "shall testify fully, completely and truthfully before any and all Grand Juries" in the District of Columbia or elsewhere.

Paragraph 13 – "Breach of Agreement" provides:

> Your client understands and agrees that, if after entering this Agreement, [he] fails specifically to perform or to fulfill completely each and every one of [his] obligations under this Agreement, or engages in any criminal activity prior to sentencing or during his cooperation . . . , [he] will have breached this Agreement.
>
> Should it be judged by the Government in its sole discretion that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his pleas of guilty but the Government will be released from its obligations under the agreement, including (a) not to oppose

> the downward adjustment [to the U.S. Sentencing Guidelines calculation] for acceptance of responsibility . . . .
>
> Your client understands that the Government shall be required to prove a breach of this Agreement only by good faith.

The defendant accepted the plea agreement; the signed acceptance on last page states, "I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound." After the plea was entered, sentencing was deferred while the defendant's cooperation was ongoing.

On November 26, 2018, the parties informed the Court in a joint status report [Dkt. # 455] that it was the government's position that the defendant had breached the plea agreement by making false statements to the FBI and Office of Special Counsel ("OSC") and that it was time to set a sentencing date. The defendant disputed the government's characterization of the information he had provided and denied that he had breached the agreement, but he agreed that in light of the dispute, it was time to proceed to sentencing. Thereafter, the government was ordered to provide the Court with information concerning the alleged breach, a schedule was established for the defense to respond, and the following submissions were made a part of the record in the case:

| | |
|---|---|
| December 7, 2018 | Government's Submission in Support of its Breach Determination [Dkt. # 461] (Sealed); [Dkt. # 460] (Public) |
| January 8, 2019 | Defendant's Response to the Government's Submission in Support of its Breach Determination [Dkt. # 470] (Sealed); [Dkt. # 472] (Public) |
| January 15, 2019 | FBI Declaration in Support of the Government's Breach Determination with accompanying exhibits [Dkt # 477] (Sealed); [Dkt. # 476] (Public) |
| January 23, 2019 | Defendant's Reply to the Declaration [Dkt. # 481] (Sealed); [Dkt. # 482] (Public) |

The Court held a sealed hearing on February 4, 2019, and the parties each filed post-hearing submissions. *See* Def.'s Post-Hearing Mem. [Dkt. # 502] (Sealed), [Dkt. # 505] (Public); Government's Suppl. [Dkt. # 507] (Sealed).

It is a matter of public record that the Office of Special Counsel has alleged that the defendant made intentionally false statements to the FBI, the OSC, and/or the grand jury in connection with five matters: a payment made by Firm A to a law firm to pay a debt owed to the law firm by defendant Manafort; co-defendant Konstantin Kilimnik's role in the obstruction of justice conspiracy; the defendant's interactions and communications with Kilimnik; another Department of Justice investigation; and the defendant's contacts with the current administration after the election. The parties are agreed that it is the government's burden to show that there has been a breach of the plea agreement, but to be relieved of its obligations under the agreement, it must simply demonstrate that its determination was made in good faith. Plea Agreement ¶ 13.

2

In its January 8, 2019 response to the breach allegations, the defense stated that "given the highly deferential standard that applies to the Government's determination," Def.'s Resp. [Dkt. # 472] at 2, it was not challenging the assertion that the determination was made in good faith. And, in response to a question posed by the Court at a status hearing held on January 25, 2019, the defendant conceded that that the determination was made in good faith. Tr. of Hearing (Jan. 25, 2019) [Dkt. # 500] at 13.

In light of the defendant's concession, and based upon the Court's independent review of entire record, including: all of the pleadings listed above and the supporting exhibits; the facts and arguments placed on the record at the hearing held on February 4, 2019; and the post-hearing submissions, the Court ruled at the hearing held on February 13, 2019 that the Office of Special Counsel made its determination that the defendant made false statements and thereby breached the plea agreement in good faith. Therefore, the Office of Special Counsel is no longer bound by its obligations under the plea agreement, including its promise to support a reduction of the offense level in the calculation of the U.S. Sentencing Guidelines for acceptance of responsibility.

But that is not the only question before the Court to decide. The question remains whether the defendant made intentionally false statements in connection with the five matters that have been identified by the Office of Special Counsel. The answer bears upon the applicability of certain provisions of the Sentencing Guidelines, in particular, the adjustment for acceptance of responsibility, and it bears more generally on the Court's assessment of the factors set forth in the sentencing statute, 18 U.S.C. § 3553(a). The parties are agreed that the government is bound to prove facts that bear on the application of the Guidelines by a preponderance of the evidence.

Based upon its consideration of the entire record and the arguments of counsel at the hearing of February 4, 2019, for the reasons stated on the record at the continuation of the sealed hearing on February 13, 2019, the Court made the following additional findings:

I.   OSC has established by a preponderance of the evidence that defendant intentionally made false statements to the FBI, the OSC, and the grand jury concerning the payment by Firm A to the law firm, a matter that was material to the investigation. *See United States v. Moore*, 612 F.3d 698, 701 (D.C. Cir. 2010).

II.  OSC has failed to establish by a preponderance of the evidence that on October 16, 2018, defendant intentionally made false statements concerning Kilimnik's role in the obstruction of justice conspiracy.

III. OSC has established by a preponderance of the evidence that the defendant intentionally made multiple false statements to the FBI, the OSC, and the grand jury concerning matters that were material to the investigation: his interactions and communications with Kilimnik.

IV.  OSC has established by a preponderance of the evidence that on October 5, 2018, the defendant intentionally made false statements that were material to another DOJ investigation.

    V.    OSC has failed to establish by a preponderance of the evidence that on October 16, 2018, defendant intentionally made a false statement concerning his contacts with the administration.

This order does not address the question of whether the defendant will receive credit for his acceptance of responsibility in connection with the calculation of the Sentencing Guidelines or how any other Guideline provision will apply to this case.  Those issues, which depend on the consideration of a number of additional factors, will be determined at sentencing, after the Presentence Investigation Report has been completed, the parties have filed their memoranda in aid of sentencing, and the Court has heard argument.

The Court reporter is hereby ORDERED to provide a copy of the sealed transcript of today's hearing to the parties by 12:00 noon on February 14, 2019, and the parties must inform the Court of any redactions that must to be made before the transcript can be released no later than 11:00 a.m. on February 15, 2019.

SO ORDERED.

*Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  February 13, 2019