## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 17-cr-201-1**   **(ABJ)** |
| | : | |
| **v.** | : | |
| | : | |
| **PAUL J. MANAFORT, JR.,** | : | **FILED** |
| | : | |
| **Defendant.** | : | **MAR 1 3 2019** |

### ORDER OF FORFEITURE

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

*WHEREAS*, a written plea agreement was filed with this Court and signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to plead guilty to a Superseding Criminal Information ("Information") charging, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Section 371 and Title 22, United States Code, Sections 612, 618(a)(1), and 618(a)(2), and the defendant has pled guilty to that offense ("Count One");

*WHEREAS*, the Information also alleged the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, including, *inter alia,* a conspiracy to violate FARA, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Information further alleged that the United States would seek a personal money judgment of forfeiture against the defendant representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Count One, including, *inter alia,* a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

Section 2461(c);

**WHEREAS**, the Information further alleged that such a money judgment of forfeiture was "to be offset by the forfeiture of any specific property";

**WHEREAS**, the Information further alleged that, if any of the property subject to forfeiture has, as a result of any act or omission of the defendant, been transferred, sold, or deposited with a third party or commingled with other property that cannot be subdivided without difficulty, the United States would seek forfeiture of any other property of said defendant in substitution for such property ("Substitute Property");

**WHEREAS**, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

**WHEREAS**, in his plea agreement, the defendant admitted to the forfeiture allegations in the Information and, in his Statement of the Offenses and Other Acts ("Statement"), he admitted that he obtained at least $11,000,000 as a result of the conspiracy to violate FARA offense alleged in Count One, for which he was convicted;

**WHEREAS**, in his plea agreement, the defendant consented to the forfeiture of the following property and agreed, *inter alia*, such property constitutes or is derived from proceeds traceable to the conspiracy to violate FARA offense alleged in Count One, or is property traceable thereto, or, alternatively, can be forfeited as Substitute Property:

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

**WHEREAS**, the defendant has admitted that certain additional property that constitutes or is derived from proceeds traceable to the conspiracy to commit FARA offense alleged in Count One, or property traceable thereto, has, as a result of the defendant's acts or omissions, been transferred or sold or deposited with a third party or commingled with other property that cannot be subdivided without difficulty, and has consented to the forfeiture of the following additional assets as Substitute Property:

a) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

b) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022;

**WHEREAS**, in his plea agreement, the defendant waived the provisions of the Federal Rules of Criminal Procedure 11(b)(1)(J) and 32.2 regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

**WHEREAS**, on October 10, 2018, the Court entered a Consent Order of Forfeiture

3

constituting a preliminary order of forfeiture with respect to the nine properties identified herein

above, the same which were listed in the plea agreement and for which the United States previously

provided direct written notice and publication of notice in accordance with Federal Rule of

Criminal Procedure 32.2(b)(6), as set forth in the United States Declaration of Notice;

*WHEREAS*, this Court finds, pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules

of Criminal Procedure, based on the evidence and information before it, including the plea

agreement and the defendant's Statement, that the defendant obtained at least $11,000,000 in

proceeds of the conspiracy to violate FARA offense alleged in Count One, for which he was

convicted;

*WHEREAS*, this Court finds, pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules

of Criminal Procedure, based on the evidence and information before it, including the plea

agreement and the defendant's Statement, that the specific property listed below is subject to

forfeiture, as property that constitutes or is derived from proceeds the defendant obtained that are

traceable to the conspiracy to violate FARA alleged in Count One, or as Substitute Property;

*WHEREAS*, this Court finds that the personal money judgment of forfeiture entered by

this Order should be offset by the forfeiture of any specific property ordered forfeited herein;

*WHEREAS*, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure and

paragraph 12(c) of the plea agreement, the government has requested that this order become final

as to the defendant upon entry, and be made part of the sentence and included in the judgment;

***NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED***:

1.      Pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and Title

18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

4

a Personal Money Judgment of Forfeiture against the defendant, Paul J. Manafort, Jr., for

$11,000,000 is entered.  This amount represents a sum of money equal to the amount of proceeds

the defendant obtained (directly or indirectly) from the conspiracy to violate FARA offense

charged in Count One, for which he was convicted, and an amount for which the defendant is

solely liable.

      2.      The following specific property is forfeited to the United States, pursuant to Title

18, United States Code, Sections 981(a)(1)(C), 982(b) and Title 28, United States Code, Section

2461(c), and Title 21, United States Code, Section 853(p) (collectively, the "Forfeited Assets"):

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

h) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

i)  The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022.

3.      Upon final forfeiture of the Forfeited Assets to the United States, the net proceeds realized by the United States shall be credited to the Personal Money Judgment of Forfeiture entered herein.

4.      The United States has provided direct written notice to persons known to have alleged an interest in the Forfeited Assets, and has published notice of the October 10, 2018, Consent Order of Forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, as described in the United States Declaration of Notice.  No additional notice is required with respect to the Forfeited Assets as a result of this Order.

5.      The United States shall have clear title to the Forfeited Assets following the entry of a Final Order of Forfeiture and the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2).

6.      The United States may collect the Personal Money Judgment of Forfeiture by all available means, including, but not limited to, the forfeiture of property directly traceable to the proceeds of the offense and substitute assets.

7.      No ancillary proceeding shall be conducted for the Personal Money Judgment of Forfeiture, as directed by Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure.

8.      The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order, including, but not limited to, depositions, interrogatories, requests for production of documents and for admissions, and, pursuant to Rule

45 of the Federal Rules of Civil Procedure, the issuance of subpoenas.

9.      The Attorney General, Secretary of Homeland Security, Secretary of the Treasury, or a designee, is authorized to seize, inventory, and otherwise maintain custody and control of the Forfeited Assets, whether held by the defendant or by a third party, pursuant to Rule 32.2 (b)(3) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(g).

10.     Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure and as consented to by the defendant, this Amended Consent Order of Forfeiture and Personal Money Judgment of Forfeiture is final as to the defendant upon entry and shall be made a part of the sentence and included in the judgment.

11.     The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12.     The Clerk of the Court is hereby directed to send copies to all counsel of record. Upon request, the Clerk of the Court shall make certified copies of this Order available to the Department of Justice.

Dated this 13ᵗʰ day of March, 2019.

THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

ROBERT S. MUELLER, III
Special Counsel

By:

Andrew Weissmann
Jeannie S. Rhee
Greg D. Andres
Senior/Assistant Special Counsel