AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
District of Columbia

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| PAUL J. MANAFORT, JR. | ) | Case Number: 17-CR-00201-1 |
| | ) | USM Number: 35207-016 |
| | ) | Kevin Downing, Thomas Zehnle, Richard Westling |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   One (1) and Two (2) of the Superseding Information filed on 9/14/2018.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

**FILED**
MAR 22 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:371 and 3551 et seq. | Conspiracy Against the United States. | 12/31/2017 | 1ssss |
| 18:371 and 3551 et seq. | Conspiracy to Obstruct Justice (Witness Tampering). | 4/30/2018 | 2ssss |

The defendant is sentenced as provided in pages 2 through   7   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s)   All Remaining Counts   ☐ is   ☒ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/13/2019
Date of Imposition of Judgment

/s/ Amy B. Jackson
Signature of Judge

Amy Berman Jackson, United States District Judge
Name and Title of Judge

3/22/19
Date

AO 245B (Rev. 02/18) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __2__ of __7__

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Sixty (60) months on Count One (1). This sentence is to run concurrent to 30 months of the sentence previously imposed by the U.S. Dist Ct for E.D. of VA, which has already accounted for the credit due for time already served.
Thirteen (13) months on Count two (2), to be served consecutively to the sentence on Count One (1), and the sentence imposed by the U.S. Dist Ct for E.D. of VA

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be designated to serve his sentence consistent with the recommendation of the U.S. Dist Ct for E.D. VA, at the Federal Prison Camp in Cumberland, MD.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____ .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

36 month term of supervised release on both counts, to run concurrently to each other and concurrently to the term of supervised release imposed in the Virginia case.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____     Date _____

AO 245B(Rev. 02/18) Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

## SPECIAL CONDITIONS OF SUPERVISION

DNA Sample Requirement - Pursuant to 42 USC § 14135a, for all felony offenses, the defendant shall submit to the collection and use of DNA identification information while incarcerated in the Bureau of Prisons, or at the direction of the United States Probation Office.

Mental Health Treatment - The defendant shall participate in a mental health assessment, and if recommended, a treatment program, which may include outpatient counseling, as approved and directed by the United States Probation Office.

Financial Disclosure - The defendant shall provide the United States Probation Office with his income tax returns, authorization for release of credit information, and information about any business or finances in which he has a control or interest until all the restitution is satisfied.

Restitution - As ordered by the U.S. District Court for the Eastern District of Virginia, the defendant shall pay restitution to the Internal Revenue Service of the United States in the amount of Six Million One Hundred Sixty Four Thousand Thirty Two Dollars ($6,164,032.00), but that amount only needs to be paid once to satisfy the two restitution orders.

AO 245B (Rev. 02/18)  Judgment in a Criminal Case
　　　　　　　　　　Sheet 5 — Criminal Monetary Penalties

Judgment — Page __6__ of __7__

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ 0.00 | $ 0.00 | $ 6,164,032.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　Defendant need only pay this total once to satisfy both this order and the order entered by the Court in the Eastern District of Virginia.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| IRS - RACS |  | $6,164,032.00 | 100 |
| Attn: Mail Stop 6261, Restitution |  |  |  |
| 333 W. Pershing Avenue |  |  |  |
| Kansas City, MO  64108 |  |  |  |
| | | | |
| | | | |
| | | | |
| | | | |
| TOTALS | $ 0.00 | $ 6,164,032.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　☑ the interest requirement is waived for the　☐ fine　☑ restitution.

　☐ the interest requirement for the　☐ fine　☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page 7 of 7

DEFENDANT: PAUL J. MANAFORT, JR.
CASE NUMBER: 17-CR-00201-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____, or
    ☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

    The special assessment is immediately payable to the Clerk of the Court for the U.S. District Court, District of Columbia. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See the Forfeiture Order filed in this case on March 13, 2019, found at Dkt. #549.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 17-cr-201-1   (ABJ) |
| v. | : | |
| **PAUL J. MANAFORT, JR.,** | : | **FILED** |
| Defendant. | : | MAR 1 3 2019 |

<u>**ORDER OF FORFEITURE**</u>

Clerk, U.S District & Bankruptcy
Courts for the District of Columbia

*WHEREAS*, a written plea agreement was filed with this Court and signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to plead guilty to a Superseding Criminal Information ("Information") charging, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Section 371 and Title 22, United States Code, Sections 612, 618(a)(1), and 618(a)(2), and the defendant has pled guilty to that offense ("Count One");

*WHEREAS*, the Information also alleged the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c);

*WHEREAS*, the Information further alleged that the United States would seek a personal money judgment of forfeiture against the defendant representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code,

1

Section 2461(c);

*WHEREAS*, the Information further alleged that such a money judgment of forfeiture was "to be offset by the forfeiture of any specific property";

*WHEREAS*, the Information further alleged that, if any of the property subject to forfeiture has, as a result of any act or omission of the defendant, been transferred, sold, or deposited with a third party or commingled with other property that cannot be subdivided without difficulty, the United States would seek forfeiture of any other property of said defendant in substitution for such property ("Substitute Property");

*WHEREAS*, Title 21, United States Code, Section 853(p) authorizes the forfeiture of substitute property;

