UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 17-201 (ABJ) |
| ) | |
| PAUL J. MANAFORT, JR., ) | **UNDER SEAL** |
| ) | |
| *Defendant.* ) | |

**DEFENDANT PAUL J. MANAFORT JR.'S REPLY AND MOTION TO RECONSIDER BASED ON THE SPECIAL COUNSEL'S SUPPLEMENTAL MEMORANDUM WITH RESPECT TO THE COURT'S FEBRUARY 13, 2019 RULING**

Defendant Paul J. Manafort, Jr., by and through counsel, respectfully submits this reply and motion to reconsider based on the supplemental memorandum filed by the Special Counsel's Office ("Special Counsel") with respect to the Court's February 13, 2019 ruling.

1. **Background**

On February 26, 2019, the Special Counsel filed a sealed supplemental memorandum containing information that Mr. Manafort contends was subject to production under *Brady v. Maryland,* 373 U.S. 83 (1983), and its progeny. The supplemental memorandum informed the Court that a statement included in the Declaration the Special Counsel submitted on January 14, 2019, which the Court relied on when considering whether Mr. Manafort lied during his cooperation, was not accurate.[1]

---

[1] The Special Counsel explains that Mr. Gates' counsel made contact in response to the media coverage of the breach litigation, which resulted in a meeting with Mr. Gates on February 15, 2019. The open question is, therefore, when did Mr. Gates's counsel make the initial contact? If the contact resulted from news coverage of the breach litigation, it would likely have been the result of the February 7 release of the redacted transcript of the hearing on February 4, 2019 (Doc. 500) and the attendant news coverage, because the redacted transcript of the Court's February 13, 2019 ruling was not released until February 15. (Doc. 514). This question of timing is not trivial. The Court should inquire about the timeline relating to the

The Declaration stated:



Declaration, █████████.

At the February 4, 2019 hearing, based on this allegation, the Special Counsel represented that



Transcript of Hearing on February 4, 2019, █████.

Thus, the importance of ███████████████ to the Court's ruling is clear and cannot be overstated. Indeed, when discussing Mr. Gates's testimony, given the serious questions about his credibility, the Court stated:



---

development of this new information, particularly given the Special Counsel's addition to the record as late as *February 12, 2019* (*i.e.*, before the Court's ruling) in an effort to support its theory.

██████████████████████████████████████████

Transcript of the Court's February 13, 2018 Ruling, ██

As is clear from the statement above, the Court relied on the Special Counsel's argument that the ████████████████████████████████████████ ████████████████████████████ ██████████████████████████ Indeed, the Court focused on the importance of ██ in response to the defense argument that ████████████████████ *Id.* ██

Based upon the recent filing, we now know that the Special Counsel's argument on this point—that ██████████████████████████████████████ █ ██ (Gov. Ex. ██ ██████████████████████—is not supported by the evidence. In fact, the ████████████████████████████████ ██████████████████████████████████████ *See* Supplemental Memorandum at 1-2.[3] In light of this new information, Mr. Manafort asks the Court to reconsider its prior ruling that Mr. Manafort lied when stating that ████████████████████ ████████████████████████████.

---

[2] The Court also stated ████████████████████████████████████ ████████████████████████████████ Transcript of the Court's February 13, 2019 Ruling, at ██

[3] The ████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████

3

2. **<u>Argument</u>**

Contrary to the Special Counsel's contention that there is still sufficient evidence in the record to support the Court's determination that Mr. Manafort lied about ███████ ██, the Special Counsel's recent revelation fundamentally changes the state of the evidence. In evaluating the evidence as it now stands, it is important to consider what Mr. Manafort said about ██████████.

First, in an interview of September 11, 2018, Mr. Manafort discussed the ███████ ██████████████ and said that he ████████████████████████ ████████████████████████████████████████. ████████████████████████ ████████████████████████████████████████████████████.[4]

Second, during his grand jury appearance, Mr. Manafort gave the following testimony in response to Mr. Weissmann's questions:



---
[4] *See* Gov. ██████████

4





*See* Gov. Ex. 4, p. 151, line 7 – p. 154, line 17 and p. 155, line 15 – p. 156, line 12.

