UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA



**FILED**
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. Action No. 17-0201-01 (ABJ) |
| ) | |
| PAUL J. MANAFORT, JR., ) | ***SEALED*** |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is defendant Paul J. Manafort, Jr.'s motion to reconsider [Dkt. # 571 (Sealed)/Dkt. # 572 (Public)] ("Def.'s Mot.") the denial of his previous motion to reconsider [Dkt. # 540] a minute order issued by the Court on March 1, 2019. In the minute order, the Court reaffirmed the decision it made on February 13, 2019 that Manafort had breached his plea agreement by making intentionally false statements to law enforcement agents and to the grand jury. Order [Dkt. # 509]. The Court will deny the second motion for reconsideration as well.

The pending motion again correctly points out that after the Court ruled on February 13, a witness, Richard Gates, corroborated certain information presented to the Court by the defense at the breach hearing – that is, the fact that Exhibit 233 to the FBI Declaration in Support of the Government's Breach Determination and Sentencing, which was an email from defendant to Gates directing him to print out polling data for a meeting, referred to an internal campaign scheduling meeting, and not the August 2 meeting with Konstantin Kilimnik. Exhibit 233 [Dkt. # 477-1]. So, as the Court has already ruled on two occasions, the email is not, as the Court originally believed it was, corroborative of the government's allegation that polling data was shared with Kilimnik.

But the new information does not go as far as the defense would have the Court take it. While Gates made it clear in the most recent interview that he did not print out copies of the particular polling data reports attached to the email to transmit them to Kilimnik *at the August 2 meeting*, the interview in its entirety it does not alter the Court's conclusion that defendant was not being truthful "when stating that he did not tell Mr. Gates to share internal polling data with Mr. Kilimnik *during the 2016 Presidential Campaign*." Def.'s Mot. at 3 (emphasis added). Indeed, according to the FBI 302 from the recent Gates interview, Gates reiterated that Manafort directed him to send internal polling data from the campaign to Kilimnik, and he did so. Feb. 17, 2019 FBI 302, Ex. A to Government's Suppl. Mem. [Dkt. # 537-1]. And, as the Court has also previously noted, the fact that Gates came forward with exculpatory information to correct the record with respect to the import of the email lends credence to this testimony.[1]

More important, the motion for reconsideration is largely moot. It is important to keep in mind that the defendant conceded that the government made its determination that he breached the plea agreement in good faith, and he did not contest the breach finding. Thus, the purpose of the February 19, 2019 hearing was for the Court to determine whether the defendant be denied credit for acceptance of responsibility in the Court's calculation of the advisory Sentencing Guideline range applicable to his offense because he provided false information. The Court found that the defendant had made intentionally false statements about some of the alleged matters and not others, but it afforded the defendant the two-level reduction in any event. Thus, even if the Court reconsidered its conclusion, it would not have any bearing on the sentence the defendant received, which was based on the Court's assessment of all of the statutory factors.

---

1   While Gates did not personally bring the document that had been attached to the email to the meeting, he told investigators that he did not know if documents were provided to Kilimnik at the meeting before he arrived. Feb. 17, 2019 FBI 302 [Dkt. # 537-1].

Finally, the Court notes once more that it found that there were several categories of false statements, one of which was defendant's "interactions and communications with Kilimnik," *see* Order [Dkt. # 509] at 3, and the new evidence at issue only goes to one of the several statements within that category. In other words, even if the Court granted defendant's motion, it would still find that the defendant made false statements with regard to: 1) the payment by Firm A to a law firm to which Manafort owed a debt; 2) interactions and communications with Kilimnik; and 3) another DOJ investigation.

Finally, while it does not appear from the record that the government withheld exculpatory evidence given the fact that it re-interviewed Gates after the February 13, 2019 hearing, and it filed its supplemental memorandum [Dkt. # 537] soon after the February 15 interview, the government is hereby ordered to inform the Court by April 24, 2019 when it was first contacted by counsel for Gates concerning this issue, and to provide any emails or correspondence that reflect that date.

Accordingly, the defendant's motion for reconsideration is DENIED.

It is FURTHER ORDERED that the parties shall confer and submit to the Court by April 24, 2019 a proposed redacted version of this sealed order.

SO ORDERED.

*[signature]*

AMY BERMAN JACKSON
United States District Judge

DATE: April 17, 2019