## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 17-cr-201-1-ABJ |
| | ) |
| PAUL J. MANAFORT, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| IN RE: PETITIONS FOR RELIEF | ) |
| CONCERNING CONSENT ORDER OF | ) Case No. 1:18-mc-00167-ABJ |
| FORFEITURE | ) |
| | ) |

## FINAL ORDER OF FORFEITURE AS TO
## 721 FIFTH AVENUE, UNIT 43G, NEW YORK, NY 10022

*WHEREAS*, the United States filed a Motion for a Final Order of Forfeiture, and the Court has reviewed the underlying record and makes the following findings:

a.       On September 14, 2018, a written Plea Agreement was filed with this Court and signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to plead guilty to a Superseding Criminal Information ("Information") charging, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Sections 371 and 3551 *et seq*. and Title 22, United States Code, Sections 612, 618(a)(l), and 618(a)(2), and the defendant has pled guilty to that offense ("Count One"). Cr. Dkt. Nos. 419, 422, 423.[1]

b.       The Information gave notice that upon conviction of Count One, the United States would seek the forfeiture of any property real or personal, which constitutes or is derived from

---

[1] Docket entries from *United States v. Paul J. Manafort, Jr.,* Case No. 17-cr-201-1 (D.D.C.) are referred to as "Cr. Dkt. No.".  Docket entries from the miscellaneous case number for the ancillary proceedings *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167 (D.D.C.) are referred to as "Mc. Dkt. No.".

proceeds traceable to the offense alleged in Count One, including, *inter alia*, a conspiracy to

violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code,

Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c).  Cr. Dkt. No. 419.  The

Information further alleged that nine specific properties were subject to forfeiture, including,

*inter alia*, "All funds held in account number XXXX7988 at Charles A. Schwab & Co. Inc., and

any property traceable thereto…" (the "Schwab Account").  *Id.* at ¶ 69.

      c.      The Information further alleged that the United States would seek a personal

money judgment of forfeiture against the defendant representing the value of any property, real

or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in

Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to

forfeiture pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United

States Code, Section 2461(c), and that such a money judgment of forfeiture was "to be offset by

the forfeiture of any specific property." Cr. Dkt. No. 419.

      d.      The Information alleged that, if any of the property subject to forfeiture, as a

result of any act or omission of the defendant, *inter alia,* has been transferred or sold to, or

deposited with a third party, or has been commingled with other property that cannot be

subdivided without difficulty, the United States would seek forfeiture of any other property of

said defendant in substitution for such property ("Substitute Property") pursuant to 18 U.S.C. §

982(b) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).  Cr. Dkt. No. 419.

      e.      In his Plea Agreement, the defendant admitted to the forfeiture allegations in the

Information, and, in his Statement of the Offenses and Other Acts ("Statement"), he admitted

that he obtained at least $11,000,000 as a result of his conspiracy to violate the FARA in

violation of 18 U.S.C. § 371, 22 U.S.C. §§ 612 and 618. Cr. Dkt. No. 422 at 10, 423 at 2-3.

   f.  In his Plea Agreement, the defendant consented, *inter alia,* to the forfeiture of the following property in lieu of the Schwab Account that was identified in the Information as subject to forfeiture as proceeds traceable to the conspiracy to violate FARA offense alleged in Count One, or property traceable thereto, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c) (the "Fifth Avenue Property"):

> The real property and premises commonly known as 721 Fifth Avenue, #43G, New York, New York, 10022.

Cr. Dkt. No. 422 at ¶ 12.

   g.  The Fifth Avenue Property is more specifically described as follows:

> The residential Unit (The "Unit") known as Unit No. 43-G, in the premises known as Trump Tower Condominium and by the street numbers 721-725 Fifth Avenue, Borough of Manhattan, City, County and State of New York, being designated and described as Unit No. 43-G in the Declaration Establishing a plan for condominium ownership of said premises under Article 9-B of the Real Property Law of the State of New York (The New York Condominium Act") dated 2/24/1983 and recorded in the New York County Office of the Register of the City of New York (The "City Register's Office") on 3/23/1983 in Reel 674, Page 848 (Hereinafter, referred to as the "Declaration") and also designated as Tax Lot 1112 in Block 1292 of Section 5 of the Borough of Manhattan on the Tax Map of the Real Property Assessment Department of the City of New York and on the Floor Plans of building, certified by Swanke Hayden Connell and Partners, Architects, on 2/2/1983 and filed with the Real Property Assessment Department of the City of New York on 3/18/1983 as Condominium Plan No. 86 and Also filed in the City Register's Office on 3/23/1983 as Condominium Plan No. 86. Together with an undivided .2644227 percent interest in the common elements (as such term is defined in the declaration). The premises in which the unit is located is more particularly described herein as Parcel A.
> PARCEL A: All that certain lot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, Bounded and described as follows: Beginning at the corner formed by the intersection of the Northerly side of East 56th Street with the Easterly side of Fifth Avenue; Running thence Easterly along the said Northerly side of East 56th Street, 175 feet; Thence Northerly parallel with said Easterly side of Fifth Avenue and part of the distance through A Party Wall, 100 feet 5 inches to the Center Line of the Block; Thence Westerly along said Center Line of the Block, 50 Feet; Thence Northerly parallel with the Easterly side of Fifth Avenue, 15 Feet; Thence Westerly parallel with the Northerly side of East 56 Street 125 feet to the Easterly side of Fifth Avenue, and Thence Southerly along the Easterly side of Fifth Avenue, 115 feet 5 inches to the point or place of Beginning.
> PARCEL B: (AFFECTS COMMON ELEMENTS) All that certain lot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows: Beginning at a point on

the Southerly side of East 57th Street, distant 125 Feet Easterly from the intersection of the Easterly side of Fifth Avenue and the Southerly side of 57th Street; Thence Southerly and parallel with the Easterly side of Fifth Avenue, 100 feet 5 inches; Thence Easterly and parallel with the Southerly side of 57th Street, 50 Feet; Thence Northerly and again parallel with the Easterly side of Fifth Avenue, 100 feet 5 inches to the Southerly side of 57th Street; Thence Westerly along the Southerly side of 57th Street 50 feet to the point or place of Beginning.
APN: Block 1292, Lot 1112

h.     The defendant further agreed that the Fifth Avenue Property could additionally be forfeited as Substitute Property pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).  Cr. Dkt. No. 422 at 11.

i.     On October 10, 2018, with the defendant's consent, the Court entered a Consent Order of Forfeiture signed by the Court on October 9, 2018, constituting a preliminary order of forfeiture ("Consent Order of Forfeiture").  Cr. Dkt. No. 443.  In the Consent Order of Forfeiture, this Court found, based on the evidence and information before it, including the defendant's Plea Agreement, that the Fifth Avenue Property was subject to forfeiture, and the Court so ordered its forfeiture.  *Id*.

j.     The United States established the requisite nexus between the Schwab Account and the defendant's offense, and that the defendant has an interest in the Fifth Avenue Property, which was forfeited in lieu of the Schwab Account.

k.     On March 13, 2019, the defendant was sentenced and the Court entered an amended Order of Forfeiture pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure ("March 13, 2019 Order of Forfeiture").  In the March 13, 2019 Order of Forfeiture, the Court again found that the Fifth Avenue Property was subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) and so ordered its forfeiture.  The Court also found that the defendant obtained at least $11,000,000 in proceeds from the conspiracy to violate FARA alleged in Count One, for which he was

4

convicted, and, accordingly, entered a Personal Money Judgment against the defendant in the amount of $11,000,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Cr. Dkt. No. 549.

l.      The March 13, 2019 Order of Forfeiture decreed that the net proceeds realized by the United States upon the disposition of forfeited properties, including the Fifth Avenue Property, be credited to the Personal Money Judgment of Forfeiture. Cr. Dkt. No. 549.

m.      The March 13, 2019 Order of Forfeiture was final as to the defendant upon its entry, and was made part of his sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Cr. Dkt. Nos. 549, 556, 556-1.

n.      The Fifth Avenue Property was titled to Paul Manafort and Kathleen Manafort.

o.      In his Plea Agreement, the defendant, in addition to agreeing to the forfeiture, represented that "he is either the sole and rightful owner and that no other person or entity has any claim or interest, or that he has secured the consent from any other individuals or entities having an interest in the [Fifth Avenue Property] to convey their interests in the [Fifth Avenue Property] to him prior to the entry of the Order of Forfeiture (with the exception of previously disclosed mortgage holders.)." Cr. Dkt. No. 422 at 12.

p.      In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("the Supplemental Rules"), a Notice of Forfeiture with respect to the properties named in the Consent Order of Forfeiture, including the Fifth Avenue Property, was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 13, 2018 and ending on November 11,

2018.  Proof of publication was filed with the Court on March 11, 2019 as an attachment to the United States' Declaration of Notice and Publication.  Cr. Dkt. No. 545.

q.      The published notice explained that any person asserting a legal interest in the properties named in the Consent Order of Forfeiture, including the Fifth Avenue Property, was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed within the filing period, the United States would have clear title to the properties.  Cr. Dkt. No. 545.

