UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Case No. 17-cr-201-1-ABJ |
| PAUL J. MANAFORT, JR., | ) ) ) | |
| Defendant. | ) ) | |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | ) ) ) ) ) ) | Case No. 1:18-mc-00167-ABJ |

FINAL ORDER OF FORFEITURE AS TO ALL FUNDS SEIZED FROM
ACCOUNT XXXXXX1388 HELD AT CAPITAL ONE, N.A., AND
ACCOUNT XXXXXX9952 HELD AT THE FEDERAL SAVINGS BANK

*WHEREAS*, the United States filed a Motion for a Final Order of Forfeiture, and the

Court has reviewed the underlying record and makes the following findings:

a.      On September 14, 2018, a written Plea Agreement was filed with this Court and

signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to

plead guilty to a Superseding Criminal Information ("Information") charging, *inter alia*, a

conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18,

United States Code, Sections 371 and 3551 *et seq*. and Title 22, United States Code, Sections

612, 618(a)(l), and 618(a)(2), and the defendant has pled guilty to that offense ("Count One").

Cr. Dkt. Nos. 419, 422, 423.[1]

---

[1] Docket entries from *United States v. Paul J. Manafort, Jr.,* Case No. 17-cr-201-1 (D.D.C.) are referred to as "Cr. Dkt. No.".  Docket entries from the miscellaneous case number for the ancillary proceedings *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167 (D.D.C.) are referred to as "Mc. Dkt. No.".

b.     The Information gave notice that upon conviction of Count One, the United States would seek the forfeiture of any property real or personal, which constitutes or is derived from proceeds traceable to the offense alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).  Cr. Dkt. No. 419.

c.     The Information further alleged that the United States would seek a personal money judgment of forfeiture against the defendant representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), and that such a money judgment of forfeiture was "to be offset by the forfeiture of any specific property." Cr. Dkt. No. 419.

d.     The Information alleged that, if any of the property subject to forfeiture, as a result of any act or omission of the defendant, *inter alia,* has been transferred or sold to, or deposited with a third party, or has been commingled with other property that cannot be subdivided without difficulty, the United States would seek forfeiture of any other property of said defendant in substitution for such property ("Substitute Property") pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p).  Cr. Dkt. No. 419.

e.     In his Plea Agreement, the defendant admitted to the forfeiture allegations in the Information, and, in his Statement of the Offenses and Other Acts ("Statement"), he admitted that he obtained at least $11,000,000 as a result of his conspiracy to violate the FARA in violation of 18 U.S.C. § 371, 22 U.S.C. §§ 612 and 618. Cr. Dkt. No. 422 at 10, 423 at 2-3.

f.      In his Plea Agreement, the defendant agreed, *inter alia*, that certain specific assets

constitute or are derived from proceeds traceable to the conspiracy to violate FARA offense

alleged in Count One, or is property traceable thereto, and consented to the forfeiture of such

property pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), including, but not limited

to, the following:

> (i)      All funds seized from account number XXXXXX1388 at Capital One
> N.A., and any property traceable thereto (the "Capital One Funds"), and
>
> (ii)     All funds seized from account number XXXXXX9952 at The Federal
> Savings Bank, and any property traceable thereto (the "TFSB 9952
> Funds").

Cr. Dkt. No. 422 at ¶¶ 12(a)(5), 12(a)(6).

g.      The defendant further agreed that the Capital One Funds and the TFSB 9952

Funds could additionally be forfeited as Substitute Property pursuant to 18 U.S.C. § 982(b), 21

U.S.C. § 853(p) and 28 U.S.C. § 2461(c).  Cr. Dkt. No. 422 at ¶ 12(b).

h.      On October 10, 2018, with the defendant's consent, the Court entered a Consent

Order of Forfeiture signed by the Court on October 9, 2018, constituting a preliminary order of

forfeiture ("Consent Order of Forfeiture").  Cr. Dkt. No. 443.  In the Consent Order of Forfeiture,

this Court found, based on the evidence and information before it, including the defendant's Plea

Agreement, that the Capital One Funds and the TFSB 9952 Funds were subject to forfeiture, and

the Court so ordered their forfeiture.  *Id.*

i.      The United States established the requisite nexus between the Capital One Funds

and the TFSB 9952 Funds and the defendant's offense, and that the defendant was the source of

the Capital One Funds and the TFSB 9952 Funds.

j.      On March 13, 2019, the defendant was sentenced and the Court entered an

amended Order of Forfeiture pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of

Criminal Procedure ("March 13, 2019 Order of Forfeiture"). In the March 13, 2019 Order of

Forfeiture, the Court again found that the Capital One Funds and the TFSB 9952 Funds were

subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 21 U.S.C. § 853(p) and 28

U.S.C. § 2461(c) and so ordered their forfeiture. The Court also found that the defendant

obtained at least $11,000,000 in proceeds from the conspiracy to violate FARA alleged in Count

One, for which he was convicted, and, accordingly, entered a Personal Money Judgment against

the defendant in the amount of $11,000,000 pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c). Cr. Dkt. No. 549.

      k.      The March 13, 2019 Order of Forfeiture decreed that the net proceeds realized by

the United States upon the disposition of forfeited properties, including the Capital One Funds

and the TFSB 9952 Funds, be credited to the Personal Money Judgment of Forfeiture. Cr. Dkt.

