UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Case No. 17-cr-201-1-ABJ |
| PAUL J. MANAFORT, JR., | ) |
| Defendant. | ) |
| IN RE: PETITIONS FOR RELIEF CONCERNING CONSENT ORDER OF FORFEITURE | ) Case No. 1:18-mc-00167-ABJ |

**FINAL ORDER OF FORFEITURE AS TO
NORTHWESTERN MUTUAL LIFE INSURANCE POLICY NO. 18268327**

*WHEREAS*, the United States filed a Motion for a Final Order of Forfeiture, and the Court has reviewed the underlying record and makes the following findings:

a. On September 14, 2018, a written Plea Agreement was filed with this Court and signed by the defendant, Paul J. Manafort, Jr., and his counsel, in which the defendant agreed to plead guilty to a Superseding Criminal Information ("Information") charging, *inter alia*, a conspiracy to violate the Foreign Agents Registration Act ("FARA"), in violation of Title 18, United States Code, Sections 371 and 3551 *et seq*. and Title 22, United States Code, Sections 612, 618(a)(l), and 618(a)(2), and the defendant has pled guilty to that offense ("Count One"). Cr. Dkt. Nos. 419, 422, 423.[1]

b. The Information gave notice that upon conviction of Count One, the United States would seek the forfeiture of any property real or personal, which constitutes or is derived from

---

[1] Docket entries from *United States v. Paul J. Manafort, Jr.,* Case No. 17-cr-201-1 (D.D.C.) are referred to as "Cr. Dkt. No.". Docket entries from the miscellaneous case number for the ancillary proceedings *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167 (D.D.C.) are referred to as "Mc. Dkt. No.".

1

proceeds traceable to the offense alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). Cr. Dkt. No. 419.

      c.      The Information further alleged that the United States would seek a personal money judgment of forfeiture against the defendant representing the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses alleged in Count One, including, *inter alia*, a conspiracy to violate FARA, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(l)(C) and Title 28, United States Code, Section 2461(c), and that such a money judgment of forfeiture was "to be offset by the forfeiture of any specific property." Cr. Dkt. No. 419.

      d.      The Information alleged that, if any of the property subject to forfeiture, as a result of any act or omission of the defendant, *inter alia,* has been transferred or sold to, or deposited with a third party, or has been commingled with other property that cannot be subdivided without difficulty, the United States would seek forfeiture of any other property of said defendant in substitution for such property ("Substitute Property") pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p). Cr. Dkt. No. 419.

      e.      In his Plea Agreement, the defendant admitted to the forfeiture allegations in the Information, and, in his Statement of the Offenses and Other Acts ("Statement"), he admitted that he obtained at least $11,000,000 as a result of his conspiracy to violate the FARA in violation of 18 U.S.C. § 371, 22 U.S.C. §§ 612 and 618. Cr. Dkt. No. 422 at 10, 423 at 2-3.

      f.      In his Plea Agreement, the defendant agreed, *inter alia*, that certain specific assets constitute or are derived from proceeds traceable to the conspiracy to violate FARA offense alleged in Count One, or is property traceable thereto, and consented to the forfeiture of such

property pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), including, but not limited to, the following (the "Insurance Policy"):

> Northwestern Mutual Universal Life Insurance Policy No. 18268327 and any property traceable thereto.

Cr. Dkt. No. 422 at ¶ 12.

    g.    The defendant further agreed that the Insurance Policy could additionally be forfeited as Substitute Property pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c).  Cr. Dkt. No. 422 at 11.

    h.    On October 10, 2018, with the defendant's consent, the Court entered a Consent Order of Forfeiture signed by the Court on October 9, 2018, constituting a preliminary order of forfeiture ("Consent Order of Forfeiture").  Cr. Dkt. No. 443.  In the Consent Order of Forfeiture, this Court found, based on the evidence and information before it, including the defendant's Plea Agreement, that the Insurance Policy was subject to forfeiture, and the Court so ordered its forfeiture.  *Id*.

    i.    The United States established the requisite nexus between the Insurance Policy and the defendant's offense, and that the defendant was a source of funds for payments under the Insurance Policy.

    j.    On March 13, 2019, the defendant was sentenced and the Court entered an amended Order of Forfeiture pursuant to Rule 32.2(b)(1) and (b)(2) of the Federal Rules of Criminal Procedure ("March 13, 2019 Order of Forfeiture").  In the March 13, 2019 Order of Forfeiture, the Court again found that the Insurance Policy was subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) and so ordered its forfeiture.  The Court also found that the defendant obtained at least $11,000,000 in proceeds from the conspiracy to violate FARA alleged in Count One, for which he was convicted, and,

accordingly, entered a Personal Money Judgment against the defendant in the amount of $11,000,000 pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c).  Cr. Dkt. No. 549.

