UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                 )<br>          v.                                                      )          Case No. 1:17-cr-201-1-ABJ<br>                                                                 )<br>PAUL J. MANAFORT, JR.,                      )<br>                                                                 )<br>                    Defendant.                        )<br>                                                                 )<br>                                                                 )<br>IN RE: PETITIONS FOR RELIEF          )<br>CONCERNING CONSENT ORDER OF  )          Case No. 1:18-mc-00167-ABJ<br>FORFEITURE                                         )<br>                                                                 )  | |

### UNITED STATES' MOTION TO DISMISS PROPERTIES AND
### TO TERMINATE ANCILLARY PROCEEDINGS

In light of the pardon of the Defendant, Paul J. Manafort, Jr., the United States of America, by and through its undersigned counsel, respectfully moves the Court to dismiss all remaining assets for which no final order of forfeiture has been entered in these proceedings and to terminate these ancillary proceedings.[1] The United States appreciates the Court having provided time for the United States to carefully consider this complex and unique issue during a period of governmental transition.

On October 9, 2018, this Court entered a preliminary order of forfeiture with respect to nine specific properties.[2] Consent Order of Forfeiture (Cr. Dkt. No. 443); Order of Forfeiture

---

[1] The United States files this motion under both the criminal case number for this action and the related miscellaneous case number for the ancillary proceedings. Record citations are referred to by criminal docket number ("Cr. Dkt. No.") and miscellaneous docket number ("Mc. Dkt. No.").

[2] This Order was amended at sentencing on March 13, 2019. The Court also entered Final Orders of Forfeiture with respect to five of these properties. Prior to the pardon, each of the five properties was liquidated, and the liquidated proceeds were deposited into the Assets Forfeiture Fund. *See* (Cr. Dkt. Nos. 590, 595, 596, 597). These properties are not at issue.

1

(Cr. Dkt. No. 556-1) at ¶ 2.  However, the Petitions of Woodlawn LLC, The Federal Savings Bank (TFSB), National Bancorp Holdings, Inc. (NBH), and Christopher Doyle remain pending with respect to the properties identified in paragraphs 2(a), (c), (d), and (h) of the March 13, 2019, Order of Forfeiture, as follows:

a) The real property and premises commonly known as 377 Union Street, Brooklyn, New York 11231 (Block 429, Lot 65), including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

c) The real property and premises commonly known as 174 Jobs Lane, Water Mill, New York 11976, including all appurtenances, improvements, and attachments thereon, and any property traceable thereto;

d) All funds held in account number XXXXXX0969 at The Federal Savings Bank, and any property traceable thereto;

h) The real property and premises commonly known as 123 Baxter Street, #5D, New York, New York 10016.

On December 23, 2020, then-President of the United States, Donald J. Trump, issued a full and unconditional pardon of Paul J. Manafort, Jr. for his conviction in this action.  *See* Attachment A (Pardon).

Upon consideration of the pardon and the specific facts of this case, the United States requests that the Court vacate its March 13, 2019, Order of Forfeiture with respect to these four properties so that they can be dismissed from this action and returned to their former status.

Contemporaneous with this filing, the United States is submitting to the relevant counties releases of the *lis pendens* it had previously recorded with respect to the real properties listed in paragraphs 2(a) and 2(c) of the March 13, 2019, Order of Forfeiture.  The United States had not previously recorded a *lis pendens* with respect to the real property identified in paragraph 2(h).  Accordingly, these three real properties will not be under restraint in connection with the prosecution and conviction of Paul J. Manafort, Jr. in this action.

With respect to the property listed in paragraph 2(d), these funds remain in the custody of the United States and are held in the Department of Justice's Seized Asset Deposit Fund (SADF). When the United States releases funds from the SADF that are not forfeited, the release is subject to offset or levy for any debts owed to the United States (or for other qualifying debts submitted to the Treasury Offset Program) by the person entitled to payment before the United States can recognize the interests of any third party lienholders and before the United States can recognize an assignment.  *See e.g.,* 31 U.S.C. § 3716 and 26 U.S.C. § 6331(h).  Accordingly, the payment of the funds listed in paragraph 2(d) out of the SADF will be subject to offset or levy for payment of qualifying debts, if any, owed by the person entitled to receive those funds.

The funds listed in paragraph 2(d) were transferred to the United States in 2018 in accordance with the Court's Consent Order of Forfeiture.  TFSB has asserted in its petition that these funds are subject to a secured interest held by TFSB and that TFSB is now entitled to ownership of the funds.  The United States understands that TFSB intends to submit a motion seeking a determination from the Court that it is the legal owner of the funds and the person entitled to the payment of the funds from the United States.  Upon issuance of an Order determining the legal owner and person entitled to the payment of the funds from the United States, the United States will process the release and payment of these funds from the SADF to the legal owner, subject to any offset or levy for any debt (that has been referred to the Treasury Offset Program) owed by the legal owner.

Upon dismissal of the four remaining properties from this action, the United States respectfully suggests that the Petitions of TFSB, NBH, Christopher Doyle, and Woodlawn LLC (Mc. Dkt. Nos. 8, 9, 14, 15, 17, 20, 21) will become moot and should be dismissed.  No other

petitions remain for adjudication in these ancillary proceedings.[3]  Accordingly, the United States respectfully requests that these ancillary proceedings be terminated.

In its February 5, 2021, Minute Order, the Court directed (a) the United States and Petitioner Woodlawn LLC to submit a joint report regarding possible settlement or discovery concerning the petition of Woodlawn, and (b) the United States to respond to the motion filed by petitioners TFSB and NBH to lift and vacate property restraints.  Other discovery has been stayed or remains pending, and the United States' motion to dismiss the petition of Christopher Doyle is also pending.  (Mc. Dkt. No. 34).  Upon dismissal of the remaining properties and petitions, these motions and deadlines will also become moot and should be vacated.

A proposed order is attached.

                                      Respectfully submitted,

                                      MICHAEL R. SHERWIN
                                      Acting United States Attorney

By:    */s/Arvind Lal*
        Arvind Lal, D.C. Bar No. 389496
        Assistant United States Attorney
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 252-7688
        Arvind.Lal@usdoj.gov

By:    */s/ Daniel H. Claman*
        Daniel H. Claman
        Money Laundering and Asset Recovery Section
        Criminal Division, U.S. Department of Justice
        1400 New York Avenue, N.W., Suite 10100
        Washington, D.C. 20530
        Telephone: (202) 514-1263
        Daniel.Claman@usdoj.gov

*Counsel for the United States of America*

---

[3] By its terms, the Pardon has relieved the Defendant of any further obligation to make payments to satisfy the $11 million monetary judgment of forfeiture.  (Dkt. No. 556-1) at ¶ 1.