**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Crim. No. 17-201-1 (ABJ)** |
| **PAUL J. MANAFORT, JR.,** | **Filed Under Seal** |
| **Defendant** | |

**GOVERNMENT'S SUPPLEMENT TO THE RECORD IN RESPONSE TO**
**DEFENDANT MANAFORT'S POST-HEARING MEMORANDUM**

The United States of America, by and through Special Counsel Robert S. Mueller, III, submits two additional documents to supplement the record in response to Defendant's February 8, 2019 post-hearing memorandum in connection with the Court's February 4, 2019 partially sealed hearing.

As the court is aware, the Government submitted an affidavit and supporting documentation regarding Mr. Manafort's direction to Mr. Gates to share internal polling data with Mr. Kilimnik during the 2016 presidential campaign. In contesting the facts in the record, the Defendant's post-hearing submission claims that "[i]t was only in September 2018, after the OSC ha[d] started to interview Mr. Manafort that Mr. Gates, for the first time, claim[ed] that he provided Mr. Kilimnik a mix of the public polls and the campaign's ███████ polling data."

Included as Attachments B and C to this filing are the July 14, 2018 Jencks letter to defense counsel and, as part of the enclosed materials accompanying that letter, the FBI 302 of the February 7, 2018 interview of Mr. Gates. Pages 13-15 of the FBI 302 make clear that Mr. Gates disclosed, well before September 2018, the sensitivity of the ███████ internal polling data, which, for example, "identified Wisconsin as a 'steal state' early on." Gates went on to state on February 7,

2018, that "Manafort instructed Gates to send Kilimnik information from ███████ polls.  Gates sent Kilimnik both publically available information and internal information from ███████ polls."

Respectfully submitted,

ROBERT S. MUELLER III
Special Counsel

Dated: February 12, 2019                    By:     _/s/ Andrew Weissmann_

Andrew Weissmann
Jeannie S. Rhee (D.D.C. Bar No. 464127)
Greg D. Andres (D.D.C. Bar No. 459221)
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

_Attorneys for the United States of America_

# ATTACHMENT B



**U.S. Department of Justice**

*The Special Counsel's Office*

*Washington, D.C. 20530*

July 14, 2018

**VIA E-MAIL AND IN PERSON**
Kevin Downing, Esq.
Law Offices of Kevin Downing
815 Connecticut Avenue, N.W., Suite 730
Washington, D.C. 20006

Re: *United States v. Paul J. Manafort, Jr.*
    Crim. No. 17-201 (ABJ) (D.D.C.)
    Crim. No. 1:18CR83-1 (TSE) (E.D. Va.)

Dear Mr. Downing:

Subject to the execution of this agreement, enclosed are materials for both prosecutions noted above. The materials are provided to the defendant in these cases pursuant to the Jencks Act and the requirement to produce impeachment and exculpatory information pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

By signing below, the parties agree that this production, and all other similar productions, are governed by the following conditions:

1.  This production, and all other productions pursuant to the Jencks Act and *Brady*, are covered by the Protected Order entered on November 15, 2017, by United States District Judge Amy Berman Jackson;

2.  While you may disclose the contents of this production, and all other productions pursuant to the Jencks Act and *Brady*, to your client, you may not provide your client or any other person not a member of the legal team in the above cases with said documents or reproductions thereof;

3.  The defense agrees that if it intends to release or file publicly any of these documents or the content therein (other than use for cross-examination at the trials in the above cases), you will notify us so that we may first seek judicial relief (if necessary); and

4. At the request of the government and consistent with the ethical responsibilities of defense counsel, all materials provided pursuant to this agreement and reproductions thereof shall be returned to the government forthwith at the conclusion of the litigation of the cases.

Very truly yours,

ROBERT S. MUELLER, III
Special Counsel

Dated: July 14, 2018

Uzo Asonye
Assistant United States Attorney
Special Counsel's Office
Eastern District of Virginia

/s/

Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack

U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

cc:  Thomas Zehnle, Esq. (via e-mail)
     Richard Westling, Esq. (via e-mail)
     Jay Nanavati, Esq. (via e-mail)

SO STIPULATED:

Date: 7/14/18

_____
Andrew Weissmann
Greg D. Andres
Brandon L. Van Grack
Special Assistant United States Attorneys

Date: 7/14/18

_____
Uzo Asonye
Assistant United States Attorney

Date: 7/23/18

_____
Kevin Downing, Esq.
Attorney for the defendant Manafort

Date: 7/14/18

_____
Thomas Zehnle, Esq.
Attorney for the defendant Manafort

Date: 7/23/18

_____
Richard Westling, Esq.
Attorney for the defendant Manafort

Date: 7/23/18

_____
Jay Nanavati, Esq.
Attorney for the defendant Manafort

# ATTACHMENT C

FD 302 (Rev. 5 8 10)

- 1 of 15 -

**FEDERAL BUREAU OF INVESTIGATION**



Date of entry    03/21/2018

Richard William Gates III, previously identified, was interviewed by FBI Special Agent Sherine D. Ebadi, Supervisory Special Agent Omer Meisel and Special Counsel Prosecutors Andrew Weissmann, Greg Andres, Jeannie Rhee and Aaron Zelinski. Present for Gates were William Levy and Nicole Reaves of Sidley Austin LLP. After being advised of the identities of the interviewing parties and the nature of the interview, Gates provided the following information:

Gates signed and acknowledged understanding the proffer agreement and was reminded that the interview was voluntary, but if he chose to answer questions he needed to be truthful in his responses.