*WHEREAS*, in his plea agreement, the defendant admitted to the forfeiture allegations in the Information and, in his Statement of the Offenses and Other Acts ("Statement"), he admitted that he obtained at least $11,000,000 as a result of the conspiracy to violate FARA offense alleged in Count One, for which he was convicted;

*WHEREAS*, in his plea agreement, the defendant consented to the forfeiture of the following property and agreed, *inter alia*, such property constitutes or is derived from proceeds traceable to the conspiracy to violate FARA offense alleged in Count One, or is property traceable thereto, or, alternatively, can be forfeited as Substitute Property:

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

*WHEREAS*, the defendant has admitted that certain additional property that constitutes or is derived from proceeds traceable to the conspiracy to commit FARA offense alleged in Count One, or property traceable thereto, has, as a result of the defendant's acts or omissions, been transferred or sold or deposited with a third party or commingled with other property that cannot be subdivided without difficulty, and has consented to the forfeiture of the following additional assets as Substitute Property:

a) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

b) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022;

*WHEREAS*, in his plea agreement, the defendant waived the provisions of the Federal Rules of Criminal Procedure 11(b)(1)(J) and 32.2 regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

*WHEREAS*, on October 10, 2018, the Court entered a Consent Order of Forfeiture

constituting a preliminary order of forfeiture with respect to the nine properties identified herein above, the same which were listed in the plea agreement and for which the United States previously provided direct written notice and publication of notice in accordance with Federal Rule of Criminal Procedure 32.2(b)(6), as set forth in the United States Declaration of Notice;

*WHEREAS*, this Court finds, pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, based on the evidence and information before it, including the plea agreement and the defendant's Statement, that the defendant obtained at least $11,000,000 in proceeds of the conspiracy to violate FARA offense alleged in Count One, for which he was convicted;

*WHEREAS*, this Court finds, pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure, based on the evidence and information before it, including the plea agreement and the defendant's Statement, that the specific property listed below is subject to forfeiture, as property that constitutes or is derived from proceeds the defendant obtained that are traceable to the conspiracy to violate FARA alleged in Count One, or as Substitute Property;

*WHEREAS*, this Court finds that the personal money judgment of forfeiture entered by this Order should be offset by the forfeiture of any specific property ordered forfeited herein;

*WHEREAS*, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure and paragraph 12(c) of the plea agreement, the government has requested that this order become final as to the defendant upon entry, and be made part of the sentence and included in the judgment;

*NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED*:

1. Pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

a Personal Money Judgment of Forfeiture against the defendant, Paul J. Manafort, Jr., for $11,000,000 is entered. This amount represents a sum of money equal to the amount of proceeds the defendant obtained (directly or indirectly) from the conspiracy to violate FARA offense charged in Count One, for which he was convicted, and an amount for which the defendant is solely liable.

2. The following specific property is forfeited to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(b) and Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p) (collectively, the "Forfeited Assets"):

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

b) The real property and premises commonly known as 29 Howard Street, #4D, New York, New York 10013 (Block 209, Lot 1104), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

e) All funds seized from account number XXXXXX1388 at Capital One N.A., and any property traceable thereto;

f) All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto;

g) Northwestern Mutual Universal Life Insurance Policy XXXX8327 and any property traceable thereto;

h) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016; and

i) The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, NY 10022.

3. Upon final forfeiture of the Forfeited Assets to the United States, the net proceeds realized by the United States shall be credited to the Personal Money Judgment of Forfeiture entered herein.

4. The United States has provided direct written notice to persons known to have alleged an interest in the Forfeited Assets, and has published notice of the October 10, 2018, Consent Order of Forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, as described in the United States Declaration of Notice. No additional notice is required with respect to the Forfeited Assets as a result of this Order.

5. The United States shall have clear title to the Forfeited Assets following the entry of a Final Order of Forfeiture and the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2).

6. The United States may collect the Personal Money Judgment of Forfeiture by all available means, including, but not limited to, the forfeiture of property directly traceable to the proceeds of the offense and substitute assets.

7. No ancillary proceeding shall be conducted for the Personal Money Judgment of Forfeiture, as directed by Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure.

8. The Attorney General or a designee, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, is authorized to conduct any discovery to identify, locate, or dispose of property subject to this Order, including, but not limited to, depositions, interrogatories, requests for production of documents and for admissions, and, pursuant to Rule

45 of the Federal Rules of Civil Procedure, the issuance of subpoenas.

9. The Attorney General, Secretary of Homeland Security, Secretary of the Treasury, or a designee, is authorized to seize, inventory, and otherwise maintain custody and control of the Forfeited Assets, whether held by the defendant or by a third party, pursuant to Rule 32.2 (b)(3) of the Federal Rules of Criminal Procedure and Title 21, United States Code, Section 853(g).

10. Pursuant to Rule 32.2(b)(4)(A) and (B) of the Federal Rules of Criminal Procedure and as consented to by the defendant, this Amended Consent Order of Forfeiture and Personal Money Judgment of Forfeiture is final as to the defendant upon entry and shall be made a part of the sentence and included in the judgment.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

12. The Clerk of the Court is hereby directed to send copies to all counsel of record. Upon request, the Clerk of the Court shall make certified copies of this Order available to the Department of Justice.

Dated this 13th day of March, 2019.

THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

ROBERT S. MUELLER, III
Special Counsel

By: _____
Andrew Weissmann
Jeannie S. Rhee
Greg D. Andres
Senior/Assistant Special Counsel