Now, for the first time, the Court and the defense are advised that on February 15, 2019, the Special Counsel re-interviewed Mr. Gates and he clarified his prior testimony. Mr. Gates stated that the material in ███████████████████████████████████████████████████ ███████████████████████████████████.[5] This statement is, in fact, consistent with the Mr. Manafort's position at the hearing and fails to support the Special Counsel's argument. Moreover, the Special Counsel has now acknowledged that it was in possession of ████████ ██████████████████████████████████████████████████████████████████ ██. *See* Supplemental Memorandum, at 2 & Exhibit C. Apparently, the Special Counsel did not review those ████████ prior to challenging Mr. Manafort's explanation of ████████ ████████. Even more troubling is the fact that Special Counsel did not question Mr. Gates about this issue prior to determining that Mr. Manafort lied, filing the breach motion, or making arguments to this Court.[6]

Mr. Gates also stated ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████.[7]

Importantly, when the additional information provided by Mr. Gates is combined with his prior statements and compared with Mr. Manafort's statements in the grand jury, there is little

---

[5] *See* Gates 302, February 15, 2019, at 1.

[6] This failure is even more striking given that the Special Counsel interviewed Mr. Gates about this topic on September 27, 2018, during the same period when it was conducting a series of interviews of Mr. Manafort. *See* Gates 302, September 27, 2018 ████████.

[7] *Id.*

7

difference between their accounts. First, in recounting ███████ meeting, Mr. Gates stated in prior interviews that ████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████.[8] Second, Mr. Manafort's grand jury testimony specifically says ████████████████████████████████████ ████████████████████████████████████████████████████████.[9] Third, in his earlier interview, Mr. Manafort says that ████████████████████████████████████ ██████████████████████.[10]

The Special Counsel's ████████████ the one that provided the linchpin to its otherwise unfounded theory—is the claim that ████████ ████████ ████████ ██████████████████████.████████████████████████.

Indeed, Mr. Gates's February 15, 2019 interview makes clear, for the first time, that ██ ████████████████████████████████████████████████████████████████ ████[11] ████████████████████████████████████████████████████████ ████[12] ████████████████████████████████████████████████████████ ████████████████████████████████.[13] Importantly, Mr. Gates specifically denies

---

[8] Gov. ██████ at 5.

[9] Gov. Ex. 4, at p. 155, line 15 – p. 156, line 12.

[10] *See* Gov. ██████ p. 5 ¶2.

[11] *See* Gates 302, February 15, 2019, at 1.

[12] ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████

[13] ████████████████████████████████████████████████████████████████████ ██████████████

███████████████████████████ ████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████.",[15]

While Mr. Gates says ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████.[16]

The Special Counsel's Office, ████████████████████████ apparently failed to fully and carefully interview Mr. Gates, choosing instead to develop a theory and run with it, rather than confirming it with their main cooperating witness. This is particularly surprising given the expectation that Mr. Gates would be vigorously challenged as a source of information. Moreover, the Special Counsel did not review (or ignored) ██████████ that were inconsistent with its theory.

Now, the Special Counsel, after convincing the Court to adopt and rely on its theory ███ █████████████████████████, in essence says that this monumental change in the evidence does not undermine the Court's ruling. In finding Mr. Manafort made intentional false statements about ██████████████████████ the Court specifically cited ███████████ ████████████████ *See* Transcript of the Court's February 13, 2018 Ruling,███ Because this new information changes the balance of the evidence on the most significant finding

---

[14] *See* Gates 302, February 15, 2019, at 1.

[15] *See* ████████████████████████████████████████████████████
████████████████████████████████████████████████████

[16] *See* Gates 302, February 15, 2019, at 2.

made by the Court – ███████████████████████████████████████████

████████████████ – Mr. Manafort asks the Court to reconsider its prior ruling and find that the Special Counsel has failed to carry its burden of proving that the defendant made false statements about ██████████████████.

Dated: March 1, 2019                                                  Respectfully submitted,

                                                      /s/
                                        Kevin M. Downing
                                        (D.C. Bar No. 1013984)
                                        Law Office of Kevin M. Downing
                                        601 New Jersey Avenue NW, Suite 620
                                        Washington, DC 20001
                                        (202) 754-1992
                                        kevindowning@kdowninglaw.com

                                                   /s/
                                        Thomas E. Zehnle
                                        (D.C. Bar No. 415556)
                                        Law Office of Thomas E. Zehnle
                                        601 New Jersey Avenue NW, Suite 620
                                        Washington, DC 20001
                                        (202) 368-4668
                                        tezehnle@gmail.com

                                                   /s/
                                        Richard W. Westling
                                        (D.C. Bar No. 990496)
                                        Epstein Becker & Green, P.C.
                                        1227 25th Street, N.W.
                                        Washington, DC 20037
                                        Tel: 202-861-1868
                                        Fax: 202-296-2882
                                        Email: rwestling@ebglaw.com

                                        *Counsel for Defendant Paul J. Manafort, Jr.*