r.      In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(D) of the Federal Rules of Criminal Procedure, and Supplemental Rules G(4)(b)(iii)-(v), the United States also sent direct written notice to any persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding or who were known to have alleged an interest in the forfeited property, by means reasonably calculated to reach them, as described in the United States' Declaration of Notice and Publication, including, but not limited to: Kathleen Manafort, UBS Bank USA ("UBS Bank"), and the condominium association, Trump Tower Condominium.  Cr. Dkt. No. 545.

s.      The United States has complied with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure concerning direct written notice and notice by publication, as described in the United States Declaration of Notice and Publication.  Cr. Dkt. Nos. 549, 556-1.  The content of the notice was compliant with Rule 32.2(b)(6) and no further notice is required.  *Id.* at ¶4.

t.      Following notice of the Consent Order of Forfeiture, two interested parties asserted an interest in the Fifth Avenue Property: UBS Bank and the Residential Board of Trump Tower Condominium.  *See* Mc. Dkt. Nos. 4, 13.  Kathleen Manafort did not file a petition.

u.      No other petitions were filed or made in this action or under the miscellaneous case number assigned to the ancillary proceedings in this case, *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167, with respect to the Fifth Avenue Property.  No other parties have appeared to contest the forfeiture of the Fifth Avenue Property to date and the statutory time periods in which to do so have expired.

v.      On February 21, 2019, the Court endorsed a Stipulation and Order of Settlement between the United States and UBS Bank resolving the petition of UBS Bank, (the "UBS Bank Stipulation and Order"), a copy of which is attached hereto as Appendix 1 and which is incorporated herein by reference as if set out in full.  Mc. Dkt. No. 43 (docketed on February 22, 2019).

w.      On March 1, 2019, the Court endorsed a Stipulation and Order of Settlement between the United States and the Residential Board of Trump Tower Condominium, acting on its own behalf and on behalf of Trump Tower Condominium, resolving its petition (the "Trump Tower Condominium Stipulation and Order"), a copy of which is attached hereto as Appendix 2 and which is incorporated herein by reference as if set out in full.  Mc. Dkt. No. 47 (docketed on March 4, 2019).

x.      Pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions and the expiration of the time period provided for the filing of petitions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure, all right, title and interest in the following property is hereby forfeited to the United States of America:

> The real property and premises commonly known as 721 Fifth
> Avenue, #43G, New York, New York, 10022 (Block 1292, Lot
> 1112), the sale thereof being subject to the terms of the February
> 21, 2019 UBS Bank Stipulation and Order and the March 1, 2019
> Trump Tower Condominium Stipulation and Order, copies of
> which are attached as Appendix 1 and Appendix 2.

2.     The forfeiture of the Fifth Avenue Property was made final as to the defendant and made part of the sentence and included in the judgment on March 13, 2019, under Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

3.     The United States has clear title to the Fifth Avenue Property pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n)(7), and, subject to the UBS Bank Stipulation and Order and the Trump Tower Condominium Stipulation and Order, any and all interests that any other third party may have had in the Fifth Avenue Property, including any interests of Kathleen Manafort, are hereby extinguished.

4.     The United States Marshals Service, or any other duly authorized law enforcement official, shall dispose of the Fifth Avenue Property according to law and the terms of the UBS Bank Stipulation and Order and the Trump Tower Condominium Stipulation and Order.

5.     Nothing in this Order shall affect any property subject to the March 13, 2019, Order of Forfeiture other than the Fifth Avenue Property or any petition asserting an interest in any such other property.

6.     Any net sale proceeds realized by the United States shall be credited to the Personal Money Judgment of Forfeiture against the defendant entered on March 13, 2019.

7.     The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

8.      The Clerk of the Court is hereby directed to send copies to all counsel of record.


**SO ORDERED**, this _____ day of _____, 2019


_____
THE HONORABLE AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE

**APPENDIX 1**

**Stipulation and Order of Settlement Regarding
Petition of UBS Bank USA
and 721 Fifth Avenue, #43G, New York, New York 10022**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | **FILED** |
| ) | |
| PAUL J. MANAFORT, JR., ) | **FEB 2 2 2019** |
| ) | |
| Defendant. ) | Clerk, U.S. District & Bankruptcy |
| ) | Courts for the District of Columbia |
| ) | |
| IN RE: PETITIONS FOR RELIEF ) | |
| CONCERNING CONSENT ORDER OF ) | Case No. 1:18-mc-00167-ABJ |
| FORFEITURE ) | |
| ) | |
| ) | |
| UBS BANK USA, ) | |
| ) | |
| Petitioner. ) | |

**STIPULATION AND ORDER OF SETTLEMENT**
**REGARDING PETITION OF UBS BANK USA**
**AND 721 FIFTH AVENUE, #43G, NEW YORK, NY 10022**

IT IS HEREBY STIPULATED and AGREED by and between United States of America, by

and through its undersigned counsel, and Petitioner UBS Bank USA ("UBS Bank"), pursuant to 21

U.S.C. § 853(i)(2) and (n), to compromise and settle its interest in the following property:

The real property and premises commonly known as 721 Fifth Avenue, #43G, New
York, NY 10022,

described more fully in the deed for which is attached hereto as Exhibit A and incorporated by

reference herein (the "Fifth Avenue Property").

This settlement is entered into between the parties pursuant to the following terms:

1.       The parties to this Stipulation and Order stipulate that UBS Bank has a prior vested or

superior interest in the Fifth Avenue Property or was a bona fide purchaser for value of the right,

title, or interest in the Fifth Avenue Property, and was at the time of purchase reasonably without

cause to believe that the Fifth Avenue Property was subject to forfeiture.

1

2.     On the terms set forth herein, UBS Bank hereby settles the claims asserted in its petition filed on November 2, 2018, in *United States v. Paul J. Manafort, Jr. et al.*, 1:17-cr-201-ABJ (D.D.C.) and docketed at Docket No. 4 under the instant case number (the "Petition") asserting an interest in the Fifth Avenue Property. Effective upon the Court's endorsement of this Stipulation and Order and the entry of a Final Order of Forfeiture incorporating this Stipulation and Order therein, said petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

3.     The United States agrees that upon its sale of the Fifth Avenue Property pursuant to the Court's entry of an interlocutory order authorizing sale of the Fifth Avenue Property or a final order of forfeiture forfeiting the Fifth Avenue Property to the United States, the United States will not contest payment to UBS Bank from the proceeds of sale, after payment of: any outstanding taxes, valid superior liens, and condominium association charges or assessments incurred on or after October 22, 2018, real estate commissions, insurance costs, escrow fees, document recording fees not paid by the buyer, title fees, county/city transfer fees, and other reasonable expenses incurred by the United States Marshals Service in connection with its custody, management, maintenance, repair and sale of the Fifth Avenue Property, the following (to the extent the sale produces sufficient funds after the payments noted above):

> (a) All unpaid principal due to UBS as of October 22, 2018, pursuant to the mortgage instrument dated April 7, 2015, and recorded in the Office of the City Register of the City of New York on or about April 30, 2015 under City Register File Number ("CRFN") 2015000145747 (the "Mortgage"), which was also filed in this action at Docket No. 4-1. The Mortgage secures funds issued pursuant to an adjustable rate note, dated April 7, 2015, in the original amount of $3,000,000.00, with an initial interest rate of 2.055% per year on the unpaid principal of the loan (the "Note") which was filed in this action at Docket No. 4-2.

> (b) With respect to paragraph 3(a) above, all unpaid interest at the base contractual rate (not the default rate) under the above Mortgage from October

2

22, 2018 until the date of payment. The payment to UBS Bank of the amounts specified in paragraph 3 shall be in full settlement and satisfaction of all claims by UBS Bank against the United States and the Fifth Avenue Property arising from and relating to the seizure, detention, and forfeiture of the Fifth Avenue Property by the United States, but shall not impair or limit any available rights and remedies against the obligor(s) of the Note.

4.     Upon payment as specified in paragraph 3, UBS Bank agrees to provide a release of its security interest in the Fifth Avenue Property via recordable documents and to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by UBS Bank and its agents that currently exist or that may arise as a result of the United States' actions against and relating to the Fifth Avenue Property.

5.     UBS Bank agrees not to pursue against the United States or its successors or assigns any other rights to affect an interest in the Fifth Avenue Property under the Mortgage, including but not limited to the right to foreclose upon and sell the Fifth Avenue Property and any right to assess additional interest or penalties, but without limiting any rights of UBS Bank available under the Note against the obligor(s) of the Note.

6.     UBS Bank agrees to notify the Special Counsel's Office and the Money Laundering and Asset Recovery Section (MLARS) of the U.S. Department of Justice promptly if it learns of any condition that might affect the sale of the Fifth Avenue Property or that might make an interlocutory sale appropriate. UBS Bank further agrees to join in any motion by the United States to effect the sale of the Fifth Avenue Property, including motions to remove occupants who fail to abide by the terms of an occupancy agreement. UBS Bank shall endorse such United States motions within ten days of receipt of the motion.