No. 549.

      l.      The March 13, 2019 Order of Forfeiture was final as to the defendant upon its

entry, and was made part of his sentence and included in the judgment pursuant to Rule

32.2(b)(4) of the Federal Rules of Criminal Procedure. Cr. Dkt. Nos. 549, 556, 556-1.

      m.      The Capital One Funds were held in an account in the name of Kathleen Bond

Manafort. The TFSB 9952 Funds were held in an account in the name of Paul J. Manafort, with

Kathleen B. Manafort listed as a beneficiary.

      n.      In his Plea Agreement, the defendant, in addition to agreeing to the forfeiture,

represented that "he is either the sole and rightful owner and that no other person or entity has

any claim or interest, or that he has secured the consent from any other individuals or entities

having an interest in the [Capital One Funds and the TFSB 9952 Funds] to convey their interests

in the [Capital One Funds and the TFSB 9952 Funds] to him prior to the entry of the Order of

Forfeiture (with the exception of previously disclosed mortgage holders.)." Cr. Dkt. No. 422 at

12.

o.       In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(C) of the Federal

Rules of Criminal Procedure, and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty

or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), a Notice of

Forfeiture with respect to the properties named in the Consent Order of Forfeiture, including the

Capital One Funds and the TFSB 9952 Funds, was posted on an official government internet site

(www.forfeiture.gov) for at least 30 consecutive days, beginning on October 13, 2018 and

ending on November 11, 2018.  Proof of publication was filed with the Court on March 11, 2019

as an attachment to the United States' Declaration of Notice and Publication.  Cr. Dkt. No. 545.

p.       The published notice explained that any person asserting a legal interest in the

properties named in the Consent Order of Forfeiture, including the Capital One Funds and the

TFSB 9952 Funds, was required to file a petition with the Court within sixty (60) days from the

first day of publication of the notice on the government internet site, and that if no such petitions

were filed within the filing period, the United States would have clear title to the properties.  Cr.

Dkt. No. 545.

q.       In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(D) of the Federal

Rules of Criminal Procedure, and Supplemental Rules G(4)(b)(iii)-(v), the United States also

sent direct written notice to any persons who reasonably appeared to be a potential claimant with

standing to contest the forfeiture in the ancillary proceeding or were known to have alleged an

interest in the forfeited property, by means reasonably calculated to reach them, as described in

the United States' Declaration of Notice and Publication, including, but not limited to: Kathleen

Bond Manafort.  Cr. Dkt. No. 545-1 at 13.

r.      The United States has complied with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure concerning direct written notice and notice by publication, as described in the United States Declaration of Notice and Publication.  Cr. Dkt. Nos. 549, 556-1.  The content of the notice was compliant with Rule 32.2(b)(6) and no further notice is required.  *Id.* at ¶4.

s.      Following notice of the Consent Order of Forfeiture, no petitions were filed or made in this action or under the miscellaneous case number assigned to the ancillary proceedings in this case, *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167, with respect to the Capital One Funds and the TFSB 9952 Funds.  No parties have appeared to contest the forfeiture of the Capital One Funds and the TFSB 9952 Funds to date and the statutory time periods in which to do so have expired.

t.      Pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions and the expiration of the time period provided for the filing of petitions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, all right, title and interest in the following property is hereby forfeited to the United States of America:

(i)      All funds seized from account number XXXXXX1388 at Capital One, N.A. and any property traceable thereto (the "Capital One Funds"), and

(ii)     All funds seized from account number XXXXXX9952 at The Federal Savings Bank, and any property traceable thereto (the "TFSB 9952 Funds").

2.      The forfeiture of the Capital One Funds and the TFSB 9952 Funds was made final as to the defendant and made part of the sentence and included in the judgment on March 13, 2019, under Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

3.      The United States has clear title to the Capital One Funds and the TFSB 9952

Funds pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n)(7), and

any and all interests that any other third party may have had in the Capital One Funds and the

TFSB 9952 Funds are hereby extinguished.

4.      The United States Marshals Service, or any other duly authorized law

enforcement official, shall dispose of the Capital One Funds and the TFSB 9952 Funds

according to law.

5.      Nothing in this Order shall affect any property subject to the March 13, 2019,

Order of Forfeiture other than the Capital One Funds and the TFSB 9952 Funds or any petition

asserting an interest in any such other property.

6.      Any net sale or liquidation proceeds realized by the United States shall be

credited to the Personal Money Judgment of Forfeiture against the defendant entered on March

13, 2019.

7.      The Court retains jurisdiction to take additional action, enter further orders, and

amend this and any future orders as necessary to implement and enforce this Order.

8.      The Clerk of the Court is hereby directed to send copies to all counsel of record.


**SO ORDERED**, this _____ day of _____, 2019


_____
THE HONORABLE AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE


7