        k.        The March 13, 2019 Order of Forfeiture decreed that the net proceeds realized by the United States upon the disposition of forfeited properties, including the Insurance Policy, be credited to the Personal Money Judgment of Forfeiture.  Cr. Dkt. No. 549.

        l.        The March 13, 2019 Order of Forfeiture was final as to the defendant upon its entry, and was made part of his sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.  Cr. Dkt. Nos. 549, 556, 556-1.

        m.        The Insurance Policy is held in the Manafort Family 2008 Irrevocable Trust. William Clayton Batchelor is the sole trustee of the Manafort Family 2008 Irrevocable Trust and is the person identified as the owner and direct beneficiary under the terms of the Insurance Policy.  *See* Stipulation and Order of Settlement Regarding Petition of William Clayton Batchelor and Northwestern Mutual Universal Life Insurance Policy No. 18268327 ("Batchelor Stipulation and Order") at ¶1, 4.

        n.        In his Plea Agreement, the defendant, in addition to agreeing to the forfeiture, represented that "he is either the sole and rightful owner and that no other person or entity has any claim or interest, or that he has secured the consent from any other individuals or entities having an interest in the [Insurance Policy] to convey their interests in the [Insurance Policy] to him prior to the entry of the Order of Forfeiture (with the exception of previously disclosed mortgage holders.)."  Cr. Dkt. No. 422 at 12.

        o.        In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, and Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules"), a Notice of

Forfeiture with respect to the properties named in the Consent Order of Forfeiture, including the Insurance Policy, was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on October 13, 2018 and ending on November 11, 2018. Proof of publication was filed with the Court on March 11, 2019 as an attachment to the United States' Declaration of Notice and Publication.  Cr. Dkt. No. 545.

      p.      The published notice explained that any person asserting a legal interest in the properties named in the Consent Order of Forfeiture, including the Insurance Policy, was required to file a petition with the Court within sixty (60) days from the first day of publication of the notice on the government internet site, and that if no such petitions were filed within the filing period, the United States would have clear title to the properties.  Cr. Dkt. No. 545.

      q.      In accordance with 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6)(D) of the Federal Rules of Criminal Procedure, and Supplemental Rules G(4)(b)(iii)-(v), the United States also sent direct written notice to any persons who reasonably appeared to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding or were known to have alleged an interest in the forfeited property, by means reasonably calculated to reach them, as described in the United States' Declaration of Notice and Publication, including, but not limited to: William Clayton Batchelor (also, "Clay Batchelor").  Cr. Dkt. No. 545-1 at 12.  The government also provided direct written notice to named powerholders and beneficiaries of the Manafort Family 2008 Irrevocable Trust believed to be living.  *Id.* at 12-16.

      r.      The United States has complied with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure concerning direct written notice and notice by publication, as described in the United States Declaration of Notice and Publication.  Cr. Dkt. Nos. 549, 556-1.  The content of the notice was compliant with Rule 32.2(b)(6) and no further notice is required.  *Id.* at ¶4.

s.  Following notice of the Consent Order of Forfeiture, William Clayton Batchelor filed a petition asserting an interest in the Insurance Policy.  Mc. Dkt. No. 6.  No other petitions were filed or made in this action or under the miscellaneous case number assigned to the ancillary proceedings in this case, *In Re: Petitions for Relief Concerning Consent Order of Forfeiture,* Case No: 1:18-mc-167, with respect to the Insurance Policy.  No other parties have appeared to contest the forfeiture of the Insurance Policy to date and the statutory time periods in which to do so have expired.

t.  On January 24, 2019, the Court endorsed a Stipulation and Order of Settlement between the United States and Petitioner William Clayton Batchelor resolving his petition (the "Batchelor Stipulation and Order"), a copy of which is attached hereto as Appendix 1 and which is incorporated herein by reference as if set out in full.  Mc. Dkt. No. 25.

u.  Pursuant to 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), the United States shall have clear title to any forfeited property following the Court's disposition of all petitions and the expiration of the time period provided for the filing of petitions.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.  Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(b), 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, all right, title and interest in the following property is hereby forfeited to the United States of America:

> The Northwestern Mutual Universal Life Insurance Policy No. 18268327 and any property traceable thereto, subject to the terms of the Batchelor Stipulation and Order filed January 28, 2019, a copy of which is attached as Appendix 1.