Investigation on    02/07/2018    at    Washington, District Of Columbia, United States (In Person)

File #                                                                      Date drafted    02/08/2018

by    EBADI SHERINE DOROTHY, Omer J Meisel

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6                    , On  02/07/2018 , Page  2 of 15

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of   (U) Rick Gates Proffer #6                    , On  02/07/2018 , Page  3 of 15



SCO-3500-RG-000613

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6                        , On  02/07/2018  , Page  4 of 15





FD 302a (Rev. 05 08 10)

Continuation of FD 302 of (U) Rick Gates Proffer #6 , On 02/07/2018 , Page 5 of 15

RG-000615

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6                    , On  02/07/2018 , Page  6 of 15

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6 _____ , On  02/07/2018 , Page  7 of 15

SCO-3500-RG-000617

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of _(U) Rick Gates Proffer #6_____ , On _02/07/2018_ , Page _8 of 15_

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6 , On  02/07/2018 , Page  9 of 15

SCO-3500-RG-000619

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6                          , On  02/07/2018 , Page  10 of 15

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of    (U) Rick Gates Proffer #6                    , On   02/07/2018  , Page  11 of 15

SCO-3500-RG-000621

FD 302a (Rev. 05 08 10)

Continuation of FD 302 of  (U) Rick Gates Proffer #6 , On  02/07/2018 , Page  12 of 15

SCO-3500-RG-000622

FD 302a (Rev. 05 08 10)

███████████████████████████

Continuation of FD 302 of  (U) Rick Gates Proffer #6                    , On 02/07/2018 , Page 13 of 15

███████████████████████████████████████████████████████████████████████████

Polling Data

   As early as March 2016, states were categorized as "must hold",
"battleground" and "potential".  States were put into one of these
categories based upon polling data.  Manafort was a strong believer in
polls.

   It was believed that the best chance for Trump to win traditionally
Democrat states was to focus on those states with a large contingency of
blue collar Democrats.  Historical data along with earlier polling data
was used to whittle the states down.  Then █████████████ digital
campaign was used to focus in on those states.

   ████████  digital polling model differed from traditional polling in
that it was more simplistic, cheaper and gave insight into millennial and

FD 302a (Rev. 05 08 10)

elderly demographics.  The digital polls were used to balance the
traditional polls and to micro target specific groups.

Gates brought ███████ to New York so he could integrate with
████████ and Cambridge Analytica's polling teams.  ████████
worked for Cambridge Analytica and was brought in to represent their
polling product.

████████ polls targeted specific demographics in certain states and
were issue specific.  Generally, they dealt with issues which were
important to women voters.  ███████ was able to identify key words which
resonated with female voters and then use these words in speeches.

Cambridge Analytica did a more comprehensive online poll.  They claimed
to be able to do "psychological polling".  Gates did not know if
psychological polling worked.

Data Trust was the Republican National Committee's (RNC) polling
shop.  The used a combination of traditional and online polling.

All of the data was compiled and analyzed to identify states in which
Trump was close.  ████████████ Gates, ███████████
████████████████████████████ participated in
this analysis.  Manafort focused mostly on ███████ data as Manafort did
not really understand the digital data.  The analysis was done by
discussion and not by an algorithm.  Once the team had discussed the raw
data, it was moved up the chain to a larger group including ███████████
████████████████████████████████████████ among
others.

For the most part, the data drove decisions made on the campaign, but
there was some divergence.  For example, polling data showed Trump was
close in Virginia, but those who understood how Virginia worked knew Trump
could not win in Virginia in spite of the data.

████████ polling questionnaires were traditional and more specific
than the other forms of polling.  ████████ polls identified Wisconsin as
a "steal state" early on.  Cambridge Analytica and Data Trust were
consistent with this as well.  In general, ████████ model was the most
conservative and Cambridge Analytica's was the most aggressive.  Data
Trust was more level and had a more historical basis.

In early to mid August, ███████ directed campaign resources to
concentrate on Florida and Pennsylvania.  Trump thought he could win
Florida because of his business connections there.  Florida was a "must

FD 302a (Rev. 05 08 10)

████████████████

Continuation of FD 302 of  (U) Rick Gates Proffer #6 _____ , On  02/07/2018 , Page  15 of 15

win" state.  Pennsylvania, on the other hand, was "fool's gold" and Trump was unlikely to win there.

   Manafort instructed Gates to send Kilimnik information from ████████ polls.  Gates sent Kilimnik both publically available information and internal information from ████████ polls.

SCO-3500-RG-000625

## <u>CERTIFICATE OF SERVICE</u>

Undersigned counsel hereby certifies that a copy of the foregoing motion for leave to file under seal, including attachments, will be transmitted electronically to counsel for defendant Manafort on February 12, 2019.

 _/s/   *Andrew Weissmann*___
Andrew Weissmann
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 616-0800

*Attorney for the United States of America*