7.     UBS Bank understands and agrees that this Stipulation and Order constitutes a full and final settlement of its petition and that it waives any rights to litigate further its interest in the Fifth Avenue Property and further pursue remission or mitigation of the forfeiture, but without

3

limiting any rights of UBS Bank available under the Note against the obligor(s) of the Note. If this Stipulation is approved by the Court, then unless specifically directed by an order of the Court, UBS Bank shall be excused and relieved from further participation in this action. However, this Stipulation and Order does not relieve UBS Bank of any applicable discovery obligations.

8. UBS Bank understands and agrees that the Special Counsel's Office and MLARS also reserve the right to void this Stipulation and Order if, before payment of the sums set forth in paragraph 3 above, the Special Counsel's Office and/or MLARS obtains new information indicating that UBS Bank did not have a prior vested or superior interest in the Fifth Avenue Property, pursuant to 21 U.S.C. § 853(n)(6)(A), or that it was not a bona fide purchaser for value of the right, title, or interest in the Fifth Avenue Property or, at the time of the purchase, was not reasonably without cause to believe that the Fifth Avenue Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B). The Special Counsel's Office and MLARS also reserve the right, in their discretion, to terminate the forfeiture at any time and release the Fifth Avenue Property or initiate civil forfeiture proceedings as provided in paragraph 15. In either event, the United States shall promptly notify UBS Bank of such action.

9. A discretionary voidance of this Stipulation or a termination of forfeiture by the United States or the executing and delivery of a Quit-Claim deed from the United States to UBS Bank shall not be a basis for any award of fees but shall result in a reinstatement of all claims of UBS Bank for payment in relation to the Fifth Avenue Property that are otherwise waived by the terms of this Stipulation and Order, including, without limitation, any rights or remedies available to UBS Bank pursuant to the Mortgage and Note and applicable law.

10. The United States agrees that it will not sell the Fifth Avenue Property on terms that would result in a payment to UBS Bank of less than the amount provided for in paragraph 3(a)–(b), or other lower amount for which UBS Bank provides written consent (the lower of which shall be the "Reserve Amount"), subject to the following terms:

> (a) Should the United States be unable to enter a contract to sell the Fifth Avenue Property for a price equal to or greater than the Reserve Amount within 9 months (or such additional period as the parties may mutually agree) of the

4

later of the Court's entry of an interlocutory order authorizing sale of the Fifth Avenue Property or a final order of forfeiture of the Fifth Avenue Property, the United States will, at its option:

    i.  move to vacate the preliminary or final forfeiture order with respect to the Fifth Avenue Property only, or

    ii.  execute and deliver to UBS Bank, and UBS Bank shall accept, a Quit-Claim Deed with respect to the United States' interest in the Fifth Avenue Property, subject to any valid, superior liens against the Fifth Avenue Property including valid, superior liens (if any) resulting from a compromise of claims arising under 21 U.S.C. § 853 that have been endorsed by the Court in the above-captioned case. The United States understands that should the conditions in paragraph 10(a) be triggered, UBS prefers that the United States proceed with the option described in paragraph 10(a)(ii) instead of that in paragraph 10(a)(i).

(b) In the event that the preliminary or final forfeiture order is vacated with respect to the Fifth Avenue Property or the United States executes the Quit-Claim Deed in favor of UBS Bank as provided for in this paragraph, UBS Bank shall reimburse the United States for its reasonable advances, fees, and expenses actually incurred in the course of the United States' custody, management, maintenance, repair and efforts to sell the Fifth Avenue Property, including but not limited to taxes and associated interest and penalties, and condominium fees and assessments, (collectively "USMS Expenses") within thirty days of such order vacating the forfeiture of the Fifth Avenue Property or the United States' execution and delivery of a Quit-Claim Deed to UBS Bank.

(c) Upon UBS Bank's subsequent sale of the Fifth Avenue Property, UBS Bank agrees to provide:

  i. a copy of the Closing Disclosure constituting the final settlement statement from closing to the United States,

  ii. a notice to the United States and USMS of the existence of any Surplus Proceeds, herein defined as all proceeds remaining after payment of: USMS Expenses; payment of UBS Bank's actual expenses of sale (including sums previously paid to the United States pursuant to paragraph 10(b)); satisfaction of all valid liens and claims of record which may have priority over the United States; payment of any transfer taxes, recording costs, or other reasonable expenses actually incurred in connection with the receipt of any Quit-Claim Deed delivered to UBS Bank under paragraph 10(a)(ii); and payment of all sums due under the Mortgage to UBS Bank.

(d) UBS Bank agrees thereafter to pay to the United States, within thirty days of such sale, any such Surplus Proceeds toward satisfaction of any forfeiture judgment entered in this action or for forfeiture in any related civil forfeiture action.

(e) The vacating of the preliminary or final order of forfeiture with respect to the Fifth Avenue Property or the United States execution of a Quit-Claim Deed as provided herein shall not be the basis for any award of attorneys' fees against the United States, and shall be in full satisfaction of and shall fully release any claim UBS Bank may have against the United States and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, including but not limited to as set forth in paragraphs 4, 5, 6, 8, 9, and 13 of this Stipulation and Order of Settlement.

  11. The parties agree to execute further documents, to the extent necessary, to allow the United States to sell the Fifth Avenue Property with clear title and to otherwise further implement the terms of this Stipulation and Order.

12.     Each party agrees to bear its own costs and attorneys' fees.

13.     Payment to UBS Bank pursuant to this Stipulation and Order is contingent upon a Court-authorized interlocutory sale of the Fifth Avenue Property or the United States' prevailing against the defendant and any third-party claims in an ancillary proceeding, the Court's entry of a final order of forfeiture to the United States, and sale of the Fifth Avenue Property pursuant to the final order of forfeiture. The terms of this Stipulation and Order shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

14.     In the event that the United States shall not prevail over third party claims, the Court does not enter a final judgment of forfeiture or interlocutory order for the sale of the Fifth Avenue Property, or if the terms hereof are not approved by the Court, all claims of UBS Bank for payment in relation to the Fifth Avenue Property that are otherwise waived by the terms of this Stipulation and Order shall be reinstated.

15.     The parties agree that the United States may choose in its sole discretion whether to accomplish forfeiture of the Fifth Avenue Property by criminal or civil forfeiture. If the United States chooses to effect the forfeiture through institution of civil forfeiture proceedings, UBS Bank consents to the filing of this Stipulation and Order in such civil forfeiture proceedings to provide for full settlement and satisfaction of all claims to and any right, title and interest it may have in the Fifth Avenue Property upon the same terms as set forth herein. If the parties file this Stipulation and Order in settlement of UBS Bank's claims in a civil forfeiture proceeding as provided in this paragraph 15, UBS Bank waives all defenses, including, but not limited to, defenses based upon statute of limitations and venue, and any claim to attorneys' fees or costs, with respect to any such civil forfeiture proceeding related to the Fifth Avenue Property, except to the extent such a defense would be available in the present proceeding pursuant to this Stipulation and Order.

16.     This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.

7

17. The individual(s) signing this Stipulation and Order on behalf of UBS Bank represent and warrant that they are authorized by UBS Bank to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

18. Neither execution by the parties nor entry by the Court of this Stipulation and Order shall affect the right of either party to seek recovery, relief or enforcement of rights against persons or entities who are not party to this agreement, including Paul J. Manafort, Jr. and other third parties. Nor shall execution by the parties or entry by the Court of this Stipulation limit any rights of UBS Bank available under the Note against the obligor(s) of the Note.

19. Entry of this Stipulation and Order shall not be construed to create any right or benefit in favor of any third party, other than those rights and benefits to the United States that may be conveyed to its successors or assigns, as are expressly set forth herein.

20. The Court shall have continuing and exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

21. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

For the United States of America:  ROBERT S. MUELLER, III
Special Counsel

Dated: 2/14/2019  By: _____
Andrew Weissmann
Greg D. Andres
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

By: _____
Daniel H. Claman
Money Laundering and
    Asset Recovery Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
Telephone: (202) 514-1263

For UBS Bank USA:

GIBSON, DUNN & CRUTCHER LLP
Attorneys for UBS Bank USA

Dated: February 14, 2019        By: _____
                                     Stephanie L. Brooker, Esq.
                                     (D.C. Bar No. 475321)
                                     David A. Schnitzer, Esq.
                                     (D.C. Bar No. 1022420)
                                     GIBSON, DUNN & CRUTCHER LLP
                                     1050 Connecticut Avenue, N.W.
                                     Washington, DC 20036
                                     (202) 955-8500


Dated: February 14, 2019        By: _____
                                     Frank Destra
                                     Managing Director & Senior
                                     Vice Chairman, CEO and President
                                     UBS Bank USA


Dated:                          By: _____
                                     Shashank Gupta
                                     Managing Director & Head of Mortgage
                                     UBS Bank USA

For UBS Bank USA:

GIBSON, DUNN & CRUTCHER LLP
Attorneys for UBS Bank USA

Dated:                          By: _____
                                    Stephanie L. Brooker, Esq.
                                    (D.C. Bar No. 475321)
                                    David A. Schnitzer, Esq.
                                    (D.C. Bar No. 1022420)
                                    GIBSON, DUNN & CRUTCHER LLP
                                    1050 Connecticut Avenue, N.W.
                                    Washington, DC 20036
                                    (202) 955-8500


Dated:                          By: _____
                                    Frank Destra
                                    Managing Director & Senior
                                    Vice Chairman, CEO and President
                                    UBS Bank USA


Dated:    February 14, 2019     By: _____
                                    Shashank Gupta
                                    Managing Director & Head of Mortgage
                                    UBS Bank USA

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Stipulation is **SO ORDERED.**

ORDERED this 21st day of February 2019.

THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

ATTACHMENT A

Deed for
721 Fifth Avenue, #43G, New York, New York 10022
(Block 1292, Lot 1112)

New York City Department of Finance, Office of the City Register
Document ID No. 2015022400401003

# NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2015022400401003002EE072

## RECORDING AND ENDORSEMENT COVER PAGE

PAGE 1 OF 6

| | | |
|---|---|---|
| **Document ID:** 2015022400401003 | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
| Document Type: DEED | | |
| Document Page Count: 4 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| FIRST NATIONWIDE TITLE AGENCY LLC | FIRST NATIONWIDE TITLE AGENCY LLC |
| HOLD FOR DENNISE A. TO PICK UP SR-5068 | HOLD FOR DENNISE A. TO PICK UP SR-5068 |
| 50 CHARLES LINDBERGH BLVD - SUITE 200 | 50 CHARLES LINDBERGH BLVD - SUITE 200 |
| UNIONDALE, NY 11553 | UNIONDALE, NY 11553 |
| 212-499-0100 | 212-499-0100 |
| RECORDING@FIRSTNATIONWIDETITLE.COM | RECORDING@FIRSTNATIONWIDETITLE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1292 | 1112 | Entire Lot 43G | 721 5 AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ or DocumentID_____ or _____ Year_____ Reel____ Page_____ or File Number_____

### PARTIES

| GRANTOR/SELLER: | GRANTEE/BUYER: |
|---|---|
| JOHN HANNAH, LLC | PAUL MANAFORT |
| 721 FIFTH AVENUE, UNIT 43G | 721 FIFTH AVENUE, UNIT 43G |
| NEW YORK, NY 10022 | NEW YORK, NY 10022 |

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 57.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed 03-05-2015 08:44
City Register File No.(CRFN):
2015000074395

*City Register Official Signature*

| NYC DEPARTMENT OF FINANCE<br>OFFICE OF THE CITY REGISTER |  |
|---|---|

**2015022400401003002CE2F2**

| | | |
|---|---|---|
| **Document ID: 2015022400401003**<br>Document Type: DEED | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |

**PARTIES**

**GRANTEE/BUYER:**
KATHLEEN MANAFORT
721 FIFTH AVENUE, UNIT 43G
NEW YORK, NY 10022

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the 27th day of January , 2015

BETWEEN
John Hannah, LLC
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the first part, and

Paul and Kathleen Manafort, husband and wife in tenancy in the entirety
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the second part,

WITNESSETH, that the party of the first part, in consideration of

10.00 dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

State of New York, City of New York, County of New York, located at and more commonly known as condominium unit #43G, 721 Fifth Ave., New York, New York, more particularly described as set forth on Schedule A annexed hereto and incorporated herewith by reference

Block 1292
Lot 1112
County: New York

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

John Hannah, LLC

BY: Paul Manafort, Managing Member



**First American Title Insurance Company of New York**

## SCHEDULE "A"

THE RESIDENTIAL UNIT (THE "UNIT") KNOWN AS UNIT NO. 43-G IN THE PREMISES KNOWN AS TRUMP TOWER CONDOMINIUM AND BY THE STREET NUMBERS 721-725 FIFTH AVENUE, BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BEING DESIGNATED AND DESCRIBED AS UNIT NO. 43-G IN THE DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SAID PREMISES UNDER ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (THE "NEW YORK CONDOMINIUM ACT") DATED 2/24/1983 AND RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK (THE "CITY REGISTER'S OFFICE") ON 3/23/1983 IN REEL 674 PAGE 848 (HEREINAFTER REFERRED TO AS THE ("DECLARATION") AND ALSO DESIGNATED AS TAX LOT 1112 IN BLOCK 1292 OF SECTION 5 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF SAID BUILDING, CERTIFIED BY SWANKE HAYDEN CONNELL AND PARTNERS, ARCHITECTS, ON 2/2/1983 AND FILED WITH THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON 3/18/1983 AS CONDOMINIUM PLAN NO. 86 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON 3/23/1983 AS CONDOMINIUM PLAN NO. 86.

TOGETHER WITH AN UNDIVIDED .2644227 PERCENT INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION).

THE PREMISES IN WHICH THE UNIT IS LOCATED IS MORE PARTICULARLY DESCRIBED HEREIN AS PARCEL A.

PARCEL A

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF EAST 56TH STREET WITH THE EASTERLY SIDE OF FIFTH AVENUE;

RUNNING THENCE EASTERLY ALONG THE SAID NORTHERLY SIDE OF EAST 56TH STREET, 175 FEET;

THENCE NORTHERLY PARALLEL WITH SAID EASTERLY SIDE OF FIFTH AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE WESTERLY ALONG SAID CENTER LINE OF THE BLOCK, 50 FEET;

THENCE NORTHERLY PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 15 FEET;

THENCE WESTERLY PARALLEL WITH THE NORTHERLY SIDE OF EAST 56TH STREET 125 FEET TO THE EASTERLY SIDE OF FIFTH AVENUE, AND

THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF FIFTH AVENUE, 115 FEET 5 INCHES TO THE POINT OR PLACE OF BEGINNING.

CONTINUED

P. 007

JUL-05-2011 TUE 01:25 PM

First American Title

TITLE NO. 3008-157857
SCHEDULE 'A' CONTINUED

PARCEL B
(AFFECTS COMMON ELEMENTS)

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF
MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF EAST 57TH STREET, DISTANT 125 FEET EASTERLY
FROM THE INTERSECTION OF THE EASTERLY SIDE OF FIFTH AVENUE AND THE SOUTHERLY SIDE OF 57TH
STREET;

THENCE SOUTHERLY AND PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES;

THENCE EASTERLY AND PARALLEL WITH THE SOUTHERLY SIDE OF 57TH STREET, 50 FEET;

THENCE NORTHERLY AND AGAIN PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES
TO THE SOUTHERLY SIDE OF 57TH STREET;

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 57TH STREET 50 FEET TO THE POINT OR PLACE
BEGINNING.

THE policy to be issued under this report will insure the title to such buildings and improvements erected on the
premises, which by law constitute real property.

FOR CONVEYANCING ONLY: TOGETHER with all the right, title and interest of the party of the first part, of in and to
the land lying in the street in front of and adjoining said premises.

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of January _____ in the year 2015 ,
before me, the undersigned, personally appeared
_____
personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____ ,
before me, the undersigned, personally appeared
_____
personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

## ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____ ,
before me, the undersigned, a Notary Public in and for said State,
personally appeared
the subscribing witness to the foregoing instrument, with whom I am
personally acquainted, who, being by me duly sworn, did depose and say
that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof);
that he/she/they know(s)

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

## ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of Florida _____ , County of Palm Beach _____ , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the 27th day of January , 2015 in the year 2015 BEB
before me, the undersigned personally appeared Paul John Manafor.

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), that by his/her/their signature(s) on
the instrument, the individual(s) or the person upon behalf of which the
individual(s) acted, executed the instrument, and that such individual
make such appearance before the undersigned in the city of Palm
Beach Gardens, State of Florida.

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken)

_Rushena Fyne_

Notary Public State of Florida
Rushena Fyne
My Commission EE 212726
Expires 06/28/2016

**SECTION:**

**BLOCK:** 1292

**LOT:** 1112

**COUNTY OR TOWN:** New York

---

## Bargain and Sale Deed
## With Covenants

Title No.

John Hannah, LLC

TO

Paul and Kathleen Manafort

**DISTRIBUTED BY**

YOUR TITLE EXPERTS
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485) FAX: 800-FAX-9398

**RETURN BY MAIL TO:**

Bruce E. Baldinger, Esq.
The Law Offices of Bruce E. Baldinger, LLC
365 South Street
Morristown, NJ 07960



2015022400401003002S2EF3

| SUPPORTING DOCUMENT COVER PAGE | PAGE 1 OF 1 |
|---|---|

**Document ID: 2015022400401003**  Document Date: 01-27-2015  Preparation Date: 02-24-2015
Document Type: DEED

**ASSOCIATED TAX FORM ID:**  2015020500190

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 3 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

| FOR CITY USE ONLY | | |
|---|---|---|
| C1. County Code | C2. Date Deed Recorded  FEB 2 6 2015  Month Day Year | |
| C3. Book OR | C4. Page | |
| C5. CRFN | | |

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

## PROPERTY INFORMATION

**1. Property Location**

| 721 | 5 AVENUE 43G | MANHATTAN | 10022 |
|---|---|---|---|
| STREET NUMBER | STREET NAME | BOROUGH | ZIP CODE |

**2. Buyer Name**

| MANAFORT | PAUL |
|---|---|
| LAST NAME / COMPANY | FIRST NAME |
| MANAFORT | KATHLEEN |
| LAST NAME / COMPANY | FIRST NAME |