2.  The forfeiture of the Insurance Policy was made final as to the defendant and made part of the sentence and included in the judgment on March 13, 2019, under Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

3.       The United States has clear title to the Insurance Policy pursuant to Federal Rule of Criminal Procedure 32.2(c)(2) and 21 U.S.C. § 853(n)(7), and, subject to the Batchelor Stipulation and Order, any and all interests that any other third party may have had in the Insurance Policy, including any interests of the powerholders and beneficiaries are hereby extinguished.

4.       The United States Marshals Service, or any other duly authorized law enforcement official, shall dispose of the Insurance Policy according to law and the terms of the Batchelor Stipulation and Order.

5.       Nothing in this Order shall affect any property subject to the March 13, 2019, Order of Forfeiture other than the Insurance Policy or any petition asserting an interest in any such other property.

6.       Any net sale or liquidation proceeds realized by the United States shall be credited to the Personal Money Judgment of Forfeiture against the defendant entered on March 13, 2019.

7.       The Court retains jurisdiction to take additional action, enter further orders, and amend this and any future orders as necessary to implement and enforce this Order.

8.       The Clerk of the Court is hereby directed to send copies to all counsel of record.

**SO ORDERED**, this _____ day of _____, 2019

_____
THE HONORABLE AMY BERMAN JACKSON
UNITED STATES DISTRICT JUDGE

# APPENDIX 1

**Stipulation and Order of Settlement Regarding
Petition of Citizens William Clayton Batchelor and
Northwestern Mutual Life Insurance Policy No. 18268327**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>PAUL J. MANAFORT, JR.,<br><br>        Defendant.<br><br>IN RE: PETITIONS FOR RELIEF<br>CONCERNING CONSENT ORDER OF<br>FORFEITURE<br><br>WILLIAM CLAYTON BATCHELOR,<br><br>        Petitioner. | **FILED**<br>JAN 2 8 2019<br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br>Case No. 1:18-mc-00167-ABJ |

STIPULATION AND ORDER OF SETTLEMENT
REGARDING PETITION OF WILLIAM CLAYTON BATCHELOR AND
NORTHWESTERN MUTUAL UNIVERAL LIFE INSURANCE POLICY NO. 18268327

IT IS HEREBY STIPULATED and AGREED by and between the United States of America, by and through its undersigned counsel, and William Clayton Batchelor, Petitioner herein ("Batchelor"), pursuant to 21 U.S.C. § 853(i)(2) and (n), to compromise and settle Batchelor's interest in the following property:

    Northwestern Mutual Universal Life Insurance Policy No. 18268327
    and any property traceable thereto (the "Property").

This settlement is entered into between the parties pursuant to the following terms:

1. Batchelor represents that he is the sole trustee of the Manafort Family 2008 Irrevocable Trust and that he is the person identified as owner and direct beneficiary under the terms of the insurance policy that governs the Property.

2. On the terms set forth herein, Batchelor hereby withdraws his petition received by the Clerk of the Court on November 7, 2018, and docketed at Docket No. 6 on November 13, 2018 (the "Petition") asserting an interest in the Property. Upon the Court's endorsement of this Stipulation

1

and Order, said Petition is hereby deemed dismissed with prejudice, without costs and/or attorney's fees to either party.

3. The United States agrees that upon liquidation of the Property, whether pursuant to an interlocutory order or a final order of forfeiture of the Court forfeiting the Property to the United States, the United States will not contest payment to Batchelor from the liquidated proceeds the sum of $71,184.10 representing the remainder of his claims for administrative and fiduciary compensation against the Property and all interest he may have in the Property.

4. Batchelor represents that the Property and a minor account with a balance of $2,669.34 are the sole assets of the Manafort Family 2008 Irrevocable Trust, and that the trust has no other assets with which to pay the administrative and fiduciary compensation of the trustee.

5. The payment to Batchelor shall be in full settlement and satisfaction of all claims he, individually or as trustee of the Manafort Family 2008 Irrevocable Trust, may have to an interest in the Property, all claims for payments due to him in relation to the Property, and all claims arising from and relating to the seizure, detention, and forfeiture of the Property by the United States.

6. Batchelor agrees to cooperate reasonably with the United States in facilitating the liquidation of the Property and transfer of the proceeds thereof to the United States. As the United States may direct, such cooperation may include actions to surrender the Property under the terms of the insurance policy or other actions. Payment to Batchelor described in paragraph 3 above may be made directly upon liquidation, after transfer to the United States of the entire liquidated balance of the Property, or through such other means as the United States may deem appropriate.