**3. Tax Billing Address** Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)

| | |
|---|---|
| LAST NAME / COMPANY | FIRST NAME |
| STREET NUMBER AND STREET NAME | CITY OR TOWN | STATE | ZIP CODE |

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels OR ☐ Part of a Parcel

4A. Planning Board Approval - N/A for NYC
4B. Agricultural District Notice - N/A for NYC

**5. Deed Property Size**

| | X | | OR | | |
|---|---|---|---|---|---|
| FRONT FEET | | DEPTH | | ACRES | |

Check the boxes below as they apply:
6. Ownership Type is Condominium ☑
7. New Construction on Vacant Land ☐

**8. Seller Name**

| JOHN HANNAH, LLC | |
|---|---|
| LAST NAME / COMPANY | FIRST NAME |
| | |
| LAST NAME / COMPANY | FIRST NAME |

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

A ☑ One Family Residential
B ☐ 2 or 3 Family Residential
C ☐ Residential Vacant Land
D ☐ Non-Residential Vacant Land
E ☐ Commercial
F ☐ Apartment
G ☐ Entertainment / Amusement
H ☐ Community Service
I ☐ Industrial
J ☐ Public Service

## SALE INFORMATION

**10. Sale Contract Date**  1 / 27 / 2015  Month Day Year

**11. Date of Sale / Transfer**  1 / 27 / 2015  Month Day Year

**12. Full Sale Price** $  0

( Full Sale Price is the total amount paid for the property including personal property.
This payment may be in the form of cash, other property or goods, or the assumption of
mortgages or other obligations.) *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

A ☐ Sale Between Relatives or Former Relatives
B ☐ Sale Between Related Companies or Partners in Business
C ☐ One of the Buyers is also a Seller
D ☐ Buyer or Seller is Government Agency or Lending Institution
E ☐ Deed Type not Warranty or Bargain and Sale (Specify Below )
F ☐ Sale of Fractional or Less than Fee Interest ( Specify Below )
G ☐ Significant Change in Property Between Taxable Status and Sale Dates
H ☐ Sale of Business is Included in Sale Price
I ☑ Other Unusual Factors Affecting Sale Price ( Specify Below )
J ☐ None

## ASSESSMENT INFORMATION - Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  R 4

**16. Total Assessed Value (of all parcels in transfer)**  2 1 9 8 7 0

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional Identifier(s) )

| MANHATTAN 1292 1112 | | |
|---|---|---|

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

### BUYER

*~ as agent for Paul Manafort*    | 2/20/2015
BUYER SIGNATURE | DATE

10 ST. JAMES DRIVE
STREET NUMBER    Bruce E. Baldinger as agent for Paul Manafort
STREET NAME (AFTER SALE)

PALM BEACH GARDENS | FL | 33418
CITY OR TOWN | STATE | ZIP CODE

### BUYER'S ATTORNEY

BALDINGER | BRUCE
LAST NAME | FIRST NAME

908 | 218-0060
AREA CODE | TELEPHONE NUMBER

JOHN HANNAH, SELLER
*~ as agent for Paul Manafort* | 2/20/15
SELLER SIGNATURE | DATE

By: Bruce E. Baldinger as
agent for Paul Manafort

2015020500190201

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

## BUYERS

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

## SELLERS

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

2015020500190201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New ~~York~~ *Jersey* )
                ) SS.:
County of MORRIS )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 721 5 AVENUE | | 43G |
|---|---|---|
| Street Address | | Unit/Apt. |

| MANHATTAN | New York, | 1292 | 1112 | (the "Premises"); |
|---|---|---|---|---|
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| JOHN HANNAH, LLC | PAUL MANAFORT |
|---|---|
| Name of Grantor (Type or Print) | Name of Grantee (Type or Print) |

By: Bruce E. Baldinger as agent for Paul Manafort
Signature of Grantor

Bruce Baldinger as agent for Paul Manafort
Signature of Grantee

Sworn to before me
this 20th date of February 20 15

Sworn to before me
this 20th date of February 20 15

Patricia K. Galler
PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

Patricia K. Galler
PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2015020500190101



**The City of New York**
**Department of Environmental Protection**
**Bureau of Customer Services**
**59-17 Junction Boulevard**
**Flushing, NY 11373-5108**

www.nyc.gov/dep

## Customer Registration Form for Water and Sewer Billing

### Property and Owner Information:

(1) **Property receiving service:** BOROUGH: MANHATTAN    BLOCK: 1292    LOT: 1112

(2) **Property Address: 721 5 AVENUE Unit 43G, NEW YORK, NY 10022**

(3) **Owner's Name:**    MANAFORT , PAUL

   **Additional Name:**    MANAFORT , KATHLEEN

### Affirmation:

  Your water & sewer bills will be sent to the property address shown above.

### Customer Billing Information:

**Please Note:**

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B. Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address**. DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

### Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature: _~~as agent for Paul Manafort~~_    Date (mm/dd/yyyy) 2/20/2015

Name and Title of Person Signing for Owner, if applicable: Bruce Baumgarner as agent for Paul Manafort

BCS-7CRF-ACRIS REV. 8/08

2

2015020500190101

**APPENDIX 2**

**Stipulation and Order of Settlement Regarding
Petition of Residential Board of Trump Tower Condominium
and 721 Fifth Avenue, #43G, New York, New York 10022**

)
UNITED STATES OF AMERICA,    )
                             )
        v.                   )
                             )
PAUL J. MANAFORT, JR.,       )
                             )
            Defendant.       )
_____)
                             )
IN RE: PETITIONS FOR RELIEF  )
CONCERNING CONSENT ORDER OF  )
FORFEITURE                   )
_____)
                             )
RESIDENTIAL BOARD OF TRUMP   )
TOWER CONDOMINIUM,           )
                             )
            Petitioner.      )
_____)

**FILED**

MAR - 4 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Case No. 1:18-mc-00167-ABJ

## STIPULATION AND ORDER OF SETTLEMENT
## PETITION OF RESIDENTIAL BOARD OF TRUMP TOWER CONDOMINIUM
## AND 721 FIFTH AVENUE, #43G, NEW YORK, NY 10022

IT IS HEREBY STIPULATED and AGREED by and between the United States of America,

by and through its undersigned counsel, and the Residential Board of Trump Tower Condominium,

Petitioner herein on its own behalf and on behalf of the Trump Tower Condominium (collectively

the "Condominium" or "Petitioner"), pursuant to 21 U.S.C. § 853(i)(2) and (n), to compromise and

settle its interest in the following property:

> The real property and premises commonly known as
> 721 Fifth Avenue, #43G, New York, NY 10022

described more fully in the deed for which is attached hereto as Exhibit A and incorporated by

reference herein (the "Fifth Avenue Property"), and any property traceable thereto.

This settlement is entered into between the parties pursuant to the following terms:

1.    The Residential Board of Trump Tower Condominium is a condominium's

Residential Board of Managers as provided in the Declaration of Trump Tower Condominium  dated

1

February 24, 1983 and recorded in the Office of the City Register, New York County on March 23, 1983 in Reel 674, at Page 848 (the "Declaration"), as amended (Document ID No. FT_1740000026374).

2. On the terms set forth herein, the Condominium hereby withdraws its petition docketed on November 29, 2018 at Docket No. 13 (the "Petition") asserting an interest in the Fifth Avenue Property. Upon the Court's endorsement of this Stipulation and Order, said Petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

3. The United States agrees that (i) simultaneous with the closing of its sale of the Fifth Avenue Property pursuant to the Court's entry of an interlocutory order authorizing sale of the Fifth Avenue Property and authorizing payment of the following from the proceeds thereof, or (ii) within ten (10) days of entry of a final order of forfeiture forfeiting the Fifth Avenue Property to the United States, the United States will pay to the Condominium the following (the "Payment"):

      (a)    All accrued and unpaid monthly common charges and additional common charges (but not legal fees or late fees) due to the Condominium up to the date of such sale or final order of forfeiture; and

      (b)    The Fifth Avenue Property's proportional share of such special assessments assessed by the Condominium up to the date of the such sale or final order of forfeiture

as may be accruing or assessed according to the By-Laws of Trump Tower Condominium annexed to the Declaration at Page 884 (the "By-Laws").

4. The United States agrees to pay such additional monthly common charges and proportional special assessments due to the Condominium related to the Fifth Avenue Property as may be accruing and assessed according to the By-Laws (collectively, the "Monthly Payments") until the date of the sale of the Fifth Avenue Property.

5. The Payment and Monthly Payments to the Condominium shall be in full settlement and satisfaction of all claims by the Condominium arising from and relating to the seizure, detention, and forfeiture of the Fifth Avenue Property. However, this paragraph 5 shall not release claims against the Fifth Avenue Property that may accrue under the By-Laws in favor of the Condominium

2

relating specifically to the United States' use, operation and management of the Fifth Avenue Property.

6. Upon receipt of the Payment, the Condominium agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by the Condominium and its agents that currently exist or that may arise as a result of the United States' actions against and relating to the Fifth Avenue Property. However, this paragraph 6 shall not release claims against the Fifth Avenue Property that may accrue under the By-Laws in favor of the Condominium relating specifically to the United States' use, operation and management of the Fifth Avenue Property.