7. Batchelor agrees to release and hold harmless the United States, and any agents, servants, and employees of the United States (and any involved state or local law enforcement agencies and their agents, servants, or employees), in their individual or official capacities, from any and all claims by Batchelor and his agents that currently exist or that may arise as a result of the Government's actions against and relating to the Property.

8. Batchelor agrees not to pursue against the United States any other rights or remedies he may have with respect to the Property.

9. Batchelor agrees to notify the Special Counsel's Office and the Money Laundering and Asset Recovery Section (MLARS) of the U.S. Department of Justice promptly if he learns of any condition that might affect the liquidation of the Property, and to join in any motion by the United States to effect the liquidation of the Property. Batchelor shall endorse such government motions within ten days of receipt of the motion.

10. Batchelor understands and agrees that this Stipulation and Order constitutes a full and final settlement of his petition and that he waives any rights to litigate further any interest he may have in the Property and further pursue remission or mitigation of the forfeiture. If this Agreement is approved by the Court, then unless specifically directed by an order of the Court, Batchelor shall be excused and relieved from further participation in this action. However, this Stipulation and Order does not relieve the petitioner of any applicable discovery obligations.

11. The terms of this Stipulation and Order do not affect the tax obligations, fines, penalties or any other monetary obligations of Batchelor or the 2018 Manafort Family Irrevocable Trust.

12. Batchelor understands and agrees that the Special Counsel's Office and MLARS also reserve the right to void this Stipulation and Order if, before payment of the sums set forth in paragraph 3 above, the Special Counsel's Office and/or MLARS obtains new information indicating that Batchelor did not have a prior vested or superior interest in the Property, pursuant to 21 U.S.C. § 853(n)(6)(A), or that he was not a bona fide purchaser for value of the right, title, or interest in the Property or, at the time of the purchase, was not reasonably without cause to believe that the Property was subject to forfeiture, pursuant to 21 U.S.C. § 853(n)(6)(B). The Special Counsel's Office and MLARS also reserve the right, in their discretion, to terminate the forfeiture at any time and release the Property. In either event, the Government shall promptly notify Batchelor of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees but shall result in a reinstatement of all claims of Batchelor for payment in relation to the Property that are otherwise waived by the terms of this Stipulation and Order.

13. The parties agree to execute further documents, to the extent necessary, to convey clear title to the Property to the United States and to implement further the terms of this Stipulation and Order.

14. Each party agrees to bear its own costs and attorneys' fees.

15. Payment to Batchelor pursuant to this Stipulation and Order is contingent upon a Court-authorized interlocutory liquidation of the Property or the United States prevailing against the defendant and any third-party claims, the Court's entry of a final order of forfeiture to the United States, and liquidation of the Property pursuant to the final order of forfeiture. The terms of this settlement agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an order of the Court.

16. The parties agree that the United States may choose in its sole discretion how it wishes to accomplish forfeiture of the Property, whether by criminal or civil forfeiture. If the United States chooses to effect the forfeiture through institution of civil forfeiture proceedings, Batchelor consents to the filing of this Stipulation and Order in such civil forfeiture proceedings in full settlement and satisfaction of all claims to and any right, title and interest he may have in the Property upon the same terms as set forth herein. Batchelor waives all defenses, including, but not limited to, defenses based upon statute of limitations and venue, and any claim to attorneys' fees or costs, with respect to any civil forfeiture proceeding related to the Property.

17. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order.

18. Batchelor represents and warrants that he is authorized to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and that he is authorized to execute this Stipulation and Order.

19. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

20. This Stipulation and Order constitutes the complete agreement between the parties hereto and may not be amended except by written consent thereof.

For the United States of America:     ROBERT S. MUELLER, III
                                      Special Counsel

Dated: 01/24/2019     By: _____
                          Andrew Weissmann
                          U.S. Department of Justice
                          Special Counsel's Office
                          950 Pennsylvania Avenue NW
                          Washington, D.C. 20530
                          Telephone: (202) 616-0800

                      By: _____
                          Daniel H. Claman
                          Money Laundering and
                            Asset Recovery Section
                          Criminal Division
                          U.S. Department of Justice
                          1400 New York Avenue, N.W., Suite 10100
                          Washington, D.C. 20530
                          Telephone: (202) 514-1263

For William Clayton Batchelor:

Dated: 1/24/2019     By: WMCBtUM
                         William Clayton Batchelor, Esq.

## ORDER

Having reviewed the foregoing Stipulation and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the Stipulation is SO ORDERED.

ORDERED this 25th day of January, 2019.

_____
THE HONORABLE AMY B. JACKSON
UNITED STATES DISTRICT JUDGE

5