7. The parties stipulate that in a sale or conveyance of the Fifth Avenue Property by the United States following the Court's entry of a final order of forfeiture shall be subject to the provisions of Article 8 of the By-Laws as they pertain to the sale or conveyance of the Fifth Avenue Property including, but not limited to, Article 8, Section 8.1 and the requirement that United States apply for, and obtain, a waiver by the Condominium of its right of first refusal. Notwithstanding the foregoing, the United States and the Condominium mutually agree that the time period set forth in Article 8, Section 8.1-1 of the By-Laws for the Condominium to exercise or waive its right of first refusal is shortened to ten (10) calendar days after receipt of the necessary notice (rather than twenty days after receipt of such notice together with such further information as may have been requested). In the event that the Condominium exercises its right of first refusal, it agrees to provide an earnest money deposit of 5% of the purchase price to the United States within 48 hours. The Condominium agrees that the Condominium's right of first refusal will not apply to any conveyance by the United States of title to the Fifth Avenue Property to UBS Bank USA ("UBS Bank") pursuant to paragraph 10(a)(ii) of the Stipulation and Order of Settlement entered into by UBS Bank and the United States in this matter.

8. The Condominium agrees not to pursue any other rights it may have against the Fifth Avenue Property during the pendency of these forfeiture proceedings including, but not limited to,

3

the right to foreclose upon and sell the Fifth Avenue Property and any right to assess additional interest, late fees, or penalties.

9. The Condominium agrees to notify the Special Counsel's Office and the Money Laundering and Asset Recovery Section (MLARS) of the U.S. Department of Justice promptly if it learns of any condition that might affect the sale of the Fifth Avenue Property, and to join in any motion by the United States to effect the sale of the Fifth Avenue Property, including motions to remove occupants who fail to abide by the terms of an occupancy agreement. The Condominium shall endorse such government motions within ten days of receipt of the motion.

10. The Condominium understands and agrees that this Stipulation and Order constitutes a full and final settlement of its petition and that it waives any rights to litigate further its interest in the Fifth Avenue Property and further pursue remission or mitigation of the forfeiture. If this Stipulation and Order is approved by the Court, then unless specifically directed by an order of the Court, the Condominium shall be excused and relieved from further participation in this action. The Condominium understands and agrees that the Special Counsel's Office and MLARS also reserve the right to void this Stipulation and Order if, before payment of the sums set forth in paragraph 3 above, the Special Counsel's Office and/or MLARS obtains new information indicating that the Condominium did not have a prior vested or superior interest in the Fifth Avenue Property, pursuant to 21 U.S.C. § 853(n)(6)(A), or that it was not a bona fide purchaser for value of the right, title, or interest in the Fifth Avenue Property or, at the time of the purchase, was not reasonably without cause to believe that the Fifth Avenue Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B). The Special Counsel's Office and MLARS also reserve the right, in their discretion, to terminate the forfeiture at any time and release the Fifth Avenue Property. In either event, the United States shall promptly notify the Condominium of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees but shall result in a reinstatement of all claims of the Condominium for payment in relation to the Fifth Avenue Property that are otherwise waived by the terms of this Stipulation and Order, and the Condominium shall be entitled to retain any sums paid to it pursuant to and in accordance with this Stipulation and Order.

4

11.    The parties agree to execute further documents, to the extent necessary and to the extent within the Condominium's ability to address, to convey clear title to the Fifth Avenue Property to the United States or to facilitate the sale of the Fifth Avenue Property by the United States and to implement further the terms of this Stipulation and Order.

12.    Each party agrees to bear its own costs and attorneys' fees.

13.    Payment to the Condominium pursuant to this Stipulation and Order is contingent upon a Court-authorized interlocutory sale of the Fifth Avenue Property or the United States' prevailing against the defendant and any third-party claims in an ancillary proceeding, the Court's entry of a final order of forfeiture to the United States, and sale of the Fifth Avenue Property pursuant to the final order of forfeiture. The terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

14.    The parties agree that the United States may choose in its sole discretion how it wishes to accomplish forfeiture of the Fifth Avenue Property, whether by criminal or civil forfeiture. If the United States chooses to effect the forfeiture through institution of civil forfeiture proceedings, the Condominium consents to the filing of this Stipulation and Order in such civil forfeiture proceedings in full settlement and satisfaction of all claims to and any right, title and interest it may have in the Fifth Avenue Property upon the same terms as set forth herein. The Condominium waives all defenses including, but not limited to, defenses based upon statute of limitations and venue, and any claim to attorneys' fees or costs, with respect to any such civil forfeiture proceeding related to the Fifth Avenue Property.

15.    This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Facsimile or pdf signatures shall be accepted as originals on this Stipulation and Order.

16.    The individual(s) signing this Stipulation and Order on behalf of Residential Board of Trump Tower represent and warrant that they are authorized by the Condominium to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this

5

Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

17.     The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

18.     This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.


For the United States of America:        ROBERT S. MUELLER, III
                                      Special Counsel

Dated:    2/28/20.9     By: _____
                                     Andrew Weissmann
                                     Greg D. Andres
                                     U.S. Department of Justice
                                     Special Counsel's Office
                                     950 Pennsylvania Avenue NW
                                     Washington, D.C. 20530
                                     Telephone: (202) 616-0800

                             By: _____
                                     Daniel H. Claman
                                     Money Laundering and
                                        Asset Recovery Section
                                     Criminal Division
                                     U.S. Department of Justice
                                     1400 New York Avenue, N.W., Suite 10100
                                     Washington, D.C. 20530
                                     Telephone: (202) 514-1263

6

For Residential Board of Trump Tower:    BELKIN BURDEN WENIG & GOLDMAN, LLP
                                          Attorneys for Residential Board of Trump Tower

Dated:  2/28/19         By:  _____
                             Robert T. Holland, Esq.

Residential Board of Trump Tower:

Dated:  2/28/19         By:  _____
                             Sonja Talesnik
                             Assistant Secretary


## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Stipulation is SO

**ORDERED.**

ORDERED this 1st day of March, 2019.

_____
THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

7

ATTACHMENT A

Deed for
721 Fifth Avenue, #43G, New York, New York 10022
(Block 1292, Lot 1112)

New York City Department of Finance, Office of the City Register
Document ID No. 2015022400401003

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.



2015022400401003002EE072

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 6 |
|---|---|

| Document ID: **2015022400401003** | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
|---|---|---|

Document Type: DEED
Document Page Count: 4

**PRESENTER:**
FIRST NATIONWIDE TITLE AGENCY LLC
HOLD FOR DENNISE A. TO PICK UP SR-5068
50 CHARLES LINDBERGH BLVD - SUITE 200
UNIONDALE, NY 11553
212-499-0100
RECORDING@FIRSTNATIONWIDETITLE.COM

**RETURN TO:**
FIRST NATIONWIDE TITLE AGENCY LLC
HOLD FOR DENNISE A. TO PICK UP SR-5068
50 CHARLES LINDBERGH BLVD - SUITE 200
UNIONDALE, NY 11553
212-499-0100
RECORDING@FIRSTNATIONWIDETITLE.COM

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| MANHATTAN | 1292 | 1112 | Entire Lot 43G | 721 5 AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ *or* DocumentID_____ *or* _____ Year_____ Reel___ Page_____ *or* File Number_____

### PARTIES

**GRANTOR/SELLER:**
JOHN HANNAH, LLC
721 FIFTH AVENUE, UNIT 43G
NEW YORK, NY 10022

**GRANTEE/BUYER:**
PAUL MANAFORT
721 FIFTH AVENUE, UNIT 43G
NEW YORK, NY 10022

☒ Additional Parties Listed on Continuation Page

### FEES AND TAXES

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | $ | 125.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 57.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed 03-05-2015 08:44
City Register File No.(CRFN):
**2015000074395**

*City Register Official Signature*



2015022400401003002CE2F2

| | | |
|---|---|---|
| **Document ID: 2015022400401003** | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
| Document Type: DEED | | |

## PARTIES

**GRANTEE/BUYER:**
KATHLEEN MANAFORT
721 FIFTH AVENUE, UNIT 43G
NEW YORK, NY 10022

CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY

THIS INDENTURE, made the 27th day of January 2015

BETWEEN

John Hannah, LLC
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the first part, and

Paul and Kathleen Manafort, husband and wife in tenancy in the entirety
721 Fifth Ave., Unit #43G
New York, NY 10022

party of the second part,

WITNESSETH, that the party of the first part, in consideration of

10.00 dollars

paid by the party of the second part, does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the

State of New York, City of New York, County of New York, located at and more commonly known as condominium unit #43G, 721 Fifth Ave., New York, New York, more particularly described as set forth on Schedule A annexed hereto and incorporated herewith by reference

Block 1292
Lot 1112
County: New York

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants that the party of the first part has not done or suffered anything whereby the said premises have been encumbered in any way whatever, except as aforesaid.

AND the party of the first part, in compliance with Section 13 of the Lien Law, covenants that the party of the first part will receive the consideration for this conveyance and will hold the right to receive such consideration as a trust fund to be applied first for the purpose of paying the cost of the improvement and will apply the same first to the payment of the cost of the improvement before using any part of the total of the same for any other purpose. The word "party" shall be construed as if it read "parties" when ever the sense of this indenture so requires.

IN WITNESS WHEREOF, the party of the first part has duly executed this deed the day and year first above written.

IN PRESENCE OF:

John Hannah, LLC

BY: Paul Manafort, Managing Member

Standard N.Y.B.T.U. Form 8002 - Bargain and Sale Deed, with Covenant against Grantor's Acts – Uniform Acknowledgment
Form 3290



**First American Title Insurance Company of New York**

## SCHEDULE "A"

THE RESIDENTIAL UNIT (THE "UNIT") KNOWN AS UNIT NO. 43-G IN THE PREMISES KNOWN AS TRUMP TOWER CONDOMINIUM AND BY THE STREET NUMBERS 721-725 FIFTH AVENUE, BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BEING DESIGNATED AND DESCRIBED AS UNIT NO. 43-G IN THE DECLARATION ESTABLISHING A PLAN FOR CONDOMINIUM OWNERSHIP OF SAID PREMISES UNDER ARTICLE 9-B OF THE REAL PROPERTY LAW OF THE STATE OF NEW YORK (THE "NEW YORK CONDOMINIUM ACT") DATED 2/24/1983 AND RECORDED IN THE NEW YORK COUNTY OFFICE OF THE REGISTER OF THE CITY OF NEW YORK (THE "CITY REGISTER'S OFFICE") ON 3/23/1983 IN REEL 674 PAGE 848 (HEREINAFTER REFERRED TO AS THE ("DECLARATION") AND ALSO DESIGNATED AS TAX LOT 1112 IN BLOCK 1292 OF SECTION 5 OF THE BOROUGH OF MANHATTAN ON THE TAX MAP OF THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK AND ON THE FLOOR PLANS OF SAID BUILDING, CERTIFIED BY SWANKE HAYDEN CONNELL AND PARTNERS, ARCHITECTS, ON 2/2/1983 AND FILED WITH THE REAL PROPERTY ASSESSMENT DEPARTMENT OF THE CITY OF NEW YORK ON 3/18/1983 AS CONDOMINIUM PLAN NO. 86 AND ALSO FILED IN THE CITY REGISTER'S OFFICE ON 3/23/1983 AS CONDOMINIUM PLAN NO. 86.

TOGETHER WITH AN UNDIVIDED .2644227 PERCENT INTEREST IN THE COMMON ELEMENTS (AS SUCH TERM IS DEFINED IN THE DECLARATION).

THE PREMISES IN WHICH THE UNIT IS LOCATED IS MORE PARTICULARLY DESCRIBED HEREIN AS PARCEL A.

PARCEL A

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT THE CORNER FORMED BY THE INTERSECTION OF THE NORTHERLY SIDE OF EAST 56TH STREET WITH THE EASTERLY SIDE OF FIFTH AVENUE;

RUNNING THENCE EASTERLY ALONG THE SAID NORTHERLY SIDE OF EAST 56TH STREET, 175 FEET;

THENCE NORTHERLY PARALLEL WITH SAID EASTERLY SIDE OF FIFTH AVENUE AND PART OF THE DISTANCE THROUGH A PARTY WALL, 100 FEET 5 INCHES TO THE CENTER LINE OF THE BLOCK;

THENCE WESTERLY ALONG SAID CENTER LINE OF THE BLOCK, 50 FEET;

THENCE NORTHERLY PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 15 FEET;

THENCE WESTERLY PARALLEL WITH THE NORTHERLY SIDE OF EAST 56TH STREET 125 FEET TO THE EASTERLY SIDE OF FIFTH AVENUE, AND

THENCE SOUTHERLY ALONG THE EASTERLY SIDE OF FIFTH AVENUE, 115 FEET 5 INCHES TO THE POINT OR PLACE OF BEGINNING.

CONTINUED



P.007

JUL-05-2011 TUE 01:25 PM

First American Title

TITLE NO. 3008-157957
SCHEDULE 'A' CONTINUED

PARCEL B

(AFFECTS COMMON ELEMENTS)

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, SITUATE, LYING AND BEING IN THE BOROUGH OF MANHATTAN, CITY, COUNTY AND STATE OF NEW YORK, BOUNDED AND DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT ON THE SOUTHERLY SIDE OF EAST 57TH STREET, DISTANT 125 FEET EASTERLY FROM THE INTERSECTION OF THE EASTERLY SIDE OF FIFTH AVENUE AND THE SOUTHERLY SIDE OF 57TH STREET;

THENCE SOUTHERLY AND PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES;

THENCE EASTERLY AND PARALLEL WITH THE SOUTHERLY SIDE OF 57TH STREET, 50 FEET;

THENCE NORTHERLY AND AGAIN PARALLEL WITH THE EASTERLY SIDE OF FIFTH AVENUE, 100 FEET 5 INCHES TO THE SOUTHERLY SIDE OF 57TH STREET;

THENCE WESTERLY ALONG THE SOUTHERLY SIDE OF 57TH STREET 50 FEET TO THE POINT OR PLACE BEGINNING.

THE policy to be issued under this report will insure the title to such buildings and improvements erected on the premises, which by law constitute real property.

FOR CONVEYANCING ONLY! TOGETHER with all the right, title and interest of the party of the first part, of in and to the land lying in the street in front of and adjoining said premises.

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of **January** _____ in the year **2015** .
before me, the undersigned, personally appeared

_____
personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

## ACKNOWLEDGEMENT BY SUBSCRIBING WITNESS TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____
before me, the undersigned, a Notary Public in and for said State,
personally appeared
the subscribing witness to the foregoing instrument, with whom I am
personally acquainted, who, being by me duly sworn, did depose and say
that he/she/they reside(s) in

(if the place of residence is in a city, include the street and street number if any, thereof)
that he/she/they know(s)

to be the individual described in and who executed the foregoing
instrument; that said subscribing witness was present and saw said

execute the same; and that said witness at the same time subscribed
his/her/their name(s) as a witness thereto

## Bargain and Sale Deed With Covenants

Title No.

**John Hannah, LLC**

TO

**Paul and Kathleen Manafort**

---

**DISTRIBUTED BY**



**YOUR TITLE EXPERTS**
The Judicial Title Insurance Agency LLC
800-281-TITLE (8485)  FAX: 800-FAX-8398

---

## ACKNOWLEDGEMENT TAKEN IN NEW YORK STATE

State of New York, County of _____ , ss:

On the _____ day of _____ in the year _____
before me, the undersigned, personally appeared

_____
personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), and that by his/her/their signature(s)
on the instrument, the individual(s), or the person upon behalf of which
the individual(s) acted, executed the instrument.

## ACKNOWLEDGEMENT TAKEN OUTSIDE NEW YORK STATE

*State of **Florida** , County of **Palm Beach** , ss:
*(Or insert District of Columbia, Territory, Possession or Foreign County)

On the **27th** day of **January** , **2015** in the year **2015** *BEB*
before me, the undersigned personally appeared **Paul John Manafort.**

Personally known to me or proved to me on the basis of satisfactory
evidence to be the individual(s) whose name(s) is (are) subscribed to the
within instrument and acknowledged to me that he/she/they executed the
same in his/her/their capacity(ies), that by his/her/their signature(s) on
the instrument, the individual(s) or the person upon behalf of which the
individual(s) acted, executed the instrument, and that such individual
make such appearance before the undersigned in the **City of Palm
Beach Gardens, State of Florida.**

(add the city or political subdivision and the state or country or other
place the acknowledgement was taken)

*Rushena Fyne* (signature)

Notary Public State of Florida
Rushena Fyne
My Commission EE 212726
Expires 06/28/2016

SECTION:

BLOCK: **1292**

LOT: **1112**

COUNTY OR TOWN: **New York**

### RETURN BY MAIL TO:

**Bruce E. Baldinger, Esq.**
**The Law Offices of Bruce E. Baldinger, LLC**
**365 South Street**
**Morristown, NJ 07960**



2015022400401003002S2EF3

| SUPPORTING DOCUMENT COVER PAGE | | PAGE 1 OF 1 |
|---|---|---|

| **Document ID: 2015022400401003** | Document Date: 01-27-2015 | Preparation Date: 02-24-2015 |
|---|---|---|
| Document Type: DEED | | |

**ASSOCIATED TAX FORM ID:**    2015020500190

**SUPPORTING DOCUMENTS SUBMITTED:**

|  | Page Count |
|---|---|
| DEP CUSTOMER REGISTRATION FORM FOR WATER AND SEWER BILLING | 1 |
| RP - 5217 REAL PROPERTY TRANSFER REPORT | 3 |
| SMOKE DETECTOR AFFIDAVIT | 1 |

## FOR CITY USE ONLY

| C1. County Code | | C2. Date Deed Recorded | FEB 2 6 2015 |
|---|---|---|---|
| | | | Month  Day  Year |

C3. Book OR

C4. Page

C5. CRFN

**REAL PROPERTY TRANSFER REPORT**
STATE OF NEW YORK
STATE BOARD OF REAL PROPERTY SERVICES

# RP - 5217NYC

## PROPERTY INFORMATION

**1. Property Location**  721  | 5 AVENUE 43G  | MANHATTAN | 10022
STREET NUMBER  STREET NAME  BOROUGH  ZIP CODE

**2. Buyer Name**  MANAFORT  | PAUL
LAST NAME / COMPANY  FIRST NAME

MANAFORT  | KATHLEEN
LAST NAME / COMPANY  FIRST NAME

**3. Tax Billing Address**  Indicate where future Tax Bills are to be sent if other than buyer address (at bottom of form)
LAST NAME / COMPANY  FIRST NAME

STREET NUMBER AND STREET NAME  CITY OR TOWN  STATE  ZIP CODE

**4. Indicate the number of Assessment Roll parcels transferred on the deed**  1  # of Parcels  OR  ☐ Part of a Parcel

**4A.** Planning Board Approval - N/A for NYC
**4B.** Agricultural District Notice - N/A for NYC

Check the boxes below as they apply:
**6.** Ownership Type is Condominium  ☑
**7.** New Construction on Vacant Land

**5. Deed Property Size**  FRONT FEET  X  DEPTH  OR  ACRES

**8. Seller Name**  JOHN HANNAH, LLC
LAST NAME / COMPANY  FIRST NAME

LAST NAME / COMPANY  FIRST NAME

**9. Check the box below which most accurately describes the use of the property at the time of sale:**

| A | ☑ One Family Residential | C | ☐ Residential Vacant Land | E | ☐ Commercial | G | ☐ Entertainment / Amusement | I | ☐ Industrial |
|---|---|---|---|---|---|---|---|---|---|
| B | ☐ 2 or 3 Family Residential | D | ☐ Non-Residential Vacant Land | F | ☐ Apartment | H | ☐ Community Service | J | ☐ Public Service |

## SALE INFORMATION

**10. Sale Contract Date**  1 / 27 / 2015
Month  Day  Year

**11. Date of Sale / Transfer**  1 / 27 / 2015
Month  Day  Year

**12. Full Sale Price** $  0

( Full Sale Price is the total amount paid for the property including personal property. This payment may be in the form of cash, other property or goods, or the assumption of mortgages or other obligations.)  *Please round to the nearest whole dollar amount.*

**13. Indicate the value of personal property included in the sale**

**14. Check one or more of these conditions as applicable to transfer:**

| A | ☐ Sale Between Relatives or Former Relatives |
|---|---|
| B | ☐ Sale Between Related Companies or Partners in Business |
| C | ☐ One of the Buyers is also a Seller |
| D | ☐ Buyer or Seller is Government Agency or Lending Institution |
| E | ☐ Deed Type not Warranty or Bargain and Sale (Specify Below) |
| F | ☐ Sale of Fractional or Less than Fee Interest ( Specify Below ) |
| G | ☐ Significant Change in Property Between Taxable Status and Sale Dates |
| H | ☐ Sale of Business is Included in Sale Price |
| I | ☑ Other Unusual Factors Affecting Sale Price ( Specify Below ) |
| J | ☐ None |

## ASSESSMENT INFORMATION  -  Data should reflect the latest Final Assessment Roll and Tax Bill

**15. Building Class**  R, 4  **16. Total Assessed Value** (of all parcels in transfer)  2, 1, 9, 8, 7, 0

**17. Borough, Block and Lot / Roll Identifier(s)** ( If more than three, attach sheet with additional identifier(s) )

MANHATTAN 1292 1112

| CERTIFICATION | I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments. |

**BUYER**

_es c/c/t for Pol Mafat_ | 2/20/2015

BUYER SIGNATURE | DATE

10 ST. JAMES DRIVE

_Bruce E. Baldinger as agent for Pau Manafort_

STREET NUMBER | STREET NAME (AFTER SALE)

| PALM BEACH GARDENS | | FL | 33418 |
| CITY OR TOWN | | STATE | ZIP CODE |

**BUYER'S ATTORNEY**

BALDINGER | BRUCE

LAST NAME | FIRST NAME

908 | 218-0060

AREA CODE | TELEPHONE NUMBER

JOHN HANNAH, JR SELLER

_es q-tt Pol Mant_ | 2/20/15

SELLER SIGNATURE | DATE

By: Bruce E. Baldinger as
agent for Paul Manafort

2015020500190201

# CERTIFICATION

I certify that all of the items of information entered on this form are true and correct (to the best of my knowledge and belief) and understand that the making of any willful false statement of material fact herein will subject me to the provisions of the penal law relative to the making and filing of false instruments.

## BUYERS

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

| Buyer Signature | Date |
|---|---|

## SELLERS

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

| Seller Signature | Date |
|---|---|

2015020500190201

# AFFIDAVIT OF COMPLIANCE
# WITH SMOKE DETECTOR REQUIREMENT
# FOR ONE- AND TWO-FAMILY DWELLINGS

State of New ~~York~~ *Jersey* )
            ) SS.:
County of *MORRIS* )

The undersigned, being duly sworn, depose and say under penalty of perjury that they are the grantor and grantee of the real property or of the cooperative shares in a cooperative corporation owning real property located at

| 721 5 AVENUE | | 43G |
|---|---|---|
| Street Address | | Unit/Apt. |

| MANHATTAN | New York, | 1292 | 1112 | (the "Premises"); |
|---|---|---|---|---|
| Borough | | Block | Lot | |

That the Premises is a one or two family dwelling, or a cooperative apartment or condominium unit in a one- or two-family dwelling, and that installed in the Premises is an approved and operational smoke detecting device in compliance with the provisions of Article 6 of Subchapter 17 of Chapter 1 of Title 27 of the Administrative Code of the City of New York concerning smoke detecting devices;

That they make affidavit in compliance with New York City Administrative Code Section 11-2105 (g). (The signatures of at least one grantor and one grantee are required, and must be notarized).

| *JOHN HANNAH, LLC* | *PAUL MANAFORT* |
|---|---|
| Name of Grantor (Type or Print) | Name of Grantee (Type or Print) |
| By: Bruce E. Baldinger as agent for Paul Manafort | Bruce Baldinger as agent for Paul Manafort |
| Signature of Grantor | Signature of Grantee |

Sworn to before me this *20th* date of *February* 20 *15*

Sworn to before me this *20th* date of *February* 20 *15*

*Patricia K. Galler*
PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

*Patricia K. Galler*
PATRICIA K. GALLER
NOTARY PUBLIC OF NEW JERSEY
COMMISSION EXPIRES MARCH 5, 2018

These statements are made with the knowledge that a willfully false representation is unlawful and is punishable as a crime of perjury under Article 210 of the Penal Law.

**NEW YORK CITY REAL PROPERTY TRANSFER TAX RETURNS FILED ON OR AFTER FEBRUARY 6th, 1990, WITH RESPECT TO THE CONVEYANCE OF A ONE- OR TWO-FAMILY DWELLING OR A COOPERATIVE APARTMENT OR A CONDOMINIUM UNIT IN A ONE- OR TWO-FAMILY DWELLING WILL NOT BE ACCEPTED FOR FILING UNLESS ACCOMPANIED BY THIS AFFIDAVIT.**

1

2015020500190101



The City of New York
Department of Environmental Protection
Bureau of Customer Services
59-17 Junction Boulevard
Flushing, NY 11373-5108

www.nyc.gov/dep

# Customer Registration Form for Water and Sewer Billing

## Property and Owner Information:

(1) **Property receiving service:** BOROUGH: MANHATTAN          BLOCK: 1292          LOT: 1112

(2) **Property Address: 721 5 AVENUE Unit 43G, NEW YORK, NY 10022**

(3) **Owner's Name:**          MANAFORT , PAUL

**Additional Name:**          MANAFORT , KATHLEEN

## Affirmation:

   Your water & sewer bills will be sent to the property address shown above.

## Customer Billing Information:

**Please Note:**

A. Water and sewer charges are the legal responsibility of the owner of a property receiving water and/or sewer service. The owner's responsibility to pay such charges is not affected by any lease, license or other arrangement, or any assignment of responsibility for payment of such charges. Water and sewer charges constitute a lien on the property until paid. In addition to legal action against the owner, a failure to pay such charges when due may result in foreclosure of the lien by the City of New York, the property being placed in a lien sale by the City or Service Termination.

B. Original bills for water and/or sewer service will be mailed to the owner, **at the property address or to an alternate mailing address.** DEP will provide a duplicate copy of bills to one other party (such as a managing agent), however, any failure or delay by DEP in providing duplicate copies of bills shall in no way relieve the owner from his/her liability to pay all outstanding water and sewer charges. Contact DEP at (718) 595-7000 during business hours or visit www.nyc.gov/dep to provide us with the other party's information.

## Owner's Approval:

The undersigned certifies that he/she/it is the owner of the property receiving service referenced above; that he/she/it has read and understands Paragraphs A & B under the section captioned "Customer Billing Information"; and that the information supplied by the undersigned on this form is true and complete to the best of his/her/its knowledge.

Print Name of Owner:

Signature _____ es agent for Paul Manafort _____ Date (mm/dd/yyyy) 2/20/2015 .

Name and Title of Person Signing for Owner, if applicable: Bruce Baldinger as agent for Paul Manafort

BCS-7CRF-ACRIS  REV. 8/08

2

2015020500190101